**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| COAKLEY PENDERGRASS; TRIANA ARNOLD JAMES; ELLIOTT HENNINGTON; ROBERT RICHARDS; JENS RUECKERT; and OJUAN GLAZE,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; REBECCA N. SULLIVAN, in her official capacity as the Acting Chair of the State Election Board; SARA TINDALL GHAZAL, in her official capacity as a member of the State Election Board; MATTHEW MASHBURN, in his official capacity as a member of the State Election Board; and ANH LE, in her official capacity as a member of the State Election Board,<br><br>Defendants. | CIVIL ACTION FILE NO. 1:21-CV-05339-SCJ |

**PLAINTIFFS' STATUS REPORT**

Pursuant to the Court's order of January 6, 2022, *see* Order, ECF No. 15, as amended, Plaintiffs COAKLEY PENDERGRASS, TRIANA ARNOLD JAMES, ELLIOTT HENNINGTON, ROBERT RICHARDS, JENS RUECKERT, and

OJUAN GLAZE respectfully respond to the Court's inquiries regarding consolidation and scheduling.

Counsel for Plaintiffs met and conferred with counsel for Defendants and the parties in *Alpha Phi Alpha Fraternity Inc. v. Raffensperger* ("*Alpha Phi Alpha*"), No. 1:21-cv-5337-SCJ; *Georgia State Conference of NAACP v. Georgia* ("*Georgia NAACP*"), No. 1:21-cv-5338-ELB-SCJ-SDG; and *Common Cause v. Raffensperger* ("*Common Cause*"), No. 1:22-cv-00090-ELB-SCJ-SDG, on January 8 and 9, 2022. The parties were not able to come to full agreement on all of the issues raised by the Court and therefore concluded that the filing of separate status reports would better facilitate the presentation of their respective positions. Below, Plaintiffs note the issues on which the parties were able to come to full or partial agreement.

Additionally, counsel for Plaintiffs wish to alert the Court that they intend to file a lawsuit on behalf of a different set of plaintiffs challenging the new maps for the Georgia State Senate and Georgia House of Representatives under Section 2 of the Voting Rights Act of 1965. The positions that Plaintiffs take in this report apply equally to that forthcoming lawsuit: because the new action raises only statutory claims, consolidation of that action with *Georgia NAACP* is not permitted, and the plaintiffs in the new action will endeavor to abide by the schedule proposed below.

**I.    Neither this case nor *Alpha Phi Alpha* can or should be consolidated with *Georgia NAACP*.**

First, the Court has asked whether this case or *Alpha Phi Alpha* may and should be consolidated with *Georgia NAACP* under Federal Rule of Civil Procedure 42(a). Consolidation of these cases with *Georgia NAACP* is neither permitted nor advisable: a three-judge panel under 28 U.S.C. § 2284 lacks jurisdiction to hear cases that raise only statutory claims under the Voting Rights Act, and even if a three-judge court could exercise jurisdiction over such claims, issues of efficiency and prejudice militate against consolidation.[1]

**A.    A three-judge court does not have jurisdiction to hear Plaintiffs' statutory claim.**

Section 2284 provides for a three-judge court only "when an action is filed challenging *the constitutionality* of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a) (emphasis added). Plaintiffs' case, by contrast, involves a purely statutory challenge to the Georgia Congressional Redistricting Act of 2021, which established the state's new congressional districts following the 2020 census. *See* Compl. ¶¶ 75–82, ECF No. 1 (asserting one cause of action under Section 2 of Voting Rights Act directed at

---

[1] Although the Court did not ask Plaintiffs to address potential consolidation with *Common Cause*, the same considerations also preclude consolidation with that three-judge case.

"Georgia's congressional district boundaries"). Because Plaintiffs bring no constitutional claims, Section 2284 does not apply to this case. *See Chestnut v. Merrill*, 356 F. Supp. 3d 1351, 1354 (N.D. Ala. 2019) ("A claim solely alleging a Section 2 violation falls outside a plain reading of § 2284."); Joint Statement Regarding Assignment of Three-Judge Panel at 2, *Dwight v. Kemp*, No. 1:18-cv-2869-RWS (N.D. Ga. Sept. 12, 2018), ECF No. 25 (noting Secretary of State Brian Kemp's position that "assert[ing] a *constitutional* challenge to the apportionment of congressional districts" is "a prerequisite to establish jurisdiction for a three-judge court under 28 U.S.C. § 2284(a)" and that "a three-judge court [is not] required (or even permitted) by any other Act of Congress for a claim under Section 2 [of] the Voting Rights Act").

That this case falls outside the plain terms of Section 2284 precludes consolidation with *Georgia NAACP*. As courts have recognized, the three-judge requirement is "a serious drain upon the federal judicial system" and must "be narrowly construed." *Sands v. Wainwright*, 491 F.2d 417, 421 (5th Cir. 1973) (en banc) (quoting *Phillips v. United States*, 312 U.S. 246, 250 (1941));[2] *cf. Finch v.*

---

[2] *See also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent decisions of former Fifth Circuit handed down prior to October 1, 1981).

*Weinberger*, 407 F. Supp. 34, 40 (N.D. Ga. 1975) (three-judge panel) ("As a general rule, the policy of avoiding unnecessary constitutional adjudication would seem to compel adjudication of [] statutory claims first, and adjudication of those claims by a single judge."). Accordingly, three-judge courts may be "convened only where compelled by the express terms of the statute," *United States v. Texas*, 523 F. Supp. 703, 725 (E.D. Tex. 1981), and are to be used "only and strictly as Congress has prescribed." *Nixon v. Richey*, 513 F.2d 430, 446 (D.C. Cir. 1975) (per curiam).

Significantly, these limitations are mandatory and jurisdictional. "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Statutes "delineating the classes of cases . . . falling within a court's adjudicatory authority" thus impose limits on federal courts' "subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). By articulating a finite class of cases that fall within its ambit, Section 2284 imposes limits on which suits a three-judge panel may hear. *See* 28 U.S.C. § 2284(a). Consequently, where a case falls outside of the statute's parameters, "there is no [] jurisdiction" for a three-judge court to hear it. *Wilson v. Gooding*, 431 F.2d 855, 858 (5th Cir. 1970); *cf. Castañon v. United States*, 444 F.

Supp. 3d 118, 128 (D.D.C. 2020) (three-judge panel) (referring to Section 2284 as three-judge court's "statutory jurisdictional grant").[3]

Here, Plaintiffs exclusively assert a statutory challenge—not a constitutional challenge—to Georgia's new congressional map. *See* Compl. ¶¶ 75–82. It therefore falls outside the scope of Section 2284,[4] and because a three-judge court thus lacks jurisdiction over this case, consolidation with *Georgia NAACP* is not permitted.[5]

---

[3] Although "a properly convened three-judge district court has some ability to exercise a brand of supplemental jurisdiction" over additional claims brought in the *same action* as constitutional claims to a statewide redistricting plan, *Castañon*, 444 F. Supp. 3d at 129, that ability does not—and cannot—supplant Section 2284's express jurisdictional limitations.

[4] Although the en banc Fifth Circuit recently disagreed over the scope of the three-judge requirement in statutory challenges to *state legislative* maps, all 11 judges to address the issue agreed that Section 2284 does not provide for three-judge courts to hear purely statutory challenges to *congressional* maps. *Compare Thomas v. Reeves*, 961 F.3d 800, 802 (5th Cir. 2020) (en banc) (per curiam) (Costa, J., concurring) (arguing on behalf of six judges that Section 2284 "require[s] a three-judge court only for constitutional challenges" to both state and federal maps), *with id.* at 811 (Willett, J., concurring) (noting that "only *constitutional* challenges to *federal* maps require three judges"). Plaintiffs, for their part, agree with the six-judge *Thomas* plurality: "a plain reading of the three-judge statute as well as its ancestry reject the unprecedented notion that statutory challenges to state legislative districts require a special district court." *Id.* at 802 (Costa, J., concurring). Accordingly, *Alpha Phi Alpha* cannot be consolidated with *Georgia NAACP* either.

[5] Indeed, because this case and *Georgia NAACP* are technically before different courts—the latter pending before a specially "convened" "district court of three judges," 28 U.S.C. § 2284(a), the former pending before this Court—consolidation under Rule 42(a) is not authorized. *See* Fed. R. Civ. P. 42(a) (permitting consolidation of "actions before *the* court" (emphasis added)); *Swindell-Dressler*

**B. Other factors also weigh against consolidation with *Georgia NAACP*.**

Even if consolidation with *Georgia NAACP* were permitted, other considerations militate against this course. Principal among them is the vastly different scopes of that case and this one, and the inefficiencies and prejudice that would consequently result from consolidation.

Here, Plaintiffs have brought a narrow, targeted case: they challenge only the state's congressional map, only under Section 2 of the Voting Rights Act, and only as to a single district in the western Atlanta metropolitan area. They will demonstrate in their forthcoming motion for preliminary injunction, to be filed in the coming days, *see infra* Section II, that resolution of their single claim simply requires a straightforward, streamlined application of Section 2.

The *Georgia NAACP* plaintiffs, by contrast, have mounted a widescale challenge to the state's congressional *and* legislative maps, bringing claims under both statutory and constitutional theories that implicate dozens of congressional, State Senate, and House districts. *See* Complaint for Declaratory & Injunctive Relief

---

*Corp. v. Dumbauld*, 308 F.2d 267, 273 (3d Cir. 1962) ("[A] cause of action pending in one jurisdiction cannot be consolidated with a cause of action pending in another jurisdiction. Rule 42(a) will not permit such a course." (footnote and citation omitted)).

¶¶ 232–57, *Ga. State Conf. of NAACP v. Georgia*, No. 1:21-cv-5338-ELB-SCJ-SDG (N.D. Ga. Dec. 30, 2021), ECF No. 1. Resolution of these sprawling claims will necessarily require considerably more time and resources than adjudication of Plaintiffs' single, targeted Section 2 claim—even if, as the Court has proposed, "each set of plaintiffs would be afforded the opportunity to file its own briefs and present its own case" in the event of consolidation. Order 4. Accordingly, consolidation would not serve to "expedite" Plaintiffs' suit, nor would it "eliminate unnecessary repetition" given the divergent focuses of this case and *Georgia NAACP*. *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

Moreover, consolidation would pose a strong risk of prejudice to Plaintiffs. As this Court has recognized, there are "serious time exigencies surrounding the fair and timely resolution of this case . . . , including the provisions of Georgia's election law that set various deadlines applicable to the upcoming 2022 elections." Order 3. Consolidation would unavoidably slow down resolution of Plaintiffs' straightforward statutory claim—an unacceptably prejudicial result given the limited time available before the midterm elections. *See Eghnayem*, 873 F.3d at 1314 (noting that it is "reversible error" to order consolidation "[w]here prejudice to rights of the

parties obviously results" (alteration in original) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966))).

Finally, Plaintiffs note that while they oppose formal *consolidation* under Rule 42(a), they do not oppose administrative *coordination* among the various redistricting cases to ensure consistent and efficient briefing and hearing schedules. *See infra* Sections II–III.

## II. The Court should expedite these proceedings to ensure resolution ahead of the upcoming midterm elections.

Next, the Court has requested that the parties address "[w]hat schedule would be suitable for the proceedings, including any preliminary injunction proceedings that may occur." Order 4.

Plaintiffs' proposed schedule for preliminary injunction proceedings assumes a functional deadline of March 7, 2022: the commencement of the qualification period for congressional candidates in advance of the 2022 midterm elections. *See* O.C.G.A. § 21-2-132(d)(2); *2022 State Elections & Voter Registration Calendar*, Ga. Sec'y of State 2, https://sos.ga.gov/admin/uploads/2022_State_Short_ Calendar10.pdf (last visited Jan. 11, 2022). In addition, during the parties' meet and confer, counsel for Defendants cited a non-statutory, administrative preference that congressional and legislative maps be finalized by the end of this month, to permit

registrars to allocate voters to districts by the Secretary of State's internal deadline of February 18, 2022.

- **January 12, 2022: Deadline for motion for preliminary injunction.**

- **January 18, 2022: Deadline for responses to motion for preliminary injunction.** Counsel for Defendants indicated during the meet and confer that they would be amenable to this deadline.

- **January 21, 2022: Deadline for reply in support of motion for preliminary injunction.** This deadline was also proposed by counsel for Defendants during the meet and confer.

- **January 24–28, 2022: Coordinated hearing on all pending motions for preliminary injunction.** During the parties' meet and confer, Defendants proposed a hearing on all pending motions for preliminary injunction during the week of January 24. Given the expedited briefing schedule proposed above, Plaintiffs agree that this timing is feasible and appropriate given the electoral calendar. Plaintiffs believe that scheduling five days for the hearing is sufficient given the limited, targeted nature of their claim and the Section 2 claims alleged by the plaintiffs in *Alpha Phi Alpha* and *Georgia NAACP*. *See infra* Section III.

Following the resolution of preliminary injunction proceedings, Plaintiffs suggest a six-month track for discovery as follows:

- **March 17, 2022: Deadline to file answers to complaint.**

- **April 4, 2022: Deadline for renewed Rule 26(f) conference.**

- **April 18, 2022: Deadline for submission of Joint Preliminary Report and Discovery Plan and service of initial disclosures.**

- **April 25, 2022: Discovery begins.[6]**

- **July 22, 2022: Deadline for disclosure of experts and opinion topics.**

- **August 12, 2022: Deadline for service of expert reports.**

- **August 19, 2022: Deadline for disclosure of rebuttal experts and opinion topics.**

- **September 12, 2022: Deadline for deposition of experts.**

- **September 19, 2022: Deadline for service of rebuttal expert reports.**

- **September 26, 2022: Deadline to serve written fact discovery.**

- **October 3, 2022: Deadline for disclosure of reply experts and opinion topics.**

- **October 10, 2022: Deadline for deposition of rebuttal experts.**

---

[6] Although LR 26.2, NDGa provides that the discovery period "shall commence" 30 days after the first answer is filed, for purposes of this proposal, Plaintiffs presume that the Court would review and enter a scheduling order across multiple cases within a week of submission of the parties' Joint Preliminary Report and Discovery Plan, and permit discovery to commence upon entry of the scheduling order.

- **October 11, 2022: Deadline for service of reply expert reports.**

- **October 25, 2022: Deadline for deposition of reply experts and close of fact and expert discovery.**

- **November 8, 2022: Deadline for LR 16.3, NDGa post-discovery settlement conference.**

- **November 28, 2022: Deadline for dispositive motions.**

- **November 28, 2022, or 30 days after resolution of dispositive motions (whichever is later): Deadline for *Daubert* motions and consolidated pretrial order.**

- **December 19, 2022: Deadline for responses to dispositive motions.**

- **January 6, 2023: Deadline for replies in support of dispositive motions.**

- **Spring 2023: Trial readiness.**

**III.   The Court should schedule five days for a coordinated hearing on all pending motions for preliminary injunction.**

Finally, the Court inquired "how many days the parties expect would be necessary for the conduct of a fair and expeditious preliminary injunction hearing." Order 5. In addition to motions for preliminary injunction filed by Plaintiffs in this action and the plaintiffs represented by counsel for Plaintiffs in the forthcoming

Section 2 challenge to Georgia's legislative districts, the *Alpha Phi Alpha* plaintiffs have also filed for preliminary relief, and Plaintiffs understand that the *Georgia NAACP* plaintiffs might soon file a limited request for preliminary injunctive relief as to their Section 2 claims only. Given the various parties that will need to participate in the hearing, and based on similar redistricting matters considered previously and during the current redistricting cycle, Plaintiffs believe that five days is sufficient for the presentation of evidence in a coordinated hearing on the pending motions for preliminary injunction.

[signature on following page]

Dated: January 11, 2022

/s/ Joyce Gist Lewis
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
**KREVOLIN & HORST, LLC**
One Atlantic Center
1201 West Peachtree Street, NW,
Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
Email: JLewis@khlawfirm.com
Email: Sparks@khlawfirm.com

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Phone: (206) 359-8000
Facsimile: (206) 359-9000
Email: KHamilton@perkinscoie.com

Respectfully submitted,

Abha Khanna*
Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 656-0177
Facsimile: (206) 656-0180
Email: AKhanna@elias.law
Email: JHawley@elias.law

Daniel C. Osher*
Christina A. Ford*
Graham W. White*
Michael B. Jones
Georgia Bar No. 721264
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: DOsher@elias.law
Email: CFord@elias.law
Email: GWhite@elias.law
Email: MJones@elias.law

*Counsel for Plaintiffs*

*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day filed the foregoing ***PLAINTIFFS' STATUS REPORT*** by using the Court's CM/ECF filing system which will automatically send service copies to counsel of record.

This 11th day of January 2022.

*/s/ Joyce Gist Lewis*
**JOYCE GIST LEWIS**
Georgia Bar No. 296261
*Attorneys for Plaintiffs*

**KREVOLIN & HORST, LLC**
1201 W. Peachtree Street, NW
3250 One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
jlewis@khlawfirm.com