# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| COAKLEY PENDERGRASS; TRIANA ARNOLD JAMES; ELLIOTT HENNINGTON; ROBERT RICHARDS; JENS RUECKERT; and OJUAN GLAZE, | CIVIL ACTION FILE NO. 1:21-CV-05339-SCJ |
| Plaintiffs, | |
| v. | |
| BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; SARA TINDALL GHAZAL, in her official capacity as a member of the State Election Board; ANH LE, in her official capacity as a member of the State Election Board; EDWARD LINDSEY, in his official capacity as a member of the State Election Board; and MATTHEW MASHBURN, in his official capacity as a member of the State Election Board, | |
| Defendants.* | |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

* Pursuant to Federal Rule of Civil Procedure 25(d), Plaintiffs have automatically substituted Edward Lindsey, in his official capacity, for Rebecca N. Sullivan, in her official capacity, based on Defendants' representation in their recently filed status report. *See* Defs.' Status Report 2 n.1, ECF No. 31.

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiffs COAKLEY PENDERGRASS, TRIANA ARNOLD JAMES, ELLIOTT HENNINGTON, ROBERT RICHARDS, JENS RUECKERT, and OJUAN GLAZE, for the reasons set forth herein and in the memorandum of law filed concurrently with this motion, and as supported by the materials submitted therewith, respectfully move for an order preliminarily enjoining Defendants from enforcing the boundaries of the congressional districts as drawn in the Georgia Congressional Redistricting Act of 2021 ("SB 2EX").

A preliminary injunction is warranted here because Plaintiffs are likely to succeed on the merits of their claim that SB 2EX violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, by failing to include an additional congressional district in the western Atlanta metropolitan area in which Black voters have the opportunity to elect their preferred candidates. Georgia has a Black population sufficiently large and geographically compact to create an additional majority-Black congressional district in the western Atlanta metropolitan area. Rather than draw this district as required by federal law, the Georgia General Assembly instead chose to limit the ability of Black Georgians in this area to elect candidates of their choice to Congress, thus diluting the voting strength of a politically cohesive minority group in violation of Section 2. *See Johnson v. De*

*Grandy*, 512 U.S. 997, 1007 (1994). Plaintiffs have shown that they have satisfied the threshold preconditions established in *Thornburg v. Gingles*, 478 U.S. 30, 50–51 (1986), and that, considering the totality of circumstances, "the political processes leading to nomination or election in the State or political subdivision are not equally open to participation" by members of Georgia's Black community. 52 U.S.C. § 10301(b).

Moreover, Plaintiffs will suffer irreparable injury to their fundamental voting rights without preliminary injunctive relief. *See League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014); *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). And the balance of equities and the public interest favor an injunction to "ensur[e] that all citizens . . . have an equal opportunity to elect the representatives of their choice." *Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 118 F. Supp. 3d 1338, 1349 (N.D. Ga. 2015); *see also Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1355 (11th Cir. 2005).

Plaintiffs therefore request that the Court issue a preliminary injunction enjoining Defendants from enforcing or giving any effect to the boundaries of the congressional districts as drawn in SB 2EX, including barring Defendants from conducting any congressional elections under the enacted map. Plaintiffs further request that the Court expedite its consideration of this motion, including the

scheduling of any hearings, to ensure that necessary remedies are timely adopted and a lawful congressional map is in place before the deadlines for this year's congressional elections.

Plaintiffs also request that the Court waive the posting of security as otherwise required by Federal Rule of Civil Procedure 65(c). *See, e.g.*, *New Ga. Project v. Raffensperger*, 484 F. Supp. 3d 1265, 1307 n.33 (N.D. Ga. 2020) (exercising discretion to waive security in voting rights case); *Ga. Coal. for People's Agenda, Inc. v. Kemp*, 347 F. Supp. 3d 1251, 1268–69 (N.D. Ga. 2018) (same).

Dated: January 12, 2022

By: **Adam M. Sparks**
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
**KREVOLIN & HORST, LLC**
One Atlantic Center
1201 West Peachtree Street, NW,
Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
Email: JLewis@khlawfirm.com
Email: Sparks@khlawfirm.com

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Phone: (206) 359-8000
Facsimile: (206) 359-9000
Email: KHamilton@perkinscoie.com

Respectfully submitted,

Abha Khanna*
Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 656-0177
Facsimile: (206) 656-0180
Email: AKhanna@elias.law
Email: JHawley@elias.law

Daniel C. Osher*
Christina A. Ford*
Graham W. White*
Michael B. Jones
Georgia Bar No. 721264
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: DOsher@elias.law
Email: CFord@elias.law
Email: GWhite@elias.law
Email: MJones@elias.law

*Counsel for Plaintiffs*

*Admitted *pro hac vice*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGa, using font type of Times New Roman and a point size of 14.

Dated: January 12, 2022          **<u>Adam M. Sparks</u>**
                                  *Counsel for Plaintiffs*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

Dated: January 12, 2022          **<u>Adam M. Sparks</u>**
                                  *Counsel for Plaintiffs*