IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COAKLEY PENDERGRASS; TRIANA ARNOLD JAMES; ELLIOTT HENNINGTON; ROBERT RICHARDS; JENS RUECKERT; and OJUAN GLAZE,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; SARA TINDALL GHAZAL, in her official capacity as a member of the State Election Board; ANH LE, in her official capacity as a member of the State Election Board; EDWARD LINDSEY, in his official capacity as a member of the State Election Board; and MATTHEW MASHBURN, in his official capacity as a member of the State Election Board,<br><br>Defendants.[*] | CIVIL ACTION FILE NO. 1:21-CV-05339-SCJ |

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

---

[*] Pursuant to Federal Rule of Civil Procedure 25(d), the Court has automatically substituted Edward Lindsey, in his official capacity, for Rebecca N. Sullivan, in her official capacity, based on Defendants' representation in their recently filed status report. *See* Defs.' Status Report 2 n.1, ECF No. 31.

This Court has considered Plaintiffs' motion for preliminary injunction and supporting authorities, the submissions of the other parties, and the evidence and pleadings of record, and finds that (1) Plaintiffs are likely to succeed on the merits of their claim that the Georgia Congressional Redistricting Act of 2021 ("SB 2EX") violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301; (2) Plaintiffs will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to Plaintiffs outweighs possible harm that the injunction may cause the opposing parties; and (4) the injunction is in the public interest. *See Friedenberg v. Sch. Bd.*, 911 F.3d 1084, 1090 (11th Cir. 2018).

Specifically, as to the merits of Plaintiffs' Section 2 claim, the Court finds that:

a. an additional, reasonably compact district can be drawn in the western Atlanta metropolitan area in which Black voters would form a sufficiently large minority population to elect candidates of their choice, *see Thornburg v. Gingles*, 478 U.S. 30, 50–51 (1986);

b. Black Georgians throughout the state, including in the western Atlanta metropolitan area, are politically cohesive, *see id.*;

c. White Georgians throughout the state, including in the western Atlanta metropolitan area, engage in bloc voting that enables them to defeat Black-preferred candidates, *see id.*; and

d. under the totality of circumstances—including Georgia's ongoing history of official, voting-related discrimination; the state's racially polarized voting; voting practices that enhance the opportunity for discrimination in the state; severe socioeconomic disparities that impair Black Georgians' participation in the political process; the prevalence of racial appeals in the state's political campaigns; the underrepresentation of Black officeholders in the state; Georgia's nonresponsiveness to its Black residents; and the absence of legitimate justifications for the congressional map drawn by SB 2EX—the state's "political processes leading to nomination or election . . . are not equally open to participation" by Georgia's Black community. 52 U.S.C. § 10301(b); *see also Gingles*, 478 U.S. at 43–44.

Because Plaintiffs have clearly established their burden of persuasion as to each of the four elements required for a preliminary injunction, Plaintiffs' motion is therefore **GRANTED**.

**IT IS SO ORDERED:**

Defendants, as well as their agents and successors in office, are **PRELIMINARILY ENJOINED** from enforcing or giving any effect to the boundaries of the congressional districts as drawn in SB 2EX, including conducting any further congressional elections under the enacted map.

**SO ORDERED** this _____ day of _____, 2022.

_____

Judge Steve C. Jones
United States District Court