# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELIA DWIGHT, an individual; BENJAMIN DOTSON, an individual; HUDMAN EVANS, SR., an individual; MARION WARREN, an individual; AMANDA HOLLOWELL, an individual; DESTINEE HATCHER, an individual; and WILBERT MAYNOR, an individual, <br><br>  Plaintiffs, <br><br> v. <br><br> BRIAN KEMP, in his official capacity as Secretary of State of the State of Georgia, <br><br>  Defendant. | Civil Action No. 1:18-cv-2869-RWS |

**JOINT STATEMENT REGARDING ASSIGNMENT OF THREE-JUDGE PANEL**

Plaintiffs Pamela Dwight, Benjamin Dotson, Hudman Evans, Sr., Marion Warren, Amanda Hollowell, Destinee Hatcher, and Wilbert Maynor (collectively, "Plaintiffs") and Defendant Brian Kemp hereby file this joint statement in response to the Court's inquiry regarding whether this case should be assigned to a three-judge panel. Both Plaintiffs and Defendant agree that this case is properly before a single district judge.

Plaintiffs filed this lawsuit challenging the Georgia General Assembly's congressional redistricting plan ("H.B. 20EX"), and alleging, as their sole cause of action, that H.B. 20EX violates the results prong of Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301. The Complaint does not assert a *constitutional* challenge to the apportionment of congressional districts—a prerequisite to establish jurisdiction for a three-judge court under 28 U.S.C. § 2284(a)—nor is a three-judge court required (or even permitted) by any other Act of Congress for a claim under Section 2 the Voting Rights Act ("§ 2"). Both parties agree that there is no question regarding this Court's jurisdiction. *See* Joint Prelim. Report and Disc. Plan, § 4. As such, the parties to this action jointly submit that this case should not be referred to the Chief Judge of the Eleventh Circuit for assignment of a three-judge panel.

The parties' position is supported by the plain language of 28 U.S.C. § 2284, which limits the jurisdiction of three-judge panels to claims "*challenging the constitutionality* of the apportionment of congressional districts . . . ." (emphasis added). In determining whether a lawsuit triggers this jurisdictional requirement, the Court should be guided solely by the actual claims asserted in the complaint. *See Armour v. Ohio*, 925 F.2d 987, 989 (6th Cir. 1991) ("[T]he sufficiency of the complaint for three-judge jurisdictional purposes must be determined by the claims stated in the complaint and not by the way the facts turn out."). Indeed, general

principles of constitutional avoidance would counsel against inferring a constitutional claim that Plaintiffs themselves have not asserted in their Amended Complaint. *Cf. Finch v. Weinberger*, 407 F. Supp. 34, 40 (N.D. Ga. 1975) ("As a general rule, the policy of avoiding unnecessary constitutional adjudication would seem to compel adjudication of statutory claims first . . . by a single judge.")

Consistent with the language of the statute, courts have dissolved three-judge panels in Voting Rights Act cases that did not assert any constitutional claims. *See, e.g.*, *Rural W. Tenn. African Am. Affairs Council, Inc. v. Sundquist*, 209 F. 3d 835, 838 (6th Cir. 2000) (noting that a three-judge panel, which convened after plaintiffs asserted a § 2 *and* a constitutional claim, disbanded itself after plaintiffs filed a second amended complaint solely under § 2 of the Voting Rights Act). Thus, not only is a referral for a three-judge panel unwarranted here, the panel would lack jurisdiction to resolve Plaintiffs' statutory claim.

Finally, the constitutional claims that trigger a three-judge panel under 28 U.S.C. § 2284(a) are analytically and practically distinct from § 2 claims in several respects. "The essence of a § 2 claim is that a certain electoral law, practice, or structure interacts with social and historical conditions to cause an inequality in opportunities enjoyed by black and white voters to elect their preferred representatives." *Thornburg v. Gingles*, 478 U.S. 30, 47 (1986). Notably, § 2 does

- 3 -

not require proof of intentional discrimination (or any intent at all); rather, "[u]nlike discrimination claims brought pursuant to the Fourteenth Amendment, Congress has clarified that violations of Section 2(a) can 'be proved by showing discriminatory effect alone.'" *Veasey v. Abbott*, 830 F.3d 216, 243 (5th Cir. 2016) (quoting *Gingles*, 478 U.S. at 35)), *cert. denied*, 137 S. Ct. 612, 197 L. Ed. 2d 78 (2017).

Constitutional, racial gerrymandering claims, by contrast, are adjudicated under a different legal standard to address a different legal harm. Plaintiffs who assert such claims must prove that "race was the predominant factor motivating the legislature's decision to place a significant number of voters within or without a particular district." *Bethune-Hill v. Va. State Bd. of Elections*, 137 S. Ct. 788, 794 (2017); *see also Vieth v. Juberlirer*, 541 U.S. 267, 285 (2004) ("In the racial gerrymandering context, the predominant intent test has been applied to the challenged district in which the plaintiffs voted."). Once plaintiffs have shown that a given district was drawn with race as the predominant purpose, the burden shifts to the State to demonstrate that its districting legislation is narrowly tailored to achieve a compelling state interest. *Bethune-Hill*, 137 S. Ct. at 801. In other words, racial gerrymandering plaintiffs must satisfy a "demanding" standard to establish racial predominance, *Miller v. Johnson*, 515 U.S. 900, 928 (1995) (O'Connor, J., concurring); *see also id.* at 916 (noting "evidentiary difficulty" of proving legislature

was "motivated by" racial considerations), and states must satisfy strict scrutiny, the "most rigorous and exacting standard of constitutional review," to justify their race-based line-drawing, *id.* at 920. The harm that flows from racial gerrymandering, meanwhile, includes being personally subjected to a racial classification, or being represented by a legislator who believes that their primary obligation is to represent members of a particular racial group. *See Ala. Legislative Black Caucus v. Alabama*, 135 S. Ct. 1257, 1265 (2015).

Because the § 2 claim at issue here is functionally and substantively distinct from the constitutional claims referenced in 28 U.S.C. § 2284, the parties submit that a three-judge court is not appropriate in this case. Under the plain language of 28 U.S.C. § 2284, three-judge courts are reserved only for cases where plaintiffs assert constitutional challenges, not the statutory claim set forth in Plaintiffs' Amended Complaint.

| | |
|---|---|
| Dated: September 12, 2018 | Respectfully Submitted |
| By: */s/ Uzoma Nkwonta* | By: */s/ Cristina Correia* |
| Marc E. Elias (admitted *pro hac vice*) | Christopher M. Carr |
| Bruce V. Spiva (admitted *pro hac vice*) | Attorney General 112505 |
| Uzoma N. Nkwonta (admitted *pro hac vice*) | |
| **Perkins Coie LLP** | Annette M. Cowart |
| 700 Thirteenth Street, N.W., Suite 600 | Deputy Attorney General 191199 |
| Washington, D.C. 20005-3960 | |
| Telephone: 202.654.6338 | Russell D. Willard 760280 |
| Facsimile: 202.654.9106 | Senior Assistant Attorney General |
| Email: MElias@perkinscoie.com | |
| Email: BSpiva@perkinscoie.com | Cristina Correia 188620 |
| Email: UNkwonta@perkinscoie.com | Senior Assistant Attorney General |
| | |
| Abha Khanna (admitted *pro hac vice*) | Elizabeth Monyak 005745 |
| **Perkins Coie LLP** | Senior Assistant Attorney General |
| 1201 Third Avenue, Suite 4800 | |
| Seattle, WA 98101-3099 | 40 Capitol Square SW |
| Telephone: 206.359.8000 | Atlanta, GA 30334 |
| Facsimile: 206.359.7499 | ccorriea@law.ga.gov |
| Email: AKhanna@perkinscoie.com | 404-656-7063 |
| | 404-651-9325 |
| Halsey G. Knapp, Jr. | |
| Georgia Bar No. 425320 | *Attorneys for Defendant* |
| Adam M. Sparks | |
| Georgia Bar No. 341578 | |
| **KREVOLIN & HORST, LLC** | |
| One Atlantic Center | |
| 1201 W. Peachtree St., NW; Suite 3250 | |
| Atlanta, GA 30309 | |
| Email: hknapp@khlawfirm.com | |
| Email: sparks@khlawfirm.com | |
| Telephone: (404) 888-9700 | |
| Facsimile: (404) 888-9577 | |
| | |
| *Attorneys for Plaintiffs* | |

- 6 -

## **LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE**

I certify that this pleading has been prepared with Times New Roman 14 point, as approved by the Court in L.R. 5.1(C), NDGa.

Respectfully submitted, this 12th day of September, 2018.

/s/ *Uzoma Nkwonta*
Counsel for Plaintiffs
**PERKINS COIE, LLP**
700 Thirteenth St., N.W., Ste. 600
Washington, DC 20005-3960
Telephone: (202) 654-6338
Facsimile: (202) 654-9106
Email: UNkwonta@perkinscoie.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on September 12, 2018, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in this case.

             /s/ *Uzoma Nkwonta*
             Counsel for Plaintiffs
             **PERKINS COIE, LLP**
             700 Thirteenth St., N.W., Ste. 600
             Washington, DC 20005-3960
             Telephone: (202) 654-6338
             Facsimile: (202) 654-9106
             Email: UNkwonta@perkinscoie.com

             *Counsel for Plaintiffs*