# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| COAKLEY PENDERGRASS; TRIANA ARNOLD JAMES; ELLIOTT HENNINGTON; ROBERT RICHARDS; JENS RUECKERT; and OJUAN GLAZE,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; SARA TINDALL GHAZAL, in her official capacity as a member of the State Election Board; ANH LE, in her official capacity as a member of the State Election Board; EDWARD LINDSEY, in his official capacity as a member of the State Election Board; and MATTHEW MASHBURN, in his official capacity as a member of the State Election Board,<br><br>Defendants.* | CIVIL ACTION FILE NO. 1:21-CV-05339-SCJ |

## **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

---

\* Pursuant to Federal Rule of Civil Procedure 25(d), Plaintiffs have automatically substituted Edward Lindsey, in his official capacity, for Rebecca N. Sullivan, in her official capacity, based on Defendants' representation in their status report of January 11, 2022. *See* Defs.' Status Report 2 n.1, ECF No. 31.

In support of their motion for preliminary injunction, *see* ECF No. 32, and opposition to Defendants' motion to dismiss, *see* ECF No. 39, Plaintiffs respectfully submit the attached order issued on January 24, 2022, in *Caster v. Merrill*, No. 2:21-cv-1536-AMM (N.D. Ala. Jan. 24, 2022), ECF No. 101 ("*Caster* Order"), which includes and incorporates the preliminary injunction memorandum opinion and order issued that same day in *Singleton v. Merrill*, No. 2:21-cv-1291-AMM (N.D. Ala. Jan. 24, 2022), ECF No. 88 (per curiam) (three-judge court), and *Milligan v. Merrill*, No. 2:21-cv-1530-AMM (N.D. Ala. Jan. 24, 2022), ECF No. 107 (per curiam) (three-judge court) ("*Milligan* Order"). *See* Ex. 1.

In *Caster* and *Milligan*, both a single-judge district court and a three-judge district court considered, among other causes of action, challenges to Alabama's new congressional map under Section 2 of the Voting Rights Act of 1965. In issuing orders enjoining use of the new congressional map ahead of the 2022 elections, the courts touched on several issues raised by the parties in this proceeding.

**Single-judge district court.** Contrary to Defendants' assertion that purely statutory challenges to maps require three-judge courts, *see* Br. in Supp. of Defs.' Mot. to Dismiss ("MTD") 5–12, ECF No. 38-1, a single-judge court ruled on the preliminary injunction motion in *Caster* because that case challenged a

congressional map on solely statutory grounds, while the three-judge court adjudicated only those cases that included constitutional claims. *See* Caster Order 1.

**Private right of action.** All three judges involved in *Caster* and *Milligan* unanimously rejected the argument—asserted by Defendants here, *see* MTD 12–14—that Section 2 of the Voting Rights Act does not confer a private right of action. *See Milligan* Order 207–10; *see also Caster* Order 4 (adopting *Milligan* Order's findings of fact and conclusions of law).

**Equities and timing of injunctive relief.** All three judges involved in *Caster* and *Milligan* unanimously rejected the argument—again asserted by Defendants here, *see* Defs.' Resp. in Opp. to Pls.' Mot. for Prelim. Inj. ("PI Opp.") 22–25, ECF No. 40—that it is too late in the election cycle to order a redrawing of a state's congressional plan. *See Milligan* Order 199–204. According to the *Caster* and *Milligan* courts, U.S. Supreme Court caselaw instructs that a court can permit an unlawful plan to be used in an upcoming election *only* when (1) the election is "imminent" and (2) it is "absolutely necessary" to withhold relief. *Id.* at 199–200, 204. The *Caster* and *Milligan* courts found that neither of those elements was satisfied, "afford[ed] the State a limited opportunity to enact a new map," and "stayed the qualification deadline for a brief period" in order "[t]o facilitate the timely development of a remedial map." *Id.* at 213–14.

**Merits.** In finding that the plaintiffs were likely to succeed on the merits of their Section 2 claims, the *Caster* and *Milligan* courts rejected many of the arguments Defendants offer in opposition to Plaintiffs' request for preliminary injunctive relief here. First, the courts rejected the defendants' arguments, also asserted here, that the plaintiffs' illustrative plans drawn by expert William S. Cooper—the same expert who has drawn Plaintiffs' illustrative plan—were not proper remedies because those plans constituted impermissible racial gerrymanders. *See Milligan* Order 204–06; *see also* PI Opp. 13–14. Second, the courts rejected the defendants' argument, also offered here, that a state's racially polarized voting did not implicate Section 2 because it was the result of partisan politics and not race. *See Milligan* Order 179–80; *see also* PI Opp. 14–16. Third, the courts concluded that the evidence submitted indicated that Senate Factors One through Seven (excluding Senator Factor Four, which there as here was not relevant) weighed in the plaintiffs' favor. *See Milligan* Order 178–92. Contrary to Defendants' assertion that this inquiry is not suitable to preliminary injunction proceedings, *see* PI Opp. 17–18, the *Caster* and *Milligan* courts found the evidence sufficient to render a conclusion supporting precisely such relief.

Dated: January 25, 2022

By: **Adam M. Sparks**
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
**KREVOLIN & HORST, LLC**
One Atlantic Center
1201 West Peachtree Street, NW,
Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
Email: JLewis@khlawfirm.com
Email: Sparks@khlawfirm.com

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Phone: (206) 359-8000
Facsimile: (206) 359-9000
Email: KHamilton@perkinscoie.com

Respectfully submitted,

Abha Khanna*
Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 656-0177
Facsimile: (206) 656-0180
Email: AKhanna@elias.law
Email: JHawley@elias.law

Daniel C. Osher*
Christina A. Ford*
Graham W. White*
Michael B. Jones
Georgia Bar No. 721264
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: DOsher@elias.law
Email: CFord@elias.law
Email: GWhite@elias.law
Email: MJones@elias.law

*Counsel for Plaintiffs*

*Admitted *pro hac vice*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Plaintiffs' Notice of Supplemental Authority has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGa, using font type of Times New Roman and a point size of 14.

Dated: January 25, 2022         **Adam M. Sparks**
                                *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing Plaintiffs' Notice Of Supplemental Authority with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

Dated:  January 25, 2022	**Adam M. Sparks**
*Counsel for Plaintiffs*

KH694838.DOCX