IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COAKLEY PENDERGRASS, et al., *Plaintiffs*, v. BRAD RAFFENSPERGER, et al., *Defendants*. | CIVIL ACTION FILE NO. 1:21-CV-05339-SCJ |
| ANNIE LOIS GRANT, et al., *Plaintiffs*, v. BRAD RAFFENSPERGER, et al., *Defendants*. | CIVIL ACTION FILE NO. 1:22-CV-00122-SCJ |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On January 25, 2022, Plaintiffs provided the Court with an opinion in a recent case involving the Voting Rights Act from Alabama. [*Pendergrass* Doc. 47]; [*Grant* Doc. 39]. Defendants respond briefly to the issues raised to provide the Court with additional context as it considers the issues in these cases.

First, each Section 2 case "is particularly dependent upon the facts of each case and requires an intensely local appraisal of the design and impact of

the contested electoral mechanisms." *Wright v. Sumter Cty. Bd. of Elections & Registration*, 979 F.3d 1282, 1301 (11th Cir. 2020) (quoting *Solomon v. Liberty Cty. Comm'rs*, 221 F.3d 1218, 1226 (11th Cir. 2000)). Thus, determinations by the Alabama court about potential remedies, polarization, and the Senate factors were based on an entirely different state and have little value to the Court in its decisions on similar issues in Georgia.

Second, Plaintiffs noted the stay of qualifying. While Alabama primaries are held on the same date as Georgia primaries (May 24), Alabama required candidates to qualify at a much earlier date. As Defendants will demonstrate at the hearing, the different timeline of elections in Georgia presents a completely different set of scenarios than that in Alabama.

In addition, Alabama appealed the three-judge decision to the U.S. Supreme Court and the single-judge decision to the Eleventh Circuit. Justice Thomas directed that responses to the application for stay in docket 21A375 be filed by tomorrow at noon, and the Eleventh Circuit stayed consideration of Alabama's motion for stay in the single-judge case until the U.S. Supreme Court rules. The State of Georgia joined 13 other states in supporting a stay of the Alabama decision, citing the *Purcell* principle and the district court's application of the *Gingles* preconditions. A copy of the amicus brief filed by Georgia and the other states is attached as Ex. A.

This 1st day of February, 2022.

                Respectfully submitted,

                Christopher M. Carr
                Attorney General
                Georgia Bar No. 112505
                Bryan K. Webb
                Deputy Attorney General
                Georgia Bar No. 743580
                Russell D. Willard
                Senior Assistant Attorney General
                Georgia Bar No. 760280
                Charlene McGowan
                Assistant Attorney General
                Georgia Bar No. 697316
                **State Law Department**
                40 Capitol Square, S.W.
                Atlanta, Georgia 30334

                */s/ Bryan P. Tyson*
                Bryan P. Tyson
                Special Assistant Attorney General
                Georgia Bar No. 515411
                btyson@taylorenglish.com
                Frank B. Strickland
                Georgia Bar No. 678600
                fstrickland@taylorenglish.com
                Bryan F. Jacoutot
                Georgia Bar No. 668272
                bjacoutot@taylorenglish.com
                Loree Anne Paradise
                Georgia Bar No. 382202
                lparadise@taylorenglish.com
                **Taylor English Duma LLP**
                1600 Parkwood Circle
                Suite 200
                Atlanta, Georgia 30339

4

(678) 336-7249

*Counsel for Defendants*

4

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned certifies that the foregoing brief has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
