# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., et al., <br><br>Plaintiffs, <br><br>v. <br><br>BRAD RAFFENSPERGER, <br><br>Defendant. | CIVIL ACTION <br><br>FILE NO. 1:21-CV-05337-SCJ |
| COAKLEY PENDERGRASS, et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>BRAD RAFFENSPERGER, et al., <br><br>*Defendants*. | CIVIL ACTION <br><br>FILE NO. 1:21-CV-05339-SCJ |
| ANNIE LOIS GRANT, et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>BRAD RAFFENSPERGER, et al., <br><br>*Defendants*. | CIVIL ACTION <br><br>FILE NO. 1:22-CV-00122-SCJ |

**<u>DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

When this Court ruled on Defendants' motions to dismiss the three above-captioned cases in part based on whether Section 2 of the Voting Rights Act furnished an implied private right of action, it noted that "the lower courts that have answered the open question have all answered the question in the affirmative." Alpha Doc. No. [65], p. 32; Pendergrass Doc. No. [50], p. 18; Grant Doc. No. [43], p. 31. Yesterday evening, that situation changed.

The U.S. District Court for the Eastern District of Arkansas recently held a four-day preliminary injunction hearing in Section 2 challenge to Arkansas's state House of Representatives district plan in Arkansas State Conf. of the NAACP v. Arkansas Board of Apportionment, 4:21-cv-01239-LPR. On February 17, 2022, the Court issued its order on the motion for preliminary injunction, which is attached as Ex. A.

In the order, the district court addresses the impact of the Milligan v. Merrill order from the U.S. Supreme Court regarding Alabama's congressional districts and arguments surrounding the timing of the election. Ex. A, pp. 7-8, 41 n.169. That can be of great assistance to this Court as it considers similar issues. But the district court also concludes that no private right of action exists to enforce Section 2 of the Voting Rights Act and thus only the Attorney General can bring Section 2 cases. The district court considered the same arguments as those raised by Defendants here, including those related to the

text of the Voting Rights Act and the impact of <u>Morse v. Republican Party of Virginia</u>, 517 U.S. 186 (1996). Ex. A, pp. 16-30. Finally, the district court concluded that the lack of a private right of action was jurisdictional—the same argument urged by Defendants in their motions to dismiss. Ex. A. pp. 30-38.

This order provides further support for this Court to deny the emergency relief sought by Plaintiffs in these cases.

This 18th day of February, 2022.

                Respectfully submitted,

                Christopher M. Carr
                Attorney General
                Georgia Bar No. 112505
                Bryan K. Webb
                Deputy Attorney General
                Georgia Bar No. 743580
                Russell D. Willard
                Senior Assistant Attorney General
                Georgia Bar No. 760280
                Charlene McGowan
                Assistant Attorney General
                Georgia Bar No. 697316
                **State Law Department**
                40 Capitol Square, S.W.
                Atlanta, Georgia 30334

                */s/ Bryan P. Tyson*
                Bryan P. Tyson
                Special Assistant Attorney General
                Georgia Bar No. 515411

btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 678600
fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned certifies that the foregoing brief has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
