IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-CV-2989-AT |
| BRIAN KEMP, *et al.*, : | |
| : | |
| Defendants. : | |

# **ORDER**

This matter is before the Court on Steptoe & Johnson LLP's ("Steptoe") Motion for Permission to Withdraw as Counsel for Plaintiff Coalition for Good Governance ("CGG") [Doc. 104] and CGG's Motion to Stay All Proceedings for Thirty Days [Doc. 115]. Additionally, CGG filed an *ex parte* Response to Steptoe's withdrawal motion that has not been docketed.

The Court granted CGG additional time to file a response to Steptoe's withdrawal motion, and in doing so, the Court intended to allow CGG to file an *objection* to Steptoe's withdrawal pursuant to Local Rule 83.1.E. Upon review of CGG's Response, the Court determines that it is not a proper objection under Local Rule 83.1.E. CGG does not appear to object to Steptoe withdrawing from its representation of CGG, but instead, CGG argues that Steptoe should withdraw from representation of all remaining Plaintiffs as well. (*See* CGG's Motion to

Stay, Doc. 115-1 at 2.) This is not a proper objection to withdrawal. Accordingly, the Court does not file CGG's Response on the docket and notes that CGG has asserted no objection to Steptoe's withdrawal from representation of CGG. The Court hereby **GRANTS** Steptoe's withdrawal motion with respect to its representation of CGG alone.

The Court also **GRANTS** CGG's motion to stay for purposes of CGG obtaining new counsel. CGG is an artificial entity that must have counsel to proceed. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); *see also* LR 83.1E(2)(b)(I). CGG shall retain counsel licensed to practice in this district, and new counsel must file a notice of appearance with the Court no later than January 2, 2018. The case shall be **STAYED** and **ADMINISTRATIVELY CLOSED**[1] during this time, though CGG may move to re-open the case earlier if it retains counsel before January 2, 2018. Failure to comply with this Order may result in an entry of default against CGG.

The Court notes that it makes no finding as to the alleged conflict of interest in Steptoe's representation of CGG and the other Plaintiffs.

---

[1] Administrative closure of a case is a docket control device used by the Court for statistical purposes. Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to re-open an administratively closed case at any time.

3

**IT IS SO ORDERED** this 29th day of November, 2017.

_____
**Amy Totenberg**
**United States District Judge**