UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.<br><br>      Plaintiff,<br><br>v.<br><br>BRIAN KEMP, ET AL.<br><br>      Defendant. | Civil Action File No. 1:17-cv-2989-AT |

**JOINT STATEMENT OF THE PARTIES' POSITIONS
CONCERNING PRESERVATION OF EVIDENCE DURING TRANSFER**

By Order of the Court entered on December 11, 2017 (ECF No. 119), the Parties conferred before December 13, 2017, at 12:00 P.M.  Because unresolved issues remain after conferral, the parties now file this Joint Statement of the Parties' Positions Concerning Preservation of Evidence During Transfer.

   I.  Position of Plaintiff Coalition for Good Governance ("CGG")

CGG should be informed in advance about, and should be permitted to appoint a technically qualified observer to observe, all steps that are undertaken in connection with the planned dismantling, relocation, storage, and re-installation of equipment, documents, and data by and between the Center for Election Systems ("CES") and the Georgia Secretary of State's office. In addition, CGG's observer

should be permitted to object to and halt any activities that appear likely to present a risk of spoliation of evidence.

CGG's concerns about spoliation are reasonable. Electronic evidence that is critically important to CGG's claims in this case has already been destroyed—with some of those deletions occurring after this litigation began. As discussed in this Court's November 7, 2107, conference call with the parties (ECF Nos. 105, 107) and follow-up Joint Report (ECF No. 108), employees of CES "wiped" or deleted the contents of two CES elections servers—"elections.kennesaw.edu" and "unicoi.kennesaw.edu"—on July 7, 2017 and August 9, 2017 respectively. The latter deletion took place after Defendant Secretary of State Kemp, Defendant King, and CES had already received notice of the pendency of this lawsuit. Defendant Kemp has since publicly acknowledged that multiple data security failures and repeated server breaches on the part of CES are what prompted him to terminate the contract between his office and the University System of Georgia.

CGG therefore requests complete transparency in the relocation, re-installation, and storage of the equipment, documents, and data that Defendant King has advised the Court will take place on December 18, 2017. Any further loss of evidence will compound the severe prejudice that CGG has already suffered due to spoliation. To effectuate the requested transparency and protections, CGG respectfully submits the proposed Order attached as **"Exhibit A"** hereto.

II.     <u>Position of Plaintiffs Jeffrey Schoenberg, Laura Digges, William Digges III, Ricardo Davis, Edward Curtis Terry, Donna Curling, Donna Price</u>

On December 12, 2017, counsel for Plaintiffs (other than the Committee for Good Governance, or "CGG") scheduled a conference call among all counsel who wished to join at 5:00 p.m. to discuss the transfer of evidence referenced by counsel for Merle King in his e-mail to the Court on December 8, 2017. Before that call, counsel for Plaintiffs (other than CGG) circulated to all counsel a Proposed Order for Preservation of Evidence During Transfer of Potential Evidence, which is attached hereto as Exhibit B. Following the conference call, counsel for Defendant Merle King and Plaintiff CGG have circulated separate proposed orders, respectively.

While counsel for Plaintiffs (other than CGG) do not join in the Proposed Order by CGG (Exhibit A), Plaintiffs (other than CGG) object to the Proposed Order from Defendant Merle King (Exhibit C) to the extent that it deletes language requiring Defendants to continue to honor their obligations in connection with "'litigation hold' communications served to date", and substitutes for the quoted language "their respective preservation obligations."

Accordingly, Plaintiffs (other than CGG) request that the Court enter the Proposed Order attached hereto as **"Exhibit B."**

### III.  Position of Defendant Merle King

Defendant King has and will continue to abide by the obligation that every litigant has to preserve relevant evidence. Defendant King noticed the Court and the parties of a forthcoming transfer of election equipment and information, specifically stating that he recognizes this obligation and will ensure his compliance with it through the transfer to co-defendant Kemp. The plaintiffs in this case are attempting to abuse this courtesy by transforming this exercise into an effort to improperly obtain discovery (which, even if the case were not closed, is stayed), harass Defendant King and the CES, and impede the transfer of critical election equipment and information from the CES to the Secretary of State.

The plaintiff's proposed orders seek to include language somehow binding Defendant King to preservation obligations of the "University System of Georgia" (the "USG"). The USG is not a named party to the litigation and no other USG entity (other than Defendant King and the CES) was ever even named in any of the numerous litigation hold letters sent out in this case. As a practical matter, no other USG entity has any equipment or data that would be subject to transfer.

The CGG requests the Court enter an order requiring Defendant Kemp to inform it of "all steps undertaken" during the move. As if that were not enough, the CGG further requests the Court permit the CGG to have a representative on-site to "monitor" the move. And while the CGG's initial proposed order only requested an

"individual" to "observe" the transfer, the CGG's most recent proposed order requests that a "technically qualified observer" be present, and that such individual actually have the ability to object to and potentially halt the transfer entirely! Neither of these requests are supported by any authority in a rule, statute, case, or otherwise. And despite multiple requests, the CGG has failed to provide any such authority to Defendant King.

Like the Court, Defendant King had hoped this statement would be unnecessary. Defendant King has and will continue to preserve potentially relevant evidence to the case—including through this transfer. To the extent plaintiffs seek to impose obligations above and beyond this requirement, they have failed to provide a basis for doing so. Defendant King's proposed Order is attached hereto as **"Exhibit C."**

  IV. <u>Position of Defendant Brian P. Kemp and State Election Board ("SEB")</u>

1. *Exchange of Drafts*: Plaintiff CGG and the non-CGG Plaintiffs proposed several different "joint" preservation orders to which these Defendants cannot consent.  Kemp and the SEB believe another preservation order is superfluous anyway since the Court has already indicated it has a preservation order in hand and ready to publish. *See* Doc. No. 119.  In an extra effort to forge a mutual agreement, Counsel for Merle King proposed a neutral order to which Kemp and SEB would acquiesce simply to avoid

continued delay and disagreement. Unfortunately, there appears no alternative to the submission of a joint statement registering the respective positions.

2. *Objection to "Observers" as an "End-Run" of this Court's Stay on Discovery*:

    Plaintiffs have seized upon this transfer of records from one party to another to wrest concessions from Defendants on discovery. While the Plaintiffs may dislike it, the Court has entered an order staying discovery in this case. *See* Doc. No. 56. Despite that Order, Plaintiffs insist on positions calculated to circumvent or override it. This includes not only the appointment of "an observer" to superintend the handling of the State's document but also emails demanding information and/or production of documents regarding this transfer.

3. *Objection to Interference by Plaintiffs*:   Even if the Court had not issued a stay, Plaintiffs' requests still would be unjustified. These Defendants reject Plaintiffs' baseless allegations that "evidence" "has already been destroyed." There is no legal or factual basis for what Plaintiffs seek. Plaintiffs are asking for license, backed by a federal court order, to be clothed with the discretionary power "to object to and halt" the performance of duties by officials in the state government. There is no law

or rule of procedure—certainly Plaintiffs cite none—to endorse setting up Plaintiffs as referees over state officials actually elected or appointed to perform government functions. To elevate litigants with a private agenda over public officials based on nothing more than mere "suspicion" and conjecture that the State (and/or its counsel) cannot be trusted to preserve evidence is unprecedented. The unreasonableness of Plaintiffs' demands suggest they are concerned less with redressing alleged particular constitutional harm(s) they have sustained—as State Defendants have argued in their Motions to Dismiss—than interfering with the practical administration of Georgia's election system in order to advance a private agenda.

V.   Position of other Defendants

The undersigned understands that no other Defendant has taken a substantive position on this issue.

VI.   Conclusion

The undersigned Parties submit the foregoing joint statement to the Court. Dated December 14, 2017.

                Respectfully submitted,

                */s/ William Brent Ney*
                WILLIAM BRENT NEY
                Georgia Bar No. 542519
                Ney Hoffecker Peacock & Hayle, LLC

One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, Georgia 30309
404-842-7232
470-225-6646 (Fax)
william@nhphlaw.com

*Attorney for Coalition for Good Governance*

*/S/ JOE R. CALDWELL, JR.*
EDWARD B. SCHWARTZ (pro hac vice)
JOE R. CALDWELL, JR. (pro hac vice)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 200036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
Email: eschwartz@steptoe.com
Email: jcaldwell@steptoe.com

*Attorneys for Plaintiffs (other than CGG)*

*/s/ John Frank Salter, Jr.*
John Frank Salter, Jr.
Roy Barnes
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
770-227-6375
Email: john@barneslawgroup.com

*Attorneys for Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. (Rusty) Simpson, Seth Harp, The State Election Board*

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Robert S. Highsmith
Georgia Bar No. 352777
Grant Edward Lavelle Schnell
Georgia Bar No. 106794
1180 West Peachtree St. NW
Suite 1800
Atlanta, Georgia 30309-3400
Telephone: (404) 817-8500
Fax: (404) 881-0470

*Attorney for Defendant Merle King*

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this day of December 14, 2017, caused the within and foregoing **"JOINT STATEMENT OF THE PARTIES' POSITIONS CONCERNING PRESERVATION OF EVIDENCE DURING TRANSFER", with all exhibits,** to be served upon all other parties in this action by electronic service via to be served via electronic delivery using the PACER-ECF system as authorized by LR 5.0(A), NDGA upon the following:

Edward B. Schwartz
Joe R. Caldwell, Jr.
Steptoe & Johnson LLP
1330 Connecticut Avenue, Northwest
Washington, District of Columbia 20036
*Attorneys for Plaintiffs (other than CGG), pro hac vice*

Bryan M. Ward
Marvin Lim
Holcomb +Ward, LLP
3399 Peachtree Road NE, Suite 400
Atlanta, Georgia 30326
*Attorneys for Plaintiffs (other than CGG)*

David R. Lowman
Cheryl Ringer
Kaye Woodard Burwell
Office of Fulton County Attorney
Fulton County Government Center
Suite 4038
141 Pryor Street, Southwest
Atlanta, Georgia 30303
*Attorneys for Fulton Defendants*

Daniel Walter White
Haynie Litchfield Crane & White
222 Washington Avenue
Marietta, Georgia 30060
*Attorney for the Cobb County Defendants*

Bennett Davis Bryan

DeKalb County District Attorney's Office
Assistant County Attorney
5th Floor
1300 Commerce Drive
Decatur, Georgia 30030
*Attorney for the DeKalb County Defendants*

Grant Edward Schnell
Robert S. Highsmith
Holland & Knight LLP – Atl
One Regions Plaza, Suite 1800
1180 West Peachtree St., NW
Atlanta, Ga 30309
*Attorneys for Defendant Merle King*

John Frank Salter, Jr.
Roy Barnes
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
*Attorneys for Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. (Rusty) Simpson, Seth Harp, The State Election Board*

Dated December 14, 2017.

                                        Respectfully submitted,

                                        */s/ William Brent Ney*
                                        WILLIAM BRENT NEY
                                        Georgia Bar No. 542519