IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COAKLEY PENDERGRASS, et al., | |
| *Plaintiffs*, | |
| v. | CIVIL ACTION |
| BRAD RAFFENSPERGER, et al., | FILE NO. 1:21-CV-05339-SCJ |
| *Defendants*. | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants Brad Raffensperger, in his official capacity as Secretary of the State of Georgia; William S. Duffey, Jr., in his official capacity as the Chair of the State Election Board; and Sara Tindall Ghazal, Janice Johnston, Edward Lindsey, and Matthew Mashburn, in their official capacities as members of the State Election Board (collectively, the "Defendants"), answer Plaintiffs' Amended Complaint [Doc. 120] (the "Amended Complaint") as follows:

## FIRST AFFIRMATIVE DEFENSE

The allegations in Plaintiffs' Amended Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack constitutional standing to bring this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack statutory standing to bring this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against Defendants are barred by the Eleventh Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Section 2 of the Voting Rights Act provides no provide right of action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they should be heard by a three-judge panel.

## NINTH AFFIRMATIVE EFENSE

Defendants deny that Plaintiffs have been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on the mootness or ripeness doctrines, as further information becomes available in discovery.

Defendants answer the specific numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1.     Paragraph 1 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

2.     Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint.

3.     Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Amended Complaint.

5.      Paragraph 5 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Amended Complaint.

7.      Paragraph 7 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied and Defendants further deny that Plaintiffs are entitled to any relief.

8.      Defendants admit that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act. Defendants deny the remaining allegations set forth in Paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10.      Defendants admit the allegations set forth in Paragraph 10 of the Amended Complaint.

11.    The allegations in Paragraph 11 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

12.    The allegations in Paragraph 12 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

13.    The allegations in Paragraph 13 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

14.    The allegations in Paragraph 14 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

15.    The allegations in Paragraph 15 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

16.    The allegations in Paragraph 16 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

17.    Defendants admit that Secretary Raffensperger is the Secretary of State of Georgia and that the Secretary of State is designated by statute as the chief election official. Defendants further admit that the Secretary has responsibilities under law related to elections. Defendants deny the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18.    Defendants admit that William S. Duffey, Jr. is the Chair of the State Election Board and is named in his official capacity. Defendants further admit that the duties of members of the State Election Board are set forth in

5

statute and refer the Court to the cited authority for a full and accurate
statement of its contents and deny any allegations inconsistent therewith.
Defendants deny the remaining allegations set forth in Paragraph 18 of the
Amended Complaint

19.    Defendants admit that Sara Tindall Ghazal is a member of the
State Election Board and is named in her official capacity. Defendants
further admit that the duties of members of the State Election Board are set
forth in statute and refer the Court to the cited authority for a full and
accurate statement of its contents and deny any allegations inconsistent
therewith. Defendants deny the remaining allegations contained in
Paragraph 19 of the Amended Complaint.

20.    Defendants admit that Matthew Mashburn is a member of the
State Election Board and is named in his official capacity. Defendants further
admit that the duties of members of the State Election Board are set forth in
statute and refer the Court to the cited authority for a full and accurate
statement of its contents and deny any allegations inconsistent therewith.
Defendants deny the remaining allegations contained in Paragraph 20 of the
Amended Complaint.

21.    Defendants admit that Edward Lindsey is a member of the State
Election Board and is named in his official capacity. Defendants further

admit that the duties of members of the State Election Board are set forth in statute and refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 21 of the Amended Complaint.

22.     Defendants admit that Dr. Janice Johnston is a member of the State Election Board and is named in her official capacity. Defendants further admit that the duties of members of the State Election Board are set forth in statute and refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

24.     Paragraph 24 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

25.     Paragraph 25 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

26.     Paragraph 26 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

27.     Paragraph 27 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

28.     Paragraph 28 of the Amended Complaint and its subparagraphs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

29.     Paragraph 29 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

30.     Defendants admit the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Defendant admits that, as a percentage of the electorate, the white percentage has decreased and the percentage of voters of color has

increased over the last ten years. The remaining allegations in Paragraph 31 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33.     Defendants admit the allegations set forth in Paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40.    Paragraph 40 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. Defendants admit that Black and white voters in Georgia vote in blocs and prefer different candidates. The remaining allegations in this Paragraph are denied.

41.    Defendants admit that a substantial majority of Black voters in Georgia prefer Democrat candidates. Defendants deny the remaining allegations set forth in Paragraph 41 of the Amended Complaint.

42.    Defendants admit that a majority of white voters in Georgia have voted for Republican candidates in the recent past. Defendants deny the remaining allegations set forth in Paragraph 42 of the Amended Complaint.

43.    Defendants admit that Black and white voters in Georgia usually vote in blocs and prefer different candidates. Defendants deny the remaining allegations set forth in Paragraph 43 of the Amended Complaint.

44.    Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. Defendant denies the remaining allegations set forth in Paragraph 44 of the Amended Complaint.

45.    Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 45 of the Amended Complaint set forth legal conclusions to which

no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

46.     Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 46 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

47.     Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 47 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

48.     Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 48 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

49.     Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 49 of the Amended Complaint set forth legal conclusions to which

no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

50.     Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 50 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

51.     Defendants admit that Democratic representatives in the 1981 redistricting process sought to minimize Black political influence in Georgia. The remaining allegations of Paragraph 51 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

52.     Defendants admit that plans drawn when Democrats controlled Georgia government were objected to in 1971, 1981, 1991, and 2001 and that redistricting plans drawn when Democrats controlled Georgia government were rejected as unconstitutional in 2004. The remaining allegations of Paragraph 52 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

53.     Defendants admit that, prior to 2013, Georgia was a covered jurisdiction under Section 4 of the Voting Rights Act and was required to seek

preclearance of election laws prior to enforcement. The remaining allegations in Paragraph 53 set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

54.   Defendants admit that, prior to 2013, Georgia was a covered jurisdiction under Section 4 of the Voting Rights Act and was required to seek preclearance of election laws prior to enforcement. The remaining allegations in Paragraph 54 set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

55.   Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 55 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

56.   Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 56 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

57.   Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 57 of the Amended Complaint set forth legal conclusions to which

no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

58.    The allegations in Paragraph 58 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

59.    The allegations in Paragraph 59 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

60.    The allegations in Paragraph 60 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

61.    The allegations in Paragraph 61 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

62.    The allegations in Paragraph 62 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

63.    The allegations in Paragraph 63 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

64.    The allegations in Paragraph 64 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

65.    The allegations in Paragraph 65 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

66.    The allegations in Paragraph 66 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

67.   The allegations in Paragraph 67 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

68.   The allegations in Paragraph 68 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

69.   Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 69 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

70.   Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 70 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

71.   The allegations in Paragraph 71 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

72.   The allegations in Paragraph 72 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

73.   The allegations in Paragraph 73 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

74.    The allegations in Paragraph 74 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

75.    Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint.

76.    Defendants incorporate their responses to Paragraphs 1 through 75 as if fully set forth herein.

77.    Paragraph 77 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

78.    Defendants deny the allegations set forth in Paragraph 78 of the Amended Complaint.

79.    Defendants deny the allegations set forth in Paragraph 79 of the Amended Complaint.

80.    Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81.    Defendants deny the allegations set forth in Paragraph 81 of the Amended Complaint.

82.    Defendants deny the allegations set forth in Paragraph 82 of the Amended Complaint.

83.    Defendants deny the allegations set forth in Paragraph 83 of the

Amended Complaint.

### Prayer for Relief

Defendants deny that Plaintiffs are entitled to any relief they seek.

Defendants further deny every allegation in the Amended Complaint not

specifically admitted in this Answer.


Respectfully submitted this 14th day of November, 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 678600

17

fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson