# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.** | )<br>)<br>) |
| Plaintiffs, | )<br>) Civil Action File No. 1:17-cv-<br>) 2989-AT |
| v. | ) |
| **BRIAN KEMP, ET AL.** | )<br>) |
| Defendants. | )<br>)<br>) |

## MOTION OF STEPTOE & JOHNSON LLP FOR
## PERMISSION TO WITHDRAW AS COUNSEL FOR
## PLAINTIFFS DONNA CURLING; DONNA PRICE; JEFFREY
## SCHOENBERG; LAURA DIGGES; WILLIAM DIGGES, III; RICARDO
## DAVIS; AND EDWARD CURTIS TERRY

Pursuant to Local Rule 83.1(E) for the Northern District of Georgia and Georgia Rules of Professional Conduct 1.9 and 1.16, Steptoe & Johnson LLP (including Edward B. Schwartz and Joe R. Caldwell, Jr.) (collectively, "Steptoe") hereby requests that the Court enter an order granting Steptoe permission to withdraw as counsel for Plaintiffs: Donna Curling; Donna Price; Jeffrey Schoenberg; Laura Digges; William Digges, III; Ricardo Davis; and Edward Curtis Terry; (collectively, "Plaintiff Group"). In support of this motion, the undersigned counsel state as follows:

1. As previously submitted, Steptoe was asked to represent Plaintiff Group as well as the Coalition for Good Governance ("CGG") in this case on a pro bono basis on or about August 21, 2017. At the time, the Plaintiff Group and CGG were represented by counsel for the law firm of Holcomb + Ward, who have since filed a certificate of consent to withdraw as counsel from all plaintiffs. (D.E. No. 124).

2. As also previously submitted, Steptoe filed a motion to withdraw from representing CGG on November 3, 2017 because of conflicts and the breakdown in the attorney-client relationship between Steptoe and CGG. (D.E. No. 104). The Court granted Steptoe's motion on November 29, 2017. (D.E. No. 116).

3. New counsel for CGG entered an appearance in this case on January 9, 2018. (D.E. No. 129).

4. As set forth in Steptoe's status report to the Court on January 8, 2018, through CGG's new counsel and directly, Steptoe's now former client, CGG, has repeatedly objected to Steptoe's continued representation of any plaintiff in the case and refused to grant a waiver consenting to Steptoe's ongoing representation of any member of the Plaintiff Group. (D.E. No. 128).

5. Accordingly, under Georgia Rule of Professional Conduct 1.9(a) and 1.16, Steptoe requests permission to withdraw entirely from the case.

6. Local Rule 83.1(E)(1) provides that "counsel will not ordinarily be allowed to withdraw after pretrial or at a time when withdrawal will cause a delay in the trial of the case." That is not the case here. There is no indication that Steptoe's withdrawal would cause a delay in the trial of the case. Therefore, Steptoe's withdrawal would be consistent with Local Rule 83.1(E)(1).

7. Pursuant to Local Rule 83.1(E)(2)(b)(J), as submitted with the January 8 report, Steptoe has given the Plaintiff Group at least fourteen days' prior notice of its intention to request permission to withdraw. This notice was served on the Plaintiff Group via email on November 27, 2017 and is attached (in redacted form) to this Motion. The notice included the following information, as required by Local Rule 83.1(E)(2):

a) That Steptoe wishes to withdraw;
b) The style of the matter from which Steptoe seeks to withdraw (*Curling v. Kemp, et al.*, 1:17-cv-02989-AT), and the name, address and telephone number of the Clerk (Amy McConochie) and opposing counsel;
c) That this court—the United States District Court for the Northern District of Georgia, Atlanta Division—would retain jurisdiction after Steptoe's withdrawal;
d) That the Plaintiff Group has the burden of keeping the court informed respecting where notices, pleadings or other papers may be served;
e) That the Plaintiff Group has the obligation to prepare for trial or hire other counsel to prepare for trial;
f) That if the Plaintiff Group fails or refuses to meet these burdens, it may suffer adverse consequences;
g) The dates of the upcoming proceedings in the matter;
h) That service of notices may be made upon Plaintiff Group at each party's last known address; and

i) If any party in the Plaintiff Group is a corporation, that a corporation may only be represented in court by an attorney, that an attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and that failure to comply with this rule could result in a default being entered against the corporate party.

*See Natty v. Morgan*, No. 212CV00073RWSJCF, 2013 WL 12178577, at *1 (N.D. Ga. Dec. 2, 2013) (granting counsel's motion to withdraw that was filed according to the requirements in Local Rule 83.1(E)).

8. Per the Court's Order of January 10, 2018, Steptoe will provide a copy of these papers, as well as the information set out in the Order, to the Plaintiff Group. (D.E. No. 130).

**WHEREFORE,** Steptoe respectfully requests that the Court enter an Order granting Steptoe leave to withdraw its appearance in this matter, effective immediately. A proposed Order is attached.

Dated: January 12, 2018                Respectfully submitted,

/s/ Edward B. Schwartz
EDWARD B. SCHWARTZ (*pro hac vice*)
JOE R. CALDWELL, JR. (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 200036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

4

## PROOF OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record through the Court's electronic filing service on January 12, 2018.

/s/ Edward B. Schwartz
Edward B. Schwartz

/s/ Joe R. Caldwell, Jr.
Joe R. Caldwell, Jr.
