## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action** |
| | ) **No. 1:17-cv-02989-AT** |
| **BRIAN KEMP, ET AL.** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION BY COALITION PLAINTIFFS FOR LEAVE TO FILE
## THIRD AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs

Coalition for Good Governance, Laura Digges, William Digges III, and Ricardo

Davis (the "Coalition Plaintiffs") respectfully move this Court for leave to file their

*Third Amended Complaint of Plaintiffs Coalition for Good Governance, Laura*

*Digges, William Digges III, Ricardo Davis, and Megan Missett* ("the TAC").  A

draft of the TAC is attached as Exhibit A.

## BACKGROUND

1.      On September 15, 2017, Plaintiffs filed the Second Amended

Complaint (the "SAC").  (Doc. 70.)  Because the goals of certain plaintiffs in

pursuing this litigation conflicted with the goals of other plaintiffs at the time when

the SAC was filed, the SAC *does not reflect* the claims that the Coalition Plaintiffs wish to prosecute in this action.  (*See* Doc. 104, at 2, and Doc. 118, at 5–6, 11.)

2.     On November 4, 2017, the Coalition Plaintiffs' former counsel, Steptoe & Johnson LLP ("Steptoe"), acknowledged this conflict of interest as a nonwaivable conflict and sought as a consequence to withdraw from the case. (Doc. 104, at 2 – 4.)  This Court granted Steptoe's motion to withdraw from representing Coalition on November 29, 2017 (Doc. 116), and granted Steptoe's motion to withdraw from representing the other plaintiffs on January 18, 2018. (Doc. 135).  All continuing plaintiffs have subsequently engaged new counsel.

3.     On November 29, 2017, Coalition advised this Court in an authorized ex parte filing that Coalition would seek leave to amend the SAC to mitigate the prejudicial impact of the conflict of interest by, inter alia, (1) refining and streamlining the claims, (2) dismissing certain parties, (3) adding necessary parties, and (4) correcting and updating certain allegations.  (Doc. 118, at 12–13.)

4.     The proposed TAC accomplishes each of these objectives.   The SAC contains eleven claims under both federal and state law for retrospective and prospective relief against at least 25 defendants, who are named in both official and personal capacities.  By contrast, the proposed TAC asserts just two federal constitutional claims by the Coalition Plaintiffs, each of which seeks only

prospective declaratory and injunctive relief, not retrospective relief.  The TAC names at least fourteen fewer defendants.  The TAC only names the defendants that do remain in their official capacities, not their personal capacities.[1]

5.     Because of these differences, the TAC will eliminate sovereign-immunity and qualified-immunity issues, will dramatically facilitate case management, and will focus this case on the key federal constitutional questions presented.

## MEMORANDUM OF LAW

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings with the Court's leave and that the "court should freely give leave when justice so requires."  *Id.; see Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 406-407 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires.").

Rule 15(a)(2) also allows amendments, without leave of court, with the consent of the parties.  As of this filing, this motion does not have the consent of

---

[1] The TAC also adds an individual plaintiff, Megan Missett, a Fulton County voter, who also has standing to bring these claims.

all parties, although all parties have been notified of Coalition Plaintiffs' intent to file the TAC and are aware of the major changes proposed.

Justice requires the granting of this motion.  First, the SAC was drafted and filed by former counsel laboring under an acknowledged conflict of interest.  The SAC does not reflect the goals of Coalition Plaintiffs in this litigation.  Second, the proposed TAC substantially simplifies the case and clearly will advance the "just, speedy, and inexpensive determination" of this action on the merits.  Fed. R. Civ. P. 1.  Third, the TAC is not interposed for any improper purpose, and its filing will not prejudice the defendants.  *See Foman v. Davis,* 371 U.S. 178, 192 (1962).

**WHEREFORE**, Plaintiff respectfully requests that this Court (1) grant this Motion and order the Clerk to docket the attached proposed *Third Amended Complaint of Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis, and Megan Missett*; (2) order the Clerk to add Megan Missett as a Plaintiff in this case; and (3) order the defendants not named in the TAC to continue preserving all evidence that they are currently required to preserve in their capacities as named parties.

A proposed order is filed herewith as Exhibit B.

Respectfully submitted this 4th day of April, 2018.

*/s/ Bruce Brown*
Bruce P. Brown

4

Georgia Bar No. 064460
bbrown@brucepbrownlaw.com

BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Attorney for Plaintiff Coalition for Good
Governance*

Cary Ichter
Georgia Bar No. 382515
cichter@IchterDavis.com
Ichter Davis, LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
Tel.: 404.869.5243
Fax: 404.869.7610

*Attorney for Plaintiffs Coalition for Good
Governance, William Digges III, Laura
Digges, Ricardo Davis*

William Brent Ney
GA Bar Number 542519
NEY HOFFECKER PEACOCK & HAYLE, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, GA 30309
T: (404) 842-7232

*Attorney for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett*


Robert A. McGuire, III
Admitted Pro Hac Vice (Doc. 125)
ROBERT MCGUIRE LAW FIRM
2703 Jahn Ave NW, Suite C-7
Gig Harbor, WA  98335
T: (844) 318-6730

*Attorney for Plaintiff Coalition for Good Governance*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2018, I electronically filed the foregoing MOTION with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Roy E. Barnes** | **William Brent Ney** |
| **Bennett Davis Bryan** | **Cheryl Ringer** |
| **Kaye Woodard Burwell** | **Vincent Robert Russo, Jr** |
| **Joe Robert Caldwell , Jr** | **John Frank Salter, Jr** |
| **Cristina Correia** | **Grant Edward Schnell** |
| **Josiah Benjamin Heidt** | **Edward Bruce Schwartz** |
| **Barclay Hendrix** | **Frank B. Strickland** |
| **Robert S. Highsmith** | **Russell Dunn Waldon** |
| **Anne Ware Lewis** | **Bryan Myerson Ward** |
| **David R. Lowman** | **Daniel Walter White** |
| **Robert Alexander McGuire , III** | |

I hereby certify that I served the foregoing to the following non-ECF participants by United States Postal Service (or other consented-to electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(C), (E), or (F)), as required by Standing Order No. 16-01, Ex A, at § H II.B.3, NDGA:

   **None**

      */s/ Bruce Brown*
      Bruce P. Brown
      Georgia Bar No. 064460
      bbrown@brucepbrownlaw.com
      BRUCE P. BROWN LAW LLC
      1123 Zonolite Rd. NE
      Suite 6
      Atlanta, Georgia 30306
      (404) 881-0700