## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, et al.,

Plaintiffs,

v.

BRIAN KEMP, et al.,

Defendants.

CIVIL ACTION FILE

NO. 1:17-CV-02989-AT

### RESPONSE OF DEFENDANTS KEMP AND STATE ELECTION BOARD OFFICIALS TO PLAINTIFF COALITION FOR GOOD GOVERANCE'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

**COMES NOW,** Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, & The State Election Board and hereby files their response to Plaintiffs' Motion for Leave to File Amended Complaint.

## INTRODUCTION

This is the third motion for leave to amend a complaint but the first such request following an apparent schism between the various Plaintiffs, leaving them segregated into two different camps.  Because of the inherent confusion that would result from fracturing the case with different complaints, the Coalition Plaintiffs' unilateral motion (without the consent of their Co-Plaintiffs), satisfies none of the relevant criteria for a proper amendment under

- 1 -

Rule 15.  The "streamlining" promised by Coalition Plaintiffs' Motion (Doc. 160 at 2), is a mirage.

## PROCEDURAL REVIEW

Plaintiffs first filed suit on July 3, 2017.  Less than thirty days later (after removal to this Court), Plaintiffs first moved for leave to amend their Complaint. Doc. 2.  This Court granted leave and deemed that amended Complaint filed as of August 18, 2017. Doc. 14 (Order); *see also* Doc. 15 (Amended Complaint).  Motions to Dismiss by the various defendants were filed. *See, e.g.*, Docs. 47, 48, 49, and 50.  Two days later, CGG asked to Court to entertain yet another amendment of its pleadings following a change in its legal representation.  *See, e.g.*, Doc. 57.  By leave, the Second Amended Complaint was filed on September 15, 2017. Doc. 70.[1]

Throughout October, Motions to Dismiss were filed and briefed to apparent conclusion addressing the altered theories contained in the Second Amended Complaint.  By entry of November 2, 2017, these Motions were noted as under submission.  These Motions to Dismiss have been briefed fully and pending ever since.

---

[1] In substance, the Second Amended Complaint dropped claims against Defendant Karen Handel and signaled a morphing of Plaintiffs' claims away from what had been a contest to the results of the Ossoff-Handel election. See, e.g., Docs. 76, 81.

One day later, another change in the legal representation of CGG triggered what would become a rolling cascade of withdrawal maneuvers and extensions of time. *See, e.g.*, Docs. 104; 112; 114; 115 (CGG's motion to stay, filed Nov. 28, 2017); 116 (order granting motion to withdraw of former attorneys Schwartz and Caldwell from CGG's representation, staying and administratively closing the case); 127; 135.

Fast forward to April of 2018, and it appears the Plaintiffs have divided into two factions with separate legal teams.[2]  On one side are Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg, represented by various counsel. The other group of Plaintiffs—comprised of CGG, Ricardo Davis, Laura Digges, and William Digges, III—are represented by a different team of attorneys and calling themselves "the Coalition Plaintiffs." Doc. 160.[3]

## STATEMENT OF FACTS

Despite their admitting "this motion does not have the consent of all parties," including their Co-Plaintiffs, the Coalition Plaintiffs filed this motion anyway.  Doc. 160 at 3-4.  According to their Motion, the Coalition Plaintiffs assert the Second Amended Complaint "was drafted and filed by former counsel laboring under an acknowledged conflict of interest."  Apparently, the

---

[2] The claims of former Plaintiff Edward Curtis Terry were dismissed for failure to notify this Court of obtaining replacement counsel despite various orders.
[3] The Motion to Amend seeks to add an additional Plaintiff, Megan Missett, to the case and names her in the Third Amended Complaint.

Third Amended Complaint reflects the Coalition Plaintiffs' distinct version of how their case should be framed by mitigating "the prejudicial impact of" the conflict of interest that tainted the Second Amended Complaint by, *inter alia*, "refining and streamlining the claims," "dismissing certain parties," and "adding necessary parties," and "correcting and updating certain allegations." Doc. 160 at 2. Further, the Coalition Plaintiffs purport that these changes will "eliminate sovereign-immunity and qualified immunity issues." Doc. 160 at 3. Even this acknowledgement of the legal obstacles raised by Defendants' Motions to Dismiss still manages to understate the pervasiveness and formidability of the problems confronting all Plaintiffs.

Of course, these Defendants are not privy to Plaintiffs' internal dynamics. Therefore, the Defendants have no insight into whether the differences between the two camps are merely tactical or, on the other hand, have devolved into rancor. Regardless, the Plaintiffs cannot agree even on how their Complaint should be drafted. As the respective Complaints show, their strategies are not the same. It should be apparent to all how extraordinary it is for Co-Plaintiffs to separate their Complaints without full consent. This Court must not acquiesce to the Coalition Plaintiffs' supercilious attempt to amend the Complaint without the consent of their Co-Plaintiffs.

## CITATION OF LEGAL AUTHORITY

A.   FED.R.CIV.P. 15 WAS NEVER INTENDED TO MASK PLAINTIFFS' IRREPARABLE CONFLICTS.

"A house divided against itself cannot stand." Abraham Lincoln, Address at the Republican State Convention, Springfield, Ill. (June 16, 1858). The Coalition Plaintiffs insist the standards of Fed.R.Civ.P. 15 and *Foman* are pliable enough to entertain the dueling complaints of factional Plaintiffs. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The naïve thesis that this case can proceed with the Plaintiffs divided against themselves is outlandish.

Leave to amend is not a matter of right. *Bennett v. McGriff Transp., Inc.*, 841 F.Supp.2d 1313, 1315 (N.D. Ga. 2012). Notwithstanding the amendment to pleadings under Fed.R.Civ.P. 15 subsides within this court's discretion, its zone of permissive outcomes is not without boundaries. In *Foman*, the Supreme Court emphasized that leave to amend should be granted except in cases of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, *supra*, at 182 (1962); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

B.   THE COALITION PLAINTIFFS' MOTION MUST BE DENIED BECAUSE THE
PREJUDICE TO DEFENDANTS OUTWEIGHS ANY BENEFIT TO PLAINTIFFS.

The Coalition Plaintiffs' Motion cites no authority allowing one Plaintiff
to amend the Complaint without other Plaintiffs' consent.   If there are
deficiencies in the Second Amended Complaint, the Plaintiffs must either
resolve them together or, failing that, consider the severance of their action.
Granting leave as requested would divide the Plaintiffs into factions, both
clinging to separate Complaints and espousing different legal remedies.   The
Coalition Plaintiffs piously deny they are motivated by any "improper
purpose." Doc. 160 at 4.   But pretending one civil action can accommodate
dissonant complaints serving partisan groups of plaintiffs is extraordinarily
unfair to the defendants who must defend different theories.   It is also unfair
to the court and—were this case to proceed so far—to a factfinder or court of
appeal.

When confronting a similar circumstance, the Fifth Circuit Court of
Appeals upheld a district court's denial of leave when a plaintiff's motion to
amend was not joined by his co-plaintiffs. *See Aguilar v. Texas Dept. of
Criminal Justice*, 160 F.3d 1052 (5th Cir. 1998).[4]   The Eleventh Circuit, too,

---

[4] In *Aguilar*, a plaintiff filed a motion to amend the complaint prior to the filing
of an answer by any defendant. *Id*. at 1053. The proposed amendment did not
mention the co-plaintiffs and included only claims relevant to the movant. *Id*.
In upholding the denial of the motion, the Fifth Circuit held that the original

has affirmed the denial of leave to amend when sought without the consent of co-plaintiffs.  "[T]he district court denied the [motion to amend] because it ostensibly sought to amend the complaint on behalf of both Plaintiffs, but without the consent of either Donley or her counsel. *This Mathis could not do*." *Donley v. City of Morrow, Georgia*, 601 Fed.Appx. 805, 811 (11th Cir. 2015) (emphasis supplied); *see also* Order in *Donley v. City of Morrow*, Civil Action File No. 1:12-cv-3207-TCB (N.D. Ga. Oct. 3, 2013) ("As Donley must join in any such motion [to amend] and the complaint must be filed on behalf of both Plaintiffs, Mathis's motion is DENIED.").

These Defendants would welcome any coherent narrowing of the operative complaint if it truly clarified the dispute.  But while the Coalition Plaintiffs are promising simplification, in actuality their proposal would do the opposite.  While the Coalition Plaintiffs may be narrowing their own claims to some extent, the real impact of their unilateral action is to complicate, not simplify.

By their presumptuous move, the Coalition Plaintiffs would sink this case ever more deeply into the mire of confusion.  All Defendants would still be obliged to go on battling the expansive allegations of the Second Amended Complaint to which the other Co-Plaintiffs still adhere.  Therefore, some

---

complaint belonged to the other co-plaintiffs as much as it belonged to the plaintiff seeking to amend.

Defendants would be "in" the case as to some Plaintiffs, but "out" of the case as to others. Some claims would be "live" or "dead," depending upon which Plaintiff (or faction of Plaintiffs), was doing the talking. Because of the inherent confusion that would result from fracturing the case with different Complaints, the Coalition Plaintiffs' Motion satisfies none of the *Foman* criteria for amendment under Rule 15. The "streamlining" promised by the Coalition Plaintiffs' Motion (Doc. 160 at 2), is a mirage.

The Coalition Plaintiffs' unilateral and non-consensual Motion is an ominous signal. Throughout this case, the parties have been expected first to attempt mutual resolution of issues before bringing formal motions before the Court. If the Plaintiffs cannot work effectively among themselves, this Court's past admonitions towards cooperation may be inadequate to bridge divisions even within Plaintiffs' own camp.[5] If so, Defendants should not be forced to pay the price for Plaintiffs' inability to get along with one another.

For months, Defendants' motions to dismiss have awaited an order. Plaintiffs were granted repeated extensions to arrange for counsel of their

---

[5] The Coalition Group's conferral with these Defendants was cursory at best. Undersigned counsel was given less than 24 hours to respond without seeing the proposed complaint or motion. When inquiry was made as to whether their Co-Plaintiffs were joining the Coalition Group's Motion for Leave, undersigned counsel stated a joint motion of all Plaintiffs would receive serious consideration by these Defendants. These Defendants were then told by the Coalition Plaintiffs they intended to file their Motion with or without their Co-Plaintiffs' consent and, in fact, did so later that same day.

choice.  At this point, the best next step is also the simplest one.  This Court should dismiss the action entirely on Defendants' long-pending Motions to Dismiss.

A complete dismissal will confer upon all Plaintiffs a right to appeal according to their wish.  Such consideration cannot prejudice the Coalition Plaintiffs whose primary main *disagreement* with their Co-Plaintiffs is their *agreement with Defendants* that some claims in the Second Amended Complaints never should have been asserted.

Even if this Court does not dismiss the action entirely, if this action is to be pruned of spurious or untenable claims, let the Court accomplish this for the Plaintiffs in an order.  That conventional course—of ruling on motions that are fully briefed and ripe for decision—is far preferable to endorsing the fracture of Plaintiffs into factions within a single action, the inevitable and prejudicial result if this Court grants the Coalition Plaintiffs' Motion.  The only other alternative is for the Court to consider severance of the case in order to safeguard both the Plaintiffs' respective rights and to ensure Defendants' rights to a fair trial. *See, e.g.*, Fed.R.Civ.P. 21.

## CONCLUSION

Even putting aside the rights of the movant's Co-Plaintiffs, forcing these Defendants to face two different Complaints as if they are one lawsuit is not a proper remedy for the extraordinary conflict of interest among the Plaintiffs.

The Motion for leave filed separately by the "Coalition Plaintiffs" and without being joined, or consented to, by their Co-Plaintiffs should be DENIED.  A proposed order is attached for the Court's convenience.

     This 9th day of April, 2018.

**BARNES LAW GROUP, LLC**

*/s/ John F. Salter*
**JOHN F. SALTER**
Georgia Bar No. 623325
**ROY E. BARNES**
Georgia Bar No. 039000

**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
(770) 227-6375
(770) 227-6373 (fax)
john@barneslawgroup.com
roy@barneslawgroup.com

*Attorneys for Defendants Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, & The State Election Board*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that I have read the Court's Standing Order in Cases Proceedings Before the Honorable Amy Totenberg and that I will comply with its provisions during the pendency of this litigation.

*/s/John F. Salter*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Century Schoolbook and a point size of 13.

*/s/John F. Salter*

*Attorneys for Defendants Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, & The State Election Board*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I have electronically filed the foregoing **RESPONSE OF DEFENDANTS KEMP AND STATE ELECTION BOARD OFFICIALS TO PLAINTIFF COALITION FOR GOOD GOVERANCE'S MOTION FOR LEAVE TO FILE AMENDED THIRD COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all attorneys of record.

This 9th day of April, 2018.

**BARNES LAW GROUP, LLC**

*/s/John F. Salter*
**JOHN F. SALTER**
Georgia Bar No. 623325
**ROY E. BARNES**
Georgia Bar No. 039000

**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
(770) 227-6375
(770) 227-6373 (fax)
john@barneslawgroup.com
roy@barneslawgroup.com

*Attorneys for Defendants Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, & The State Election Board*