# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| COAKLEY PENDERGRASS; TRIANA ARNOLD JAMES; ELLIOTT HENNINGTON; ROBERT RICHARDS; JENS RUECKERT; and OJUAN GLAZE, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; WILLIAM S. DUFFEY, JR., in his official capacity as chair of the State Election Board; MATTHEW MASHBURN, in his official capacity as a member of the State Election Board; SARA TINDALL GHAZAL, in her official capacity as a member of the State Election Board; EDWARD LINDSEY, in his official capacity as a member of the State Election Board; and JANICE W. JOHNSTON, in her official capacity as a member of the State Election Board, <br><br> Defendants. | CIVIL ACTION FILE NO. 1:21-CV-05339-SCJ |

## PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This Court has considered Plaintiffs' motion for summary judgment (ECF No. __), supporting authorities, the submissions of the other parties, and the

evidence and pleadings of record and finds that the Georgia Congressional Redistricting Act of 2021 ("SB 2EX") violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301.

Specifically, the Court finds that:

1. The Black population in the western Atlanta metropolitan area is sufficiently large and geographically compact to comprise a majority of the voting-age population in an additional congressional district, *see Thornburg v. Gingles*, 478 U.S. 30, 50–51 (1986);

2. Black Georgians in this region are politically cohesive, *see id.*;

3. white Georgians in this region engage in bloc voting that enables them usually to defeat Black-preferred candidates, *see id.*; and

4. under the totality of circumstances—including Georgia's ongoing history of official, voting-related discrimination; the state's racially polarized voting; voting practices that enhance the opportunity for discrimination in the state; severe socioeconomic disparities that impair Black Georgians' participation in the political process; the prevalence of racial appeals in the state's political campaigns; the underrepresentation of Black officeholders in the state; Georgia's nonresponsiveness to its Black residents; and the absence of legitimate justifications for the congressional map drawn by SB 2EX—the state's "political processes

leading to nomination or election . . . are not equally open to participation" by Georgia's Black community. 52 U.S.C. § 10301(b); *see also Gingles*, 478 U.S. at 43–44.

Because summary judgment in favor of Plaintiffs is appropriate, the motion is therefore **GRANTED**.

Defendants, as well as their agents and successors in office, are **PERMANENTLY ENJOINED** from enforcing or giving any effect to the boundaries of the congressional districts as drawn in SB 2EX, including conducting any further congressional elections under the enacted map.

**IT IS SO ORDERED**, this _____ day of _____, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing *Proposed Order Granting Plaintiffs' Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

Dated: March 20, 2023

**Adam M. Sparks**
*Counsel for Plaintiffs*