IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al., ) | |
| ) | |
| Plaintiffs, ) | CA No. 1:17cv02989-AT |
| ) | |
| v. ) | |
| ) | |
| BRIAN KEMP, et al., ) | |
| ) | |
| Defendants. ) | |

## COBB DEFENDANTS' RESPONSE TO COALITION PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

COME NOW the Cobb County Board of Elections and Registration ("Cobb BOE"), Director of the Cobb BOE Janine Eveler, and individual members of the Cobb BOE Phil Daniell, Fred Aiken, Joe Pettit, Jessica Brooks, and Darryl O. Wilson (collectively the "Cobb Defendants"), and file this response to the Motion of Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, and Ricardo Davis (the "Coalition Plaintiffs") seeking leave of court to file a Third Amended Complaint.

### I.     INTRODUCTION AND PROCEDURAL BACKGROUND

The Coalition Plaintiffs have moved this Court for permission to file a Third Amended Complaint ("TAC") in this matter. Doc. No. [160]. The proposed TAC is actually the fifth set of factual allegations and legal claims Plaintiffs have filed

1

with respect to the issues in this case, including filings in a related Fulton County Superior Court action. (*See*, *Curling v. Kemp I*, Civil Action No. 2017cv290630, Fulton Co. Sup. Ct., May 26, 2017). In each iteration of the complaint prior to the most recent version, the Cobb Defendants have denied the Plaintiffs' unfounded allegations and moved the Court to dismiss all claims asserted against them. Ten months and five complaints after the first action was filed in Fulton County Superior Court, Plaintiffs have finally acknowledged in the TAC what the Cobb Defendants have argued all along, that the Plaintiffs are not entitled to any relief from the Cobb County Board of Elections.

In general, the Cobb Defendants have no objection to the Court granting the Coalition Plaintiffs' Motion to Amend, particularly in light of the fact that the TAC proposes to drop all claims against the Cobb Defendants. *See*, Proposed TAC, Doc. No. [160-1], ¶ 40. Once the Coalition Plaintiffs' claims are dismissed as to the Cobb Defendants, there will be no Plaintiffs remaining in the action who reside in Cobb County or who have standing to assert claims on behalf of Cobb County voters. Therefore, if the Coalition Plaintiffs are permitted to file the TAC, there would be no Plaintiffs remaining in the action who would be entitled to relief against the Cobb Defendants.[1]

---

[1] The non-Coalition Plaintiffs do not live or vote in Cobb County, nor do they have associational standing to assert claims on behalf of Cobb County voters. Therefore,

However, while the Cobb Defendants approve of the Coalition Plaintiffs' stated intent to drop all claims against them, the Cobb Defendants cannot agree to the Coalition Plaintiffs' request for the Court to "order the defendants not named in the TAC to continue preserving all evidence that they are currently required to preserve in their capacities as named parties." Doc. No. [160], pp. 4. The Cobb Defendants object to this term of dismissal to the extent that it hampers their ability to conduct upcoming elections and ignores the costs associated with this action and the preservation of evidence.

As such, the Cobb Defendants agree that the Court should approve the dismissal of the claims against the Cobb Defendants, but request that any proposed order be drafted as narrowly as possible, so as not to restrict the use of voting equipment in the upcoming primary and general elections. Further, the Cobb Defendants ask that the Court order Plaintiffs to pay the costs the Cobb Defendants have incurred as a result of this litigation and the costs associated with producing and preserving the evidence Plaintiffs seek.

---

the alleged actions of the Cobb Defendants have not directly harmed the non-Coalition Plaintiffs, nor would any relief granted against Cobb benefit the remaining plaintiffs. As such, they no longer meet the requirements for Article III standing under United States v. Hays, 515 U.S. 737, 742-43, 115 S. Ct. 2431, 2435, 132 L.Ed.2d 635, 642 (1995). See also, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992)

## II.   ARGUMENT AND CITATION OF AUTHORITY

The Coalition Plaintiffs have moved to amend their complaint pursuant to Federal Rules of Civil Procedure Rule 15.  However, their motion should also be analyzed as a motion to dismiss because the TAC seeks to dismiss fourteen parties, including the Cobb Defendants.[2]

FRCP Rule 41 governs the Coalition Plaintiffs' ability to dismiss an action voluntarily without prejudice. Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss an action voluntarily only "upon order of the court and upon such terms and conditions as the court deems proper."   Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001)."In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result."  Id, *citing to*, McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir.

---

[2] In the TAC, the Coalition Plaintiffs propose to name Secretary of State Brian Kemp, the State Elections Board, and the Fulton County Board of Elections as the only defendants. *See*, Proposed TAC, Doc. No. [160-1], ¶¶ 32-39.  The TAC specifically states, "With effect as of the date of this Court's Order granting Coalition's motion for leave to file this Third Amended Complaint as its operative complaint, Plaintiff Coalition voluntarily dismissed without prejudice its claims against any other Defendants previously named in this action." *See*, Proposed TAC, Doc. No. [160-1], ¶ 40.

4

1986). In exercising its discretion under Rule 41(a)(2), the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Potenberg, 253 F.3d at 1256.

The Cobb Defendants consent to the dismissal of the Coalition Plaintiffs' claims, but request that the Court impose certain conditions upon the dismissal so as to avoid prejudice to the Cobb Defendants. Specifically, the Cobb Defendants show this Court that they have spent considerable resources preserving evidence related to this matter for the last ten months and have paid significant attorney's fees in responding to five different complaints, including drafting multiple motions to dismiss the ever-shifting claims. "Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice." Id at 1260. In order to avoid such practical prejudice against the Cobb Defendants, the expenses that the Cobb Defendants have incurred in defending this matter should be shifted to Plaintiffs rather than borne by the taxpayers of Cobb County.

Further, and more importantly, the Cobb Defendants strongly object to the Coalition Plaintiffs' request that the Court enter an order requiring the dismissed defendants "to continue preserving all evidence that they are currently required to

5

preserve in their capacities as named parties." Doc. No. [160], pp. 4.  Such a requirement would impose an undue burden on the ability of Cobb County to conduct the upcoming Primary Elections on May 22, 2018 and the General Election set for November 6, 2018.  The effect of such a condition would be to severely limit the number of DRE machines available for Cobb to use in these elections.  The Coalition Plaintiffs are, in essence, attempting to achieve their desired result – the use of paper ballot technology in the upcoming elections – by imposing a condition for voluntary dismissal rather than proving the merits of their claims.

"[A] dismissal without prejudice pursuant to Rule 41(a)(2) may be conditioned upon the satisfaction of other non-monetary conditions designed to alleviate the prejudice the defendant might otherwise suffer." McCants v. Ford Motor Co., 781 F.2d 855, 860 (11th Cir. 1986).  Therefore, in addition to seeking the imposition of costs upon the Plaintiffs, the Cobb Defendants also request that the Court grant the dismissal without a condition to preserve the DRE voting machines and other requested evidence in order to alleviate the prejudice and harm that would occur from such a requirement.

### III.  CONCLUSION

The Cobb Defendants appreciate and concur with the Coalition Plaintiffs' attempt to refine and streamline their claims by dismissing unnecessary parties. Because the proposed TAC effectively dismisses all claims against the Cobb

6

Defendants, the Cobb Defendants do not object to an order granting the proposed amendment. However, the dismissal effected by such an order should not be conditioned upon the burdensome requirement that the Cobb Defendants keep several hundred DRE voting machines and other associated voting equipment out of service while the Plaintiffs seek relief against the remaining defendants. Nor should such a dismissal without prejudice be granted without imposing the costs of defending this action upon the Plaintiffs. For these reasons, the Cobb Defendants request that the Court grant the Coalition Plaintiff's motion to amend without the requirement to preserve the evidence sought by Plaintiff, while also ordering the costs of defending this action and preserving the evidence to the Plaintiffs.

Respectfully submitted this 18th day of April 2018.

                HAYNIE, LITCHFIELD & WHITE, PC

                /s/Daniel W. White
                 DANIEL W. WHITE
                 Georgia Bar No. 153033
                 SARAH G. HEGENER
                 Georgia Bar No. 534438
                 *Attorneys for Cobb Defendants*

222 Washington Avenue
Marietta, GA 30060
770-422-8900
dwhite@hlclaw.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

>/s/Daniel W. White
>DANIEL W. WHITE
>Georgia Bar No. 153033
>*Attorney for Cobb Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18th, 2018, I electronically filed the foregoing COBB DEFENDANTS' RESPONSE TO COALITION PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all attorneys of record.

                                        /s/Daniel W. White
                                        DANIEL W. WHITE
                                        Georgia Bar No. 153033
                                        *Attorney for Cobb Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlclaw.com