## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CURLING PLAINTIFFS' RESPONSE TO COALITION PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs") respectfully respond to the motion for leave to file a Third Amended Complaint (Dkt. No. 160) ("TAC") by Plaintiffs Coalition for Good Governance (the "Coalition"), Laura Digges, William Digges III, and Ricardo Davis (the "Coalition Plaintiffs").

The Coalition Plaintiffs are unilaterally attempting to eliminate nine claims, dismiss over half of the Defendants, add new allegations, modify the relief sought, and add a plaintiff. Much of what the Coalition Plaintiffs are seeking to accomplish regarding dismissing certain claims and defendants is unobjectionable to the Curling Plaintiffs, but other aspects are objectionable—and the effort to make these changes to the case by amending the Second Amended Complaint

(Dkt. No. 70) ("SAC") is itself objectionable, unnecessary, and highly inefficient. And as a matter of law, the Coalition Plaintiffs cannot amend the SAC without the Curling Plaintiffs' consent.   Accordingly, this Court should deny the Coalition Plaintiffs' motion to amend the SAC.

In short, the Curling Plaintiffs oppose the following with respect to the substance of the TAC: (i) expanding the scope of the claims and relief sought in this case; (ii) adding yet another plaintiff to this case; and (iii) dismissing Count IX of the SAC.  Although the Curling Plaintiffs do not object to dismissing all claims in the SAC *except Counts I, II, and IX* and dismissing all the Defendants that the Coalition Plaintiffs are seeking to dismiss through the TAC, the Curling Plaintiffs do object to amending the SAC at this late date because doing so is wholly unnecessary to achieve the ends *all* Plaintiffs seek regarding streamlining the claims and Defendants and expediting this case.

Most of what the Coalition Plaintiffs seek through the TAC can be accomplished through stipulated dismissals under Rule 41.   Fed. R. Civ. P. 41(a)(1)(A)(ii).  Namely, the Parties can dismiss claims and Defendants (entirely or just in their personal capacity) without amending the SAC.   Importantly, stipulated dismissals would not spark yet another round of motions to dismiss and the extraordinary expense and delay that would inject into this case, which

inevitably would ensue if this Court were to grant the Coalition Plaintiffs' motion to amend the SAC.

The only hurdle to filing stipulated dismissals in this case appears to be the Coalition Plaintiffs, who unreasonably refuse to join such dismissals. Certain Defendants have already indicated that they would be willing to join stipulated dismissals if all Plaintiffs joined them as well. The Coalition Plaintiffs have no reasonable basis for opposing these dismissals given they would not eliminate any claims or Defendants that the Coalition Plaintiffs seek to preserve in the TAC and would not prevent them from continuing to pursue their motion to amend the SAC with respect to amendments they seek beyond those effectuated by the dismissals.

Finally, both Defendants and the Coalition Plaintiffs have raised severance as a possible means of resolving this dispute. Were this Court to sever the Coalition Plaintiffs' claims into a separate action from this one, then the Curling Plaintiffs would have no objection to the TAC, as long as this would not prejudice the Curling Plaintiffs' ability to pursue Counts I, II, and IX of the SAC against the same Defendants (in their official capacities only) that the Coalition Plaintiffs seek to maintain in the TAC. In fact, given the extremely unusual difficulty the Curling Plaintiffs have had with the Coalition Plaintiffs in this case due to the Coalition Plaintiffs' lack of meaningful cooperation and insistence on unhelpful tactics

(including previously insisting on claims in the SAC that the Coalition Plaintiffs now agree need not have been brought in the first place), the Curling Plaintiffs would welcome the opportunity to proceed on their own with the streamlined, focused, expedited case they always envisioned and always wanted to pursue for the benefit of Georgia voters, especially given the time remaining before the next general election.

The Curling Plaintiffs have undertaken significant efforts to try to bridge the divide among the Parties since receiving the Coalition Plaintiffs' proposed complaint shortly before it was filed.  Unfortunately, the Coalition Plaintiffs have impeded those efforts.  This Court should not permit the Coalition—an out-of-state organization led by a non-Georgia voter—to further impede the vital relief sought in this case to protect and preserve the most fundamental rights of Georgia voters.

## DISCUSSION

The Coalition Plaintiffs' motion to file a Third Amended Complaint should be denied for failure to show good cause, as required by the Federal Rules.  When, as here, a party seeks to amend its pleading after a responsive pleading has been filed, it may do so only by written consent of the other parties or with leave of the court.  Fed. R. Civ. P. 15(a)(2).  The Coalition Plaintiffs admit their proposed TAC "does not have the consent of all parties"—indeed, the Curling Plaintiffs and

Defendants oppose this motion. Dkt. No. 160 at 3-4; State Defendants' Response, Dkt. No. 166 at 3.

Courts in this district are encouraged to "freely give leave when justice so requires." *United States ex rel. Bibby v. Mortg. Investors Corp.*, No. 1:12-CV-4020-AT, 2015 WL 13696345, at *2 (N.D. Ga. Aug. 7, 2015) (citation omitted). Unfortunately, the Coalition Plaintiffs' unilateral attempt to revise the claims of *all* Plaintiffs neither serves justice nor streamlines this case.   Thus, where a "substantial reason exists to deny leave to amend," courts may exercise their discretion to deny an amendment.  *See Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989); *see also Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (noting "numerous grounds" for denial such as burden and delay); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (suggesting exemplary rationale for denial such as "delay" and "undue prejudice to the opposing party by virtue of allowance of the amendment").  Here, there are substantial reasons to deny the Coalition Plaintiffs' unilateral motion to amend.

## 1.  The Third Amended Complaint will unduly prejudice the Curling Plaintiffs.

It is improper for only some plaintiffs to amend a complaint without consent of the remaining co-plaintiffs, as the complaint "belong[s] to" all plaintiffs. *Aguilar*

*v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1053-54 (5th Cir. 1998); *see also Donley v. City of Morrow*, 601 F. App'x 805, 811 (11th Cir. 2015).  In *Aguilar*, the Fifth Circuit found it improper for one party to amend the complaint "without any indication that the other plaintiffs agreed to the motion" because it could have "prejudiced their action."  *Aguilar*, 160 F.3d at 1054.  Allowing one party to influence the fortunes of its co-party without consent was so prejudicial that it was improper.  *Id.*  The Eleventh Circuit, likewise, has found it improper for a party to "ostensibly [seek] to amend the complaint on behalf of both Plaintiffs."  *Donley*, 601 F. App'x at 811.  *Donley* held that the co-plaintiff "must join any such motion and the complaint must be filed on behalf of both plaintiffs."  *Id.* at 808.

Following *Aguilar* and *Donley*, the Coalition Plaintiffs are not permitted to revise the SAC absent the Curling Plaintiffs' consent.  Unfortunately, the Curling Plaintiffs cannot consent to amending the SAC.

First, the Coalition Plaintiffs seek to eliminate Count IX in the SAC, which is a critical claim seeking vital relief in this case.  This claim provides an important, additional avenue to obtain necessary relief beyond the constitutional claims that all Plaintiffs agree must also survive.

Second, amending the SAC at this late stage would inject extraordinary expense and delay into this case with yet another round of motions to dismiss. The Parties should be beginning discovery at long last, not restarting this case.

Third, it is far too late to add yet another plaintiff, as the Coalition Plaintiffs seek to do with Megan Missett.[1]  Nor is there any reason—much less *good cause*—to do so. This will simply further complicate the need for Plaintiffs to cooperate as it will add yet another party to be consulted on each decision and each aspect of this case, and it may expand discovery.  Georgia voters are already well represented in this case.

Fourth, it is also far too late to expand the scope of the claims and the relief sought in this case, as the Coalition Plaintiffs seek to do. The Coalition Plaintiffs have added numerous allegations regarding events that are wholly irrelevant to the claims in this case and the relief sought. *See, e.g.,* TAC ¶¶ 8, 10, 133. Again, the Parties need to initiate discovery right away, focused on the core conduct that has long been the focus of this case and the corresponding relief needed to protect Georgia's election system from improper interference and to preserve all Georgia voters' fundamental rights regarding the elections. With the next general election

---

[1] Ms. Missett apparently only just joined the Coalition in March of this year, immediately before the Coalition Plaintiffs moved to amend the SAC. *See, e.g.,* TAC ¶ 27.

less than seven months away, this is not the time to suddenly expand the case, particularly with irrelevant allegations.

Fifth, as discussed below, most of the same ends the Coalition Plaintiffs are seeking through the TAC can be achieved through stipulated dismissals under Rule 41, rendering amending the SAC unnecessary and inefficient.

For these reasons, the Curling Plaintiffs cannot—and do not—consent to amending the SAC, which is fatal to the Coalition Plaintiffs' motion to amend.

### 2. The Coalition Plaintiffs' Motion to file yet another amended complaint is unnecessary and highly inefficient.

The Coalition Plaintiffs emphasize that the TAC will reduce the number of claims and Defendants. This is true, but nonetheless falls short of establishing good cause for amending the SAC. This is because the Parties can achieve the same results through other, far more efficient means. Namely, the Parties can dismiss a claim voluntarily pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, which provides that a plaintiff may voluntarily dismiss a claim without court order if the parties enter into a stipulation of dismissal. *See Bennett v. First Liberty Mut. Ins. Corp.*, No. 1:10-CV-2579-AT, 2012 WL 12835850, at *2 (N.D. Ga. Dec. 19, 2012). Thus, Plaintiffs could mutually dismiss claims and individual Defendants (entirely or only in their personal capacity) as necessary by stipulation. *See*, *e.g*., *Bell v. Advanced Corr. Healthcare, Inc.,* No. 2:16-CV-278-

TMP, 2016 WL 7242170, at *3 (N.D. Ala. Dec. 15, 2016) (dismissing one claim, a request for injunctive relief, and "official-capacity" claims against certain defendants based on stipulation of dismissal by plaintiff).

Unfortunately, there appears to be a single impediment to filing stipulated dismissals here: the Coalition. Certain Defendants have indicated that they would stipulate to certain of the claims and Defendants in the SAC if only the Coalition Plaintiffs would join any such stipulation. The Coalition Plaintiffs to date have refused, despite the fact that any such stipulation would dismiss only claims and Defendants that the Coalition Plaintiffs also seek to dismiss via their proposed Third Amended Complaint. Therefore, the Coalition Plaintiffs have no reasonable basis for opposing such dismissals.

In sum, to the extent any claims need to be abandoned or any Defendants removed from the case at this stage given the timing and circumstances of the litigation, the Parties can achieve these goals with a stipulated dismissal of those claims and Defendants. The Parties then could immediately begin discovery, with the Court's permission. This Court should deny the Coalition Plaintiffs' Motion so that they will finally join in the stipulated dismissals the Curling Plaintiffs and Defendants are negotiating, and this case can then move forward expeditiously.

**CONCLUSION**

For these reasons, Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg respectfully request that the Court deny the Coalition Plaintiffs' Motion for leave to file a third amended complaint for failure to show good cause and permit Plaintiffs and Defendants to actually streamline this case and expedite the proceedings through the stipulated dismissals permitted under Rule 41.


Dated:  April 26, 2018                 Respectfully submitted,

                                        /s/ Halsey G. Knapp, Jr.
                                       Halsey G. Knapp, Jr.
                                       GA Bar No. 425320
                                       Adam M. Sparks
                                       GA Bar No. 341578
                                       KREVOLIN & HORST, LLC
                                       1201 West Peachtree Street, NW
                                       Suite 3250
                                       Atlanta, GA 30309
                                       HKnapp@khlawfirm.com
                                       Sparks@khlawfirm.com

                                       David D. Cross (admitted *pro hac vice*)
                                       Jane P. Bentrott (admitted *pro hac vice*)
                                       John P. Carlin
                                       (*pro hac vice* application pending)
                                       MORRISON & FOERSTER LLP
                                       2000 Pennsylvania Avenue, NW
                                       Suite 6000
                                       Washington, DC 20006
                                       Telephone: (202) 887-1500
                                       DCross@mofo.com
                                       JBentrott@mofo.com
                                       JCarlin@mofo.com

*Counsel for Plaintiffs Donna Curling,*
*Donna Price & Jeffrey Schoenberg*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**DONNA CURLING, ET AL.,
Plaintiffs,**

**v.**

**BRIAN KEMP, ET AL.,
Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has

been prepared in accordance with the font type and margin requirements of LR 5.1,

using font type of Times New Roman and a point size of 14.

_/s/ David D. Cross_
David D. Cross

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**DONNA CURLING, ET AL.,
Plaintiffs,**

**v.**

**BRIAN KEMP, ET AL.,
Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2018, a copy of the foregoing CURLING

PLAINTIFFS' RESPONSE TO COALITION PLAINTIFFS' MOTION FOR

LEAVE TO FILE A THIRD AMENDED COMPLAINT was electronically filed

with the Clerk of Court using the CM/ECF system, which will automatically send

notification of such filing to all attorneys of record.

   /s/ David D. Cross
David D. Cross