## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, ET AL. | ) |
| **Plaintiffs,** | ) |
|  | ) |
| v. | ) **Civil Action** |
|  | ) **No. 1:17-cv-02989-AT** |
| BRIAN KEMP, ET AL. | ) |
| **Defendants.** | ) |

## CONSOLIDATED REPLY OF COALITION PLAINTIFFS IN SUPPORT OF THEIR MOTION TO FILE A THIRD AMENDED COMPLAINT

Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, and Ricardo Davis (the "Coalition Plaintiffs"), in support of their motion (Doc. 160, the "Motion") seeking leave to file the *Third Amended Complaint of Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis, and Megan Missett* (Doc. 160-1, the "TAC"), hereby file this Consolidated Reply to the Responses to the Motion variously filed by the Defendants (Docs. 166, 172, 174–76) and by the Curling Plaintiffs (Doc. 179).

## INTRODUCTION

The Coalition Plaintiffs have moved this Court for leave to file their own amended complaint, the TAC. It is important to note what the TAC does and does not do. First, the TAC does not purport to amend the Curling Plaintiffs' claims in

the Second Amended Complaint (the "SAC"), which would remain undisturbed. Second, for the Coalition Plaintiffs—and the Coalition Plaintiffs only—the TAC drops at least fourteen defendants and reduces the number of claims from eleven to two, leaving only the core constitutional counts for prospective relief against imminent violations of the fundamental right to vote and equal protection. Because leave to amend should be freely granted when justice so requires, as it does here, and because none of the responses has shown any cognizable prejudice that would result from the TAC being filed, the Motion by the Coalition Plaintiffs for leave to file the TAC should be granted.

## **<u>ARGUMENT</u>**

### **I.      Under Rule 15(a)(2), the Court "Should Freely Grant Leave to Amend When Justice So Requires."**

The text of Rule 15(a)(2) directs that a court's discretion should be exercised to freely grant leave to amend when justice so requires.  The Eleventh Circuit has noted that this Rule "severely restrict the district court's freedom," and that "unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial."  *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406–07 (11th Cir. 1989).  The kinds of substantial grounds that are permissible include "undue delay, undue prejudice to the defendants, and futility of the amendment." *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 470

F.3d 1036, 1041 (11th Cir. 2006).  Importantly, "[t]he lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint."  *Id.*

In this case, justice clearly requires that the Coalition Plaintiffs be permitted to amend their claims.  The SAC was drafted and filed by a law firm that expressly told this Court that it had a non-waivable conflict of interest and could not adequately represent the interests of the Coalition for Good Governance because other plaintiffs, including the Curling Plaintiffs, had differing "strategic objectives." (Doc. 104, at 2, ¶ 4.)  Those differing objectives continue to exist and are manifest in the opposition of the Curling Plaintiffs to the Coalition Plaintiffs' motion to file the TAC.  This conflict among the plaintiffs was apparent at the time when the SAC was filed.  (Doc. 118, at 5–6.) Aware of the Coalition's objections to the claims stated by the SAC, individual Plaintiffs Laura Digges, William Digges III, and Ricardo Davis chose to align themselves with the Coalition in favor of amending the SAC.  Under these circumstances, justice plainly favors allowing the Coalition Plaintiffs to pursue the claims that they wish to prosecute, framed by a pleading that contains the allegations that they wish to allege.

The Federal Rules of Civil Procedure do not shackle unwilling plaintiffs to a pleading drafted by conflicted lawyers or force them to join the "diverging objectives" of other plaintiffs. (Doc. 104, at 2, ¶ 4.)  The joinder of multiple plaintiffs in a single action is "permissive," not mandatory.  *See* Fed. R. Civ. P. 20(a)(1).  Even when claims and parties are joined, any claim or party may be severed or dropped at any time.  *See* Fed. R. Civ. P. 21.  The Rules provide flexibility to consolidate and to separate issues and claims if doing so will avoid prejudice or expedite and economize proceedings.  *See* Fed. R. Civ. P. 42.   And the Rules themselves provide that "[t]hey should be construed, administered, and employed by the court and the parties to secure the *just*, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1 (emphasis added).

Both justice and the Rules thus affirmatively and strongly favor granting the Coalition Plaintiffs leave to amend their own claims in the SAC by filing their proposed TAC.  Neither the objecting Defendants nor the Curling Plaintiffs say anything to address the injustice and prejudicial effect of binding the Coalition Plaintiffs to a pleading that was drafted by conflicted counsel. Nor do they provide this Court with any substantial reason that is otherwise sufficient to justify denying the Coalition Plaintiffs leave to amend.

**II.    The Arguments of the Curling Plaintiffs and the Objecting Defendants Present No Substantial Reason That Justifies Denying Leave to Amend.**

Between them, the objecting Defendants and the Curling Plaintiffs argue that they will be prejudiced if the Coalition Plaintiffs are allowed to file the TAC. These arguments should be rejected because there is simply no cognizable prejudice that will result to any party from the TAC being filed.

**A.    The State and Fulton Defendants Will Suffer No Cognizable Prejudice If the TAC Is Filed.**

Defendants Kemp and the State Board Members (the "State Defendants") are wrong to argue that they will be prejudiced if the TAC is filed.  The State Defendants complain that they will have to face "dissonant complaints" in the same proceeding if the Coalition Plaintiffs are permitted to proceed under the TAC while the Curling Plaintiffs continue to proceed under the SAC.  They object that such a situation would be "extraordinarily unfair to the defendants who must defend different theories." (Doc 166, at 6.)  They also object that if the TAC is accepted, the result will be confusing since some defendants would be "in" the case and some "out," and some claims will be "live" and some "dead."  (Doc. 166, at 8.)  Defendant King similarly objects that it will put him in an "awkward position" to be named as a defendant by one group of plaintiffs but not another.

(Doc. 172, at 1–2.)  Fulton County joins in these arguments and asks to be released from its evidentiary preservation obligations. (Doc. 175, at 3–4.)

None of these arguments identifies any consequence from allowing the TAC that is remotely prejudicial or even unusual in multiparty litigation.  Defendants routinely must defend against multiple claims in a single complaint, including theories pled in the alternative, and frequently a single complaint will direct claims only to some defendants and not others.  Allowing the SAC and the TAC to operate side by side is no different in substance than this typical situation.  Moreover, the Rules plainly allow exactly the kind of "dissonance" that the State Defendants oppose.  Rule 20(a)(3) provides, "Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded."  Rule 20(b) anticipates that "dissonant" claims will commonly be made when it authorizes courts to separate proceedings where necessary to protect against "prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party."  In other words, the Rules themselves permit the very kinds of pleadings that the State Defendants now attempt to portray as unduly prejudicial.

The State Defendants undermine their own opposition to the TAC by conceding that they "would welcome any coherent narrowing of the operative

complaint if it truly clarified the dispute." (Doc. 166, at 7.)  The TAC does just this by narrowing the claims of at least four of the plaintiffs against the State Defendants.  It can hardly be prejudicial to the State Defendants to reduce the number of claims that are being asserted against them by the Coalition Plaintiffs, even if claims of other plaintiffs remain.

The State Defendants cite an out-of-circuit case, *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052 (5th Cir. 1998), to argue that any amendment of a complaint that is not joined by co-plaintiffs is improper.   But in *Aguilar*, the plaintiff attempted to amend a joint complaint filed by himself and others, and he did so in a manner that omitted—and thereby effectively dismissed—his co-plaintiffs.  That is emphatically not what is happening here.  The TAC expressly seeks to amend only the claims of the Coalition Plaintiffs, not the claims of the Curling Plaintiffs.  The caption of the TAC makes this plain—the TAC is the "Third Amended Complaint *of Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis, and Megan Missett*." (Doc. 160-1, at 1 (emphasis added).) The TAC's allegations specifically identify all three of the Curling Plaintiffs as co-plaintiffs in the action whose "claims *are not amended* by this Third Amended Complaint."  (Id. at 17–18, ¶¶ 29–31 (emphasis added).) *Aguilar* is thus inapposite, for it is simply not true that the Coalition Plaintiffs seek

to affect the claims being pursued by the Curling Plaintiffs.  The *Donley* case, which the State Defendants also cite, and in which one plaintiff "ostensibly sought to amend the complaint on behalf of both Plaintiffs, but without the consent of" the second plaintiff, is likewise inapplicable for the very same reason.  *Donley v. City of Morrow*, 601 Fed. Appx. 805, 811 (11th Cir. 2015).

If the TAC is accepted and docketed, then the claims made by the Curling Plaintiffs in the SAC will remain operative and the Curling Plaintiffs may continue to pursue those claims.  The State Defendants identify no cases that prohibit the TAC from being filed.

### B.      The Curling Plaintiffs' Arguments Against the TAC Lack Merit.

The Curling Plaintiffs likewise oppose the TAC on the grounds of prejudice, even though they apparently want to accomplish a similar narrowing of claims through a Rule 41 stipulation.  Their arguments are no more persuasive than the arguments of the State Defendants.

### 1.      Accepting the TAC Will Not Prejudice the Curling Plaintiffs.

As a threshold matter, the Curling Plaintiffs misrepresent the TAC as a "unilateral attempt to revise the claims of *all* Plaintiffs." (Doc. 179, at 5–6 (emphasis in original).)  For the reasons explained above, this characterization is

simply not accurate.  The TAC does nothing to affect the pending claims of the Curling Plaintiffs brought in the SAC.

The Curling Plaintiffs argue that the filing of the TAC will prejudice them for the following reasons: (1) Count IX of the SAC will be eliminated; (2) there will be "extraordinary expense and delay" from "yet another round of motions to dismiss" when discovery should be beginning; (3) it is too late to add Megan Missett as a plaintiff; and (4) the TAC will somehow expand the scope of the claims and relief sought. (Doc. 179, at 6–8.)

First, the objection that the TAC will prevent the Curling Plaintiffs from pursuing Count IX plainly is incorrect.  Like all the counts in the SAC, Count IX will remain available for the Curling Plaintiffs to pursue if they wish.  The TAC only affects the claims being pursued by the Coalition Plaintiffs.

Second, the Curling Plaintiffs are wrong that allowing the TAC will inject "extraordinary expense and delay into this case with yet another round of motions to dismiss." (Doc. 179, at 7.)  The ordinary briefing associated with the amendment of a complaint is not an extraordinary expense, much less one that would affect the Curling Plaintiffs whose claims would not be at issue.  To the extent there is another round of briefing, it can be expedited.  Even if further briefings are not expedited, the delay associated with another round of briefing is not the kind of

"prejudice" that justifies denying a motion for leave to amend. *See Fla. Evergreen Foliage*, 470 F.3d at 1041 ("The lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint."). The concerns of the Curling Plaintiffs related to expense and delay are not persuasive reasons to deny the Motion.

Third, the Curling Plaintiffs are wrong that it is "too late" to add a plaintiff. No discovery has yet been conducted in this case, and all discovery-related matters, including initial disclosures, have been stayed. (Doc. 56.)  Adding an additional Fulton County voter as a named individual plaintiff strengthens standing and makes it more likely that this case will proceed to the merits, without requiring any parties to revisit any previously conducted discovery.  The addition of Megan Missett as a plaintiff will cause no prejudice to any party

Fourth, the Curling Plaintiffs are wrong to argue that the TAC somehow "expands the scope of the claims and the relief sought in this case." (Doc. 179, at 7.)  The Curling Plaintiffs do not explain this argument with any discussion or analysis of the TAC's allegations.  The TAC eliminates all but two claims by the Coalition Plaintiffs against the remaining defendants and dismisses claims entirely against at least fourteen defendants.  The two claims that remain are reframed

assertions of existing claims that the SAC already attempts to make. The two reframed claims are stronger and seek only prospective relief, unlike their counterparts in the SAC. The TAC thus plainly reduces, rather than expands, the scope of the claims and relief sought.

The objections of the Curling Plaintiffs on the grounds of prejudice should be rejected. The TAC will greatly streamline this case with respect to the claims of the Coalition Plaintiffs, and the Curling Plaintiffs will not be affected.

### 2. The Eleventh Circuit Does Not Allow the Curling Plaintiffs' Preferred Method of Eliminating Claims and Parties.

After raising objections to the TAC based on the prejudice it will supposedly cause them, the Curling Plaintiffs inexplicably conclude that "most of the same ends the Coalition Plaintiffs are seeking" can be achieved through a stipulated dismissal, which the Curling Plaintiffs favor. (Doc. 179, at 8.) The Curling Plaintiffs apparently wish to dismiss pieces of the SAC by stipulation, rather than by amendment, in the hopes of achieving the same reduction in claims and defendants that the TAC accomplishes but without permitting the defendants to engage in another round of motions to dismiss. (Doc. 179, at 2.) Since a partial dismissal by stipulation is their preference, the Curling Plaintiffs argue that the TAC is unnecessary and highly inefficient. The Curling Plaintiffs tell this Court that the Coalition Plaintiffs are the "single impediment" to their stipulation, even

though they have apparently only secured the agreement of "certain" defendants. (Doc. 179, at 3.)  The Curling Plaintiffs are wrong that a stipulation is an appropriate alternative to the filing of the TAC.

First, the Curling Plaintiffs speak only for themselves when they say that amending the SAC is "wholly unnecessary to achieve the ends *all* Plaintiffs seek." (Doc. 179, at 2 (emphasis in original).)  The Curling Plaintiffs are obviously satisfied with the allegations and claims made in the SAC.  The Coalition Plaintiffs are not.  The Coalition Plaintiffs have produced the TAC specifically in order to clarify and strengthen the claims that they do wish to pursue and to eliminate the claims that they do not wish to pursue.  The TAC's new allegations are essential to the claims that the Coalition Plaintiffs wish to pursue.  Requiring the Coalition Plaintiffs to proceed on the basis of the SAC—or, worse, to proceed on the basis of the confusing "Swiss cheese" version of the SAC that will result from the Curling Plaintiffs' piecemeal stipulated dismissal—will unnecessarily and unfairly deprive the Coalition Plaintiffs of their rights to be the masters of their own claims.

Second, the Coalition Plaintiffs disagree that a Rule 41(a)(1)(A)(ii) stipulated dismissal of only some claims and defendants is even permissible in the Eleventh Circuit.  The Eleventh Circuit has held that an amended complaint is required in such situations. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092,

1106 (11th Cir. 2004) ("Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. 'A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).'"). The confusing partial stipulated dismissal that the Curling Plaintiffs propose as a substitute for the TAC is not a proper way to accomplish what the TAC accomplishes.  It is not an adequate alternative to the TAC.

The Curling Plaintiffs' preference for a stipulated dismissal does not accomplish the same purposes as the TAC, and the stipulation is likely not even permissible.  The argument of the Curling Plaintiffs that the Coalition Plaintiffs should be compelled to agree to a stipulation rather than filing their own TAC should be rejected.

## III.  Severing the Claims of the Coalition Plaintiffs and the Curling Plaintiffs Is a Satisfactory Alternative.

Severance has been proposed in multiple responses as a potential alternative to the TAC being accepted for filing in this case.  Defendants Kemp and the State Board Members, with whom Defendant King has joined, support severance.  (Doc. 166, at 9 (State Defendants); Doc. 166-1 (proposed order); Doc. 172, at 1 (King).) So too do the Curling Plaintiffs.  (Doc. 179, at 3.)  The remaining defendants have

no grounds to object to severance since they are not named in the TAC, which is why they also do not object to the TAC being filed.   (Doc. 174, at 3 (Cobb Defendants); Doc. 176, at 1–2 (DeKalb Defendants).)

If this Court determines that severance of the Coalition Plaintiffs' claims from the Curling Plaintiffs' claims is an appropriate way to dispose of the Motion, the Coalition Plaintiffs would be satisfied to proceed in a severed action, using the TAC as their operative complaint in that separate action.

## IV.   The Conditions Sought by the Non-Objecting Defendants—Cobb and DeKalb—Should Be Rejected.

Finally, the Cobb Defendants do not object to the Motion, but they ask this Court to impose a precondition that the Coalition Plaintiffs must pay Cobb County's costs of litigation (apparently including attorney fees) and costs of evidentiary preservation. The Cobb Defendants also ask to be relieved of their current evidentiary preservation obligations. (Doc. 174, at 3, 5.)  The DeKalb Defendants also do not object and join in the Cobb Defendants' reasoning and requests for costs and relief from preservation obligations.  (Doc. 176, at 1–2.)

The conditions sought by the Cobb and DeKalb Defendants should not be imposed upon Coalition Plaintiffs.  First, these defendants would not be entitled pursuant to 28 U.S.C. § 1920 to attorney fees or any of the other costs they seek

even if they prevailed on the merits.  There is no reason why such costs should be awarded now as a condition of a voluntary dismissal without prejudice.

Second, these defendants should not be released from their respective obligations to preserve evidence pursuant to the Rules and pursuant to this Court's Order of December 15, 2017 (Doc. 122), which recognizes that "all evidence relevant to the claims and defenses in this litigation is essential to resolution of the claims." These large counties were the site of events that are highly relevant to the claims at issue in the TAC, as well as the SAC. No prejudice will result if the Cobb Defendants and the DeKalb Defendants continue preserving evidence because the bulk of the evidence that is relevant to this case is likely already required to be preserved for at least twenty-two months under federal law. *See* 42 U.S.C. § 1974 (Retention and Preservation of Records and Papers by Officers of Elections; Deposit with Custodian; Penalty for Violation). This Court should reject the requests by the Cobb and DeKalb Defendants to impose any conditions on the granting of the Motion.

## **CONCLUSION**

The *Motion by Coalition Plaintiffs for Leave to File Third Amended Complaint* (Doc. 160) should be granted without conditions.

Dated: April 30, 2018.

Respectfully submitted,

*/s/ Robert A. McGuire, III*
**Robert A. McGuire, III**
Admitted Pro Hac Vice (ECF No. 125)

*Attorney for Plaintiff Coalition for Good Governance*

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, WA  98104-2205
ram@lawram.com
(253) 267-8530

*/s/ William Brent Ney*
**William Brent Ney**
GA Bar Number 542519

*Attorney for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett*

NEY HOFFECKER PEACOCK & HAYLE, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, GA 30309
(404) 842-7232

**Bruce P. Brown**
Georgia Bar No. 064460

*Attorney for Plaintiff Coalition for Good Governance*

Bruce P. Brown Law LLC

1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
 (11th bbrown@brucepbrownlaw.com
(404) 881-0700

**Cary Ichter**
Georgia Bar No. 382515

*Attorney for Plaintiffs Coalition for Good*
*Governance, William Digges III, Laura*
*Digges, Ricardo Davis*

Ichter Davis, LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
cichter@IchterDavis.com
Tel.: 404.869.5243
Fax: 404.869.7610

17

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1C, NDGa**

I hereby certify pursuant to LR 7.1D, NDGa that the foregoing document has been prepared with one of the font and point selections approved by this Court in LR 5.1C, NDGa, using a 14-point Times New Roman font.

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice (ECF No. 125)

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, WA  98104-2205
ram@lawram.com
(253) 267-8530

*Attorney for Plaintiff Coalition for Good Governance*

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2018, I electronically filed the foregoing CONSOLIDATED REPLY OF COALITION PLAINTIFFS IN SUPPORT OF THEIR MOTION TO FILE A THIRD AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, according to the Court's Electronic Mail Notice List.

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice (ECF No. 125)

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, WA  98104-2205
ram@lawram.com
(253) 267-8530

*Attorney for Plaintiff Coalition for Good Governance*