## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, ET AL. | ) )
| **Plaintiffs,** | ) )
| **v.** | ) **Civil Action** ) **No. 1:17-cv-02989-AT**
| BRIAN KEMP, ET AL. | ) )
| **Defendants.** | ) ) |

## NOTICE IDENTIFYING PARAGRAPHS OF PROPOSED
## THIRD AMENDED COMPLAINT WITH MATERIAL ALLEGATIONS

Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, and Ricardo Davis (the "Coalition Plaintiffs"), pursuant to this Court's Order (Doc. 189) entered following the Status Conference held on May 1, 2018, hereby file this notice identifying paragraphs of their proposed *Third Amended Complaint of Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis, and Megan Missett* (Doc. 160-1, the "TAC") that they believe include material modifications to the operative Second Amended Complaint (Doc. 70, the "SAC").

## INTRODUCTION

The Coalition Plaintiffs have moved this Court for leave to file their own amended complaint, the TAC.  It is important to note what the TAC does and does

1

not do. First, the TAC does not purport to amend the operative claims of the other

plaintiffs (the "Curling Plaintiffs") made in the Second Amended Complaint (the

"SAC"), which will remain undisturbed if the TAC is docketed.  Second, for the

Coalition Plaintiffs—and the Coalition Plaintiffs only—the TAC drops at least

fourteen defendants (as well as dismissed individual plaintiff Edward Curtis Terry)

and reduces the claims from eleven counts to just two core constitutional counts,

which seek only prospective relief against only official-capacity defendants to stop

imminent violations of the fundamental right to vote and the right to equal

protection. These differences between the SAC and the proposed TAC are material

differences that transcend the addition and deletion of particular allegations.

## MATERIAL[1] ALLEGATIONS OF THE TAC (BY SECTION)

The following discussion identifies the paragraphs of the proposed TAC, by

section, that the Coalition Plaintiffs believe are material modifications of the SAC

because the SAC does not contain any sufficiently comparable allegations.

---

[1] In this Notice, the Coalition Plaintiffs use the term "material" to characterize allegations of the TAC that are important or notable for a full understanding of the strength of the Coalition Plaintiffs' claims.  The identified allegations are not necessarily "material" in the sense of being indispensable to state a claim for relief or required to be proven by a preponderance of the evidence to prevail on the merits.   Neither this Notice nor the TAC are intended to imply that the allegations of the SAC fail to state a claim for relief or are insufficient as a matter of law.

# I.   INTRODUCTION.

TAC ¶¶ 8–9 are material because they include allegations of vulnerability and harm that are not included in the SAC and that bear directly on the requested relief.

TAC ¶¶ 10–14 are material because they were not included in the SAC and they allege an absence of any forthcoming legislative solution to the violations claimed, which bears directly on the imminence of the threatened harms to the Coalition Plaintiffs.

TAC ¶ 15 is material because it states that Election Rule 183–1–12–.01 requires the use of DREs for all in-person voters—an allegation not made in the SAC, which bears directly on the imminence of the threatened harms to the Coalition Plaintiffs.

TAC ¶ 16 is material because it alleges that the State has existing legal authority and equipment to provide the relief requested—an allegation not made in the SAC, which bears directly on the required constitutional balancing of the interests of the plaintiffs against the interests of the government.

## II.   PARTIES.

### A.   PLAINTIFFS.

#### 1.   Plaintiff Coalition for Good Governance.

TAC ¶¶ 18–23 are material to alleging the Article III standing of Plaintiff Coalition for Good Governance (the "Coalition"), and they assert the Coalition's standing on both associational and organizational grounds. The comparable allegations of the SAC are far less robust because the SAC's allegations are more conclusory, amount to only a single paragraph, and only assert associational standing.  (Doc. 70, at 7–8, ¶ 15.)

#### 2.   Plaintiff Individuals Who are Members of Coalition.

TAC ¶¶ 24–27 are material because they allege the intention of the individual Coalition Plaintiffs to vote in the particular elections that are defined as Relevant Upcoming Elections—allegations not made in the comparable paragraphs of the SAC.  These paragraphs also identify when the individual Coalition Plaintiffs were members of the Coalition, which is material to the Coalition's assertion of associational standing.

TAC ¶ 27 is material for the additional reason that it adds new individual Coalition Plaintiff Megan Missett, who is a Fulton County voter and a member of the Coalition. Missett's addition strengthens the Coalition's associational standing to seek prospective relief against the Fulton Board Members and ensures that at

4

least one individual plaintiff aligned with the Coalition has independent standing of her own with respect to the Fulton Board Members.

### 3.  Former Plaintiff Individuals.

TAC ¶ 28  is material because it recognizes the dismissal of individual plaintiff Edward Curtis Terry.

### 4.  Plaintiff Individuals Who Are Not Now Members of the Coalition.

TAC ¶¶ 29–31 are material to alleging the continuous Article III associational standing of the Coalition since the beginning of this lawsuit.  These paragraphs also make expressly clear that the TAC does not amend any pending claims of the Curling Plaintiffs stated in the SAC.

## B.  DEFENDANTS.

### 1.  Defendant Secretary.

TAC ¶ 32 is material because it makes clear that the Secretary is only being sued in his official capacity for prospective declaratory and injunctive relief.  The SAC contains no such limitations.

TAC ¶¶ 33–34 are material to alleging the Defendant Secretary of State's responsibility for the conduct being challenged.  The State Defendants object that the SAC's claims fail to show how the named defendant state officials "have some connection with the enforcement of the" complained-of unconstitutional

acts. (Doc. 83-1, at 11.)  Without conceding the SAC's allegations are deficient, the Coalition Plaintiffs believe that TAC ¶¶ 33–34 address the defendants' objections.

### 2.      Defendants State Board Members.

TAC ¶ 35 is material because it makes clear that the State Board Members are only being sued in their official capacities for prospective declaratory and injunctive relief. The SAC contains no such limitations.

TAC ¶¶ 36–37 are material to alleging the Defendant State Board Members' responsibility for the conduct being challenged and mooting objections that a connection must be shown between state officials and the acts complained of.

### 3.      Defendants Fulton Board Members.

TAC ¶ 38 is material because it makes clear that the Fulton Board Members are only being sued in their official capacities for prospective declaratory and injunctive relief. The SAC contains no such limitations.

TAC ¶ 39 is material to alleging the Defendant Fulton Board Members' responsibility for the conduct being challenged and mooting objections that a connection must be shown between county officials and the complained-of unconstitutional acts.

### 4.   All Other Previously Named Defendants.

TAC ¶ 40 is material because it voluntarily dismisses all other previously named defendants pursuant to the provisions of Fed. R. Civ. P. 15, consistent with *Klay v. United Healthgroup, Inc*., 376 F.3d 1092, 1106 (11th Cir. 2004).

## III.   JURISDICTION AND VENUE.

TAC ¶¶ 41–42 are material both because they allege valid service and because they bear on the TAC's later allegations that the Center for Election Systems ("CES") at Kennesaw State University ("KSU") wiped the elections server (and a secondary server) *after* this lawsuit was already filed and the Secretary of State served.

## IV.   LEGAL FRAMEWORK.

TAC ¶¶ 46–58 are material because they expressly identify the relevant provisions of the constitutional and statutory framework that governs the conduct of Georgia elections. The SAC provides no such comprehensive summary.

### A.   The United States Constitution.

TAC ¶ 46 is material because it identifies the provision of the U.S. Constitution that recognizes States' authority to administer elections, which gives rise to the need to balance the State's interest in regulating elections against the burden of such regulation on the rights of voters.  The SAC omits any reference to this U.S. constitutional provision.

**B.      The Georgia Constitution.**

TAC ¶ 47 does not add materially to the allegations of the SAC. (Doc. 70, at 2, ¶ 1.)

**C.      The Georgia Election Code.**

TAC ¶¶ 48–57 are material because they identify the specific provisions of the Georgia Election Code that connect the defendant state and county election officials to the complained-of unconstitutional acts.  The defendants have objected that the SAC does not adequately connect officials to the conduct at issue. (Doc. 83-1, at 11.)  Without conceding the SAC's allegations are insufficient, the Coalition Plaintiffs believe that TAC ¶¶ 48–57 address these concerns.

**D.      Georgia's Regulation of Elections.**

TAC ¶ 58 is material because it alleges that Election Rule 183–1–12–.01 is a regulation of the State Election Board that requires the use of DREs for all in-person voters. The SAC only mentions this Election Rule in three places and fails in any of those instances to allege that the Rule is a source of the complained-of harm to the Coalition Plaintiffs or a target of the injunctive relief being sought. (*See* Doc. 70, at 13, ¶ 24; at 16, ¶ 38; at 50, ¶ 156.)

## V.    GENERAL ALLEGATIONS.

### A.    How Georgia's Voting System Works.

TAC ¶¶ 59–60 are material because they identify the voting system that the Coalition Plaintiffs are challenging, which the SAC omits to do with particularity.

TAC ¶¶ 61–78 are material because they allege how the challenged voting system actually operates, which is a necessary prerequisite to drawing reasonable inferences about how exploited security vulnerabilities could affect the operation of the system. The SAC lacks any allegations that describe the expected normal operation of a DRE voting system.

### B.    AccuVote DREs Are Insecure and Vulnerable to Malicious Hacking.

TAC ¶¶ 79–91 are material because they allege the publicly available conclusions of two major studies that determined DRE voting systems to be insecure and vulnerable to malicious hacking and also that such systems are subject to undetectable manipulation. The SAC contains only conclusory allegations that DRE systems have unspecified vulnerabilities. (*See, e.g.*, Doc. 70, at 2, ¶ 2; at 3, ¶ 4; at 17–18, ¶ 40–41.)

### C.    AccuVote DREs Fail to Provide Absolute Secrecy of the Ballot.

TAC ¶ 92 does not add materially to the allegations of the SAC. (Doc. 70, at 17, ¶ 39; at 38, ¶ 108.)

9

### D.      Security Breaches at KSU and CES Have Further Compromised Georgia's Voting System.

TAC ¶¶ 93–108 do not add materially to the allegations of the SAC.

(Doc. 70, at 18–21, ¶¶ 42–52.)

## VI.    SPECIFIC ALLEGATIONS.

### A.      Conduct of All Defendants—Past and Threatened.

TAC ¶¶ 109–14 and ¶ 116 are material because they allege all defendants' knowledge of the legal non-compliance, security vulnerabilities, and compromise of Georgia's DRE voting system.  The SAC's comparable allegations as to defendants' knowledge that are incorporated into the two constitutional claims are significantly narrower.  (Doc. 70, at 2 ¶ 2; at 22–23, ¶ 57; at 25 ¶ 63; at 28, ¶ 73.)

TAC ¶ 115 is material because it identifies the "Relevant Past Elections" in a manner that includes the November and December 2017 elections, which are excluded from the "Relevant Previous Elections" as defined by the TAC.  (Doc. 70, at 5, ¶ 10.). Including these elections in the TAC is necessary because the defendants' conduct in those elections provides additional factual grounds for inferring that defendants will engage in the same conduct—and are likely to cause future injury to the Coalition Plaintiffs—in the Relevant Upcoming Elections.

**B.     Conduct of Defendant Secretary—Past and Threatened.**

TAC ¶¶ 117–24 are material because they allege the failures of the
Defendant Secretary of State—and of his agents Merle King, CES, and KSU—to
protect Georgia's DRE voting system from being compromised, to ascertain the
extent of any compromise, and to take any steps to restore the integrity of the
system going forward.  The defendants have objected that the SAC does not
adequately connect state officials to the conduct at issue.  (Doc. 83-1, at 11.)
Without conceding the SAC's allegations are insufficient, the Coalition Plaintiffs
believe that TAC ¶¶ 117–24 address these concerns.

TAC ¶¶ 125–26 are material because they allege that the Secretary intends to
engage in conduct in the Relevant Upcoming Elections that will cause the
complained-of constitutional violations.  The SAC contains no sufficiently
comparable allegations of intent by the Secretary to engage in future conduct that
will cause imminent harm to the Coalition Plaintiffs.  These allegations are
necessary because the State Defendants argue that the SAC "fails to match any
individual Defendant's actions to the specific claims against that Defendant" and
makes no attempt to "connect the dots between past security at CES involving a
server and anything relating to DRE machines." (Doc. 83-1, at 2.)  Without

conceding the SAC's allegations are insufficient, the Coalition Plaintiffs believe that TAC ¶¶ 125–26 address these objections.

### C.     Conduct of Defendant State Board Members—Threatened.

TAC ¶¶ 127–28 are material because they allege that State Board Members intend to enforce Election Rule 183–1–12–.01, which requires the use of DREs for all in-person voters. The SAC contains no sufficiently comparable allegations of intent by the State Board Members to enforce this Election Rule, which is the conduct that will cause the future harm complained of by the Coalition Plaintiffs.

### D.     Conduct of Defendant Fulton Board Members—Past and Threatened.

TAC ¶¶ 129–34 are material because they allege past conduct by the Fulton Board Members—and their agent Richard Barron—that contributed to the past injuries suffered by the Coalition Plaintiffs due to officials' use of an unverifiable DRE voting system.  These allegations are also material for demonstrating why existing state-law provisions for public oversight of elections do not provide an adequate safeguard against the use of an insecure and unverifiable DRE voting system.  The SAC does not contain comparable allegations.

TAC ¶¶ 135–38 are material because they allege that the Fulton Board Members intend to engage in conduct in the Relevant Upcoming Elections that will cause injury to the Coalition Plaintiffs. The SAC contains no sufficiently

comparable allegations of intent by these defendants to engage in future conduct that will cause imminent harm to the Coalition Plaintiffs.

### E.   Standing of Plaintiff Coalition.

TAC ¶ 115 is material because it alleges the Coalition's organizational standing.  The SAC does not assert this ground of standing for the Coalition.

#### 1.   Coalition Has Organizational Standing Derived from Past and Threatened Direct Injuries to Coalition.

TAC ¶¶ 140–44 are material because they allege certain facts requisite to the Coalition's assertion of organizational standing—allegations that are not made at all by the SAC.

#### 2.   Coalition Has Associational Standing Derived from Past and Threatened Injuries to Coalition's Members.

TAC ¶¶ 145–47 are material because they allege additional facts that underlie the Coalition's assertion of associational standing—allegations that are only made in a conclusory manner by the SAC.

TAC ¶¶ 148–66 are material because they allege past injuries and imminent future injuries to six of the Coalition's named individual members as a result of the Defendants' complained-of conduct.  These past and threatened injuries give rise to individual standing on the part of the six named members of the Coalition, three of whom are also parties appearing as individual Coalition Plaintiffs in this action.

The Coalition's associational standing derives from these members' individual rights to sue.  Comparable allegations are not made in the SAC.

## VII.  CLAIMS.

The TAC only makes two constitutional claims, each of which seeks only prospective declaratory and injunctive relief against official-capacity defendants. The State Defendants challenge all of the federal claims in the SAC on grounds that those claims "seek both injunctive relief and damages and do not identify in what capacity Defendants are sued for each type of relief."  (Doc. 83-01, at 11.) The TAC moots this objection.  For this reason, the TAC's two constitutional Counts I and II are material—in the form in which the TAC pleads them—since they eliminate a major point of objection.

The TAC's two counts are also material in the form in which the TAC pleads them because they eliminate all non-frivolous immunity defenses.  The State Defendants (rightly) concede in their motion to dismiss the SAC that sovereign immunity does not apply to "suits against state officers for prospective injunctive relief."  (Doc. 83-1, at 11.)  They raise qualified immunity as a defense only against claims in the SAC that name individual defendants in their private capacities.  (Doc. 83-1, at 37.)  Since the TAC makes no retrospective claims and

no claims against individuals in their private capacity, none of the State

Defendants' immunity defenses are applicable to the claims raised by the TAC.

### A.   COUNT I: FUNDAMENTAL RIGHT TO VOTE.

Count I of the TAC (¶¶ 167–75) is materially different from the comparable

claim raised by the SAC because the TAC pleads this claim as a right-to-vote

claim rather than as a due-process claim.  The State Defendants argue that Count I

of the SAC, which invokes the Due Process Clause to claim relief against violation

of the fundamental right to vote, contains allegations appropriate to a procedural

rather than a substantive/fundamental-rights due-process violation.  (Doc. 83-1,

at 28.)  Without conceding the SAC's Count I allegations are insufficient, the

Coalition Plaintiffs believe that the revised form of Count I, as pleaded in the TAC,

addresses these objections.

### B.   COUNT II: EQUAL PROTECTION.

Count II of the TAC (¶¶ 176–83) is materially different from the comparable

claim raised by the SAC because it is substantially simpler and includes the

required elements of a 42 U.S.C. § 1983 cause of action.   Without conceding the

SAC's Count II allegations are insufficient, the Coalition Plaintiffs believe that the

revised form of Count II, as pleaded in the TAC, states a materially stronger and

more defensible claim.

In addition, the State Defendants decry the SAC as a "typical shotgun pleading" because they say the SAC incorporates all allegations, including previous counts, in all of its counts. (Doc. 83-1, at 3–4.)  SAC Count II does indeed incorporate the allegations of SAC Count I.  (Doc. 70, at 26, ¶ 66.)  The TAC's Count II does not make this same pleading choice, but instead excludes the allegations of TAC Count I from the allegations incorporated into TAC Count II. (Doc. 160-1, at 69, ¶ 176.)  The TAC thus addresses any potential concerns about shotgun pleading.

## C.   ADDITIONAL COMMENTARY: COUNTS FROM THE SAC THAT ARE DROPPED IN THE PROPOSED TAC.

The TAC is also materially different from the SAC for the further reason that the TAC drops each of the SAC's Counts III–XI without prejudice.  The Curling Plaintiffs apparently agree to dismiss all of these same counts, other than Count IX, by means of a Rule 41 stipulated dismissal.  (Doc. 179, at 2.) But the stipulation favored by the Curling Plaintiffs is not satisfactory to the Coalition Plaintiffs because the Coalition Plaintiffs do not wish to pursue the SAC's Count IX at all.

The State Defendants have challenged SAC Count IX on a variety of grounds that have not yet been ruled upon by this Court.  (Doc. 83-1, at 46–48.) Without conceding the merit of the Defendants' arguments against SAC Count IX,

16

the Coalition Plaintiffs seek to drop SAC Count IX because that Count will, at best, only afford incomplete and partial relief—assuming it survives dismissal and is successfully litigated.  In the view of the Coalition Plaintiffs, pursuing incomplete relief by litigating SAC Count IX will cause the parties and this Court to waste valuable time and resources addressing state-law issues that are a distraction from the core federal constitutional issues at stake in this case.

## VIII. *AD DAMNUM* CLAUSE.

The prayer for relief shows that the TAC also seeks materially different relief than the SAC. (*Compare* TAC (Doc. 160-1, at 71–72, ¶¶ A–G), *with*, SAC (Doc. 70, at 52–54, ¶¶ 163–73).)  The relief sought by the Coalition Plaintiffs is the end of Georgia's unconstitutional use of untrustworthy and unverifiable DRE voting systems.  The SAC's request for relief is much less focused.

## IX. OTHER MATERIAL DIFFERENCES BETWEEN THE TAC AND THE SAC.

Finally, the TAC omits or corrects certain allegations made in the SAC that the Coalition Plaintiffs believe to be factually incorrect, including SAC ¶¶ 6, 49, 50, 53, 62, and 78.

## CONCLUSION

As the foregoing Notice explains, the TAC's allegations are materially different from the allegations made by the SAC, even assuming the SAC were to

be carved back by the Rule 41 stipulation favored by the Curling Plaintiffs.

Accordingly, the *Motion by Coalition Plaintiffs for Leave to File Third Amended Complaint* (Doc. 160) should be granted without conditions.

Dated: May 6, 2018.

Respectfully submitted,

*/s/ Robert A. McGuire, III*
**Robert A. McGuire, III**
Admitted Pro Hac Vice (ECF No. 125)

*Attorney for Plaintiff Coalition for Good Governance*

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, WA  98104-2205
ram@lawram.com
(253) 267-8530

*/s/ William Brent Ney*
**William Brent Ney**
GA Bar Number 542519

*Attorney for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett*

NEY HOFFECKER PEACOCK & HAYLE, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, GA 30309
(404) 842-7232

**Bruce P. Brown**
Georgia Bar No. 064460

*Attorney for Plaintiff Coalition for Good Governance*

Bruce P. Brown Law LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
 (11th bbrown@brucepbrownlaw.com
(404) 881-0700

**Cary Ichter**
Georgia Bar No. 382515

*Attorney for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis*

Ichter Davis, LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
cichter@IchterDavis.com
Tel.: 404.869.5243
Fax: 404.869.7610

## CERTIFICATE OF COMPLIANCE WITH LR 5.1C, NDGa

I hereby certify pursuant to LR 7.1D, NDGa that the foregoing document has been prepared with one of the font and point selections approved by this Court in LR 5.1C, NDGa, using a 14-point Times New Roman font.

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice (ECF No. 125)

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, WA  98104-2205
ram@lawram.com
(253) 267-8530

*Attorney for Plaintiff Coalition for Good Governance*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2018, I electronically filed the foregoing NOTICE IDENTIFYING PARAGRAPHS OF PROPOSED THIRD AMENDED COMPLAINT WITH MATERIAL ALLEGATIONS with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, according to the Court's Electronic Mail Notice List.

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice (ECF No. 125)

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, WA  98104-2205
ram@lawram.com
(253) 267-8530

*Attorney for Plaintiff Coalition for Good Governance*

21