IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,                         :
                                                 :
                                                 :
    Plaintiffs,                  :
                                                 :
v.                                               :        CIVIL ACTION NO.
                                                 :        1:17-CV-2989-AT
BRIAN KEMP, *et al.*,                            :
                                                 :
                                                 :
    Defendants.                  :

## <u>ORDER</u>

The Curling Plaintiffs[1] filed a Stipulation of Dismissal Without Prejudice on June 1, 2018, whereby all parties stipulated to the Curling Plaintiffs dismissing certain claims and defendants from the Second Amended Complaint.  (Doc. 218.) The parties also filed a Joint Notice describing how the parties intend to proceed regarding the stipulation.   (Doc. 219.)   The Joint Notice advises that the stipulation is contingent upon the Court's docketing of the Coalition Plaintiffs'[2] proposed Third Amended Complaint; that the Curling Plaintiffs will not file a motion to amend the Second Amended Complaint and will proceed with the Second Amended Complaint as amended via stipulation; and that the parties anticipate filing a joint motion to sever the Coalition Plaintiffs' claims from the Curling Plaintiffs' claims.

[1] Donna Curling, Donna Price, and Jeffrey Schoenberg.
[2] Coalition for Good Governance, Laura Digges, William Digges III, and Ricardo Davis.

However, in light the Eleventh Circuit's decision in *Perry v. The Schumacher Group of Louisiana, et al*., No. 2:13-cv-0036-JES-DNF (11th Cir. 2018), which issued yesterday, the Court now believes it cannot proceed with the stipulation regarding the Curling Plaintiffs' claims.  The Eleventh Circuit held: "It is clear from the text [of Rule 41] that only an "*action*" may be dismissed.  There is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—*e.g*., a particular *claim*—while leaving a different part of the lawsuit pending before the trial court."  *Id*. at 7-8 (emphasis in original).  Rather, the Eleventh Circuit clarified, "[t]here are multiple ways to dismiss a single claim without dismissing an entire action," with the "easiest and most obvious [being] to seek and obtain leave to amend the complaint to eliminate the remaining claim, pursuant to Rule 15."  *Id*. at 8.  The Eleventh Circuit found the stipulation purporting to dismiss a specific claim in the complaint to be invalid.  *Id*. at 9.  Thus, the Court must find the Stipulation of Dismissal in this case to be invalid.

To whittle down their claims and the named defendants in their Second Amended Complaint, the Curling Plaintiffs must move to amend the Second Amended Complaint under Rule 15.  The Court therefore **DIRECTS** the Curling Plaintiffs to file a motion for leave to amend the Second Amended Complaint and to attach a proposed Third Amended Complaint no later than June 11, 2018.  The Court is inclined to grant this motion, as well as the Coalition Plaintiffs' Motion to Amend (Doc. 160), soon after the Curling Plaintiffs have filed their motion unless a serious objection is raised.  At that time, the Court will also order the parties to

confer and submit a proposed briefing schedule within seven days after the date of the order.

**IT IS SO ORDERED** this 5th day of June, 2018.

_____
**Amy Totenberg**
**United States District Judge**