r

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>COALITION PLAINTIFFS' MOTION FOR</u><br><u>ISSUANCE OF SUBPOENA</u>

Plaintiff Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis and Megan Missett ("Coalition Plaintiffs") respectfully move the Court for entry of an Order permitting issuance of a subpoena substantially in the form of the Draft Subpoena Duces Tecum attached as Exhibit A for the production of specifically identified DeKalb County electronic election records.

Undersigned Counsel has attempted to confer with counsel for Secretary Kemp and counsel for DeKalb County Board of Registration and Elections and has not received a response.

WHEREFORE Coalition Plaintiffs respectfully request that this Court enter an order GRANTING this motion.   A proposed order is attached hereto as Exhibit B.

Respectfully submitted this 20ᵗʰ day of June, 2018.

/s/ William Brent Ney
William Brent Ney
Georgia Bar No. 542519
Attorney for Coalition
for Good Governance, William
Digges III, Laura Digges, Ricardo Davis,
and Megan Missett
NEY HOFFECKER PEACOCK & HAYLE, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, Georgia 30309
(404) 842-7232


/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
Attorney for Coalition for
Good Governance
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Cary Ichter
CARY ICHTER
Georgia Bar No. 382515
Attorney for Coalition
for Good Governance, William
Digges III, Laura Digges, Ricardo
Davis and Megan Missett
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600


/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
Attorney for Coalition
for Good Governance, William
Digges III, Laura Digges, Ricardo
Davis, and Megan Missett
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRIAN KEMP, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in
accordance with the font type and margin requirements of LR 5.1, using font
type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
Attorney for Coalition for
Good Governance
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRIAN KEMP, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day caused the foregoing MOTION TO

ISSUE SUBPOENA DUCES TECUM to be served upon all other parties in this

action by via electronic delivery using the PACER-ECF system.

This 20th day of June, 2018.

> /s/ Bruce P. Brown
> Bruce P. Brown
> Georgia Bar No. 064460
> BRUCE P. BROWN LAW LLC
> Attorney for Coalition for
> Good Governance
> 1123 Zonolite Rd. NE
> Suite 6
> Atlanta, Georgia 30306
> (404) 881-0700

EXHIBIT A
TO
PLAINTIFF COALITION'S
MOTION FOR ISSUANCE OF
SUBPOENA

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
|  | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1
TO
SUBPOENA TO ERICA
HAMILTON (DeKalb County
Elections)

**Please produce:**

1.      DRE serial numbers 116649 and 158583 used in early voting at South DeKalb Mall or exact electronic copies ("block copies") of internal memories of these specific machines.

2.      Memory cards (or exact copies) used in the above-mentioned machines during the May 22, 2018 election.

3.      Memory cards (or exact copies) in the ExpressPollbooks at South DeKalb Mall used from start of early voting through May 5, 2018.

4.      ExpressPollbooks used May 4 and May 5, 2018.

5.      Voter access cards used at South DeKalb Mall from the start of early voting through May 5, 2018.

6.      Ancillary equipment (such as barcode readers and electronic tablets) used in conjunction with the voter check-in system, electronic pollbooks, and ballot issuance.

7.      All records which document the chain of custody and security (such as sealing records) of each item listed in 1 through 6 above.

8.      True and correct opies of Security video recordings or other video recordings of activities in the DeKalb County Election Office related to the conduct of a recount on June 6, 2018.

9.      Recap sheets that include a report of ballot totals for the DRE machines in #1 above.

10.     Copy of machine tally results tapes for the DRE machines in #1 above.

11.     Audit logs (also known as "system logs") for the DRE machines in #1 above.

12.     All documents related to or regarding the ballot issuance error reported to Bennett Bryan in the email attached as Exhibit 2, including any investigation materials or reports.

13.     Documents related to the use of the DRE machines in #1 in the June 6, 2018 recount.

14.     Documents related to broken locks on DRE machines in #1 above, and any other security-related irregularities.

15.     Documents that would lead to the discovery of unique identifiers associated with electronic ballots issued to individual voters during early voting at South DeKalb Mall.

16.     Documents recording the issuance of each ballot to Robert Kadel described in Exhibit 3 attached.

17.     Documents that reflect the unique identifier of the ballot cast by Robert Kadel.

18.     Documents recording the cancellation of the original ballot issued to Robert Kadel described in Exhibit 2 attached.

EXHIBIT 2
TO
SUBPOENA TO ERICA
HAMILTON (DeKalb County
Elections)

**Subject:** RE: Curling v. Kemp: Urgent Situation--CORRECTION

**Date:** Saturday, May 5, 2018 at 12:01:01 PM Eastern Daylight Time

**From:** Cary Ichter

**To:** John Salter, Bruce Brown, Adam Sparks, Halsey Knapp, Jane P. Bentrott, Kaye.burwell@fultoncountyga.gov, david.lowman@fultoncountyga.gov, Cheryl.ringer@fultoncountyga.gov, grant.schnell@hklaw.com, robert.highsmith@hklaw.com, dwhite@hlclaw.com, william@nhphlaw.com, Robert McGuire, ccorreia@law.ga.gov, jheidt@law.ga.gov, Roy Barnes, David D. Cross, Marilyn Marks

The machine number below is mistyped. The correct machine number is S/N **158583**. My apologies.  Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com
‐
This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

---

**From:** Cary Ichter
**Sent:** Saturday, May 5, 2018 11:33 AM
**To:** 'John Salter' <john@barneslawgroup.com>; 'Bruce Brown' <bbrown@brucepbrownlaw.com>; 'Adam Sparks' <sparks@khlawfirm.com>; 'Halsey Knapp' <hknapp@khlawfirm.com>; 'Jane P. Bentrott' <JBentrott@mofo.com>; 'Kaye.burwell@fultoncountyga.gov' <Kaye.burwell@fultoncountyga.gov>; 'david.lowman@fultoncountyga.gov' <david.lowman@fultoncountyga.gov>; 'Cheryl.ringer@fultoncountyga.gov' <Cheryl.ringer@fultoncountyga.gov>; 'grant.schnell@hklaw.com' <grant.schnell@hklaw.com>; 'robert.highsmith@hklaw.com' <robert.highsmith@hklaw.com>; 'dwhite@hlclaw.com' <dwhite@hlclaw.com>; 'william@nhphlaw.com' <william@nhphlaw.com>; 'Robert McGuire' <ram@lawram.com>; 'ccorreia@law.ga.gov' <ccorreia@law.ga.gov>; 'jheidt@law.ga.gov' <jheidt@law.ga.gov>; 'Roy Barnes' <roy@barneslawgroup.com>; 'David D. Cross' <DCross@mofo.com>; 'Marilyn Marks' <marilyn@aspenoffice.com>
**Subject:** FW: Curling v. Kemp: Urgent Situation

FYI—I just sent this email to John Salter and Bryan Bennett.

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE

Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com
-
This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Date:** Saturday, May 5, 2018 at 11:26 AM
**To:** John Salter <john@barneslawgroup.com>, "Bryan, Bennett D" <benbryan@dekalbcountyga.gov>
**Cc:** "Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com)" <bbrown@brucepbrownlaw.com>, Rob McGuire <ram@lawram.com>, "william@nhphlaw.com" <william@nhphlaw.com>, Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** Curling v. Kemp: Urgent Situation

John and Bennett,

Certain voting system irregularities were reported to us involving an early voting site in Decatur. As we are collecting as many facts as we can, we ask that you cooperate with us to immediately protect the evidence as well as the integrity of the primary election voting process.

Coalition Plaintiffs (Coalition for Good Governance, Ricardo Davis, Laura Digges, and William Digges III) request that your clients immediately secure and sequester the following voting equipment presently located at The Gallery at South DeKalb Mall, 2801 Candler Road Decatur, GA 30034:

1. DRE Voting machines #116649 and #158543
2. Memory cards used the above-mentioned machines since the start of early voting at this location
3. Memory cards in the ExpressPollbooks used from start of early voting through May 5th.
4. ExpressPollbooks used May 4 and May 5
5. Voter access cards used at this site since start of early voting
6. Ancillary equipment (such as barcode readers and electronic tablets) used in conjunction with the voter check-in system and electronic pollbooks.

The reason for this urgent request is a report we received yesterday from Georgia Tech computer science Professor Robert Kadel after he voted at this location. Because of his academic research, Professor Kadel is familiar with certain technical aspects of voting systems. Therefore, his personal experience and documentation of the issue has unquestioned credibility meriting

immediately action.  We will be providing a declaration from Professor Kadel, but in the meantime, this is what he experienced:

1.  Professor Robert Kadel, registered at 2426 Sherbrooke Ct NE, Atlanta, GA 30345, arrived to vote at the above location at approximately noon on May 4.
2.  Kadel checked in for voting with his driver's license which was scanned for automatic lookup in the ExpressPollbook.
3.  Kadel requested a Democratic Party primary ballot.
4.  Kadel was given a voter access card.
5.  Kadel inserted the card in machine #116649, located toward a back corner of the room.
6.  Kadel began to select his choices on the touchscreen and noticed that his electronic ballot contained Congressional District 5 and State Senate 44, although he is an eligible elector in Congressional District 6 and State Senate 42. He did not study the remainder of the presented ballot for discrepancies.
7.  Kadel immediately called this discrepancy to the attention of a poll worker.
8.  The poll worker cancelled his partial ballot choices on the DRE and the voter access card was ejected.
9.  After some discussion, where poll workers initially insisted that the machine was correct to a present CD5 ballot to him, he prevailed to obtain a new voter access card.
10. Kadel proceeded to machine #158583, which provided the proper CD6 and Senate 42 ballot. He selected his choices and cast his ballot at approximately 12:15 pm.

We request that the above equipment be immediately secured by officials from the Secretary of State's office and DeKalb County and removed from the mall to a secure election officials' location. We also request that a representative of Coalition Plaintiffs be permitted to observe the documentation of the removal from service and securing of the equipment, including the recording of seal numbers and serial numbers. Please notify us of the time that this will be planned.

We also request that no analysis or operations be conducted using physical access to the equipment and memory cards without Coalition Plaintiffs having an opportunity to provide an expert to monitor the handling and analysis, and obtaining exact electronic copies of all relevant records at the time of your client's inspection of the equipment and cards.

Coalition Plaintiffs will be promptly requesting mirror images of the DRE hard drives and most other electronic records for the above-referenced equipment as well as other related records. Please ensure that your clients are mindful of their obligations to preserve all electronic records directly and indirectly related to this issue.

We are gravely concerned about the potential implications of this material discrepancy and urge your clients to act promptly to determine the nature of this discrepancy and the potentially broader implications for the integrity of the election.

Please acknowledge your receipt of this email. We want to be certain that your clients are immediately aware of this issue since early voting is occurring this weekend.

Feel free to contact me to further discuss this matter and how we should work together to immediately address it.  You may reach me at 404-769-1353. In the meantime, we will be preparing our more formal request and Professor Kadel's declaration, and alert you if we learn of further material information.

Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com

This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**Page 4 of 4**

EXHIBIT 3
TO
SUBPOENA TO ERICA
HAMILTON (DeKalb County
Elections)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## GEORGIA ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRIAN KEMP, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## DECLARATION OF ROB KADEL

I, ROBERT S. KADEL pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a registered voter in DeKalb County, Georgia, and registered to vote at my home address of 2426 Sherbrooke Ct. NE, Atlanta, GA 30345.

2. I am employed by the Georgia Institute of Technology as Assistant Director for Research in Education Innovation, Center for 21st Century Universities.

3. My research in conjunction with the Computer Science Department at Georgia Institute of Technology has caused me to seek a greater understanding of the operation of touchscreen voting systems.

4. Therefore when I voted in advance voting on May 4, 2018 at The Gallery at South DeKalb Mall in Decatur, Georgia, I was attentive to the details of the voting process.

5. Prior to voting, I had accessed the Georgia Secretary of State's website to check my registration details and print a sample ballot for races and questions for which I am eligible to vote.

6. I carried my marked sample ballot with me to the polling place for reference.

7. I arrived at the polling place at approximately noon, and there were very few people in the polling place.

8. I filled out the paper form for application for early voting and handed a poll worker that completed form and my driver's license. The poll worker verified my information and signature and then asked me to take my license and the form to another table with four laptops on it.

9. At that table, I gave the poll worker my form and license. She scanned my license barcode and handed it back, then she gave me an activated yellow voter access card with which to initiate the voting process on the touchscreen machine.

10. I used a machine with serial number 116649.

11. I selected choices in the races for Governor and a few others and then noticed that the electronic ballot presented on the screen displayed Congressional District 5 and State Senate District 44.

12. I live in Congressional District 6 and State Senate District 42, and was alarmed to see races to vote for which I am ineligible, and to see that my electronic ballot was missing races for which I am eligible to vote.

13. I alerted a poll worker who alerted her supervisor, Ms. Atkinson, who was managing certain areas of the polling place that I had an incorrect ballot.

14. The poll worker whom I had alerted held her finger on the "page" button at the bottom of the machine screen for about 10 seconds and then cancelled my ballot and ejected the card.

15. The poll worker and I walked over to the table of laptops where they were coding the yellow voter access cards, and I explained that I should be voting in Georgia Congressional District 6 and Georgia State Senate District 42.

16. The poll worker said that if I was seeing "Georgia 5,"  it is because I live in "Georgia 5."

17. I told her that I had voted in the Georgia's 6th Congressional District Special Election last year.

18. I have not changed my residence since voting in the 6th District Special Election in 2017.

19. The poll worker called over Ms. Atkinson who looked at the sample ballot I had brought with me (to indicate which candidates I wanted to vote for). The supervisor said that I had a nonpartisan ballot that wouldn't have shown any races.

20. I corrected her and said that this was the Democratic sample ballot that I had printed at home, and that she could see that it had the Stacey Abrams / Stacey Evans race for Governor at the top.

21. Ms. Atkinson instructed another poll worker to re-enter my information into a touch screen device sitting on the table (operated with an electronic stylus), and then they finally saw that I had been presented with the wrong ballot.

22. They generated a new yellow voter access card for me at that time, which was approximately 12:11 pm.

23. The original poll worker with whom I had spoken walked back with me to the machines and I voted on machine serial number 158583.

24. The poll worker watched me insert my card and asked if I would quickly hit the Next button to get to the screens with the congressional races and

verify that I was presented with the correct races on the electronic ballot. I did that, and all looked correct.

25. The poll worker then left to provide voter privacy, and I skipped back to the beginning and began making my electoral selections.

26. I cast that electronic ballot on the touchscreen machine at 12:15 p.m.

27. I walked to another table and returned my yellow card to another poll worker. She asked me if I had time to take a survey, and I said that I really needed to get going.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on May 7, 2018

_____

Robert S. Kadel

EXHIBIT B
TO
PLAINTIFF COALITION'S
MOTION FOR ISSUANCE OF
SUBPOENA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action** |
| **v.** ) | **No. 1:17-cv-02989-AT** |
| ) | |
| **BRIAN KEMP, ET AL.** ) | |
| ) | |
| **Defendants.** ) | |

## [PROPOSED] ORDER

On June 20, 2018, Plaintiffs Coalition for Good Governance, Laura Digges, William Digges, and Ricardo Davis filed their *Coalition Plaintiffs' Motion To Issue Subpoena Duces Tecum* (the "Motion").

Having considered the Motion and finding good cause is shown, the Motion is **GRANTED**.

**IT IS SO ORDERED** this _____day of June, 2018.

_____
AMY TOTENBERG
United States District Judge

1