# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 1:21-CV-5337-SCJ |
| COAKLEY PENDERGRASS et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:21-CV-5339-SCJ |
| ANNIE LOIS GRANT et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:22-CV-122-SCJ |

## PLAINTIFFS' MOTION FOR CLARIFICATION
## REGARDING TRIAL LOGISTICS

Plaintiffs in the *Alpha Phi Alpha*, *Pendergrass*, and *Grant* cases respectfully move the Court for clarification of its August 24, 2023 Order regarding logistics and procedures for the trial to be held in the above-captioned cases beginning September 5, 2023. Specifically, Plaintiffs respectfully request that the Court clarify its Order in the following ways:

First, Plaintiffs request that the Court clarify that witnesses whose testimony is applicable both to one or more *Gingles* preconditions and to one or more Senate Factors will be required to testify on only one occasion. The Court's Order explicitly allows for multiple Plaintiffs to present one witness consecutively for the convenience of the witness; allowing witnesses who have testimony on multiple elements to offer it in the same sitting would similarly avoid burdening these witnesses and provide for a more expedient presentation of the evidence. Second, Plaintiffs request permission to call *fact* witnesses out of order if they are unavailable to testify on the day in which the Court hears evidence on the element(s) to which the witness's testimony applies. Third, Plaintiffs request that the Court clarify how cross-examination testimony that is relevant to multiple cases will be treated. Fourth, Plaintiffs request that the Court set a daily deadline for the exchange of

demonstratives. Fifth, Plaintiffs request that the Court permit Plaintiffs to present their witnesses in the order proposed herein.

## ARGUMENT

In its August 24, 2023 Order,[1] this Court required "Plaintiffs [to] present their cases-in-chief by element," and announced that "the Court will hear all of the evidence from one Plaintiff on that element before moving to the next Plaintiff." Order at 2.

### I.     All witnesses should testify only once.

First, Plaintiffs request that the Court clarify that its Order requires the parties to present each witness on only one occasion. The Court's Order provides that where "witnesses [] are testifying for multiple Plaintiffs on the same element," "each Plaintiff will have an opportunity to directly examine said witness," provided that "[w]hen the Plaintiffs switch between cases, they [] clearly state so for the Record." Order at 3, 5. The Court specifically cited the example of Mr. Cooper—who will be called as an expert on the first *Gingles* precondition in both the *Pendergrass* and *Alpha Phi Alpha* cases—noting that "the convenience of the witness" warrants

---

[1] *See Pendergrass* ECF No. 236; *Grant* ECF No. 248; *Alpha Phi Alpha* ECF No. 286.

allowing him to testify in both cases consecutively rather than having to call him twice at different intervals. *Id.* at 3–4.

Plaintiffs seek to clarify that the same principle should govern witnesses testifying on multiple elements. For example, the *Pendergrass* and *Grant* Plaintiffs plan to call Dr. Maxwell Palmer to testify to the second and third *Gingles* preconditions as well as to Senate Factor 2. Dr. Palmer's situation is not unique. Dr. Lisa Handley will be called by the *Alpha Phi Alpha* Plaintiffs to address those same subjects, and the Court previously indicated that it would permit her to testify only once. Dr. Traci Burch, another of the *Alpha Phi Alpha* experts, will provide testimony about both the totality of the circumstances and communities of interest relevant to the first *Gingles* precondition. Similarly, the representatives of the organizational plaintiffs in *Alpha Phi Alpha*, Sherman Lofton and Bishop Reginald Jackson, will also provide testimony about both the totality of the circumstances and communities of interest relevant to the first *Gingles* precondition.

Plaintiffs submit that calling witnesses to testify on multiple occasions—which would be required for at least those witnesses identified above—would prolong the trial and heighten the difficulty of accommodating scheduling conflicts among the various witnesses. Plaintiffs therefore propose that the Court extend the accommodation it already granted Dr. Handley, and permit the parties to call each

witness once and ask all questions of them at that time, while making clear which case(s) and factor(s) to which the witness's testimony applies. For the same reasons, Plaintiffs also propose that Defendants cross-examine each witness only once.

## II. For efficiency and streamlining purposes, fact witnesses should be allowed to testify out of order when required by scheduling conflicts.

Second, Plaintiffs request that the Court permit the parties to call their fact witnesses out of order when scheduling conflicts require. In advance of the Court's pre-trial conference and prior to its August 24, 2023 Order, Plaintiffs conferred and agreed upon an expected order of witnesses that, as in the preliminary injunction hearing, would present Plaintiffs' expert witnesses by element (i.e., first all the *Gingles* 1 experts, then all the *Gingles* 2/3 experts, then the Senate Factors experts); contemplated calling fact witnesses only after all expert witnesses had testified; and allowed some flexibility for the order of fact witnesses based on trial timing. That agreement took into consideration various scheduling restrictions on witness availability and was also communicated to and confirmed with Plaintiffs' witnesses before the Court informed the Plaintiffs that it would prefer them to present their respective cases in a consistent order for every element.

At this late stage, several witnesses have scheduling conflicts that could render them unavailable if they are limited to testifying on the day when the Court is hearing evidence on the case(s) and element to which their testimony applies. As

an example, former Georgia Senator Jason Carter will be unavailable to testify on September 6th and 7th due to a professional conflict. Similarly, Sherman Lofton has in-person work obligations that will prevent him from testifying on September 5th and 6th, and Bishop Reginald Jackson has a doctor's appointment scheduled on the afternoon of September 8th. It would place a particular burden on fact witnesses, who are not being compensated for their time, to have to block off multiple days for trial (and arrange for time off of work, childcare, etc.) to ensure they testify in a precise order.

Plaintiffs thus request that the Court allow them to vary the fact witness order between cases when needed to accommodate the witnesses' scheduling conflicts. Plaintiffs also request that the Court allow Plaintiffs to present their fact witnesses after all of their expert witnesses have testified (even where those fact witnesses will testify to earlier "elements" of the Section 2 test, such as specific communities of interests reflected in Plaintiffs' illustrative plans for purposes of *Gingles* 1). As noted above, this accommodation is necessary to avoid at least Mr. Lofton and Bishop Jackson being required to testify twice.

Plaintiffs will make every effort to adhere to the required order of presentation, both by case and by element, but the requested modification of the Court's Order would significantly reduce the burden on Plaintiffs' fact witnesses. In

all events, Plaintiffs will make clear at each point the case(s) and the element(s) to which each witness will testify, including upon calling each witness to the stand and if/when transitioning from one case to another or one element to another.[2]

### III. Relevant testimony during cross-examinations should be admitted across cases.

The Court's Order does not address whether cross-examination testimony obtained by a party in one case may be used by the other parties against whom the witness is testifying. For example, Defendants' expert on the second and third *Gingles* preconditions, Dr. John Alford, will provide testimony in all three cases based on a single, consolidated report. When each of the Plaintiffs cross-examines Dr. Alford, there will doubtless be common subjects of inquiry—such as the past treatment of Dr. Alford's opinions by courts, and his approach to the *Gingles* framework. To avoid requiring the Plaintiffs to elicit duplicative testimony on these common issues, they request that the Court permit the designation into evidence of

---

[2] Should the Court decline to permit Plaintiffs to call witnesses out of order, Plaintiffs request in the alternative that the Court permit them to present witnesses using remote means to accommodate availability conflicts.

relevant portions of the cross-examinations of witnesses testifying in their cases, regardless of which Plaintiff conducts the cross-examination at trial.

**IV.   The Court should order a daily deadline for the exchange of demonstratives.**

The parties have been unable to reach an agreement regarding the exchange of demonstratives in advance of their use at trial. Consistent with the approach taken during the preliminary injunction hearing, Plaintiffs proposed exchanging demonstratives by 9:00 p.m. the day before they will be used. Such an exchange will avoid the need to break during trial with witnesses on the stand to permit review and the lodging of objections. Defendants rejected Plaintiffs' proposal without explanation and refuse to exchange demonstratives in advance of their introduction in court. *See* E-mail from B. Tyson to M. Jones (Aug. 24, 2023, 3:16 PM ET), attached hereto as Exhibit A. Given the inefficiencies of such an approach, Plaintiffs request that the Court order the daily exchange of demonstratives by the 9:00 p.m. deadline proposed by the Plaintiffs.

**V.   Plaintiffs request that the Court permit Plaintiffs to present their witnesses in the order proposed herein.**

Per the Court's order for Plaintiffs to agree upon the order in which each of the three cases will proceed, *see* Order at 2 n.1, Plaintiffs have conferred on a preferred order of cases and witnesses. Because several experts have scheduling

conflicts during the first week of trial (which coincides with the beginning of the school year for those experts who are university professors),[3] Plaintiffs propose the following witness order, which is designed to accommodate those conflicts:

- a. **Gingles 1**
    - i. Cooper (Alpha Phi Alpha)
    - ii. Cooper (Pendergrass)
    - iii. Esselstyn (Grant)

- b. **Gingles 2/3**
    - i. Handley (Alpha Phi Alpha)
    - ii. Palmer (Pendergrass/Grant)

- c. **Senate Factors/Totality**
    - i. Ward (Alpha Phi Alpha)
    - ii. Jones (Alpha Phi Alpha)
    - iii. Burch (Alpha Phi Alpha)
    - iv. Collingwood (Pendergrass/Grant)
    - v. Burton (Pendergrass/Grant)

- d. **Fact witnesses for SFs/COIs**
    - i. Jackson (Alpha Phi Alpha)
    - ii. Lofton (Alpha Phi Alpha)
    - iii. Allen (Pendergrass/Grant)
    - iv. Carter (Pendergrass/Grant)
    - v. Miller (Grant)
    - vi. Evans (Grant)

---

[3] Specifically, both Dr. Palmer and Dr. Jones are scheduled to teach on Thursday, September 7th, Dr. Collingwood has a conflict on Friday, September 8th, Dr. Ward is only available to testify on Wednesday, September 6th or the morning of Thursday, September 7th, and Dr. Burch is only available to testify beginning Thursday, September 7th.

Plaintiffs request that the Court order Defendants to provide Plaintiffs with the order in which they plan to call their witnesses, which Plaintiffs presume will occur after all Plaintiffs have presented their cases-in-chief. Plaintiffs also request that the Court clarify that Defendants, like Plaintiffs,[4] must identify the *Gingles* preconditions and/or Senate Factors that each witness's testimony will address before beginning each direct examination.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court clarify its August 24, 2023 Order.

| | |
|---|---|
| Dated: August 31, 2023 | Respectfully submitted, |
| By: */s/ Adam Sparks* | Abha Khanna* <br> Jonathan P. Hawley* <br> Makeba A.K. Rutahindurwa* <br> **ELIAS LAW GROUP LLP** <br> 1700 Seventh Avenue, Suite 2100 <br> Seattle, Washington 98101 <br> Phone: (206) 656-0177 <br> Facsimile: (206) 656-0180 <br> Email: AKhanna@elias.law <br> Email: JHawley@elias.law <br> Email: MRutahindurwa@elias.law |

---

[4] *See* Order at 4 ("For example, if Alpha Phi Alpha calls Mr. Cooper, counsel must state that they are calling Mr. Cooper as a witness in Alpha Phi Alpha for the purposes of the first Gingles precondition.").

Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
**KREVOLIN & HORST, LLC**
One Atlantic Center
1201 West Peachtree Street, NW,
Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
Email: JLewis@khlawfirm.com
Email: Sparks@khlawfirm.com

Michael B. Jones
Georgia Bar No. 721264
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW,
Suite 400
Washington, D.C. 20001
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: MJones@elias.law

*Counsel for Pendergrass and Grant Plaintiffs*

*Admitted *pro hac vice*

By: /s/*Rahul Garabadu*  
Rahul Garabadu (Bar 553777)  
*rgarabadu@acluga.org*  
Cory Isaacson (Bar 983797)  
Caitlin F. May (Bar 602081)  
ACLU FOUNDATION OF GEORGIA, INC.  
P.O. Box 570738  
Atlanta, Georgia 30357  
Telephone: (678) 981-5295  
Facsimile: (770) 303-0060  

/s/*Debo Adegbile*  
Debo Adegbile*  
*debo.adegbile@wilmerhale.com*  
Robert Boone*  
Alex W. Miller*  
Cassandra Mitchell*  
Maura Douglas*  
Juan M. Ruiz Toro*  
Joseph D. Zabel*  
WILMER CUTLER PICKERING HALE AND DORR LLP  
250 Greenwich Street  
New York, New York 10007  
Telephone: (212) 230-8800  
Facsimile: (212) 230-8888  

Charlotte Geaghan-Breiner*  
WILMER CUTLER PICKERING HALE AND DORR LLP  
2600 El Camino Real  
Suite 400  
Palo Alto, CA 94306  
Telephone: (650) 858-6000  
Facsimile: (650) 858-6100  

/s/*Sophia Lin Lakin*  
Sophia Lin Lakin*  
*slakin@aclu.org*  
Ari J. Savitzky*  
Ming Cheung*  
Kelsey A. Miller*  
Casey Smith*  
ACLU FOUNDATION  
125 Broad Street, 18th Floor  
New York, New York 10004  
Telephone: (212) 519-7836  
Facsimile: (212) 549-2539  

George P. Varghese*  
Denise Tsai*  
Tae Kim*  
WILMER CUTLER PICKERING HALE AND DORR LLP  
60 State Street  
Boston, Massachusetts 02109  
Telephone: (617) 526-6000  
Facsimile: (617) 526-5000  

Ed Williams*  
De'Ericka Aiken*  
Sonika R. Data*  
WILMER CUTLER PICKERING HALE AND DORR LLP  
2100 Pennsylvania Ave. NW  
Washington, D.C. 20037  
Telephone: (202) 663-6000  
Facsimile: (202) 663-6363

Marisa A. DiGiuseppe*
Anuj Dixit*
WILMER CUTLER PICKERING HALE
 AND DORR LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Counsel for Alpha Phi Alpha Plaintiffs*

*Admitted *pro hac vice*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **PLAINTIFFS' MOTION FOR CLARIFICATION REGARDING TRIAL LOGISTICS** has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using font types of Times New Roman, point size of 14, and Century Schoolbook, point size of 13.

Dated: August 31, 2023         */s/ Adam Sparks*
                                Adam M. Sparks
                                *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing **PLAINTIFFS' MOTION FOR CLARIFICATION REGARDING TRIAL LOGISTICS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

Dated: August 31, 2023         */s/ Adam Sparks*
                                Adam M. Sparks
                                *Counsel for Plaintiffs*