IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-CV-2989-AT |
| BRIAN KEMP, *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

This matter is before the Court on the Coalition Plaintiffs' Motion for Preliminary Injunction [Doc. 258]. Additionally, still pending before the Court is the State Defendants' Motion to Dismiss the Coalition Plaintiffs' Third Amended Complaint [Doc. 234].

Assuming that the Coalition Plaintiffs' Third Amended Complaint properly asserts grounds for the Court's exercise of jurisdiction as well as viable constitutional claims for relief, the Court turns to a pressing challenge posed by the Coalition Plaintiffs' Motion for Preliminary Injunction. While the Coalition Plaintiffs seek to vindicate the public interest in the integrity and security of the voting system, their brief devotes little attention to the flip side of their request for immediate relief: Would statewide implementation of the requested relief in an expedited, limited time frame actually compromise the reliability and functionality

of the voting system and therefore adversely impact the public interest in this 2018 election cycle? Specifically, the Coalition Plaintiffs ask the Court to prohibit Defendants "from conducting the November 2018 general election and the related December 2018 runoff election through direct recording electronic (DRE) voting units for in-person voting." (Coalition Pls.' Motion, Doc. 258 at 1.) Furthermore, they ask the Court to order Defendants instead to "conduct such elections using paper ballots" and to "promulgate rules requiring and specifying appropriate procedures for conducting precertification audits of the results of both such elections and, to order the Defendant Secretary of State, before October 1, 2018, to conduct an audit of and correct any identified errors in the DRE system's electronic pollbook data that will be used in both such elections." (*Id.* at 1-2.) This is no small request, especially given that the State conducts the 2018 elections in approximately three months and that preparations for the requested relief might entail major planning and resources in the months prior to the election.

The Court appreciates the gravity and importance of the constitutional issues that the Coalition Plaintiffs raise in their Motion. At the same time, the Court needs as a priority to assess the concrete reality of the challenges involved in implementing the Coalition's requested injunctive relief in the compressed time frame available. Thus, the Court **DIRECTS** Defendants in their response brief to particularly focus on the public interest factor – i.e., the practical realities surrounding implementation of the requested relief in the next one to three months. If the Coalition Plaintiffs file a reply brief, the Court **DIRECTS** them to

focus their brief accordingly as well. Furthermore, the Court **ORDERS** Defendants to file their response no later than August 14, 2018, and the Court **ORDERS** the Coalition Plaintiffs to file their reply, if any, no later than August 20, 2018.

    **IT IS SO ORDERED** this 7th day of August, 2018.

_____
**Amy Totenberg**
**United States District Judge**