## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DONNA CURLING, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **vs.** | ) | |
| | ) | **FILE NO. 1:17-cv-2989-AT** |
| **BRAD RAFFENSPERGER,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' MOTION TO OPEN DISCOVERY
## AND OTHER RELATED RELIEF

Plaintiffs move the Court to open discovery at this time. Coalition Plaintiffs also move the Court to require the Defendants to respond to their written discovery requests (served on March 27, 2019), within five days of the reopening of discovery.

Plaintiffs understand that the Court is considering an overall scheduling order for the case, which could include motions practice, fact and expert discovery, trial readiness, etc., but Plaintiffs believe that the initiation of discovery at this time is necessary, appropriate, and well within the Court's broad discretion. This Court has emphasized "the great amount of public interest in this" case. (Doc. 307 at 8-9.) The public interest is not served by Defendants' undue delays that impede the

"just, speedy, and inexpensive determination" of this case given upcoming

elections in the state.  Fed. R. Civ. P. 1.

A.    **Motion to Open Discovery**

Opening discovery at this time is consistent with the prior rulings of this

Court, will further the efficient resolution of this case, and is necessary to protect

the fundamental constitutional rights of Plaintiffs and all other Georgia voters in

the ongoing elections throughout Georgia this year.  In its Order denying injunctive

relief, the Court (anticipating Defendants' appeal) stated that it would "insist on

further proceedings moving on an expedited schedule."  *Curling v. Kemp,* 334 F.

Supp. 3d 1303, 1328 (N.D. Ga. 2018).  On October 23, 2018, the Court stayed the

case pending the Eleventh Circuit's decision on Defendants' appeal because of the

immunity defenses at issue in that appeal.  (Doc. 326).  On February 7, 2019, the

Eleventh Circuit, finding Defendants' arguments "counter" to "settled precedents,"

affirmed.  *Curling v. Kemp,* 761 F. App'x 927 (11th Cir. 2019).  With Defendants'

immunity defenses now soundly rejected, there is no cause to further delay

discovery in this case.

Opening discovery at this time will not prejudice Defendants.  On April 11,

2019, Defendants proposed a schedule that would have the discovery period

starting on May 14, 2019.  (Doc. 362 at 11).[1]  In a recent filing, the State

Defendants objected to discovery Coalition Plaintiffs served upon the Morgan

County Board of Elections and Registration as being premature (Doc. 369), but

they did not suggest that discovery should not start at this time.  Nor would there

be a reasonable basis for any such argument.[2]

Defendants have confirmed that elections are ongoing in counties across the

state.  (Doc. 362 at 9.)  This warrants immediate, expedited discovery so that this

case can proceed to trial expeditiously and obtain critically-important relief for

Georgia voters.  This Court previously noted "serious security flaws and

vulnerabilities in the State's" electronic voting system that burden Plaintiffs'

constitutional right to vote without sufficient justification.  (Doc. 309 at 33-34).

Among those problems, the court identified "unverifiable election results, outdated

software susceptible to malware and viruses, and a central server that was already

---

[1] The State Defendants' proposed discovery start date was contingent upon a decision on the remaining elements of their motion to dismiss by April 30, 2019 (Doc. 362 at 11), but that decision is unrelated to discovery.

[2] Defendants are taking the position that the provisions of this Court's Standing Order pertaining to the parties' resolution of known discovery disputes before involving the Court does not apply because the discovery period has not begun. This was their explanation for filing their Motion to Quash and Request for Relief (Doc. 369) without first conferring with Coalition Plaintiffs or otherwise complying with this Court's Standing Order regarding that discovery dispute.

hacked multiple times." (*Id.* at 34.)  And Plaintiffs demonstrated in Court how easily a DRE—just like those still used in Georgia—can be manipulated to appear reliable while actually altering the votes cast to improperly dictate election results. (Doc. 307 at 76:7-81:22.)  Georgia voters should not be required to continue to subject their votes in elections to such serious vulnerabilities and such uncertainty about the outcomes of those elections.  Plaintiffs need certain discovery in this case to fully prosecute their claims and protect the constitutional rights of themselves and all other Georgia voters.  Opening discovery now will help ensure prompt relief and mitigate the existing prejudice of Defendants' delay strategy.

For the foregoing reasons, Plaintiffs request that the Court open discovery at this time.  *See Bradley v. King,* 556 F.3d 1225, 1229 (11th Cir. 2009) (under the Federal Rules, this Court has "wide discretion in discovery matters").

### B.   Response Dates for Discovery

In anticipation of the opening of discovery, Coalition Plaintiffs on March 27, 2019 served focused written discovery upon Defendants Secretary of State and the Fulton County Board of Elections and Registration seeking, among other things, production of the GEMS databases (master worksheets) that the Secretary of State distributed to each of the 159 counties to configure the November 6, 2018 election. Defendants have not answered or objected to this discovery.  The Secretary of

State takes the position that no response is due because discovery has not begun. Though it is reasonable to anticipate that the State Defendants will interpose objections to the discovery (as they have done in response to discovery served on non-party Morgan County, *see* Doc. 369), the State Defendants have informed the undersigned that they will not participate in  proposed party conferences under this Court's Standing Order (Part III, Section E), until this Court has ruled that the discovery period has begun.

Since Defendants have been aware of this discovery for six weeks, and have already advanced objections to related discovery, Coalition Plaintiffs' request that the Court order the State Defendants to respond to the March 27, 2019 discovery within five days of the opening of discovery.

A proposed order granting this motion is attached as Exhibit A.

Respectfully submitted this 16th day of May, 2019.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III,Laura Digges, Ricardo Davis and Megan Missett*

*/s/ David D. Cross*

| | |
|---|---|
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Jane P. Bentrott (*pro hac vice*) | GA Bar No. 425320 |
| John P. Carlin (*pro hac vice*) | Adam M. Sparks |
| Catherine L. Chapple (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2000 Pennsylvania Avenue, NW | Suite 3250 |
| Suite 6000 | Atlanta, GA 30309 |
| Washington, DC 20006 | |
| Telephone: (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

<u>*/s/ Bruce P. Brown*</u>
Bruce P. Brown

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day caused the foregoing to be served upon all other parties in this action by via electronic delivery using the PACER-ECF system.

This 16th day of May, 2019.

/s/ Bruce P. Brown
Bruce P. Brown

EXHIBIT

A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DONNA CURLING, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **vs.** | ) | |
| | ) | **FILE NO. 1:17-cv-2989-AT** |
| **BRAD RAFFENSPERGER,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## **PROPOSED ORDER**

Plaintiffs have moved to open the discovery period effective immediately and the Coalition Plaintiffs have move to require the Defendants to answer discovery served upon them on March 27, 2019 within five days.  Good cause having been shown, the motion is GRANTED, as follows:

The discovery period shall begin on _____ and Defendants Fulton County Board of Elections and Registrations and Brad Raffensperger, Secretary of State, shall serve responses to the discovery served upon them on March 27, 2019, within five days of the entry of this Order.

SO ORDERED this ___ day of ____, 2019.

_____
Amy Totenberg
United States District Judge

1