## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | |
| | ) | NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Come now Defendant Brad Raffensperger ("Defendant" or "Secretary"),[1] in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia and Defendants David J. Worley, Rebecca N. Sullivan and Seth Harp[2] (collectively, "State Defendants"), and answer the Curling Plaintiffs' Complaint [Doc. 70][3] as follows:

---

[1] Secretary Raffensperger replaced Defendant Robyn A. Crittenden as Secretary of State on or about January 14, 2019.

[2] Ralph F. "Rusty" Simpson is no longer a member of the State Election Board and was replaced by Anh Le.

[3] Some of the Plaintiffs in this action – Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis and Megan Missett – filed a Third Amended Complaint. [Doc. 226].  For clarity purposes, State Defendants refer to the Plaintiffs – Donna Curling, Donna Price, Jeffrey Schoenberg – as the "Curling Plaintiffs."

## FIRST AFFIRMATIVE DEFENSE

The allegations in Curling Plaintiffs' Second Amended Complaint fail to state a claim against State Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Curling Plaintiffs lack a clear legal right to the relief sought.

## THRID AFFIRMATIVE DEFENSE

State Defendants have not subjected Plaintiffs to the deprivation of any rights under the United States or Georgia Constitutions.

## FOURTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' claims against State Defendants are barred by sovereign and official immunity.

## FIFTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' federal claims against State Defendants are barred by the Eleventh Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' claims against State Defendants are barred under the

doctrines of res judicata and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' federal claims against State Defendants are barred as they raise political questions that should not be addressed by the Court.

## NINTH AFFIRMATIVE DEFENSE

State Defendants reserve the right to amend their defenses and to add additional ones, including a lack of subject matter jurisdiction based on the mootness or ripeness doctrines.

State Defendants answer the specific paragraphs of Curling Plaintiffs' Second Amended Complaint as follows:

## PRELIMINARY STATEMENT[4]

1.

Paragraph 1 of Curling Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response. State Defendants deny any of the Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

---

[4] For simplicity and clarity's sake only, State Defendants use the headings and defined terms of Curling Plaintiffs' Second Amended Complaint as such are used therein. State Defendants do not waive or admit any material allegation in Curling Plaintiffs' Second Amended Complaint that Plaintiffs may contend are implied by such use, and all such claims to the contrary are expressly denied.

2.

State Defendants admit that Georgia currently has a paperless electronic voting system but otherwise deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

3.

State Defendants admit that Georgia currently uses direct record electronic ("DRE") machines in federal, state, and county. State Defendants otherwise deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

4.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

5.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

6.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

7.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

8.

Paragraph 8 of Curling Plaintiffs' Second Amended Complaint contains no allegations against State Defendants which require a response.  To the extent a response is required, State Defendants deny all allegations stated or implied in this Paragraph.

9.

Paragraph 9 of Curling Plaintiffs' Second Amended Complaint contains no allegations against State Defendants which require a response.  To the extent a response is required, State Defendants deny all allegations stated or implied in this Paragraph.

10.

Paragraph 10 of Curling Plaintiffs' Second Amended Complaint contains no allegations against State Defendants which require a response.  To the extent a response is required, State Defendants deny all allegations stated or implied in this Paragraph.

11.

State Defendant deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

**PLAINTIFFS**

12.

The allegations in this Paragraph are outside the scope of State Defendants'
knowledge and are therefore denied on that basis.

13.

The allegations in this Paragraph are outside the scope of State Defendants'
knowledge and are therefore denied on that basis.

14.

State Defendants state that all necessary examination duties were performed
pursuant to O.C.G.A. § 21-2-379.2(a) and a report on said examination was issued
on April 20, 2018.  State Defendants deny all other allegations stated or implied in
this Paragraph are denied.

15.

State Defendants deny the allegation that "CGG's members were subjected
to a system that violated their rights to vote in absolute secrecy and to have their
votes counted accurately." The remaining allegations in this Paragraph are outside
the scope of State Defendants' knowledge and are therefore denied on that basis.
Any other allegations stated or implied in this Paragraph are denied.

16.

State Defendants state that all necessary examination duties were performed pursuant to O.C.G.A. § 21-2-379.2(a) and a report on said examination was issued on April 20, 2018.  Curling Plaintiffs' allegation in this Paragraph regarding Plaintiff Price's intent to vote in future elections are outside the scope of State Defendants' knowledge and are therefore denied on that basis.  State Defendants deny all other allegations stated or implied in this Paragraph are denied.

17.

Curling Plaintiffs' allegation in this Paragraph regarding Plaintiff Schoenberg's intent to vote in future elections is outside the scope of State Defendants' knowledge and is therefore denied on that basis.  State Defendants deny all other allegations stated or implied in this Paragraph are denied.

18.

Curling Plaintiffs' allegation in this Paragraph regarding Plaintiff L. Digge's intent to vote in future elections is outside the scope of State Defendants' knowledge and is therefore denied on that basis.  State Defendants deny all other allegations stated or implied in this Paragraph are denied.

19.

Curling Plaintiffs' allegation in this Paragraph regarding Plaintiff W. Digge's intent to vote in future elections is outside the scope of State Defendants'

knowledge and is therefore denied on that basis.  State Defendants deny all other allegations stated or implied in this Paragraph are denied.

20.

Curling Plaintiffs' allegation in this Paragraph regarding Plaintiff Davis's intent to vote in future elections is outside the scope of State Defendants' knowledge and is therefore denied on that basis.  State Defendants state that all necessary examination duties were performed  pursuant to O.C.G.A. § 21-2-379.2(a) and a report on said examination was issued on April 20, 2018.  State Defendants deny all other allegations stated or implied in this Paragraph are denied.

21.

State Defendants admit that Plaintiff Terry was a candidate for the mayor of the City of Clarkston in DeKalb County in the November 7, 2017 municipal election and that Plaintiff Terry was re-elected.  State Defendants further state that pursuant to Georgia law, the City of Clarkston has the authority to determine the voting system to be used for the upcoming 2019 municipal elections in Clarkston.  Curling Plaintiffs' allegation in this Paragraph regarding Plaintiff Terry's intent to vote in future elections is outside the scope of State Defendants' knowledge and is therefore denied on that basis.  Paragraph 21's remaining statements are legal

conclusions as to Plaintiff Terry's standing that do not require a response.  State Defendants deny any of Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

## DEFENDANTS

### 22.

Defendant Raffensperger states that he serves as Secretary of State of Georgia, having taken office and replacing  Secretary Robyn A. Crittenden on or about January 14, 2019.  The remainder of Paragraph 22 of Curling Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  State Defendants deny any of Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 23.

State Defendants admit David J. Worley, Rebecca N. Sullivan and Seth Harp are members of the State Election Board.  The remainder of Paragraph 23 of Curling Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  State Defendants deny any of Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

24.

Paragraph 24 of Curling Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  State Defendants deny any of Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

25.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

26.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied..

27.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied..

28.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

29.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied. t.

30.

 This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

31.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent

that a response is required, any and all allegations stated or implied in this

Paragraph against State Defendants are denied.

32.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-

defendant in this action and therefore does not require a response. To the extent

that a response is required, any and all allegations stated or implied in this

Paragraph against State Defendants are denied.

33.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-

defendant in this action and therefore does not require a response. To the extent

that a response is required, any and all allegations stated or implied in this

Paragraph against State Defendants are denied.

34.

State Defendants deny the allegations contained in this Paragraph of Curling

Plaintiffs' Second Amended Complaint.  State Defendants further state that

Defendant Merle King was dismissed from this action on June 13, 2019. [Doc.

225].

## I.   JURISDICTION AND VENUE

### 35.

State Defendants admit that this action was removed on the basis of Federal Question jurisdiction under 28 U.S.C. § 1331.  Paragraph 35 of Curling Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  State Defendants deny any of Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 36.

Paragraph 36 of Curling Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  State Defendants deny any of Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 37.

Paragraph 37 of Curling Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  State Defendants deny any of Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

## II.   FACTUAL BACKGROUND

**A.    Georgia's Voting System is Fundamentally Flawed and Vulnerable.**

38.

State Defendants admit Georgia's Voting System uses "DRE voting computers" but denies the remaining allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

39.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

40.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

41.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

**B.    The Exposure and Breaches of Georgia's Electronic Voting System Have Been Undeniably Established.**

42.

The allegations in this Paragraph concerning Lamb's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and

are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

43.

The allegations in this Paragraph concerning Lamb's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

44.

There are no allegations contained in Paragraph 44 to which a response is required.  To the extent a response is required, State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

**C.    The Defendants' Unwillingness to Recognize and Respond to the Problems.**

45.

The allegations in this Paragraph concerning Lamb's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

46.

This Paragraph of Curling Plaintiffs' Second Amended Complaint refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document.  State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

**D.    The Consequences of Georgia's Failure to Act.**

47.

The allegations in this Paragraph concerning Grayson's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

48.

The allegations in this Paragraph concerning Grayson's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

49.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' former co-defendant in this action and therefore does not require a response. This Paragraph of Curling Plaintiffs' Second Amended Complaint refers to a document which speaks for itself. State Defendants deny any of Plaintiffs' characterizations of said document. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

50.

State Defendants admit that four electronic pollbooks and memory cards were stolen in Cobb County. This Paragraph of Curling Plaintiffs' Second Amended Complaint refers to a document which speaks for itself. State Defendants deny any of Plaintiffs' characterizations of said document. All other allegations stated or implied by this Paragraph are denied.

51.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

52.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

**E.    Discrepancies in the Election Returns and the Denial of a Right to Recanvass.**

53.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

54.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

55.

The allegations in this Paragraph are outside the scope of State Defendant's knowledge and are therefore denied on that basis.

56.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

57.

State Defendants admit then-Secretary, now Governor, Kemp certified the

Runoff election result but deny the remaining allegations contained in this

Paragraph of Curling Plaintiffs' Second Amended Complaint.

### III.   CLAIMS

### COUNT I: VIOLATION OF FUNDAMENTAL RIGHT TO VOTE UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT AND 42 U.S.C. § 1983

**(All Plaintiffs against All Defendants in their Official and Individual Capacities, except State Board, Fulton Board, DeKalb Board, and Cobb Board)**

58.

State Defendants incorporate by reference and reallege their responses to

Curling Plaintiffs' preceding allegations as if fully restated herein.

59.

This Paragraph of Curling Plaintiffs' Second Amended Complaint contains a

legal conclusion that does not require a response. State Defendants deny any of

Curling Plaintiffs' characterizations of the law, and all other allegations stated or

implied in this Paragraph are denied.

60.

This Paragraph of Curling Plaintiffs' Second Amended Complaint contains a

legal conclusion that does not require a response. State Defendants deny any of

Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

61.

State Defendants deny the allegations contained in this Paragraph and all of its subparts of Curling Plaintiffs' Second Amended Complaint.

62.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

63.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

64.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

65.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint and deny Curling Plaintiffs are entitled to any relief whatsoever.

**COUNT II: VIOLATION OF FUNDAMENTAL RIGHT TO VOTE UNDER
THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT AND
OF 42 U.S.C. § 1983**

**(Denial of Equal Protection to DRE Voters)**
**(All Plaintiffs against All Defendants in their Official and Individual
Capacities, except State Board, Fulton Board, DeKalb Board, and Cobb
Board)**

66.

State Defendants incorporate by reference and reallege their responses to

Curling Plaintiffs' preceding allegations as if fully restated herein.

67.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does

not require a response. State Defendants deny any of Plaintiffs' characterizations

of the law, and all other allegations stated or implied in this Paragraph are denied.

68.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does

not require a response. State Defendants deny any of Plaintiffs' characterizations

of the law, and all other allegations stated or implied in this Paragraph are denied.

69.

State Defendants admit that in the Relevant Previous Elections, electors

could vote using the DRE System or by using paper ballots, according to state law.

All other allegations stated or implied in this Paragraph are denied.

70.

State Defendants admit the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

71.

State Defendants admit DRE ballots are counted electronically and admit that the DRE system "Provide[s] a reasonable and adequate method for voting by which Georgia electors' votes would be accurately counted."  State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

72.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

73.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

74.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

75.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

76.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

77.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

78.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

79.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint.

80.

State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Second Amended Complaint and deny Curling Plaintiffs are entitled to any relief whatsoever.

## COUNT III

Curling Plaintiffs dismissed Count III, *see* [Doc. 222, p. 5], and as such, a response to the allegations contained in Paragraphs 81 through 88 is not required.  To the extent a response is required, all allegations stated or implied in Count III are denied.

## COUNT IV

Curling Plaintiffs dismissed Count IV, *see* [Doc. 222, p. 5], and as such, a response to the allegations contained in Paragraphs 89 through 94 is not required. To the extent a response is required, all allegations stated or implied in Count IV are denied.

## COUNT V

Curling Plaintiffs dismissed Count V, *see* [Doc. 222, p. 5], and as such, a response to the allegations contained in Paragraphs 95 through 102 is not required.  To the extent a response is required, all allegations stated or implied in Count V are denied.

## COUNT VI

Curling Plaintiffs dismissed Count VI, *see* [Doc. 222, p. 5], and as such, a response to the allegations contained in Paragraphs 103 through 112 is not

required.  To the extent a response is required, all allegations stated or implied in Count VI are denied.

## COUNT VII

Curling Plaintiffs dismissed Count VII, *see* [Doc. 222, p. 5], and as such, a response to the allegations contained in Paragraphs 113 through 125 is not required.  To the extent a response is required, all allegations stated or implied in Count VII are denied.

## COUNT VIII

Curling Plaintiffs dismissed Count VIII, *see* [Doc. 222, p. 5], and as such, a response to the allegations contained in Paragraphs 126 through 137 is not required.  To the extent a response is required, all allegations stated or implied in Count VIII are denied.

## COUNT IX

This Court dismissed Count IX as improper, *see* [Doc. 375, p. 59-61], and as such, a response to the allegations contained in Paragraphs 138 through 144 is not required.  To the extent a response is required, all allegations stated or implied in Count IX are denied.

## COUNT X

Curling Plaintiffs dismissed Count X, *see* [Doc. 222, p. 5], and as such, a response to the allegations contained in Paragraphs 145 through 154 is not required.  To the extent a response is required, all allegations stated or implied in Count X are denied.

## COUNT XI

Curling Plaintiffs dismissed Count XI, *see* [Doc. 222, p. 5], and as such, a response to the allegations contained in Paragraphs 155 through 162 is not required.  To the extent a response is required, all allegations stated or implied in Count XI are denied.

## PRAYER FOR RELIEF

State Defendants deny that Curling Plaintiffs are entitled to any relief they seek.  State Defendants deny every allegation not specifically admitted herein.

Respectfully submitted this 4th day of June, 2019.

ROBBINS ROSS ALLOY
BELINFANTE
LITTLEFIELD LLC

*/s/ Vincent R. Russo*
Vincent R. Russo
GA Bar No. 242628

Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson
Ga. Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
500 14th Street NW
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:    (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com
kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com


***TAYLOR ENGLISH DUMA LLP***
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing

STATE DEFENDANTS' ANSWER TO THE SECOND AMENDED

COMPLAINT has been prepared in Times New Roman 14-point, a font and type

selection approved by the Court in L.R. 5.1(B).

*/s/ Vincent R. Russo*

Vincent R. Russo
GA Bar No. 242628

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day, I electronically filed the foregoing STATE

STATE DEFENDANTS' ANSWER TO THE SECOND AMENDED

COMPLAINT with the Clerk of Court using the CM/ECF system, which will

automatically send counsel of record e-mail notification of such filing.

This 4TH day of June, 2019.

*/s/ Vincent R. Russo*
Vincent R. Russo
GA Bar No. 242628