## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al.,    ) | |
|      ) | |
|    Plaintiff,    ) | |
|      ) | CIVIL ACTION FILE |
| vs.    ) | NO. 1:17-cv-2989-AT |
|      ) | |
| BRAD RAFFENSPERGER, et al.,    ) | |
|      ) | |
|    Defendant.    ) | |

## STATE DEFENDANTS' INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26.1, Defendant Brad Raffensperger in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia; David J. Worley, Rebecca N. Sullivan, Anh Le, and Seth Harp, in their individual capacities and as members of the State Election Board, and the State Election Board of Georgia (collectively, the "State Defendants") submit the following initial disclosures, which are based on the information currently available to the State Defendants, who reserve the right to amend, supplement, or change these Initial Disclosures if and when new, additional, or different information becomes available.

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended**

**summons and complaint reflecting the information furnished in this disclosure response.**

The State Defendants are properly identified.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

The State Defendants contend that each of the election boards of Georgia's 159 counties and the comparable bodies for each Georgia municipality that utilizes Direct Recording Electronic machines ("DREs") is a necessary party to this action, and, at this time, the Fulton County Board is the only such entity that is a party. Plaintiffs seek statewide injunctive relief that includes barring counties and municipalities from using DREs in upcoming local elections and additionally requires the procurement of new machines, ballot systems, and other hardware and software.  The State Defendants cannot provide this relief, because they do not dictate whether municipalities use DREs in their elections.  State Defendants further do not have the statutory of constitutional authority to require the expenditure of local taxpayer money for Plaintiffs' preferred voting method.

**(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

The State Defendants incorporate by reference their latest Motion to Dismiss and supporting brief [Doc. 234 and 234-1] as well as their answers to Plaintiffs' most-recent complaints [Doc. 396 and 397].

Plaintiffs seek to deem an entire class of voting equipment unconstitutional and to further declare that the only constitutionally permissible method of voting is by "hand-marked paper ballot." Such relief has no basis in precedent. Plaintiffs seek the power of the Court to usurp the authority of the Georgia General Assembly without a showing that anyone has violated the security of the State's DREs in connection with the November 2018 election—this requested relief further calls into question the sovereignty of the state to select its own voting methods.

The State Defendants currently have not asserted any counterclaims or crossclaims.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

State Defendants believe the legal authorities listed below are applicable to this action, but they do not intend this list to be exhaustive. State Defendants reserve the right to rely upon applicable judicial decisions, statutes, and other authorities relevant to the issues in this case that are not cited below and/or discovered later.

- The Fourteenth Amendment to the United States Constitution

- Article 2, § 1, Para. 1 of the Georgia Constitution

- 42 U.S.C. § 1983

- O.C.G.A. § 21-2-1 *et seq.*

- *Batson v. Kentucky*, 476 U.S. 79 (1986)

- *Daniels v. Williams*, 474 U.S. 327 (1986)

- *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985)

- *Parratt v. Taylor*, 451 U.S. 527 (1981)

- *Massachusetts v. Feeney*, 442 U.S. 256 (1979)

- *Castaneda v. Partida*, 430 U.S. 482 (1977)

- *Reynolds v. Sims*, 377 U.S. 533 (1964)

- *Wells v. Columbus Tech. College*, 510 F.App'x 893 (11th Cir. 2013)

- *Doe v. Fla. Bar*, 630 F.3d 1336 (11th Cir. 2011)

- *Griffin Indus. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007)

- *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007)

- *Cotton v. Jackson*, 216 F.3d 1328 (11th Cir. 2000)

- *Burton v. City of Belle Glade*, 178 F.3d 1175 (11th Cir. 1999)

- *Cryder v. Oxendine*, 24 F.3d 175 (11th Cir. 1994)

- *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994)

- *Burton v. Georgia*, 953 F.2d 1266 (11th Cir. 1992)

- *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987)

- *Shannon v. Jacobowitz*, 394 F.3d 90 (2d Cir. 2005)

- *Gamza v. Aguirre*, 619 F.2d 449 (5th Cir. 1980)

- *Bodine v. Elkhart Cty. Election Bd.*, 788 F.2d 1270 (7th Cir. 1986)

- *Hennings v. Grafton*, 523 F.2d 861 (7th Cir. 1975)

- *Pettengill v. Putnam Cty. R-1 Sch. Dist.*, 472 F.2d 121 (8th Cir. 1973)

- *Lathrop v. Deal*, 301 Ga. 408 (2017)

- *Favorito v. Handel*, 285 Ga. 795 (2009)

- *Cameron v. Lang*, 273 Ga. 122 (2001)

- *Johnson v. Randolph*, 301 Ga. App. 265 (2009)

- *Andrade v. NAACP of Austin*, 345 S.W.3d 1 (Tex. 2011)

- The authorities cited in the State Defendants latest Motion to Dismiss and supporting brief [Doc. 234 and 234-1]

**(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Please refer to Attachment A.

**(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all**

-5-

**experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

State Defendants have not engaged any expert witnesses for this litigation to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence at this time.  State defendants will supplement this response in accordance with any applicable scheduling order of the Court or other applicable rules if and when State Defendants identify a testifying expert witness.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

State Defendants currently plan to use publicly available information to support their defenses, including publicly available reports and data summaries from the Office of the Secretary of State of Georgia regarding voting in the 2018 election.  That information already is or soon will be in Plaintiffs' possession.  Because discovery only recently commenced and the State Defendants are not certain of the evidence Plaintiffs will present, Defendants reserve the right to supplement this response during or following discovery in this matter.

**(8)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered,**

making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.

State Defendants are not claiming any damages at this time other than their attorney fees and costs of this litigation; however, they reserve the right to supplement this response as additional facts are uncovered during discovery in this matter.

**(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.**

State Defendants deny that they are liable to Plaintiffs in this civil action, and State Defendants deny that Plaintiffs are entitled to recover any damages.  Subject to the foregoing, State Defendants presently do not contend that some other person or legal entity is liable, in whole or in part, to any Plaintiff in this matter.

**(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

Not applicable.

This 24th day of June, 2019.

ROBBINS ROSS ALLOY BELINFANTE
LITTLEFIELD LLC

*/s/ Vincent R. Russo*

Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey Miller
GA Bar No. 976240
Kimberly Anderson
GA Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
500 14th Street NW
Atlanta, GA  30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
kanderson@robbinsfirm.com
cmiller@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com

TAYLOR ENGLISH DUMA LLP
Bryan P. Tyson
GA Bar No. 515411
Bryan F. Jacoutot
GA Bar No. 668272
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
(770) 434-6868
btyson@taylorenglish.com
bjacoutot@taylorenglish.com

*Attorneys for Defendants*

## <u>ATTACHMENT A</u>

- Michael Barnes:
  - Director of the Center for Election Systems in the Office of the Secretary of State for the State of Georgia
  - Can testify about the role of the Office of the Secretary of State for the State of Georgia in elections in the State of Georgia
  - May be contacted through counsel for the State Defendants
- Merritt Beaver:
  - Chief Information Officer in the Office of the Secretary of State for the State of Georgia
  - Can testify about the role of the Office of the Secretary of State for the State of Georgia in elections in the State of Georgia
  - May be contacted through counsel for the State Defendants
- Chris Harvey:
  - Elections Director in the Office of the Secretary of State for the State of Georgia
  - Can testify about the role of the Office of the Secretary of State for the State of Georgia in elections in the State of Georgia
  - May be contacted through counsel for the State Defendants
- Any witness, declarant, affiant, or other person any other party to this case identifies as having information relevant to the case

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I filed the foregoing **STATE DEFENDANTS' INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 24th day of June, 2019.

*/s/ Vincent R. Russo*
Vincent R. Russo
