IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on the parties' Consolidated Discovery Statements [Docs. 416, 429, 440, 441] regarding Plaintiffs' discovery requests related to the State's GEMS database and server and the terms of a prosed protective order.[1]

Plaintiffs request that the State produce electronic copies of the GEMS databases for the November 6, 2018 election, including both the election configuration version sent to each Georgia county prior to an election and the completed version the counties sent back after the election to the Secretary, as well

---

[1] Defendants filed Doc. 440 under seal pursuant to the Court's instructions during the June 29, 2019 telephone conference but indicate they have no objection to the document being filed publicly. Accordingly, the Court **DIRECTS** the Clerk to unseal Doc. 440.

as passwords necessary to access the Databases.[2] The State Defendants object to the request based on the assertion that disclosure of sensitive and secure information in the GEMS database could jeopardize election system security. Defendants further contend that any information related to the GEMS database and GEMS server that is produced must be subject to an "Attorney's Eyes Only" designation, and should not be disclosed to any of the Plaintiff-parties in this case.[3]

An analysis of the GEMS database is highly relevant to Plaintiffs' claims, as Plaintiffs' experts contend that such an analysis is a necessary first step in evaluating security vulnerabilities and flaws in the State's GEMS system which have an actual impact on voting tabulations.

During the June 29, 2019 telephone conference regarding this dispute, the Court asked that the State consider providing Plaintiffs with access to a mirror image of the GEMS database at the Secretary of State's secure facility as a compromise to allow Plaintiffs to conduct their evaluation while addressing the State's security concerns. The Curling Plaintiffs and their expert indicated in the telephone conference that this was a reasonable work-around and they could perform the analysis under these conditions. (Tr., Doc. 438 at 40-44.) While the State has agreed to a variation of this proposal in response to the Court's request, Plaintiffs insist that the GEMS database should be produced immediately without

---

[2] Plaintiffs have also requested that the State Defendants produce a forensic image of the GEMS server. In their most recent discovery filing (Doc. 441), Plaintiffs have indicated they wish to first proceed with a review of the GEMS database.
[3] Defendants agree this designation would encompass a review by Plaintiffs' experts.

restriction on a CD and should not be subject to any security protocols because it is not confidential.

The Court is inclined to allow Plaintiffs' discovery request for production of the GEMS database under the proposal generally outlined in the State's filing at Doc. 440.  It appears to the Court, however, that some of the State's conditions may be too restrictive to afford a meaningful review of the information in the database.  Accordingly, the Court **DIRECTS** Plaintiffs to identify what conditions, if any, they contend will severely impair their ability to perform the necessary examination of the information in the database and their proposed alternatives.

The Court is also inclined to grant an "Attorney's Eyes Only Plus Experts" designation for the GEMS database production at least until the June 25, 2019 injunction hearing, at which time the Court can address the confidentiality issues further once the information has been made available.  As the Coalition Plaintiffs have indicated that Plaintiff William Digges III, who has substantial database experience, was expected to lead the Coalition Plaintiffs' review of the database, the Court **DIRECTS** the Coalition Plaintiffs to identify and explain in detail the nature of Mr. Digges expertise, employment, and his expected role in the review.

For any documents produced by the Counties or municipalities in response to Plaintiffs' Georgia Open Records Act requests that the State intends to retroactively or prospectively designate as "confidential," Plaintiffs may share the

documents with both their experts[4] and the lead Plaintiff-parties in this case if the individual Plaintiffs execute an agreement requiring them to maintain the confidentiality of those documents.  Plaintiffs may lodge objections to the confidentiality designation of any documents and the Court will resolve all timely objections the week of the July 25, 2019 hearing.  However, the Court encourages the parties to resolve the objections to the greatest extent feasible before that time.  Any objections and requests for the Court to rule on the confidentiality designations must be filed on the docket **NO LATER THAN JULY 17, 2019**.

The Court **DIRECTS** the parties to immediately confer to discuss whether an agreement can be reached regarding the State's proposed conditions for the GEMS database examination.  If no agreement is reached, Plaintiffs shall file the requested information **NO LATER THAN 4:00 PM WEDNESDAY, JULY 3, 2019** and Defendants shall file their Response, if any, **NO LATER THAN 2:00 PM FRIDAY, JULY 5, 2019**.

**IT IS SO ORDERED** this 2nd day of July, 2019.

_____
**Amy Totenberg**
**United States District Judge**

---

[4] If the Plaintiffs plan to call any other experts in addition to the data system experts, Plaintiffs are authorized to share the documents from the counties and municipalities with these experts, provided the experts agree to the confidentiality provisions.

4