# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al.,           ) | |
| ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 1:17-cv-02989-AT |
| BRAD RAFFENSPERGER, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COALITION PLAINTIFFS' INITIAL DISCLOSURES

1.     State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs' contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

> Plaintiffs seek to enjoin the State of Georgia from using unsecure voting machines and systems in the state in violation of law and Plaintiffs' constitutional rights.

2.     Describe in detail all statutes, codes, regulations, legal principles, standards and customers or usages, and illustrative case law, which plaintiff contends are applicable to this action.

> U.S. Const. amend. XIV, §2; 42 U.S.C. § 1983; Ga. Const. Art. II § Par. 1; O.C.G.A. §§ 9-6-20; 10-1-911; 10-1-912; 21-2-281; 21-2-334; 21-2-366; 21-2-379.1-.12; Ga. Comp. R. & Regs. 183-1-12-.02(7)(a); Ga. Comp. R. & Regs. 590-8-1-.01(a)(3).  For illustrative case law, Coalition Plaintiffs point to what is cited and discussed in their opposition to Defendants' motion to dismiss, the briefing on their two motions for preliminary injunction, and their opposition to State Defendants' appeal to the Eleventh Circuit as well

as to the orders of the District Court and the Eleventh Circuit on the corresponding motions and appeal.

3.      Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

> Please see Attachment A.  Coalition Plaintiffs reserve the right to supplement this list as discovery progresses.

4.      Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.).

> Please see Attachment B.  Plaintiffs may call one or more of the following expert witnesses to the hearing, who have already provided information by declaration.  *See*, *e.g.*, Doc. 442 at 197, Doc. 413 at 219-287.  Coalition Plaintiffs reserve the right to continue to identify experts and provide the required corresponding disclosures at the appropriate time in accordance with the Scheduling Order entered in this case.

5.      Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.).

> Coalition Plaintiffs have not yet completed their investigation of the facts underlying this lawsuit and discovery has just begun. Therefore, Coalition Plaintiffs' disclosures are based solely on the information reasonably available at the present time and are submitted without prejudice to Coalition Plaintiffs' right to supplement this disclosure and present additional evidence in any filing or proceeding, including but not limited to trial. Coalition Plaintiffs reserve the right to disclose additional information or to supplement these disclosures as newly-discovered information becomes

available.

6.     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.).

> Coalition Plaintiffs seek no monetary damages, but reserve the right to seek fees and costs, which will be calculated at the appropriate time based on work performed as of that time.

7.     Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.).

> Coalition Plaintiffs are not aware of any such insurance agreement.

8.     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

> Coalition Plaintiffs are not aware of any person with subrogation interest in this matter.

## Coalition Plaintiffs – Attachment A

### I.      PRELIMINARY STATEMENT

Coalition Plaintiffs have not yet completed their investigation of the facts underlying this lawsuit and discovery has just begun.  Therefore, Coalition Plaintiffs' disclosures are based solely on the information reasonably available at the present time and are submitted without prejudice to Coalition Plaintiffs' right to supplement this disclosure and present additional evidence in any filing or proceeding, including but not limited to trial.  Coalition Plaintiffs reserve the right to disclose additional information or to supplement these disclosures as newly-discovered information becomes available.

### II.     INDIVIDUALS LIKELY TO HAVE DISCOVERABLE
###         INFORMATION

| Name and Contact Information | Subject of Information |
|---|---|
| **Marilyn Marks** <br> Contact through counsel | Experience with election security and oversight and ballot secrecy issues. |
| **Laura Digges** <br> Contact through counsel | Experience voting in Georgia elections. |
| **William Digges III** <br> Contact through counsel | Experience voting in Georgia elections. |
| **Ricardo Davis** <br> Contact through counsel | Experience voting in Georgia elections. |
| **Megan Missett** <br> Contact through counsel | Experience voting in Georgia elections. |
| **Jeanne Dufort** <br> Contact through counsel | Ballot secrecy issues and experience voting in Georgia elections. |
| **Rhonda Martin** <br> Contact through counsel | Failure of State Board or Fulton Board to address security issues in meetings. |
| **Pride Forney** <br> Contact through counsel | Experience voting in Georgia elections. |
| **Richard Barron** | Election security and administration and feasibility of paper ballots |
| **Chris Harvey** | Election security and administration and feasibility of paper ballots. |
| **Brian Kemp** | Election security and administration and feasibility of paper ballots. |

| | |
|---|---|
| **Robyn Crittenden** | Election security and administration and feasibility of paper ballots. |
| **Brad Raffensperger** | Election security and administration and feasibility of paper ballots. |
| **Jordan Fuchs** | Election security and administration and feasibility of paper ballots. |
| **Merritt Beaver** | Election security and administration and feasibility of paper ballots. |
| **Jennifer Doran** | Election security and administration and feasibility of paper ballots. |
| **Merle King** | Election security and administration and spoliation. |
| **Stephen Gay** | Election security and administration and spoliation. |
| **Steven Dean** | Election security and administration and spoliation |
| **Christopher Grayson** | Election security and administration and spoliation |
| **Logan Lamb** | Election security and administration and spoliation. |
| **Andrew Green** | Election security and administration and spoliation. |
| **Jeff Millstein** | Election security and administration and spoliation. |
| **Michael Barnes** | Election security and administration, feasibility of paper ballots, and spoliation. |
| **Chris Gaddis** | Election security and administration and feasibility of paper ballots. |
| **Marion Warren** | Election security and administration and feasibility of paper ballots. |
| **Lynn Ledford** | Election security and administration and feasibility of paper ballots. |
| **Joseph Kirk** | Election security and administration and feasibility of paper ballots. |
| **Robert Ingram** | Election security and administration and feasibility of paper ballots. |
| **Candice Broce** | Procedures and responses by the Georgia Secretary of State's Office. |

| | |
|---|---|
| **Open Records Officer, Georgia Secretary of State's office** | Responses to open records requests related to electronic voting systems |
| **SAFE Commission Members** | |
| **Wenke Lee** | Election security and feasibility of paper ballots. |
| **Vincent Russo** | Election security and feasibility of paper ballots. |
| **Michael Jablonski** | Election security and feasibility of paper ballots. |
| **H. Maxine Daniels** | Election security and feasibility of paper ballots. |
| **Cynthia Welch** | Election security and feasibility of paper ballots. |
| **Amy Howell** | Election security, voter accessibility, and feasibility of paper ballots. |
| **Barry A. Fleming** | Election security and feasibility of paper ballots. |
| **Brian Strickland** | Election security and feasibility of paper ballots. |
| **Lynn Bailey** | Election security and feasibility of paper ballots. |
| **James "Jimmy" McDonald** | Election security and feasibility of paper ballots. |
| **James Beverley** | Election security and feasibility of paper ballots. |
| **Lester Jackson** | Election security and feasibility of paper ballots. |
| **Nancy Boren** | Election security and feasibility of paper ballots. |
| **Deidre Holden** | Election security and feasibility of paper ballots. |
| **Darin McCoy** | Election security and feasibility of paper ballots. |
| **Cynthia Willingham** | Election security and feasibility of paper ballots. |
| **Sheila Ross** | Election security and feasibility of paper ballots. |
| **John Monds** | Election security and feasibility of paper ballots. |

**Coalition Plaintiffs – Attachment B**

## I.     PRELIMINARY STATEMENT

Plaintiffs may call one or more of the following expert witnesses to the hearing.  These experts have already provided information by declaration.  *See*, *e.g.*, Doc. 442 at 197, Doc. 413 at 219-287.  Coalition Plaintiffs reserve the right to continue to identify experts and provide the required corresponding disclosures at the appropriate time in accordance with the Scheduling Order entered in this case.

## II.    INDIVIDUALS PLAINTIFFS MAY CALL AS EXPERT WITNESSES.

| Experts | |
|---|---|
| **Matt Bernhard**<br>Contact through counsel | Voting system science and cybersecurity consultant to provide information on election security and potential issues with Georgia's voting system.  *See*, *e.g.*, Declaration, July 1, 2019 [Doc. 442 at 197]; Declaration, Aug 3, 2018 [Doc. 258-1 ¶ 33-42]. |
| **Amber McReynolds**<br>Contact through counsel | Former Colorado election official to provide information on feasibility of conducting Georgia elections on an auditable and verifiable paper ballot voting system.  *See*, *e.g.*, Declaration, June 19, 2019 [Doc. 413 at 219]; Declaration, Aug. 20, 2018 [Doc. 277 at 93]. |
| **Candice Hoke**<br>Contact through counsel | Former law professor and expert on election security to provide information on the feasibility and security benefits of conducting Georgia elections on an auditable and verifiable paper ballot. Declaration, June 19, 2019 [Doc. 413 at 237]; Declaration, Sept. 13, 2018 [Doc. 304-1]. |

| Virginia Martin<br>Contact through counsel | Election official to provide information on ability of hand-marked paper ballot system to mitigate problems of long lines and potential voter disenfranchisement, and provide election security.  *See*, *e.g.*, Declaration, June 19, 2019 [Doc. 413 at 270]; Declaration, Aug. 20, 2018 [Doc. 277 at 81]. |
| --- | --- |

Respectfully submitted this 3ʳᵈ day of July, 2019.

*/s/ Bruce P. Brown*          */s/ Robert A. McGuire, III*
Bruce P. Brown                     Robert A. McGuire, III
Georgia Bar No. 064460      Admitted Pro Hac Vice
BRUCE P. BROWN LAW LLC       (ECF No. 125)
1123 Zonolite Rd. NE           ROBERT MCGUIRE LAW FIRM
Suite 6                              113 Cherry St. #86685
Atlanta, Georgia 30306        Seattle, Washington 98104-2205
(404) 881-0700                    (253) 267-8530

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges, Ricardo Davis and Megan Missett*

*/s/ John Powers*
John Powers
David Brody
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for the Coalition Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a font size of 14.

*/s/ John Powers*
John Powers
Lawyers' Committee for Civil Rights
Under Law

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day caused the foregoing to be served upon all other parties in this action by via electronic delivery using the PACER-ECF system.

This 3rd day of July, 2019.

<div style="margin-left: 40%">

*/s/ John Powers*
John Powers
Lawyers' Committee for Civil Rights
Under Law

</div>