IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COALITION FOR GOOD GOVERNANCE, ET AL., | * * * | |
| Plaintiff, | * * | CIVIL ACTION NO.: 1:17-CV-2989-AT |
| v. | * * | |
| BRAD RAFFENSPERGER, ET AL., | * * * | |
| Defendant. | * | |

**OBJECTION OF NON-PARTY ROBERT INGRAM, HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION TO ATTEND DEPOSITION AND PRODUCE DOCUMENTS FROM COALITION FOR GOOD GOVERNANCE
AND/OR
REQUEST FOR MODIFICATION AND CLARIFICATION OF NON-PARTY'S HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION ATTENDANCE OF DEPOSITION AND PRODUCTION OF DOCUMENTS FROM COALITION FOR GOOD GOVERNANCE**

COMES NOW, ROBERT INGRAM, HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION by and through legal counsel for HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION AND ITS MEMBERS, and makes this objection to Plaintiff COALITION FOR GOOD GOVERNANCE, ET AL., Subpoena to testify at Deposition in a Civil Action and Produce Documents as follows:

1.

On June 26, 2019, Robert Ingram, HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION was served with a Subpoena to Testify at Deposition in a Civil Action containing a demand for Production of Documents. (See Exhibit "A" attached hereto and incorporated herewith).

2.

HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION was created by local legislation pursuant to Senate Bill 173 in 2011 with an amendment in December 2017 to change the method of appointing the Chairperson.

3.

Robert Ingram is the Vice Chairperson for the HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION.

4.

Robert Ingram was not served as an individual and does not have private access nor can speak to the documents requested in the Subpoena.

5.

At a called meeting on July 1, 2019, the Board by unanimous vote designates John Reid, Elections Supervisor, to represent the Board at the Deposition and gather relevant documents. The authority for Board's decision is O.C.G.A. § 30(b)(6) as the subpoena was directed to an organization that is a governmental agency.

6.

By email, phone calls and correspondence, counsel for HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION AND ITS MEMBERS, informed Plaintiffs' counsel that Rule 30 and Rule 45 permits an organization to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on behalf of the matters set forth in the production request.

7.

The Subpoena commands the deponent to attend the deposition at a location no longer housed by the HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION or owned by Hancock County. As of date of this objection, no room has been reserved at the designated location.

8.

HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION AND ITS MEMBERS has been cooperative in attempts to inform counsel that Robert Ingram is not duly authorized to testify as a non-party on behalf of the Board.

9.

If ROBERT INGRAM was intended as a deponent not representing the Board, he was improperly served. Further, he can not speak to the items requested. Despite requests, counsel for Plaintiff can not provide a definitive reason as to why Robert Ingram is instrumental for the deposition.

10.

Insistence of Robert Ingram to attend the non-party deposition, despite the Board's attempt to provide a deponent with proper knowledge and access to the documents requested, subjects him to an undue burden and is harassment since individual members of the Board must obtain any documents through open record requests.

11.

Mr. Robert Ingram can not speak to the documents or certify the authenticity of the documents, the Elections Supervisor, John Reid, as designated by the Board, is the proper deponent.

12.

The Notice of Deposition filed on July 2 by plaintiff is misleading as it does not mirror the actual subpoena. The second Notice of Deposition filed on July 9th does not mirror the subpoena served and merely changed the

reference Rule from Rule 30 to Rule 45 which is illogical in light of interconnection of the Rules. Rule 45 speaks to the method of compelling testimony and Rule 30 speaks to Oral Depositions.

13.

The subpoena enumerates 5 categories of documents to be produced, to wit:

1. Instructions, bulletins, electronic updates, communications, or other documents received from the Georgia Secretary of State's office after June 1, 2018 relating to or describing any additional, improved, or changed DRE voting system security requirements or enhancements.

2. Complaints, comments, and other communications received from any voter, poll worker, or Hancock County staff member regarding any voting system or DRE machine irregularities or malfunctions since October 1, 2015.

3. Complaints, comments, and other communications received from any voter, poll worker, or Hancock County Staff member regarding inaccuracies in voter information in the electronic pollbooks since October 1, 2018.

4. Documents or reports reflecting the number of provisional ballots counted, partially counted, and rejected in the November 6, 2018 election.

5. A copy of the intergovernmental agreements concerning the Hancock County Board of Elections and Registration and the City of Sparta and the conduct of municipal elections since January 1, 2015.

14.

The non-party Board and its members intend to comply with Subpoena with all items in possession of the Board, by virtue of its

Supervisor Reid, who has knowledge and possession of requested items except Item enumerated 3 for which no items have been located.

WHEREAS, ROBERT INGRAM, HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION respectfully requests, the Court permits the organization's designee to attend the deposition and relieve Robert Ingram in any capacity from attendance. Alternatively, Plaintiff should be required to conform the subpoena and include the topics of discussion for the non-party desired.

Respectfully submitted,

Andrea Grant, Attorney for ROBERT INGRAM, HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION
GEORGIA BAR NUMBER 619471
andreagna@bellsouth.net

LAW OFFICE OF ANDREA GRANT, LLC
504 Bowers Street
Royston, GA 30577
706-245-9293

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Coalition for Good Governance, et al.<br>*Plaintiff*<br>v.<br>Brad Raffensperger, et al.<br>*Defendant* | ) ) ) ) ) ) Civil Action No. 1:17-cv-2989-AT |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Robert Ingram, Hancock County Board of Elections and Registration, 522 Dunn Road, Sparta, Ga 31087

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hancock County Board of Elections and Registration office, 10571 Hwy 15 N, Sparta, GA 31087 | Date and Time:<br>07/12/2019 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and/or video means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/25/2019

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Coalition for Good Governance et al., who issues or requests this subpoena, are:
John Powers, Lawyers' Committee for Civil Rights Under Law, 1500 K St NW, Washington, DC 20005 (202) 662-8389

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).