IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-CV-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, : | |
| : | |
| Defendants. : | |

## **ORDER**

This matter is before the Court on the Parties' Consolidated/Joint Discovery Statement on the Need for Production of Dr. Halderman's Memory Card [Doc. 487].

The State Defendants request that this Court order Dr. Halderman to produce a copy of the memory card containing his "demonstration vote-altering malware," asserting that "examination of the memory card and its components is critical for State Defendants and their experts to prepare their defense in this case." Although lawyers for the State Defendants contend in the discovery dispute filing that "State Defendants are able to provide secure facilities and protocols as effective, if not better than, those implemented by Curling Plaintiffs and Dr. Halderman for the GEMS database review," **they have not**: (i) identified who at the State would be responsible for implementing and enforcing the security

protocols, (ii) offered Affidavits from those individuals detailing the actual security protocols to be implemented, (iii) identified where the facilities would be located, or (iv) identified which "experts" will have access to the malware for examination (whether such experts include the IT representatives employed by the Secretary of State or the retained expert Dr. Shamos).

Accordingly, the Court **DIRECTS** the State Defendants to file a Notice and supporting Affidavits identifying and explaining the following **NO LATER THAN MIDNIGHT TONIGHT, JULY 16, 2019**: (i) the proposed location of a secure facility for storage and examination of the malware; (ii) details of the actual security protocols to be implemented; (iii) the names and professional backgrounds of the individuals responsible for implementing and enforcing the security protocols, (iv) the names and professional backgrounds of the experts who will have access to the malware for examination (whether such experts include the IT representatives employed by the Secretary of State or the retained expert Dr. Shamos) and whether they agree to sign confidentiality agreements and be bound by the terms of the Protective Order entered in this case; (v) whether the State Defendants are proposing to transmit a copy of the memory card contents to Dr. Shamos and how; and if so, (vi) the proposed arrangement for transmission/delivery of the memory card to Dr. Shamos and by whom.

The Court **DIRECTS** Plaintiffs to file any Reply, if necessary, **NO LATER THAN  1:00 PM, JULY 17, 2019**.

Finally, the Court **DIRECTS** the parties to identify for the Court any scheduling conflicts they each have tomorrow afternoon through 6:00 pm for a telephone conference if necessary.

**IT IS SO ORDERED** this 16th day of July, 2019.

_____
**Amy Totenberg**
**United States District Judge**