IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CURLING PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

> Plaintiffs seek to enjoin the State of Georgia from using unsecure voting machines and systems in the state in violation of law and Plaintiffs' constitutional rights.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

> U.S. Const. amend. XIV, §2; 42 U.S.C. § 1983; Ga. Const. Art. II § Par. 1; O.C.G.A. §§ 9-6-20; 10-1-911; 10-1-912; 21-2-281; 21-2-334; 21-2-366; 21-2-379.1-.12; Ga. Comp. R. & Regs. 183-1-12-.02(7)(a); Ga. Comp. R. & Regs. 590-8-1-.01(a)(3). For illustrative case law, Curling Plaintiffs point to that cited and discussed in their opposition to Defendants' motion to dismiss, the briefing on their two motions for preliminary injunction, and their opposition to State Defendants' appeal to the Eleventh Circuit as well as to the orders of the District Court and the Eleventh Circuit on the corresponding motions and appeal.

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support

your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

    Please see Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

    Please see Attachment B.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

> Curling Plaintiffs have not yet completed their investigation of the facts underlying this lawsuit and have barely commenced discovery. Therefore, Curling Plaintiffs' disclosures are based solely on the information reasonably available at the present time and are submitted without prejudice to Curling Plaintiffs' right to supplement this disclosure and present additional evidence in any filing or proceeding, including but not limited to trial. Curling Plaintiffs reserve the right to disclose additional information or to supplement these disclosures as newly-discovered information becomes available.
>
> At this time, Curling Plaintiffs identify the documents in their production labeled CURLING-001 as supporting the expert testimony of Dr. J. Alex Halderman.
>
> Curling Plaintiffs have not identified any other relevant documents, data compilations or other electronically stored information, or tangible things in Plaintiffs' possession, custody, or control given the claims and defenses in this case focus on Defendants' conduct.

(Rev. 03/01/11)        APP.B - 2

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

>Curling Plaintiffs seek no monetary damages, but reserve the right to seek fees and costs, which will be calculated at the appropriate time based on work performed as of that time.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

>Curling Plaintiffs are not aware of any such insurance agreement.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

>Curling Plaintiffs are not aware of any person with subrogation interest in this matter.

Dated: July 17, 2019                Respectfully submitted,

                                           */s/ David D. Cross*
                                           David D. Cross (*pro hac vice*)
                                           John P. Carlin (*pro hac vice*)
                                           Catherine L. Chapple (*pro hac vice*)
                                           Jane P. Bentrott (*pro hac vice*)
                                           Robert W. Manoso (*pro hac vice*)
                                           MORRISON & FOERSTER LLP
                                           2000 Pennsylvania Avenue, NW
                                           Suite 6000

Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
CChapple@mofo.com
JBentrott@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

## Curling Plaintiffs – Attachment A

### I. PRELIMINARY STATEMENT

Curling Plaintiffs have not yet completed their investigation of the facts underlying this lawsuit and has barely commenced discovery. Therefore, Curling Plaintiffs' disclosures are based solely on the information reasonably available at the present time and are submitted without prejudice to Curling Plaintiffs' right to supplement this disclosure and present additional evidence in any filing or proceeding, including but not limited to trial. Curling Plaintiffs reserve the right to disclose additional information or to supplement these disclosures as newly-discovered information becomes available.

### II. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

| Name and Contact Information | Subject of Information |
|---|---|
| **Donna Adams Curling** <br> Contact through counsel | Experience voting in Georgia elections. |
| **Donna Diane Price** <br> Contact through counsel | Experience voting in Georgia elections. |
| **Jeffrey Schoenberg** <br> Contact through counsel | Experience voting in Georgia elections. |
| **Rebecca Wilson** <br> Contact through counsel | Election security and administration and feasibility of paper ballots. |
| **Lowell Finley** <br> Contact through counsel | Election security and administration and feasibility of paper ballots. |
| **Richard Barron** | Election security and administration and feasibility of paper ballots. |
| **Chris Harvey** | Election security and administration and feasibility of paper ballots. |
| **Brian Kemp** | Election security and administration and feasibility of paper ballots. |

| | |
|---|---|
| **Brad Raffensperger** | Election security and administration and feasibility of paper ballots. |
| **Jordan Fuchs** | Election security and administration and feasibility of paper ballots. |
| **Merritt Beaver** | Election security and administration and feasibility of paper ballots. |
| **Merle King** | Election security and administration and spoliation. |
| **Stephen Gay** | Election security and administration and spoliation. |
| **Andrew Green** | Election security and administration and spoliation. |
| **Michael Barnes** | Election security and administration, feasibility of paper ballots, and spoliation. |
| **Chris Gaddis** | Election security and administration and feasibility of paper ballots. |
| **SAFE Commission Members** | |
| **Wenke Lee** | Election security and feasibility of paper ballots. |
| **Vincent Russo** | Election security and feasibility of paper ballots. |
| **Michael Jablonski** | Election security and feasibility of paper ballots. |
| **H. Maxine Daniels** | Election security and feasibility of paper ballots. |
| **Cynthia Welch** | Election security and feasibility of paper ballots. |
| **Amy Howell** | Election security, voter accessibility, and feasibility of paper ballots. |
| **Barry A. Fleming** | Election security and feasibility of paper ballots. |

## Curling Plaintiffs – Attachment B

### I. PRELIMINARY STATEMENT

Curling Plaintiffs have not yet completed their investigation of the facts underlying this lawsuit and has barely commenced discovery.  Therefore, Curling Plaintiffs' disclosures are based solely on the information reasonably available at the present time and are submitted without prejudice to Curling Plaintiffs' right to supplement this disclosure and present additional evidence in any filing or proceeding, including but not limited to trial.  Curling Plaintiffs reserve the right to disclose additional information or to supplement these disclosures as newly-discovered information becomes available.

Curling Plaintiffs will identify experts and provide the required corresponding disclosures at the appropriate time in accordance with the Scheduling Order entered in this case.  Curling Plaintiffs reserve the right to offer additional testimony on further topics from the experts identified below, or to identify further experts.

### II. EXPERT WITNESS LIST

| Name | Subject of Expert Testimony |
| --- | --- |
| **Dr. J. Alex Halderman** | Election security.  Please see the declarations submitted by Dr. Halderman in this case, as well as the live testimony presented to the Court at the hearing on September 12, 2018 for more information. |
| **Dr. Andrew Appel** | Dr. Appel will present rebuttal testimony regarding election security, including but not limited to a rebuttal to the declaration submitted by Dr. Michael Shamos. |
| **Dr. Nathan Woods** | Dr. Woods will present rebuttal testimony regarding statistical issues, including but not limited to a rebuttal to the declaration submitted by Dr. Michael Shamos. |

| **Ms. Rebecca Wilson** | Ms. Wilson will provide expert testimony regarding her experience as a chief election judge using hand-marked paper ballot and electronic voting systems, and the transition from an electronic to hand-marked paper ballot system. |
|---|---|
| **Mr. Lowell Finley** | Mr. Finley will provide expert testimony regarding election administration and integrity. |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER , ET AL.,** Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, a copy of the foregoing **Curling Plaintiffs' Supplemental Initial Disclosures** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross

(Rev.  03/01/11)                                    APP.B - 9