# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## PLAINTIFFS' JOINT IDENTIFICATION OF WITNESSES
## FOR PRELIMINARY INJUNCTION HEARING

Pursuant to this Court's order dated June 5, 2019 (Doc. 398), Plaintiffs identify below the witnesses—and the anticipated time for their examination of each witness—that they plan to call at the hearing on Curling Plaintiffs' Motion for Preliminary Injunction (Doc. 387) and Coalition Plaintiffs' Motion for Preliminary Injunction (Doc. 419). Because Plaintiffs cannot predict and therefore estimate the time Defendants will use for cross examination, the time estimates below are for the time Plaintiffs will jointly use to examine each witness they plan to call before the Court at the hearing.

Plaintiffs have proposed an even split (50/50) of the time available for the hearing on July 25 and 26 between all Plaintiffs on the one hand and all Defendants on the other hand, with each side to coordinate how the respective parties will use

the time allotted to their side. Each side would use its time for all witness examinations it conducts (directs, crosses, redirects, and re-crosses) and opening and closing arguments. The parties would use a "chess clock" approach to track each side's accumulated time, and no additional time beyond that allocated to either side may be used without the Court's permission upon a showing of good cause. This will ensure an equitable and expedient hearing that best meets the needs of the parties, the witnesses, and the Court. State Defendants' counsel have agreed to confer with Fulton County's counsel and respond to Plaintiffs' proposal tomorrow after reviewing the parties' witness lists.

| Witness | Subjects of Testimony | Estimated Examination Time |
|---|---|---|
| Alex Halderman | Election security and public interest element of the preliminary injunction request, including rebuttal to Defendants' experts regarding similar topics | 60 minutes |
| Matthew Bernhard | Election security and public interest element of the preliminary injunction request, including rebuttal to Defendants' experts regarding similar topics | 20 minutes |
| Merritt Beaver | Election security and public interest element of the preliminary injunction request | 20 minutes |
| Michael Barnes | Election security and public interest element of the preliminary injunction request | 15 minutes |

| Richard Barron | Election security and public interest element of the preliminary injunction request | 15 minutes |
| --- | --- | --- |
| Lowell Finley | Election integrity and administration, public interest element of the preliminary injunction request, and feasibility of proposed relief | 30 minutes |
| Theresa Payton | Election security (including her lack of relevant expertise) and public interest element of the preliminary injunction request | 20 minutes |
| Virginia Martin | Expert on feasibility of proposed solution | 30 minutes |
| Amber McReynolds | Expert on feasibility of proposed solution | 20 minutes |
| 4 Individual Voters[1] | Voting experience (5 minutes each) | 20 minutes |

Plaintiffs also plan to play key excerpts by video of the July 19, 2019 *de bene esse* deposition of Dr. Michael Shamos for the Court on the subjects of election security (including his lack of relevant expertise) and public interest element of the preliminary injunction request. Plaintiffs believe it will be important for the Court to observe Dr. Shamos during his testimony given the critical role he plays as a central witness for Defendants' defenses and allegations. Plaintiffs object to State Defendants' proposal that Dr. Shamos testify at the hearing by telephone or Skype, reflected in their witness list filed today. (Doc. 502.)

---

[1] The Coalition Plaintiffs will be calling these witnesses and will supplement this filing with the names of these individuals as soon as possible.

On July 11, 2019, regarding the July 19 deposition of Dr. Shamos in Atlanta, Defendants' counsel expressly agreed "that the purpose of the deposition would be to preserve his testimony" for the hearing since he is unavailable to appear live at the hearing (a fact State Defendants knew when they only recently engaged him for the motions to be heard at that hearing). Plaintiffs agreed to proceed with the deposition on July 19 based on this agreement. It would be highly prejudicial to allow State Defendants now to renege on that agreement and provide testimony by telephone or Skype from their principal computer science expert on the critical issue of election security, which would require Plaintiffs' counsel to somehow cross examine this highly important witness without the ability to present him with exhibits and with logistical difficulties that invariably arise with such arrangements. Having agreed to a *de bene esse* deposition "to preserve his testimony" for the hearing, State Defendants should be bound by that—and they are free to offer any excerpts by video or hardcopy that they believe would aid the Court in deciding the pending motions for preliminary injunction. There are many computer science experts in the country—having chosen to knowingly engage one who is not available for the hearing on the previously-scheduled dates, State Defendants should not be allowed to prejudice Plaintiffs with a remote appearance by arguably their most important witness regarding complex, technical issues.

Plaintiffs reserve the right to cross examine any witnesses called by Defendants (including but not limited to Lynn Ledford, Russell Bridges, and Jennifer Doran) and to redirect any of the above witnesses within the time allotted.

Plaintiffs also reserve the right to supplement this list as appropriate and permitted by any applicable rules or Court orders.

Plaintiffs further reserve the right to call additional witnesses beyond those identified above for rebuttal purposes.

Respectfully submitted this 17th day of July, 2019.

 /s/ David D. Cross
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Jane P. Bentrott (*pro hac vice*)
Catherine L. Chapple (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
(202) 887-1500

 /s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685

5

| | |
|---|---|
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

/s/ *Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

/s/ *John Powers*
John Powers
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ *David D. Cross*
David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, a copy of the foregoing **PLAINTIFFS' JOINT IDENTIFICATION OF WITNESSES FOR PRELIMINARY INJUNCTION HEARING** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ David D. Cross
David D. Cross