# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, *et al.*,

    *Plaintiffs*,

v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

Civ. Act. No. 1:17-cv-2989 (AT)

## NON-PARTY CARE IN ACTION, INC'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party Care In Action, Inc. ("Care In Action") hereby objects and responds to the subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action (the "Subpoena"), served by Defendants Brad Raffensperger, et al. ("Defendants"). Preliminarily, and consistent with their obligations under the Court's rules, counsel for non-party Care In Action and counsel for Defendants are engaged in a "meet and confer" process. These responses and objections are submitted prior to the completion of that process because the agreed-upon extended date for filing is Friday, July 19, 2019.

**RESPONSES AND OBJECTIONS TO DOCUMENTS REQUESTED**

Care In Action responds to the numbered paragraphs of the Subpoena as follows:

1.     All communications between you and any Plaintiff in the Lawsuit from January 1, 2017 to present.

**RESPONSE**:

Defendants are seeking information relating to potential collaboration between the Plaintiffs in the instant litigation and the Plaintiffs in *Fair Fight Action, Inc., et al. v. Raffensperger, et al.,* Case No. 1:18-CV-05391-SCJ, of which Care In Action is one. Care In Action objects to this request because it ignores the requirement in Rule 26(b)(1) of the Federal Rules of Civil Procedure that parties are to consider relative access to relevant information. In this case, Defendants seek information from a non-party that (if it exists) could be obtained through a discovery request to a party. As a result, it imposes undue burden and expense on a non-party. And, as Rule 26(b)(2)(C)(i) directs, the Court may limit discovery if it determines that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Finally, for objections based on Care In Action's nonparty-status, Rule 45(d)(1) of the Federal Rules of Civil Procedure commands that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." With the issuance

of this subpoena, there has been no effort to avoid imposing undue burden or expense on non-party Care In Action where the information that Defendants seek, to the extent any responsive information exists, is readily available from a party before the Court.

Care In Action further objects to this request because it seeks communications and documents that are attorney-client privileged and protected attorney work product. *See* Fed. R. Civ. P. 26(b)(1). The breadth of this request will necessarily include privileged communications between this non-party, its attorneys, the Plaintiffs to the instant litigation, and their respective attorneys. More specifically, because requests 5 through 7 of the subpoena specifically disclaim that they are seeking privileged documents, requests 1 through 4 necessarily include privileged documents. In addition, there is a Joint Litigation and Common Interest Agreement that protects communications between the *Fair Fight* Plaintiffs and the Coalition Plaintiffs in *Curling*. Pursuant to the Joint Litigation and Common Interest Agreement, any responsive documents that may exist are privileged communications and protected attorney work product.

Care In Action further objects to this request as it seeks documents from a non-party that are not "relevant to any party's claim or defense and proportional to the needs of the case" as Rule 26(b)(1) of the Federal Rules of Civil Procedure requires. More specifically, this is a case in which Plaintiffs allege that the "State

of Georgia Defendants have delayed in grappling with the heightened critical cybersecurity issues . . . posed for the State's dated, vulnerable voting system that provides no independent paper audit trail." (ECF No. 309 at p. 2). Any communications that Care In Action may—or may not—have had with Plaintiffs in the case before this Court do not meet the standard for the scope of discovery because they are not relevant and they are not proportional, the dual requirement that Rule 26(b)(1) of the Federal Rules of Civil Procedure imposes. Defendants can present no basis for believing that **any** communications are likely to lead to the discovery of relevant evidence, and, even if **some** such communications could be deemed relevant, Defendants' entirely uncabined request for "[a]ll" communications sweeps in far more irrelevant information than discoverable information.

2.     All contracts, agreements, or understandings, including but not limited to any joint prosecution agreement, potential joint prosecution agreement, or other document evidencing legal collaboration, between You and any plaintiff in the Lawsuit.

**RESPONSE:**

Defendants are seeking information relating to potential collaboration between the Plaintiffs in the instant litigation and the Plaintiffs in *Fair Fight Action, Inc., et al. v. Raffensperger, et al.,* Case No. 1:18-CV-05391-SCJ, of which Care In Action is one. Care In Action objects to this request because it ignores the

requirement in Rule 26(b)(1) of the Federal Rules of Civil Procedure that parties are to consider relative access to relevant information. In this case, Defendants seek information from a non-party that (if it exists) could be obtained through a discovery request to a party. As a result, it imposes undue burden and expense on a non-party. And, as Rule 26(b)(2)(C)(i) directs, the Court may limit discovery if it determines that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Finally, for objections based on Care In Action's nonparty-status, Rule 45(d)(1) of the Federal Rules of Civil Procedure commands that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." With the issuance of this subpoena, there has been no effort to avoid imposing undue burden or expense on non-party Care In Action where the information that Defendants seek, to the extent any responsive information exists, is readily available from a party before the Court.

Care In Action further objects to this request because it seeks communications and documents that are attorney-client privileged and protected attorney work product. *See* Fed. R. Civ. P. 26(b)(1). The breadth of this request will necessarily include privileged communications between this non-party, its attorneys, the Plaintiffs to the instant litigation, and their respective attorneys. More specifically, because requests 5 through 7 of the subpoena specifically

disclaim that they are seeking privileged documents, requests 1 through 4 necessarily include privileged documents. In addition, there is a Joint Litigation and Common Interest Agreement that protects communications between the *Fair Fight* Plaintiffs and the Coalition Plaintiffs in *Curling*. Pursuant to the Joint Litigation and Common Interest Agreement, any responsive documents that may exist are privileged communications and protected attorney work product.

Care In Action further objects to this request as it seeks documents from a non-party that are not "relevant to any party's claim or defense and proportional to the needs of the case" as Rule 26(b)(1) of the Federal Rules of Civil Procedure requires. More specifically, this is a case in which Plaintiffs allege that the "State of Georgia Defendants have delayed in grappling with the heightened critical cybersecurity issues . . . posed for the State's dated, vulnerable voting system that provides no independent paper audit trail." (ECF No. 309 at p. 2). Any communications that Care In Action may—or may not—have had with Plaintiffs in the case before this Court do not meet the standard for the scope of discovery because they are relevant and they are not proportional, the dual requirement that Rule 26(b)(1) of the Federal Rules of Civil Procedure imposes. Put simply, whether Care In Action has any "contracts, agreements, or understandings" with the Plaintiff is fundamentally irrelevant to the underlying merits of either Plaintiffs' claims or Defendants' defenses.

3.      All communications (a) between you and any counsel for any plaintiff in the Lawsuit that (b) addresses, concerns, relates to, or otherwise discusses the State of Georgia, the 2018 elections in Georgia, then Secretary of State Brian Kemp, Secretary Raffensperger, or any individual associated with the office of Georgia Secretary of State from January 1, 2017 to the present.

**RESPONSE:**

Defendants are seeking information relating to potential collaboration between the Plaintiffs in the instant litigation and the Plaintiffs in *Fair Fight Action, Inc., et al. v. Raffensperger, et al.,* Case No. 1:18-CV-05391-SCJ, of which Care In Action is one. Care In Action objects to this request because it ignores the requirement in Rule 26(b)(1) of the Federal Rules of Civil Procedure that parties are to consider relative access to relevant information. In this case, Defendants seek information from a non-party that (if it exists) could be obtained through a discovery request to a party. As a result, it imposes undue burden and expense on a non-party. And, as Rule 26(b)(2)(C)(i) directs, the Court may limit discovery if it determines that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Finally, for objections based on Care In Action's nonparty-status, Rule 45(d)(1) of the Federal Rules of Civil Procedure commands that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." With the issuance of this subpoena, there has been no effort to avoid imposing undue burden or expense on non-party Care In Action where the information that Defendants seek,

to the extent any responsive information exists, is readily available from a party before the Court.

Care In Action further objects to this request because it seeks communications and documents that are attorney-client privileged and protected attorney work product. *See* Fed. R. Civ. P. 26(b)(1). The breadth of this request will necessarily include privileged communications between this non-party, its attorneys, the Plaintiffs to the instant litigation, and their respective attorneys. More specifically, because requests 5 through 7 of the subpoena specifically disclaim that they are seeking privileged documents, requests 1 through 4 necessarily include privileged documents. In addition, there is a Joint Litigation and Common Interest Agreement that protects communications between the *Fair Fight* Plaintiffs and the Coalition Plaintiffs in *Curling*. Pursuant to the Joint Litigation and Common Interest Agreement, any responsive documents that may exist are privileged communications and protected attorney work product.

Care In Action further objects to this request as it seeks documents from a non-party that are not "relevant to any party's claim or defense and proportional to the needs of the case" as Rule 26(b)(1) of the Federal Rules of Civil Procedure requires. More specifically, this is a case in which Plaintiffs allege that the "State of Georgia Defendants have delayed in grappling with the heightened critical cybersecurity issues . . . posed for the State's dated, vulnerable voting system that

provides no independent paper audit trail." (ECF No. 309 at p. 2). Any

communications that Care In Action may—or may not—have had with Plaintiffs in

the case before this Court do not meet the standard for the scope of discovery

because they are relevant and they are not proportional, the dual requirement that

Rule 26(b)(1) of the Federal Rules of Civil Procedure imposes. Defendants can

present no basis for believing that **any** communications are likely to lead to the

discovery of relevant evidence, and, even if **some** such communications could be

deemed relevant, Defendants' nominal attempt to restrict the request by targeting

classes of communication uses sweepingly broad categories such as anything

mentioning "Georgia" or "the 2018 elections," and thus is not remotely

proportional to the discovery needs.

4.      All communications that evidence, refer, reflect or relate to any
contracts, agreements, or understandings, including but not limited to any joint
prosecution agreement, potential joint prosecution agreement or other document
evidencing legal collaboration, between You and any plaintiff in the Lawsuit.

**RESPONSE:**

Defendants are seeking information relating to potential collaboration

between the Plaintiffs in the instant litigation and the Plaintiffs in *Fair Fight*

*Action, Inc., et al. v. Raffensperger, et al.,* Case No. 1:18-CV-05391-SCJ, of which

Care In Action is one. Care In Action objects to this request because it ignores the

requirement in Rule 26(b)(1) of the Federal Rules of Civil Procedure that parties

are to consider relative access to relevant information. In this case, Defendants seek information from a non-party that (if it exists) could be obtained through a discovery request to a party. As a result, it imposes undue burden and expense on a non-party. And, as Rule 26(b)(2)(C)(i) directs, the Court may limit discovery if it determines that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Finally, for objections based on Care In Action's nonparty-status, Rule 45(d)(1) of the Federal Rules of Civil Procedure commands that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." With the issuance of this subpoena, there has been no effort to avoid imposing undue burden or expense on non-party Care In Action where the information that Defendants seek, to the extent any responsive information exists, is readily available from a party before the Court.

Care In Action further objects to this request because it seeks communications and documents that are attorney-client privileged and protected attorney work product. *See* Fed. R. Civ. P. 26(b)(1). The breadth of this request will necessarily include privileged communications between this non-party, its attorneys, the Plaintiffs to the instant litigation, and their respective attorneys. More specifically, because requests 5 through 7 of the subpoena specifically disclaim that they are seeking privileged documents, requests 1 through 4

necessarily include privileged documents. In addition, there is a Joint Litigation and Common Interest Agreement that protects communications between the *Fair Fight* Plaintiffs and the Coalition Plaintiffs in *Curling*. Pursuant to the Joint Litigation and Common Interest Agreement, any responsive documents that may exist are privileged communications and protected attorney work product.

Care In Action further objects to this request as it seeks documents from a non-party that are not "relevant to any party's claim or defense and proportional to the needs of the case" as Rule 26(b)(1) of the Federal Rules of Civil Procedure requires. More specifically, this is a case in which Plaintiffs allege that the "State of Georgia Defendants have delayed in grappling with the heightened critical cybersecurity issues . . . posed for the State's dated, vulnerable voting system that provides no independent paper audit trail." (ECF No. 309 at p. 2). Any communications that Care In Action may—or may not—have had with Plaintiffs in the case before this Court do not meet the standard for the scope of discovery because they are relevant and they are not proportional, the dual requirement that Rule 26(b)(1) of the Federal Rules of Civil Procedure imposes. Further, because it is entirely irrelevant to the underlying merits of either Plaintiffs' claims or Defendants' defenses whether Care In Action has any "contracts, agreements, or understandings" with the Plaintiffs, requiring Care In Action to produce all

communications in any way "relate[d] to" those purported contracts would be grossly disproportionate to Defendants' purported need for the information.

5.      All communications that evidence, refer, reflect or relate to any defendant in the Lawsuit, or any other individual serving as Georgia Secretary of State since January 1, 2014, between you and any individual or entity for which an agreement of the type identified in Request No. 2 above exists. This Request does not seek production of any privileged documents.

## **RESPONSE:**

Defendants are seeking information relating to potential collaboration between the Plaintiffs in the instant litigation and the Plaintiffs in *Fair Fight Action, Inc., et al. v. Raffensperger, et al.,* Case No. 1:18-CV-05391-SCJ, of which Care In Action is one. Care In Action objects to this request because, it ignores the requirement in Rule 26(b)(1) of the Federal Rules of Civil Procedure that parties are to consider relative access to relevant information. In this case, Defendants seek information from a non-party that (if it exists) could be obtained through a discovery request to a party. As a result, it imposes undue burden and expense on a non-party. And, as Rule 26(b)(2)(C)(i) directs, the Court may limit discovery if it determines that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Finally, for objections based on Care In Action's nonparty-status, Rule 45(d)(1) of the Federal Rules of Civil Procedure commands that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." With the issuance

of this subpoena, there has been no effort to avoid imposing undue burden or expense on non-party Care In Action where the information that Defendants seek, to the extent any responsive information exists, is readily available from a party before the Court.

Care In Action further objects to this request because, despite the purported carve out for "privileged documents," the request by its very nature seeks communications and documents that are **either** irrelevant **or** attorney-client privileged and protected attorney work product, and thus covers no discoverable information. *See* Fed. R. Civ. P. 26(b)(1). The breadth of this request will necessarily include privileged communications between this non-party, its attorneys, the Plaintiffs to the instant litigation, and their respective attorneys. In addition, there is a Joint Litigation and Common Interest Agreement that protects communications between the *Fair Fight* Plaintiffs and the Coalition Plaintiffs in *Curling*. Pursuant to the Joint Litigation and Common Interest Agreement, any responsive documents that may exist are privileged communications and protected attorney work product.

Care In Action further objects to this request as it seeks documents from a non-party that are not "relevant to any party's claim or defense and proportional to the needs of the case" as Rule 26(b)(1) of the Federal Rules of Civil Procedure requires. More specifically, this is a case in which Plaintiffs allege that the "State

of Georgia Defendants have delayed in grappling with the heightened critical

cybersecurity issues . . . posed for the State's dated, vulnerable voting system that

provides no independent paper audit trail." (ECF No. 309 at p. 2). Any

communications that Care In Action may—or may not—have had with Plaintiffs in

the case before this Court do not meet the standard for the scope of discovery

because they are relevant and they are not proportional, the dual requirement that

Rule 26(b)(1) of the Federal Rules of Civil Procedure imposes.

6.      All communications that evidence, refer, reflect or relate to any Georgia
election from January 1, 2014 to present, between you and any individual or entity
for which an agreement of the type identified in Request No. 2 above exists. This
Request does not seek production of any privileged documents.

**RESPONSE:**

Defendants are seeking information relating to potential collaboration

between the Plaintiffs in the instant litigation and the Plaintiffs in *Fair Fight*

*Action, Inc., et al. v. Raffensperger, et al.,* Case No. 1:18-CV-05391-SCJ, of which

Care In Action is one. Care In Action objects to this request because, it ignores the

requirement in Rule 26(b)(1) of the Federal Rules of Civil Procedure that parties

are to consider relative access to relevant information. In this case, Defendants

seek information from a non-party that (if it exists) could be obtained through a

discovery request to a party. As a result, it imposes undue burden and expense on a

non-party. And, as Rule 26(b)(2)(C)(i) directs, the Court may limit discovery if it

determines that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Finally, for objections based on Care In Action's nonparty-status, Rule 45(d)(1) of the Federal Rules of Civil Procedure commands that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." With the issuance of this subpoena, there has been no effort to avoid imposing undue burden or expense on non-party Care In Action where the information that Defendants seek, to the extent any responsive information exists, is readily available from a party before the Court.

Care In Action further objects to this request because, despite the purported carve out for "privileged documents," the request by its very nature seeks communications and documents that are **either** irrelevant **or** attorney-client privileged and protected attorney work product, and thus covers no discoverable information. *See* Fed. R. Civ. P. 26(b)(1). The breadth of this request will necessarily include privileged communications between this non-party, its attorneys, the Plaintiffs to the instant litigation, and their respective attorneys. In addition, there is a Joint Litigation and Common Interest Agreement that protects communications between the *Fair Fight* Plaintiffs and the Coalition Plaintiffs in *Curling*. Pursuant to the Joint Litigation and Common Interest Agreement, any responsive documents that may exist are privileged communications and protected

attorney work product.

Care In Action further objects to this request as it seeks documents from a non-party that are not "relevant to any party's claim or defense and proportional to the needs of the case" as Rule 26(b)(1) of the Federal Rules of Civil Procedure requires. More specifically, this is a case in which Plaintiffs allege that the "State of Georgia Defendants have delayed in grappling with the heightened critical cybersecurity issues . . . posed for the State's dated, vulnerable voting system that provides no independent paper audit trail." (ECF No. 309 at p. 2). Any communications that Care In Action may—or may not—have had with Plaintiffs in the case before this Court do not meet the standard for the scope of discovery because they are relevant and they are not proportional, the dual requirement that Rule 26(b)(1) of the Federal Rules of Civil Procedure imposes.

7.     All documents that evidence, refer, reflect or relate to any provision or exchange of resources, including but not limited to money, equipment, personnel, donor lists, or any other form of assistance or collaboration between You and any plaintiff in the Lawsuit since January 1, 2017 to present. This Request does not seek production of any privileged documents.

**RESPONSE:**

Defendants are seeking information relating to potential collaboration between the Plaintiffs in the instant litigation and the Plaintiffs in *Fair Fight Action, Inc., et al. v. Raffensperger, et al.,* Case No. 1:18-CV-05391-SCJ, of which Care In Action is one. Care In Action objects to this request because, it ignores the

16

requirement in Rule 26(b)(1) of the Federal Rules of Civil Procedure that parties are to consider relative access to relevant information. In this case, Defendants seek information from a non-party that (if it exists) could be obtained through a discovery request to a party. As a result, it imposes undue burden and expense on a non-party. And, as Rule 26(b)(2)(C)(i) directs, the Court may limit discovery if it determines that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Finally, for objections based on Care In Action's nonparty-status, Rule 45(d)(1) of the Federal Rules of Civil Procedure commands that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." With the issuance of this subpoena, there has been no effort to avoid imposing undue burden or expense on non-party Care In Action where the information that Defendants seek, to the extent any responsive information exists, is readily available from a party before the Court.

Care In Action further objects to this request because it seeks communications and documents that are attorney-client privileged and protected attorney work product. *See* Fed. R. Civ. P. 26(b)(1). The breadth of this request will necessarily include privileged communications between this non-party, its attorneys, the Plaintiffs to the instant litigation, and their respective attorneys. In addition, there is a Joint Litigation and Common Interest Agreement that protects

communications between the *Fair Fight* Plaintiffs and the Coalition Plaintiffs in *Curling*. Pursuant to the Joint Litigation and Common Interest Agreement, any responsive documents that may exist are privileged communications and protected attorney work product.

Care In Action further objects to this request as it seeks documents from a non-party that are not "relevant to any party's claim or defense and proportional to the needs of the case" as Rule 26(b)(1) of the Federal Rules of Civil Procedure requires. More specifically, this is a case in which Plaintiffs allege that the "State of Georgia Defendants have delayed in grappling with the heightened critical cybersecurity issues . . . posed for the State's dated, vulnerable voting system that provides no independent paper audit trail." (ECF No. 309 at p. 2). Any communications that Care In Action may—or may not—have had with Plaintiffs in the case before this Court do not meet the standard for the scope of discovery because they are relevant and they are not proportional, the dual requirement that Rule 26(b)(1) of the Federal Rules of Civil Procedure imposes. Simply put, whether Care In Action has "exchange[d] resources" with Plaintiffs is fundamentally irrelevant to the merits of either Plaintiffs' underlying claims or Defendants' defenses.

Respectfully submitted this 19th day of July, 2019.

/s/ Kurt G. Kastorf
Kurt G. Kastorf (GA Bar No. 315315)
**THE SUMMERVILLE FIRM, LLC**
1226 Ponce de Leon Avenue, NE
Atlanta, GA 30306
Telephone: (770) 635-0030
kurt@summervillefirm.com

Dara Lindenbaum (*Pro hac vice* pending)
**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW
Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
lindenbaum@sandlerreiff.com

*Counsel for Care In Action, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 19th day of July 2019, I caused to be electronically filed the foregoing Non-Party Care In Action Inc.'s Responses and Objections to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record:

**Brian Edward Lake, Esq.**
**Joshua Barrett Belinfante, Esq.**
**Carey Allen Miller, Esq.**
**Vincent Robert Russo, Jr., Esq.**
**Kimberly Anderson, Esq.**
**Alexander Denton, Esq.**
Robbins Ross Alloy Belinfante Littlefield, LLC -Atl
500 Fourteenth Street, NW
Atlanta, GA 30318
Email: blake@robbinsfirm.com
Email: jbelinfante@robbinsfirm.com
Email: cmiller@robbinsfirm.com
Email: vrusso@robbinsfirm.com
Email: kanderson@robbinsfirm.com
Email: adenton@robbinsfirm.com

**Bryan P. Tyson, Esq.**
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Email: btyson@taylorenglish.com

**Cary Ichter, Esq.**
Ichter Davis LLC
3340 Peachtree Road N.E.
Suite 1530
Atlanta, GA 30326
Email: cichter@ichterdavis.com

**Bruce P. Brown, Esq.**
Bruce P. Brown Law LLC
1123 Zonolite Road
Suite 6
Atlanta, GA 30306
Email: bbrown@brucepbrownlaw.com

**David D. Cross, Esq.**
**John P. Carlin, Esq.**
**Jane P. Bentrott, Esq.**
**Catherine L. Chapple, Esq.**
**Robert W. Manoso, Esq.**
Morrison & Foerster, LLP
2000 Pennsylvania Ave. NW
Washington, DC 20006
Email: dcross@mofo.com
Email: cchapple@mofo.com
Email: jbentrott@mofo.com
Email: rmanoso@mofo.com
Email: jconway@mofo.com
Email: amiriyala@mofo.com

**John Michael Powers, Esq.**
**David Brody, Esq.**
Lawyers' Committee for Civil Rights Under Law
1500 K Street, N.W.
Suite 900
Washington, DC 20005
Email: jpowers@lawyerscommittee.org
Email: jbrody@lawyerscommittee.org

**Kaye Burwell, Esq.**
**David Lowman, Esq.**
**Cheryl Ringer, Esq.**
Office of The Fulton County Attorney
141 Pryor Street
Suite 4038
Atlanta, GA 30303
Email: kaye.burwell@fultoncountyga.gov

Email: david.lowman@fultoncountyga.gov
Email: cheryl.ringer@fultoncountyga.gov

**Halsey G. Knapp, Jr., Esq.**
**Adam Martin sparks, Esq.**
Krevolin & Horst, LLC
1201 West Peachtree Street, NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
Email: hknapp@khlawfirm.com
Email: sparks@khlawfirm.com

**Robert Alexander McGuire**
Robert McGuire Law Firm
113 Cherry Street #86685
Seattle, WA 98104
Email: ram@lawram.com

 /s/ Kurt G. Kastorf
Kurt G. Kastorf
Georgia Bar No. 315315