IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br><br> FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL AND/OR AMENDED PLEADINGS**

State Defendants file this response in opposition to Curling Plaintiffs' Motion for Leave to File a Third Amended Complaint [Doc. 581] and Coalition Plaintiffs' Motion for Leave to File Supplemental Complaint [Doc. 600] (collectively, the "Motions"), stating as follows:

**ARGUMENT AND CITATION TO AUTHORITY**

**I.  Standard of Review**

The Court has discretion in determining whether to grant leave to file a supplemental pleading.[1] *Jones v. Bernanke*, 685 F. Supp. 2d 31, 35 (D.D.C. 2010)

---

[1] While Curling Plaintiffs have sought leave to file an "Amended" Complaint, the amendments contained therein address facts that arose after the initiation of this lawsuit; specifically, the implementation of BMDs. Thus, the Court may find that

1

("The court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience."). "This does not mean, however, that motions for supplementation should be granted automatically." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015). Leave to supplement should be withheld when the request would, as it would here, cause prejudice to the defendant or "unduly delay resolution of the case." *Hall v. CIA*, 437 F.3d 94, 101 (D.C.Cir.2006). Other "idiosyncratic factors," such as undue delay in filing the motion to supplement or futility of supplementation, may also preclude granting leave to supplement.[2] *Gandbois*, 809 F.3d at 7. In short, "[e]verything depends on context." *Id.*

However, "when a motion to amend is filed after the court has issued its scheduling order, as in this case, the movant must first demonstrate good cause for

---

Curling Plaintiffs' Motion should be treated as seeking leave to file a "supplemental" pleading. *See, e.g., Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 401 (E.D. Wis. 2008) ("While an amended pleading relates to matters that occurred prior to the filing of the original pleading and entirely replaces such pleading, a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading."). Regardless, as Coalition Plaintiffs acknowledge, "Courts apply the same 'freely given' standard that governs Rule 15(a) to Rule 15(d)." [Doc. 600 at 5] (quoting *Queen Virgin Remy Ltd. Co. v. Thomason*, 2016 WL 4267801 (N.D. Ga. Apr. 15, 2016)).

[2] State Defendants do not address any of the merits of the amended/supplemented complaints in this Response and expressly reserve all arguments and defenses that may be raised thereto. This Response is limited only to the procedural considerations raised by Plaintiffs' Motions.

modifying the scheduling order under Rule 16(b) . . . before the Court considers the amendment's propriety under Rule 15(a)." *Clemons v. Delta Air Lines, Inc.*, 2013 WL 11328333 (N.D. Ga. Oct. 7, 2013) (Baverman, M.J.). Indeed, if the Court were to consider Plaintiffs' Motions under "only Rule 15(a), without regard to Rule 16(b) [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

## II. Plaintiffs have not demonstrated good cause under Rule 16(b).

The Court is required to enter a scheduling order under Rule 16(b) after receiving the parties' report under 26(f) or consulting with the parties' attorneys at a scheduling conference. Fed. R. Civ. P. 16(b)(1). The scheduling order, in turn, "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Accordingly, the parties convened for a Rule 26(f) Conference on June 10, 2019 and submitted to this Court a Joint Preliminary Report and Discovery Plan, [Doc. 410], which was subsequently approved by the Court. [Doc. 418]. In that Plan, the parties acknowledged that "Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed . . . will not be accepted for filing, unless otherwise permitted by law." [Doc. 410 at 11] (emphasis in

3

original). Accordingly, whether Plaintiffs acknowledge it or not, Plaintiffs seek not only leave to amend or file a supplemental pleading under Rule 15 but also modification of the Court's Scheduling Order, for which they must show "good cause." Fed. R. Civ. P. 16(b)(4). *See McGrotha v. Fed Ex Ground Package Sys., Inc.*, 2007 WL 640457 *2 (M.D. Ga. Feb. 24, 2007) ("When a motion to supplement is filed after the scheduling order's deadline . . . a party must first demonstrate good cause under Rule 16(b).") Plaintiffs have not done so.

First, neither Plaintiffs' motions address the good cause requirement under Rule 16 and should be denied for that reason alone. Under the Federal Rules of Civil Procedure the movant bears the burden to show good cause. *See Sosa*, 133 F.3d at 1418. However, both Plaintiffs' motions revolve solely around the requirements of seeking leave to amend under Rule 15 and fail to address Rule 16 at all. Accordingly, Plaintiffs have failed to show the "good cause" required by Rule 16 and their motions should be denied for that reason alone. *McKeever v. Liberty Mut. Grp., Inc.*, 487 F. App'x 487 (11th Cir. 2012) (per curiam) (upholding district court's denial of leave to amend where movant "did not even attempt to demonstrate 'good cause' for failure to comply with the scheduling order").

Second, even if they had addressed it, Plaintiffs cannot show "good cause" for modification of the Court's Scheduling Order. "[I]n order to ensure the orderly

4

administration of justice, [the Court] has the authority and responsibility to set and enforce reasonable deadlines." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). Accordingly, the Eleventh Circuit has upheld denial of leave to amend in similar situations without a showing of, at minimum, "diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Additionally, "the existence or degree of prejudice to the party opposing the modification [may] supply additional reasons to deny [the] motion." *Johnson*, 975 F.2d at 609. Here, Plaintiffs' proposed amended/supplemental pleadings would have the effect of broadly re-opening the pleadings with only a month and a half remaining for fact discovery and shortly before the trail readiness deadline. [Doc. 410]. In fact, State Defendants have been asserting Plaintiffs' need to amend if they want to address ballot-marking devices ("BMDs") since at least April 2019.

While neither Plaintiff seeks to move the discovery deadlines set by the Court, it is hard to imagine how the parties could possibly be trial-ready for BMDs in January 2020 while ensuring compliance with the Court's Preliminary Injunction Order. Moreover, State Defendants will be prejudiced if the Court permits the Motion due to compliance with the Order and implementation of the

5

new BMD-based system. Accordingly, Plaintiffs have not demonstrated good cause under Rule 16.

### III. The Court should deny Plaintiffs' Motion for Leave to Amend.

Plaintiffs' proposed amended/supplemental complaints (the "Complaints"), if allowed, will effectively replace the current case with an entirely new one. The Complaints wholly alter the entire subject-matter of this case, replacing what was a challenge to Georgia's outgoing electronic voting system, which used Direct Recording Equipment ("DRE") voting machines without a paper record, with an attack on the State's new voting system that utilizes paper-ballots marked by ballot-marking devices. While Plaintiffs contend that they intend to maintain their current claims regarding DREs, the Court has acknowledged that, in its ruling on Plaintiffs' preliminary injunction, the matter has been effectively resolved:

> It is hard to imagine, frankly, any more litigation resources being devoted to the current dispute in terms of the DRE GEMS system as currently configured for a variety of reasons, but not the least of which is that I think that the Court has exhausted the resources of looking at this. And I don't think there is more useful information for purposes of a trial or more that would be achieved.

[Doc. 590 at 12.]. As such, the only significant factual similarities between the current case and the one which Plaintiffs seek to initiate are that they will involve the same Parties and will broadly relate to methods of voting in Georgia. These similarities are superficial, and do not provide a sufficient underlying factual

6

relationship to the current lawsuit to permit supplementation. *See, e.g.*, *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991) (leave to supplement denied where "the alleged injuries, [. . .] experts, and defendant are the same" because harms arose out of distinct incidents and "these similarities are essentially superficial.").

Moreover, Plaintiffs have proposed this case-altering shift to address the new BMDs all while suggesting (1) that the discovery timelines can and should remain the same, *see* [Doc. 581 at 4] (Curling Plaintiffs argue that "discovery has not closed, leaving sufficient time for discovery related to these additional claims"), and (2) that yet another preliminary injunction could be filed regarding the use of DREs in 2019, [Doc. 590 at 23]. This is an impractical proposal that will unduly prejudice State Defendants.  Attempting to defend against the allegations in Plaintiffs' Complaints while maintaining the current discovery deadlines would severely prejudice the State Defendants who are currently immersed in the lengthy and involved process of implementing the state's new BMD-based voting system, along with complying with this Court's August 15, 2019 order (the "Order").  The Order requires, among other directives, that the State Defendants implement a hand-marked paper ballot pilot election this November and shift entirely from DREs to BMDs, or other voting mechanisms, by 2020. *See* [Doc. 579 at 148].

Thus, granting the Motions would impose a significant burden on State Defendants as they would have to divert resources from implementing both the Court's and the Georgia Legislature's directives to defend what amounts to an entirely new case, poorly disguised as a continuation of an existing case, on an extremely expedited timeline.  Finally, if the Motions are denied, Plaintiffs will suffer no prejudice and are not barred from filing a new lawsuit by, for example, a statute of limitations. As such, the Motions should be denied.[3]

Without instigating a new case, Plaintiffs cannot be permitted to continuously morph their complaints to bring their current policy disagreements with State Defendants to this Court.  The Motions should be denied, and the Plaintiffs should be required to bring a new case if they wish to bring what amounts to two new lawsuits against the State Defendants.

## IV. In the alternative, the Court should enter a new Scheduling Order and allow discovery to proceed as if Plaintiffs filed a new action.

In the alternative, if the Court were to permit Plaintiffs to amend and/or supplement their Complaints, they should be treated as what they are: new

---

[3] If the Court were to extend the existing deadlines necessary to permit the discovery and depositions that will undoubtedly be needed to address the Complaints' new allegations, such delay is itself cause to deny the Motions. *Perez v. Town of N. Providence*, 256 F. Supp. 3d 139, 144 (D.R.I. 2017) ("A court may deny a request for supplementation if the motion to supplement. . . would unduly delay the resolution of the case.") (quotations omitted).

lawsuits.[4] State Defendants propose that the discovery timelines be altered accordingly, and request that the Court:

(1) Allow State Defendants' to file motions to dismiss on the merits of the Complaints' new claims, without waiver of any rights or defenses of State Defendants;

(2) Stay discovery until the Court issues a ruling on State Defendants' motions to dismiss, if any;

(3) Order a new Fed. R. Civ. P. 26(f) conference to create a new preliminary report and discovery plan; and

(4) Order the parties to meet and confer as to new deadlines for the case going forward.

This case, which started in 2017 with one set of Plaintiffs, has now morphed into a new assault on the State of Georgia's sovereign interest in overseeing election regulation. With over 600 docket entries, two separate preliminary injunction motions, hearings, and orders, and two divergent sets of Plaintiffs moving to file their Third and Fourth Amended Complaints, respectively, this case has modified significantly from its original goals. The latest Motions are an

---

[4] Contrary to Plaintiffs' un-addressed good cause burden, good cause indeed exists here as the existing schedule is impracticable if the newly proposed complaints are permitted, despite the diligence of State Defendants. *Sosa*, 133 F.3d 1417.

opportunity for this Court to "re-set" the case and impose some normalcy in the proceedings. Establishing the parameters suggested by State Defendants would increase efficiency for the Court and the Parties, and it would lessen the prejudice to the State Defendants that would result from a grant of the Motions.

## Conclusion

For the foregoing reasons, the Court should deny the Motions or, in the alternative, order the relief set forth in Section IV hereto.

Respectfully submitted this 16th day of September, 2019.

/s/ *Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Kimberly Anderson
Georgia Bar No. 602807
kanderson@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318

Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL AND/OR AMENDED PLEADINGS** has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

> */s/ Vincent R. Russo*
> Vincent R. Russo