**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## COALITION PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

The State Defendants oppose granting of leave for two reasons: First, they say the standard governing Plaintiffs' motion for leave requires "good cause," not that leave must be "freely given," and good cause has not been shown. (Doc. 607 at 3–6.) Second, they say that allowing Coalition Plaintiffs to address the constitutional deficiencies of the Dominion BMD System—the State's planned replacement for the current unconstitutional DRE voting system—will "effectively replace the current case with an entirely new one" and this will unduly prejudice the State Defendants. (Doc. 607, at 6, 6–8.) Both of these arguments lack any merit. The State Defendants' alternate request—for the Court to stay all discovery and reschedule the case—is a request for affirmative relief that should be made and briefed in its own motion, if one is still necessary after conferrals.

## **ARGUMENT**

The State Defendants' arguments are wrong that good cause for granting leave is either required or lacking.  They also fail to demonstrate why allowing a first supplemental complaint will create *any* prejudice, much less *undue* prejudice.

## I.    **Leave should be granted regardless of whether the Court requires "good cause" or applies the "freely given" standard**

The State Defendants are wrong that any particular showing of "good cause" for granting leave is necessary under the present circumstances.  The applicable standard requires only that leave to supplement, like leave to amend, should be "freely given."  *Queen Virgin Remy Ltd. Co. v. Thomason*, 2016 WL 4267801, at *4 (N.D. Ga. Apr. 14, 2016) (Jones, J.); *Chao v. Tyson Foods, Inc.*, 2009 U.S. Dist. LEXIS 139652, at *6 (N.D. Ala. Jan. 6, 2009).  However, even if a showing of good cause were necessary, good cause for granting leave to supplement the claims plainly exists on the face of the record and under the circumstances presented here.

### A.    **No showing of "good cause" is required; leave to supplement should be freely given**

The Defendants are wrong that the scheduling order sets any deadline for amendment of pleadings that affects the standard this Court should apply to the motion for leave.  No such deadline exists.  The default "freely given" standard applies to this motion.

State Defendants concede that the "freely given" standard ordinarily applies to requests for leave to file supplementing pleadings.  (Doc. 607, at 1–2, n.1.) However, Defendants cite to the Scheduling Order entered by this Court (Doc. 418), as well as the language of a caption in the "Joint Preliminary Report and Discovery Plan" (Doc. 410, at 11, § VI.b.), as grounds to assert that a deadline for filing amendments to pleadings has been imposed by this Court and is now passed. Based on the passage of this purported deadline to amend, the State Defendants now urge this Court to require a showing of "good cause" under Rule 16(b) (for modifying a scheduling order), rather than applying the "freely given" standard of Rule 15(a) (for permitting timely amendments), in order to decide this motion.

The State Defendants are wrong about the motion's governing standard for at least two reasons.  First, the plain language of the Scheduling Order itself establishes no deadline *at all* for filing amendments to existing pleadings, much less any deadline for supplemental pleadings.  (Doc. 418.)  The Order speaks for itself and its silence is alone sufficient to refute the Defendants' suggestion that some deadline to amend exists that has passed.

Second, the parties' joint report also fails to create any deadline that restricts Plaintiffs from supplementing their allegations. Caption VI.b. states that amendments submitted more than 30 days after the joint report "will not be

accepted for filing, unless otherwise permitted by law." (Doc. 410, at 11, § VI.b. (emphasis added).)  This language does not restrict the addition of supplemental claims against BMDs because (1) the language was not included in the Scheduling Order, (2) the language does not address supplemental pleadings, and (3) in any event, the language is limited by the immediately preceding statement of both groups of Plaintiffs, expressed in Section VI.a., that they both intended to seek Court approval to add claims attacking BMDs.  (Doc. 410, at 10–11, § VI.a.)

The Defendants argue that the dates in the Scheduling Order will necessarily have to be changed to accommodate litigation of new BMD-related claims.  This remains to be discussed among the parties, so it is not a question that is currently ripe to be addressed by the Court.  In any event, the Defendants' resort to arguing about what may or may not be feasible within the current schedule amounts to a concession that there is no actual, operative, express deadline that prevents the Plaintiffs from supplementing their claims with facts related to the dispute between the parties that only arose after the relation-back date of the Third Amended Complaint.  Without any such a deadline, the "freely given" standard governs.

Neither the Scheduling Order nor the Joint Preliminary Report and Discovery Plan imposed any deadline that changes the standard that this Court should apply when evaluating this motion for leave.  There is no basis for requiring

4

a showing of "good cause" in order to grant the Coalition Plaintiffs' motion for leave.  Instead, leave to supplement should be "freely granted."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 406-407 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires.")

### B.    If the "good cause" standard applies, good cause plainly exists

Even if this Court does decide to require "good cause" before it will allow the Coalition Plaintiffs to file a supplemental complaint, it is still clear from the face of the record that good cause to allow a supplemental pleading exists.  In the operative Third Amended Complaint, the Coalition Plaintiffs sought to enjoin the State's continued use of its current DRE voting system.  The Coalition Plaintiffs successfully obtained relief through this Court's order enjoining the use of DREs after 2019.

The State Defendants now present BMDs as their proposed replacement for the unconstitutional DRE system, and urge that this choice ends the dispute between these parties. But the State's "solution" commits most of the same constitutional violations (and some that are worse), it just does so in a slightly different manner.

It is absurd for the State Defendants to suggest that good cause does not exist to permit the constitutional deficiencies of BMDs to be litigated in the very same action in which the DRE system has been challenged.  BMDs are the State Defendants' proposed solution to the unconstitutional deficiencies of DREs. Whether BMDs are a constitutional alternative to DREs is plainly within the scope of the dispute that is already framed by the Coalition Plaintiffs' Third Amended Complaint.

Under the circumstances, good cause clearly exists to allow the supplemental complaint because doing so will efficiently promote as complete an adjudication of the dispute between the parties as possible.  *See Griffin v. County School Board*, 377 U.S. 218, 227 (1964) ("Rule 15 (d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice.").

## II.     The filing of a supplemental complaint attacking the Dominion BMD System will not unduly prejudice the State Defendants

The State Defendants assert that they will be "unduly prejudiced" if the supplemental complaint is allowed, but they fail to identify <u>any</u> substantive

prejudice that they will actually suffer.  First, they complain that they will suffer prejudice if they are required to adhere to the existing case discovery schedule. (Doc 607, at 7.)  Yet they articulate no discovery that they would want, but will be unable to complete, within the existing discovery timeline.  The State Defendants claim the current schedule does not afford enough time despite also stating that the "matter has been effectively resolved" with respect to DREs and thus the entirety of the existing discovery schedule is now available for them to devote to supplementary BMD claims.  Such conclusory assertions about the inadequacy of the existing schedule simply cannot amount to a showing that undue prejudice will occur if the Coalition Plaintiffs' motion for leave to supplement is granted.

Second, the State Defendants refute their own argument about prejudice while also providing unintentional support for the motion by urging the Court to deny leave because the Coalition Plaintiffs can simply bring the proposed supplementary claims in a new lawsuit. (Doc. 607, at 8.)  What prejudice can the State Defendants possibly suffer if the Coalition Plaintiff's proposed supplementary claims against BMDs are filed in this case, where the Defendants admit that the alternative is for the claims to just be filed in a new case?  The patent lack of any prejudice indicates that the State Defendants' true motivation for resisting the inclusion of supplementary anti-BMD claims in this case can only be

some combination of (1) postponing resolution of the BMD claims and (2) hoping that a different judicial officer, with less fluency in the subject matter and the background facts, might draw the new case to the State's benefit. These improper motivations should not be indulged.

"[L]eave to supplement the complaint should be freely given, absent bad faith, undue delay, undue prejudice to the nonmovant, or dilatory motive on behalf of the movant." *Chao v. Tyson Foods, Inc.*, 2009 U.S. Dist. LEXIS 139652, *6 (N.D. Ala. Jan. 6, 2009); *see also Queen Virgin Remy Ltd. Co.*, 2016 U.S. Dist. LEXIS 183743, *4 (N.D. Ga. Apr. 14, 2016) (Jones, J.) (same). The State Defendants fail to articulate any cognizable prejudice that they will suffer if this Court grants the Coalition Plaintiffs' motion for leave to file their supplemental complaint, much less any undue prejudice. In the absence of any such showing, leave to file should be freely given.

## III. The State Defendants' request for alternate relief should be requested in a separate motion and separately briefed

Finally, the State Defendants propose as alternate relief that this Court, if it permits the Coalition Plaintiffs' supplemental pleading to be filed, should stay all discovery pending resolution of new motions to dismiss and should order a new discovery plan and conferrals over a revised case schedule.

As a threshold issue, this Court may—and should—reject the State Defendants' proposed alternative relief because it seeks an order changing the case schedule without complying with Rule 7.1(b)(1): "A request for a court order must be made by motion."  The State Defendants are attempting to circumvent the briefing process with their request to make material changes to the case schedule, they have not conferred about their proposal for alternate relief, and they are thus presenting this Court with a request that is improper and premature.

Substantively, the Coalition Plaintiffs are of course prepared to confer at any time with the Defendants, with or without direction from the Court, regarding potential changes to the case schedule related to the supplementary claims.  But the Coalition Plaintiffs categorically object to any stay of discovery.  Any delays to discovery will only serve the State Defendants' transparent interest in running out the clock and forcing the Court's hand on this time-sensitive litigation in advance of important upcoming elections.

## CONCLUSION

WHEREFORE, Coalition Plaintiffs Motion for Leave to File Supplemental Complaint should be granted.

Respectfully submitted this 23rd day of September, 2019.

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
bbrown@brucepbrownlaw.com

Bruce P. Brown Law LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Pro Hac Vice (ECF No. 125)

ROBERT MCGUIRE LAW FIRM
113 Cherry Street PMB 86685
Seattle, WA  98104-2205
Tel.: (253) 267-8530

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
cichter@IchterDavis.com

Ichter Davis, LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
(404) 869-7600

*Counsel for William Digges III,
Laura Digges, Ricardo Davis
& Megan Missett*

/s/ John Powers
John Powers
Pro Hac Vice (5/17/19 text-only order)

Ezra D. Rosenberg
Pro Hac Vice (ECF No. 497)

Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**                                                     **Civil Action No. 1:17-CV-2989-AT**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

### CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 23, 2019, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Bruce P. Brown*
Bruce P. Brown