IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRAD RAFFENSBERGER, et al.; | ) |
| Defendants. | ) |

## FULTON COUNTY DEFENDANTS' RESPONSE TO CURLING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

The Members of the Fulton County Board of Registration and Elections, Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Mark Wingate and Aaron Johnson, (hereafter "Fulton County Defendants") hereby file this Response to Curling Plaintiffs' Motion for Preliminary Injunction. Defendants show that with respect to the Fulton County Defendants, Plaintiffs are not entitled to the equitable relief requested in their Motion for Preliminary Injunction[1] filed on October 4, 2019 for the following reasons:

---

[1] It should be noted that all of the relief sought in the Curling Plaintiffs' Motion for Preliminary Injunction can only be provided by the State Defendants.

# INTRODUCTION

Curling Plaintiffs have moved for a preliminary injunction, requiring the Fulton County Defendants to use a hand-marked paper ballot voting system for any election conducted after January 2020 and seeking fees for attempting to use the Proposed Election System that the State has recently adopted. [Doc. 619, p. 25].

# PROCEDURAL POSTURE

On May 30, 2019, the Curling Plaintiffs filed a Motion for Preliminary Injunction asking the Court to (1) enjoin the Fulton County Defendants from using the Diebold AccuVote direct recording electronic ("DRE") voting system to conduct further elections in Georgia, including providing programming and machine configurations employing the DRE voting system; (2) require the Fulton County Defendants to conduct in-person voting in elections by hand-marked paper ballots tabulated either by hand or by optical scanners.[2]  On June 21, 2019, the Coalition Plaintiffs filed a Motion for Preliminary Injunction, asking, in addition to the relief sought by the Curling Plaintiffs, that the Court Order: (1) require the Fulton County Defendants to take necessary action to maintain ballot secrecy.[3]

---

[2] The remaining relief was sought against the State Defendants.

[3] The remaining relief was sought against the State Defendants.

In its August 15, 2019 Order, the Court granted in part and denied in part Plaintiffs' Motions for Preliminary Injunction.  The Court denied Plaintiffs' request to enjoin the use of the GEMS/DRE system in the 2019 elections, but it granted Plaintiffs' motions to the extent that the Court prohibits any use of the GEMS/DRE system after 2019.  The Court granted additional measures of relief against the State Defendants.  [Doc. 579].

The Court specifically granted narrowly tailored relief measures to ensure that the GEMS/DRE system is not resorted to as a stopgap default system in the event the Secretary of State is unable to fully and properly roll out the new BMD system in time for the 2020 Presidential Preference Primary or any of the ensuing elections.  The Court required that the State Defendants promptly file with the Court all proposed and final audit requirements that the State Elections Board and Secretary of State's Office considers or approves in connection with future elections.

The Court did not impose any additional restrictions or require any additional action of the Fulton County Defendants.  Accordingly, the Fulton County Defendants have continued to conduct elections as required by the Election Code of the State of Georgia.

## **FACTS**

State law provides that counties, through their Superintendents must conduct elections. O.C.G.A. § 21-2-70. These elections must be conducted in accordance with state law.

As the Court is aware, on April 2, 2019, the Governor of Georgia approved newly enacted state election legislation. (*See* Georgia Act No. 24, Georgia House Bill 316, amending Chapter 2 of Title 21 of the Official Code of Georgia Annotated). This legislation replaces the statewide mandated use of DREs with mandated electronic ballot-marking devices ("BMDs") and optical scanners that count votes recorded on the paper ballots produced via printers attached to the BMDs. The legislation also revises various voting procedures and provides requirements for expanded auditing of the balloting system and results.

O.C.G.A. § 21-2-300(a)(1) provides:

> The equipment used for casting and counting votes in county, state, and federal elections **shall be the same in each county in this state** and shall be provided to each county by the state, **as determined by the Secretary of State**. [Emphasis added].

### ARGUMENT AND CITATION OF AUTHORITY

The Curling Plaintiffs do not explicitly state that their motion for preliminary injunction and requested fees is brought only against the State

4

Defendants.[4]  However, the requested relief can only be provided by the State Defendants and the "attempted use of the Proposed System," for which the Curling Plaintiffs seek fees, has been mandated by the Secretary of State and not by the Fulton County Defendants.  [Doc. 619, p. 25].

Pursuant to O.C.G.A. §§ 21-2-70 and 21-2-300, and the Court's August 15, 2019 Order, the Fulton County Defendants are required to conduct elections after December 31, 2019 using the newly-legislated statewide BMD-based voting system.  The Fulton County Defendants are merely following Georgia Law as required in conducting elections and are constrained to follow Georgia law and this Court's order, when conducting elections in the future.

This motion for preliminary injunction is essentially a second bite at the apple. The instant motion is tantamount to an attempt to enjoin this Court's August 15, 2019 Order. This Court issued a ruling on August 15, 2019 with respect to the manner in which elections would be conducted throughout the State of Georgia in 2019 and in 2020, if the new election system is not timely dispatched.  Plaintiffs had the option of moving for reconsideration, or appealing that order.  Plaintiffs did neither.  As such the August 15, 2019 Order stands.

---

[4] Plaintiffs often lump all defendants together, suing "Defendants" rather than specifying any articulable claim against the Fulton County Defendants.

Consequently, the Fulton County Defendants state that they will conduct elections after December 31, 2019 in the manner in which this Court and the State of Georgia have mandated. Absent a court order to the contrary, the Fulton County Defendants will be conducting elections from December 31, 2019 and beyond via Georgia's new statewide BMD-based voting system. Thus, Plaintiffs request for preliminary injunction must fail as to the Fulton County Defendants.

## **CONCLUSION**

For all of the above reasons, the Fulton County Defendants respectfully request that they be allowed to conduct elections after December 31, 2019 via Georgia's new statewide BMD-based voting system.

Respectfully submitted this 18th day of October, 2019.

**OFFICE OF THE COUNTY ATTORNEY**

**/s/David R. Lowman**
David Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
Kaye Burwell
Georgia Bar Number:  775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

                                                     ATTORNEYS FOR DEFENDANTS
                                                     RICHARD EVANS MARY
                                                     CAROLE COONEY, VERNETTA
                                                     NURIDDIN, DAVID J. BURGE,
                                                     AARON JOHNSON, AND THE
                                                     FULTON COUNTY BOARD OF
                                                     REGISTRATION & ELECTIONS

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

P:\CALitigation\Elections\Curling, Donna v. Kemp, Brian (Curling II) 1.17-CV-02989-AT- (DRL)\Pleadings\10.18.19 DEF's RESP to PLTF's MOTION for Prelminary Injunctions FINAL.doc

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRAD RAFFENSBERGER, et al.; | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **FULTON COUNTY DEFENDANTS' RESPONSE TO CURLING PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system, with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all attorneys of record.

This 18th day of October, 2019.

/s/ **David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov