## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, et al;                          )
                                               )
                                               )  CIVIL ACTION
         Plaintiffs,                  )  FILE NO: 1:17cv02989-AT
                                               )
                                               )
v.                                             )
                                               )
                                               )
BRIAN P. KEMP, et al.;                         )
                                               )
         Defendants                   )
_____        )
                                               )

## FULTON COUNTY DEFENDANTS' ANSWER TO CURLING PLAINTIFFS' THIRD AMENDED COMPLAINT

**COME NOW,** the Fulton County Board of Registration and Elections ("FCBRE") and members of the FCBRE, Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Mark Wingate and Aaron Johnson, (hereafter "Fulton County Defendants") through counsel, and respectfully file this their Answer to the Curling Plaintiffs' Third Amended Complaint showing the Court as follows:

## INTRODUCTORY STATEMENT

The Fulton County Defendants have a legal duty to abide by the laws of the State of Georgia and are required by the Georgia Constitution and state statutes to conduct elections in accordance with existing Georgia state law. Defendants thus

have no discretion regarding the use of state-mandated voting machines.  At all times relevant to this litigation, the Fulton County Defendants acted in good faith and with reasonable belief that their actions in conducting elections in conformance with existing Georgia state law were valid, necessary, and constitutionally proper. The Fulton County Defendants are subject to criminal and civil penalties if they knowingly violate the oath of office in which they affirmed that they would abide by the Constitution and laws of the State of Georgia.  If the election laws of the State of Georgia are amended by the citizens of the State of Georgia, the Georgia General Assembly, or are found to be unconstitutional by a court of competent jurisdiction, the Fulton County Defendants will abide by and administer the election law as amended or interpreted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part for failure to state a claim upon which relief can be granted, since the Fulton County Defendants are required to comply with state statutes and the Georgia Constitution.

### SECOND DEFENSE

To the extent Plaintiffs seek to sue the Fulton County Defendants in their individual capacities, such claims are barred by the doctrine of official immunity.

## THIRD DEFENSE

Plaintiffs lack a clear legal right to the relief sought.

## FOURTH DEFENSE

The "Preliminary Statement" portion of the Complaint contains legal argument and a summary of Plaintiffs' claims and does not require an admission or denial. To the extent that any response is required, the Fulton County Defendants deny that Plaintiffs are entitled to any relief.

## FIFTH DEFENSE

Fulton County Defendants have not breached a duty owed to Plaintiffs.

## SIXTH DEFENSE

Fulton County Defendants' compliance with Georgia law is being carried out in good faith, without conscious, reckless or negligent disregard for the rights of any voter. **SEVENTH DEFENSE**

Fulton County Defendants have not subjected Plaintiffs to the deprivation of any rights, due process or equal protection guaranteed by the Georgia Constitution or the United States Constitution.

## EIGHTH DEFENSE

Fulton County Defendants are not capable of providing a remedy to Plaintiffs since their powers and duties do not include the ability to determine

what voting system is used in Georgia.

## NINTH DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against the Fulton County Defendants who have no discretion regarding the Georgia election system and are required by statute and the Georgia Constitution to operate elections in accordance with existing Georgia law.

## TENTH DEFENSE

Subject to and without waiving the foregoing affirmative defenses, Fulton County Defendants respond to the individually numbered paragraphs of the Curling Plaintiffs' Third Amended Complaint as follows:

1.

Paragraph 1 contains Plaintiffs' contentions as to the nature of this action and as such does not require an admission or denial.  To the extent a response is required, Fulton County Defendants state that the legal authority cited in the paragraph speaks for itself as to content and legal effect.

2.

Paragraph 2 contains Plaintiffs' contentions as to the nature of this action and as such does not require an admission or denial.  To the extent a response is required, Fulton County Defendants are without knowledge or information

sufficient to form a response to the allegations contained in Paragraph 2, and for this reason, the allegations contained in Paragraph 2 are denied.

3.

Paragraph 3 contains Plaintiffs' contentions as to the nature of this action and as such does not require an admission or denial.  To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 3.

4.

Paragraph 4 contains Plaintiffs' contentions as to the nature of this action and as such does not require an admission or denial.  To the extent a response is required, Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 4, and for this reason, the allegations contained in Paragraph 4 are denied.

5.

Paragraph 5 contains Plaintiffs' contentions as to the nature of this action and as such does not require an admission or denial.  To the extent a response is required, Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 5, and for this reason, the allegations contained in Paragraph 5 are denied.

6.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 6, and for this reason, the allegations contained in Paragraph 6 are denied.

7.

Paragraph 7 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 7.

8.

Paragraph 8 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 8.

9.

Paragraph 9 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 9.

10.

Fulton County Defendants deny the allegations contained in Paragraph 10.

11.

Fulton County Defendants deny the allegations contained in Paragraph 11.

12.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and deny each allegation in Paragraph 12.

13.

Fulton County Defendants are without knowledge or information sufficient to establish the truthfulness of the allegations contained in Paragraph 13, and for this reason, the allegations contained in Paragraph 13 are denied.

14.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 14, and for this reason, the allegations contained in Paragraph 14 are denied.

15.

Fulton County Defendants are without knowledge or information sufficient to establish the truthfulness of the allegations contained in Paragraph 15, and for this reason, the allegations contained in Paragraph 15 are denied.

16.

Fulton County Defendants are without knowledge or information sufficient to establish the truthfulness of the allegations contained in Paragraph

16, and for this reason, the allegations contained in Paragraph 16 are denied.

17.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 17, and for this reason, the allegations contained in Paragraph 17 are denied.

18.

Fulton County Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Fulton County Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Paragraph 21 does not require an admission or denial. However, Fulton County Defendants deny that they are liable to Plaintiffs in any capacity

22.

Fulton County Defendants admit that this court has jurisdiction of over this

case.

23.

Fulton County Defendants admit that Plaintiffs seek to invoke the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201 and 2202.

24.

Fulton County Defendants admit they reside with the Northern District of Georgia but are without sufficient knowledge to form a belief as to the residence of the other Defendants.  Defendants note that Fulton county is but one of 159 counties in Georgia, and as such deny that "a substantial part of the events or omissions" giving rise to these claims occurred in this judicial district.

25.

Fulton County Defendants admit Georgia's voting system relies primarily on DRE voting machines, but deny the remaining allegations contained in Paragraph 25.

26.

Paragraph 26 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 26.

27.

Paragraph 27 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 27.

28.

Paragraph 28 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 28.

29.

Paragraph 29 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 29.

30.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 30, and for this reason, the allegations contained in Paragraph 30 are denied.

31.

Paragraph 31 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny

all allegations of Paragraph 31.

32.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 32, and for this reason, the allegations contained in Paragraph 32 are denied.

33.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 33, and for this reason, the allegations contained in Paragraph 33 are denied.

34.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 34, and for this reason, the allegations contained in Paragraph 34 are denied.

35.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 35, and for this reason, the allegations contained in Paragraph 35 are denied.

36.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 36, and for this reason, the allegations contained in Paragraph 36 are denied.

37.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 37, and for this reason, the allegations contained in Paragraph 37 are denied.

38.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 38, and for this reason, the allegations contained in Paragraph 38 are denied.

39.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 39, and for this reason, the allegations contained in Paragraph 39 are denied.

40.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 40, and for this reason, the allegations contained in Paragraph 40 are denied.

41.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 41, and for this reason, the allegations contained in Paragraph 41 are denied.

42.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 42, and for this reason, the allegations contained in Paragraph 42 are denied.

43.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43, and for this reason, the allegations contained in Paragraph 43 are

denied.

44.

Paragraph 44 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 44.

45.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 45, and for this reason, the allegations contained in Paragraph 45 are denied.

46.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 46, and for this reason, the allegations contained in Paragraph 46 are denied.

47.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in

Paragraph 47, and for this reason, the allegations contained in Paragraph 47 are denied.

48.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 48, and for this reason, the allegations contained in Paragraph 48 are denied.

49.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 49, and for this reason, the allegations contained in Paragraph 49 are denied.

50.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 50, and for this reason, the allegations contained in Paragraph 50 are denied.

51.

Fulton County Defendants are without knowledge or information

sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 51, and for this reason, the allegations contained in Paragraph 51 are denied.

52.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 52, and for this reason, the allegations contained in Paragraph 52 are denied.

53.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 53, and for this reason, the allegations contained in Paragraph 53 are denied.

54.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 54, and for this reason, the allegations contained in Paragraph 54 are denied.

55.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 55, and for this reason, the allegations contained in Paragraph 55 are denied.

56.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 56, and for this reason, the allegations contained in Paragraph 56 are denied.

57.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 57, and for this reason, the allegations contained in Paragraph 57 are denied.

58.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 58, and for this reason, the allegations contained in Paragraph 58 are denied.

59.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 59, and for this reason, the allegations contained in Paragraph 59 are denied.

60.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 60, and for this reason, the allegations contained in Paragraph 60 are denied.

61.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 61, and for this reason, the allegations contained in Paragraph 61 are denied.

62.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 62, and for this reason, the allegations contained in Paragraph 62 are

denied.

63.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 63, and for this reason, the allegations contained in Paragraph 63 are denied.

64.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 64, and for this reason, the allegations contained in Paragraph 64 are denied.

65.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 65, and for this reason, the allegations contained in Paragraph 66 are denied.

66.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in

Paragraph 66, and for this reason, the allegations contained in Paragraph 66 are denied.

67.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 67, and for this reason, the allegations contained in Paragraph 67 are denied.

68.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 68, and for this reason, the allegations contained in Paragraph 68 are denied.

69.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 69, and for this reason, the allegations contained in Paragraph 69 are denied.

70.

Upon information and belief, Fulton County Defendants admit the

allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

On information and belief, Fulton County Defendants admit that the system described in the State of Georgia's contract with Dominion calls for in-precinct scanners/tabulators for 2D barcodes generated by BMDs, but denies the remaining allegations contained in Paragraph 71.

72.

Paragraph 72 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 72.

73.

Paragraph 73 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 73.

74.

Paragraph 74 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 74.

75.

Paragraph 75 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 75.

76.

Paragraph 76 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 76.

77.

Paragraph 77 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 77.

78.

Paragraph 78 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 78.

79.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 79, and for this reason, the allegations contained in Paragraph 79 are

denied.

### 80.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 80, and for this reason, the allegations contained in Paragraph 80 are denied.

### 81.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 80, and for this reason, the allegations contained in Paragraph 80 are denied.

### 82.

Fulton County Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 82, and for this reason, the allegations contained in Paragraph 80 are denied.

### 83.

Paragraph 83 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny

all allegations of Paragraph 83.

84.

Paragraph 84 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 84.

85.

Paragraph 85 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 85.

86.

Paragraph 86 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 86.

87.

Paragraph 87 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 87.

88.

Paragraph 88 contains legal argument that does not require an admission

or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 88.

89.

Paragraph 89 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 89.

90.

Paragraph 90 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 90.

91.

Defendants incorporate their specific responses to paragraphs 1 through 90 as previously set forth herein.

92.

Paragraph 92 contains legal argument that does not require a response, but to the extent a response is required, Fulton County Defendants state that the Due Process Clause and the Fourteenth Amendment of the U.S. Constitution speak for themselves as to content and legal effect.

93.

Paragraph 93 contains legal argument that does not require a response, but to the extent a response is required, Fulton County Defendants state that the Due Process Clause and the Fourteenth Amendment of the U.S. Constitution speak for themselves as to content and legal effect..

94.

Fulton County Defendants deny all allegations contained in Paragraph 94.

95.

Fulton County Defendants deny all allegations contained in Paragraph 95.

96.

Fulton County Defendants deny all allegations contained in Paragraph 96.

97.

Paragraph 97 contains Plaintiffs' contentions as to the nature of this action and as such does not require an admission or denial.  To the extent a response is required, Fulton County Defendants deny that they have failed to comply with the Election Code.

98.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and deny each allegation in Paragraph 98.

99.

Defendants incorporate their specific responses to paragraphs 1 through 98 as previously set forth herein.

100.

The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution speaks for itself as to content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

101.

The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution speaks for itself as to content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

102.

Fulton County Defendants state that pursuant to the Georgia Election Code, voters in the elections at issue have voted by DRE voting machines or by paper absentee or provisional ballots.

103.

Fulton County Defendants admit the allegations contained in Paragraph 103.

104.

Fulton County Defendants deny all allegations contained in Paragraph 104.

105.

Fulton County Defendants deny all allegations contained in Paragraph 105.

106.

Fulton County Defendants deny all allegations contained in Paragraph 106.

107.

Fulton County Defendants deny all allegations contained in Paragraph 107.

108.

Fulton County Defendants deny all allegations contained in Paragraph 108.

109.

Fulton County Defendants deny all allegations contained in Paragraph 109.

110.

Fulton County Defendants deny all allegations contained in Paragraph 110.

111.

Fulton County Defendants deny all allegations contained in Paragraph 111.

112.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and deny each allegation in paragraph 112.

113.

Defendants incorporate their specific responses to paragraphs 1 through 112 as previously set forth herein.

114.

Paragraph 114 contains legal argument that does not require a response, but to the extent a response is required, Fulton County Defendants state that the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution speaks for itself as to content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

115.

Paragraph 115 contains legal argument that does not require a response, but to the extent a response is required, Fulton County Defendants state that the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution speaks for itself as to content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

116.

Fulton County Defendants deny all allegations contained in Paragraph 116.

117.

Fulton County Defendants deny all allegations contained in Paragraph 117.

118.

Fulton County Defendants admit that as mandated by Georgia law, starting after January 1, 2020, they will conduct elections using the statewide voting

system prescribed by the Secretary of State, but deny the remaining allegations contained in Paragraph 118.

119.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and deny each allegation in paragraph 119.

120.

Defendants incorporate their specific responses to paragraphs 1 through 119 as previously set forth herein.

121.

The Equal Protection Clause Fourteenth Amendment of the U.S. Constitution speaks for itself as to content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

122.

The Equal Protection Clause Fourteenth Amendment of the U.S. Constitution speaks for itself as to content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

123.

Fulton County Defendants admit that as mandated by Georgia law, starting after January 1, 2020, they will conduct elections using the statewide voting

system prescribed by the Secretary of State, but deny the remaining allegations contained in Paragraph 123.

124.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.

Paragraph 125 contains legal argument that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 125.

126.

Fulton County Defendants deny all allegations contained in Paragraph 126.

127.

Fulton County Defendants deny all allegations contained in Paragraph 127.

128.

Fulton County Defendants deny all allegations contained in Paragraph 128.

129.

Fulton County Defendants deny all allegations contained in Paragraph 129.

130.

Paragraph 130 contains legal argument and Plaintiffs' contentions that do not require an admission or denial. To the extent that any response is required, the Fulton County Defendants deny all allegations in paragraph 130.

131.

Fulton County Defendants deny all allegations contained in Paragraph 131.

132.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and deny each allegation in paragraph 132.

133.

Defendants incorporate their specific responses to paragraphs 1 through 132 as previously set forth herein.

134.

Act No. 24, House Bill No. 316 speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

135.

Act No. 24, House Bill No. 316 speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

136.

Act No. 24, House Bill No. 316 speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

137.

Fulton County Defendants deny all allegations contained in Paragraph 137.

138.

Fulton County Defendants deny all allegations contained in Paragraph 138.

139.

Fulton County Defendants deny all allegations contained in Paragraph 139.

140.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and denies the allegation in paragraph 140.

141.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and denies each allegation in paragraph 141.

142.

Fulton County Defendants deny that Plaintiffs are entitled to any of the

relief sought and denies each allegation in paragraph 142.

143.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and denies each allegation in paragraph 143.

144.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and denies each allegation in paragraph 144.

145.

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and denies each allegation in paragraph 145.

## **GENERAL DENIAL**

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and deny each numbered paragraph of the Prayer for Relief. Defendants further deny each and every allegation of the Complaint not specifically admitted denied or otherwise contradicted herein responded to

WHEREFORE, the Fulton County Defendants request:

(a) That the Complaint be dismissed;

(b) That all relief sought by Plaintiffs be denied;

(c) That judgment be issued in Fulton County Defendants' favor;

(d) That attorneys' fees and costs be assessed against Plaintiffs; and

(f) Any other further relief as this Court deems just and proper.

Respectfully submitted this 25th day of October, 2019.

**OFFICE OF THE COUNTY ATTORNEY**

Kaye Woodard Burwell
Georgia Bar Number:   775060
kaye.burwell@fultoncountyga.gov

**s/Cheryl Ringer**
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

David R. Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

ATTORNEYS FOR DEFENDANTS
RICHARD BARRON MARY CAROLE
COONEY, VERNETTA NURIDDIN,
DAVID J. BURGE, STAN MATARAZZO,
AARON JOHNSON, AND THE FULTON
COUNTY BOARD OF REGISTATION

Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246
P:\CALitigation\Elections\Curling, Donna v. Kemp, Brian (Curling II) 1.17-CV-02989-AT- (DRL)\Pleadings\10.25.19 Answer
to THIRD Amended Complaint (Curling) Final.docx

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) CIVIL ACTION |
| Plaintiffs, | ) FILE NO: 1:17cv02989-AT |
| | ) |
| | ) |
| v. | ) |
| | ) |
| BRIAN P. KEMP, et al.; | ) |
| | ) |
| Defendants | ) |
| _____ | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **FULTON COUNTY DEFENDANTS' ANSWER TO CURLING PLAINTIFFS' THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

> **s/ Cheryl Ringer**
> Georgia Bar Number: 557420
> cheryl.ringer@fultoncountyga.gov

This 25th day of October, 2019.

Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246