IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the State Defendants' Motion for Leave to File Under Seal Documents Related to the Parties' Joint Discovery Statement as to the GEMS Databases [Doc. 488], the parties' Joint Discovery Statement Regarding Production of Election System Data [Doc. 582], Joint Discovery Statement on Dispute Relating to FBI Image [Doc. 589], and Plaintiffs' Joint Request for Forensic Examination [Doc. 597].

State Defendants seek to keep under seal GEMS database screenshots filed by Curling Plaintiffs in connection with a discovery dispute filed in association with their preliminary injunction motions on the basis that the structure of Georgia's GEMS databases as shown in the screenshots filed at Doc. 489 are unique and "public disclosure of the sensitive information in these documents could threaten the security of Georgia's election system." (Doc. 488 at 1.) However, the testimony offered in connection with the August 2019 preliminary injunction hearing

revealed that the structure of Georgia's GEMS database is identical to other publicly available GEMS databases. Based on the totality of the evidence and testimony offered in connection with Plaintiffs' motions, the Court cannot find that there is anything confidential about the GEMS structure that would warrant the continued sealing of the screenshots on the public record in this matter. This is especially true considering the State does not intend to use GEMS after the 2019 election cycle and, all but a select number of small runoff elections have been completed. Accordingly, the Court **DENIES** Defendants' Motion for Leave to File Under Seal [Doc. 488] and **DIRECTS** the Clerk to unseal Doc. 489.

Plaintiffs' request for examination and forensic imaging of a statistical sampling of the State's election hardware and its data, including GEMS servers, DREs, memory cards, AccuVote scanners, and Express Poll books is **DENIED** at this time **WITHOUT PREJUDICE**. Although the Court acknowledges the relevance of this discovery to the Plaintiffs' DRE/GEMS related claims, the Court has enjoined the State from using the DRE/GEMS election system beyond the 2019 elections and has advised Plaintiffs that it does not intend to grant any further relief regarding the State's use of the DRE/GEMS election system given the State's shift to the BMD system for the 2020 elections.

While the Court finds that discovery relating to the DREs and GEMS systems is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case, the Court does not agree with the State Defendants' characterization of Plaintiffs claims as being entirely moot. The State has declined

to concede that it will not seek to appeal the Court's August 15, 2019 injunction order upon entry of a judgment in the case. The State has further declined to agree to stipulate to the conversion of the Court's order as a permanent injunction. As such, Plaintiffs' claims challenging the DRE/GEMS election system are not legally moot.

State Defendants have represented that as the BMDs are deployed, DREs and the existing GEMS components will be removed from counties and preserved by the State and stored by a vendor. (Doc. 616 at 4.) Consistent with this representation, the Court **ORDERS** the State Defendants to preserve all GEMS servers, DREs, memory cards, AccuVote scanners, and Express Poll books until further order of the Court in the event a forensic examination is deemed necessary at some point for purposes of this litigation.

Finally, the Court **ORDERS** the State Defendants to produce a copy of the FBI's image of the KSU/CES server pursuant to their prior agreement **NO LATER THAN DECEMBER 20, 2019**, subject to a suitable agreed upon protective order having been submitted and approved by the Court. There is no burden asserted in connection with production of the FBI image. The Court notes that the State Defendants acknowledge their agreement to provide a copy of the FBI's image to Plaintiffs and only backtracked on their agreement after the Court's entry of the August 15, 2019 injunction Order because the State now believes claims related to the GEMS server are moot and therefore the information discoverable in connection with the FBI image is no longer relevant. The Court finds that the State

Defendants' position on this issue is troubling and contradictory in light of their refusal to concede they will not appeal while maintaining that "barring an appeal" there is no reason for anyone to know what information is contained on the FBI's image.

**IT IS SO ORDERED** this 22nd day of November, 2019.

_____
**Amy Totenberg**
**United States District Judge**