IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' RESPONSE TO COURT'S
REQUEST FOR BRIEFING ON RIPENESS**

On January 17, 2020, the Court requested that all parties brief whether Plaintiffs' new claims challenging the BMD system are ripe.[1] Ripeness involves both Article III jurisdiction and prudential concerns. *Dig. Props. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).

---

[1] By docket entry, the Court stated: "The Court is considering the issue of the ripeness of Plaintiffs' claims challenging the BMD voting system in connection with its review of [645] the State Defendants' MOTION to Dismiss Curling Plaintiffs' Third Amended Complaint and Coalition Plaintiffs' First Supplemental Complaint. As the parties did not expressly address ripeness, the Court DIRECTS the parties to each file supplemental briefs NO LATER THAN JANUARY 27, 2020 and NOT TO EXCEED 10 PAGES that address whether Plaintiffs' federal constitutional claims challenging the BMD voting system are ripe. Entered by Judge Amy Totenberg on 1/17/2020." [Doc. 702].

1

## I. Ripeness and standing can overlap because courts are called to analyze wholly prospective future injuries.

This Court has correctly identified a potential issue with its jurisdiction regarding Plaintiffs' BMD claims. As the Eleventh Circuit recognizes, "there is often 'doctrinal overlap between standing and ripeness analysis' because these claims 'involve the possibility of wholly prospective future injury.'" *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010). State Defendants submit that the jurisdictional problem is not a question of ripeness, but rather a question of standing.

### A. Plaintiffs' BMD claims are ripe.

"Two considerations predominate the ripeness analysis: (1) 'the hardship to the parties of withholding court consideration' and (2) 'the fitness of the issues for judicial decision.'" *Ala. Power Co. v. U.S. Dep't of Energy*, 307 F.3d 1300, 1310 (11th Cir. 2002) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S. Ct. 1507, 1515 (1967))." *Fla. State Conf. of the NAACP v. Browning*, 522 F.3d 1153, 1164 (11th Cir. 2008). The Supreme Court has also identified three factors that are relevant for considering both ripeness prongs: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further

2

factual development of the issues presented." *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733, 118 S. Ct. 1665 (1998).

In this case, the relevant ripeness considerations for the BMD claims are (1) fitness for judicial resolution and (2) the potential further development of the factual record. *Id*. Both of these factors involve possible future injuries, which are better analyzed under the doctrine of standing, as explained below. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81, 105 S. Ct. 3325 (1985)). "The fitness prong is typically concerned with questions of finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." *Harrell v. Florida Bar*, 608 F.3d 1241, 1258 (11th Cir. 2010).

There are two questions for this Court in evaluating ripeness: (1) are there future contingent events that may not occur? and/or (2) is there a need for further facts in order to rule? In this case, neither consideration merits finding Plaintiffs' claims about BMDs are not ripe. There are no future contingent events that must occur because BMDs are being utilized in Georgia right now. As this Court is aware, they were used in elections across

3

six Georgia counties in November 2019. [Docs. 559, p. 2; 590 at 48:1-49:8]. Additionally, BMDs are being utilized for the two special elections to fill legislative seats and will be used in the Presidential Preference Primary in less than two months. [Docs. 658-5 at ¶ 13; 698-1 at ¶ 7].

Further, additional facts are not required. Plaintiffs have specifically pleaded that the use of barcodes and voters' failure (or inability) to verify their ballots is their injury. [Docs. 627 at ¶¶ 85-87; 628 at ¶¶ 117-118]. As this Court earlier found, evidence (or pleading) of a prospective future injury did not require *additional facts* to be proved, though, as discussed below, Plaintiffs now allege a different type of injury. [Doc. 309, pp. 20-22]. Simply waiting for more elections to be held using a system that has been in use since November will not further develop the factual record for purposes of ripeness. *Harrell*, 608 F.3d at 1258.

B. *This Court lacks jurisdiction because of the lack of an injury.*

While the tests for ripeness do not result in a finding that this Court lacks jurisdiction, the Court has correctly identified the speculative nature of the harms Plaintiffs allege regarding BMDs. Plaintiffs have alleged—at most—a *possibility* of a future injury. But that injury will only occur if an attenuated chain of possibilities occurs, leading to a problem with standing. In order for Plaintiffs to be injured, *all* of the following must occur:

4

- A hacker must (somehow) gain untraceable control of the BMD system; and

- That hack involves an untraceable manipulation of the bar codes on the BMDs but not the human-readable portion.

Plaintiffs had alleged similar facts about DREs. But to assert they are injured by the use of BMDs, Plaintiffs now allege a series of additional events that also must occur to complete their claimed injury, including the independent actions of third parties:

- Voters[2] do not verify the human-readable portion of their paper ballots; and

- The optical-scan unit incorrectly tabulates votes; and

- Post-election audits do not catch any errors.

As previously explained in State Defendants' Renewed Motion to Dismiss [Doc. 645-1, pp. 24-27], *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013), counsels against finding an injury under this speculative set of facts. And, as another Circuit explained, the "threat of a prospective injury must be real and immediate and not premised upon the existence of past

---

[2] Other voters, that is, and not Plaintiffs, who presumably will carefully check the human-readable portion of their ballot or who are free to vote by absentee, hand-marked ballot if they so desire.

injuries alone." *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03 (1983)). At most, Plaintiffs have only alleged that past possible injuries (involving a system that will not be used again) could somehow be the catalyst to set off the chain of speculation outlined above.

The fact that Plaintiffs can imagine a scenario where they might be injured does not mean Plaintiffs' claims are not ripe—it just means they do not have standing because their injury is not "certainly impending," especially when that prospective injury is based on the "choices of a third party" (such as a voter choosing verifying a paper ballot or election officials conducting an audit). *Ga. Republican Party v. SEC*, 888 F.3d 1198, 1202 (11th Cir. 2018).

This Court should dismiss Plaintiffs' new claims about BMDs because they have not alleged any injury that is "certainly impending" in their amended and supplemental complaints. Instead, they have only alleged a speculative chain of possibilities premised on the choices of third parties, which is not sufficient to find an injury-in-fact. The problem is not one of the *time* in which they brought their claims (ripeness) but rather the *nature* of their claimed injury (standing).

### C. *Plaintiffs' claims in their status-report filings are not ripe.*

As the Court is aware, if the BMD rollout is not complete by the Presidential Preference Primary, the election will be at least partially conducted using hand-marked paper ballots. [Doc. 698, p. 3]. Thus, the only potential problem with ripeness is with *Plaintiffs'* claims in their status-report filings that the rollout will not be complete, because further facts are required.[3]

But the status of the rollout process does not mean Plaintiffs' claims about the constitutionality of BMDs are not ripe—especially when the system has been used in multiple elections already and the State is on track to complete the rollout in time for the Presidential Preference Primary. [Doc. 698, pp. 2-3]. While the State raised questions about the extent of the implementation related to ripeness [Doc. 679 at 43:17-24] in response to earlier questions from the Court, those have been alleviated by the extent of the rollout and the decertification of DREs.

---

[3] This is also another reason why this Court should not allow Plaintiffs to continue to conduct this litigation by status-report filings and require fully briefed motions.

## II. Plaintiffs' DRE claims are moot and their BMD claims are now ripe.

This Court earlier raised the question of ripeness when the State had not yet selected a vendor for BMDs. [Doc. 363 at 38:3-9]. At that time, the selection of the vendor was the key future event that prevented a finding that BMD claims were ripe during the April 2019 hearing. *See* [Doc. 363 at 40:2-8, 53:23-54:11]. But we are now in a very different place. DREs have been decertified in Georgia. [Doc. 689-4]. A BMD vendor has not only been selected, but BMDs have been actually used in the State of Georgia and are being used currently in elections.

"Absent exceptional circumstances, a challenge to the enforcement of a statute becomes moot when that law is no longer effective." *Aaron Private Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1335 (11th Cir. 2019). Any law allowing the use of DREs is no longer effective in Georgia because the machines have been decertified. Georgia has moved to a new election system and no further claims about DREs can be heard by this Court.

Mootness is jurisdictional and requires dismissal when there is no longer a case or controversy. *Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994). Further, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no

8

longer needs protection from future injury." *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). Plaintiffs do not require "protection" from DREs because county election officials in Georgia are not allowed to use DREs. The fact that Plaintiffs' claims about DREs are moot is further evidence that the claims about BMDs are ripe, even though Plaintiffs lack standing to bring those claims.

## **CONCLUSION**

BMDs are currently in use in Georgia and will be used going forward, but Plaintiffs have only alleged an attenuated chain of possibilities as their possible injury. The Court has correctly identified a jurisdictional issue with Plaintiffs' BMD claims. But that issue is one of standing, not ripeness, though the two often overlap.

The fact that the DRE claims are moot strengthens the concept that claims about BMDs are ripe—but that still does not mean that this Court has jurisdiction. This Court should dismiss the DRE claims as moot, dismiss the BMD claims for failure to allege a sufficient injury to demonstrate standing, bring an end to this litigation, and allow the State of Georgia to move forward with its new, paper-ballot election system.

Respectfully submitted this 27th day of January, 2020.

> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Brian E. Lake
> Georgia Bar No. 575966
> blake@robbinsfirm.com
> Robbins Ross Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, Georgia 30318
> Telephone: (678) 701-9381
> Facsimile:  (404) 856-3250
>
> */s/Bryan P. Tyson*
> Bryan P. Tyson
> Georgia Bar No. 515411
> btyson@taylorenglish.com
> Bryan F. Jacoutot
> Georgia Bar No. 668272
> bjacoutot@taylorenglish.com
> TAYLOR ENGLISH DUMA LLP
> 1600 Parkwood Circle, Suite 200
> Atlanta, GA 30339
> Telephone: (678)336-7249
>
> *Counsel for State Defendants*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' RESPONSE TO COURT'S REQUEST FOR BRIEFING ON RIPENESS has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

                                                 */s/Bryan P. Tyson*
                                                 Bryan P. Tyson