## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**

**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## COALITION PLAINTIFFS' REPLY IN SUPPORT OF
## REQUEST FOR IMMEDIATE
## INJUNCTIVE RELIEF ON
## PAPER POLLBOOK BACKUPS

The State Defendants' Response (Doc. 757) to the Coalition Plaintiffs'

Notice of Filing (Doc. 755) and Motion (Doc. 756)[1] relating to Immedicate

Injunctive Relief on Paper Pollbook Backups confirms that such relief should be

granted at this time.

Before addressing the State Defendants' argument, it is important to

consider what the State Defendants do not contend:

First, the State Defendants do not explain *why,* as a practical or legal matter,

this commonsense relief (of providing each polling place with an updated paper

back-up copy of the pollbook) should not be granted, and they never have: they did

---

[1] Though the State Defendants' Response is styled as being in response only to the evidence (Doc. 755), the brief references both the evidence and Coalition Plaintiffs' Motion (Doc. 756).  (*See* Doc. 757 at 2, 3).

not explain why in their *one-page* response to Plaintiffs' Motion for Preliminary Injunction (Doc. 658 at 54); nor in open court in response to the Court's questions (Tr. Doc. 679 at 71);  nor in their brief filed earlier today.  (Doc. 757).

Second, the State Defendants do not dispute—and thus concede—that the lack of paper pollbook backups materially contributed to the "Complete Meltdown" that the Defendants oversaw on June 9, 2020.

As to State Defendants' arguments:

*"Normal discovery track."*  The State Defendants argue that "this case should proceed on a normal discovery track instead of on an emergency basis." (Doc. 757 at 1).   Yet the issue before the Court concerns a Motion for a *Preliminary* Injunction.  (Doc. 640).  If the need for a "normal discovery track" were sufficient to defeat a motion for preliminary injunction, then no preliminary injunction would ever be granted.  But that is not the law.  "[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  Full discovery must of course proceed before this Court can award Plaintiffs permanent relief.  But for now the question is whether, at this juncture, for purposes of entering preliminary relief that will prevent irreparable harm, there is a likelihood that Coalition Plaintiffs, based on the evidence currently before the Court, are likely to succeed on the merits of their

claim and whether the equities tip in their favor. *Winter v. NRDC*, 555 U.S. 7, 20 (2008). These issues were fully briefed with the Motion months ago. (Doc. 640-1 at 32–33; Doc. 658 at 54; Doc 680 at 29–32.) For months, the State Defendants have had the opportunity to muster evidence (all of which is within their own possession, custody, or control) disputing the factual basis of Coalition Plaintiffs' claim. But they have come up with nothing and instead insist upon a "normal discovery track" for the transparent purpose of running out the clock on any possibility for timely relief.

*Hearsay.* The State Defendants complain that the Coalition Plaintiffs' Motion relies on hearsay. That is not a valid objection to evidence filed in support of a motion for preliminary injunction. In considering a motion for preliminary injuction, the Court is permitted to rely upon hearsay and upon declarations in lieu of live testimony. *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (at the "preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction").

*Policy Statements.* In their response, the State Defendants criticize the Coalition Plaintiffs for filing policy statements that the Coalition submitted to the State Election Board as "Ms. Marks' personal opinions about how her preferred policy option would have improved  an election held in a pandemic." (Doc. 757 at

2).   There are any number of responses that the Coalition Plaintiffs can make to this objection but, for starters, the inclusion in the record of a witness's conclusions about appropriate ways to mitigate demonstrable violations of law is hardly a valid justification for denying otherwise warranted preliminary injunctive relief.  The submissions to the State Election Board speak for themselves: they do not contain "personal opinions," but instead are fact-based, well-reasoned submissions (made pursuant to a legal process) that have never been countered by the State Election Board or any of the Defendants.  Further, the policy recommendation made by Ms. Marks was included in this record to show how the Coalition Plaintiffs have scrupulously followed this Court's directives to make every effort to resolve this issue outside of litigation, including by (fruitlessly) petitioning the State Election Board for relief.  The same record also shows that the Defendants, by contrast, have made little effort to resolve this dispute outside of these proceedings and have been utterly unresponsive to any approach apart from adversarial litigation.  The State Election Board never responded to the Coalition; the Fulton County Defendants do not even respond to counsel's emails.

*Too rushed; emergency procedures inappropriate.*  The State Defendants argue that this relief should not be considered on an "emergency basis."  (Doc. 757 at 1).  There is nothing rushed about the consideration of this relief.  It was the subject of Coalition Plaintiffs' June 21, 2019 Motion (Doc. 419); this Court's

August 15, 2019 Order (Doc. 579); Coalition Plaintiffs' September 12, 2019 Rule

59 Motion (Doc. 605); Coalition Plaintiffs' October 23, 2019 Motion for

Preliminary Injunction (Doc. 640); and this Court's December 6, 2019 status

conference (Doc. 679 at 69-72).  Resisting relief on the merits and then appealing

to a shortage of time caused by that resistance as a reason to deny relief altogether

is nothing more than gamesmanship, which should not be indulged.

 *It is "too late to make these changes.*" (Doc. 757 at 3).  The State

Defendants do not support this conclusory statement with any citation to the record

or with any analysis or evidence.  The reason why is because the requested relief is

trivially easy for the State to implement: printing a paper backup of the electronic

pollbooks in each polling place involves minimal skill, time and cost.  The ease

and simplicity of the requested relief are why paper pollbook backups are not just

considered a best practice, but a necessary procedure by the National Academy of

Sciences (*see* Doc. 579 at 148 n. 101) and by the Brennan Center for Justice (*see*

Doc. 755 at 112).

 The Defendants' collective unwillingness to attend to this issue, among

others,  contributed directly and significantly to the "Complete Meltdown" for

which Defendants were, collectively, responsible.  Unless this injunctive relief is

granted, there is not only a substantial risk, but a virtual certainty, that it will

happen again.

Respectfully submitted this 3nd  day of August, 2020.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC |  (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

*/s/ Ezra D. Rosenberg*
Ezra D. Rosenberg
John Powers
David Brody
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has

been prepared in accordance with the font type and margin requirements of LR 5.1,

using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER , ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2020, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Bruce P. Brown*
Bruce P. Brown