IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO: 1:17cv02989-AT |
| | ) |
| BRAD RAFFENSBERGER, et al.; | ) |
| | ) |
| Defendants. | ) |
| | ) FILE NO.: |

**FULTON DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT STATEMENT OF SCOPE AND TIMING OF PROPOSED EXPEDITED DISCOVERY**

Pursuant to the Court's Order dated July 30, 2020 [Doc. 751], the Fulton County Defendants hereby respond in opposition to Plaintiffs' Joint Statement Addressing Scope and Timing of Proposed Expedited Discovery [Doc. 752].

**FULTON COUNTY ELECTION SCHEDULE**

As the Court is aware, Fulton County is the most populous county in the State of Georgia. In order to conduct elections, the Fulton County Defendants must continuously train and deploy the needed poll workers and poll officials, manage

- 1 -

and deploy temporary staff, test and deploy the necessary voting equipment, and coordinate logistics for its polling locations. Currently, it is estimated that Fulton County will need hundreds of poll workers and officials to conduct these elections. Many seasoned poll workers who are over the age of 65 have declined to work the polls in 2020 due to the ongoing COVID-19 health pandemic.  In order to prepare the necessary poll workers and officials, training classes will continue every day this week, through Sunday, August 9, 2020.  Five staff members are conducting in person classes so as to allow for social distancing during the classes.  In person training is required to allow hands on practical training and to ensure that poll workers have familiarity with the voting equipment.

Fulton County provides the most advance voting opportunities to its electors. Currently, Fulton County is conducting advance voting at nineteen (19) voting sites and two (2) outreach locations for the August 11, 2020 run-off election from the June 9, 2020 primary election. [Doc. 752, p.1 n.1].  The Fulton County Defendants must certify the runoff election results by the second Friday after the election, August 21, 2020. O.C.G.A. § 21-2 493(k).

In order to certify the results the Fulton County Defendants must process all forms for all polling precincts and conduct reconciliation to ensure that the number of votes casts in each precinct comport with the forms and other documentation.

Staff must verify the poll pad numbers to the amount of ballots by running the ballots through the scanners to verify the ballot counts, this duty by itself can take two to three days. Staff must also export the history file from the poll pads, which can also take about three days. Staff must inventory all equipment to ensure that everything has been returned and has been sealed. These tasks take approximately two permanent and eighteen temporary staff members working at the elections preparation center. For the June 9, 2020 elections, the elections preparation center staff did not complete their work until certification day, June 19, 2020. *See generally* O.C.G.A. § 21-2-493.

In addition to the above, prior to certification, additional staff from the elections division must scan and tabulate the results of voted absentee ballots. If the scanners reject absentee ballots, three member vote review panels are employed to determine the intent of the voter; one panel member reading the indicated vote, a second panel member reads the ballot to determine if he/she agrees with the first panel member as to the voter's intent. If necessary the third panel member breaks the tie as to the voter's intent. If ballots are torn or damaged, the vote review panel may have to duplicate ballots by marking a new ballot as the other panel members have indicated so that that ballot can be scanned.

Further, immediately following the runoff, on September 29, 2020, the Fulton County Defendants will conduct a special election to fill the vacant seat of recently deceased Congressman John Lewis. This special election will determine who will fill Congressman Lewis' seat for the remainder of his term. Advance voting for the September 29, 2020 election will begin on September 7, 2020. Certification of these results must be completed by the Fulton County Defendants by October 13, 2020. O.C.G.A. § 21-2 493(k). Advance voting for November 3, 2020 General Election will begin on October 12, 2020.

Also, if recounts are necessary for any of these elections, they must take place before the second Friday after the election, so that the Fulton County Defendants can timely certify each election. And all of this is being done in the midst of deadly health pandemic that has impacted Fulton County administration, employees, facilities, voters, election department personnel, vendors.

COVID 19 has also caused an unprecedented number of changes to Fulton County polling sites. Polling sites that have historically been located at nursing facilities have been closed due to concerns of possible spread of COVID-19 the vulnerable elderly population. Polling sites that have been historically located at houses of worship have al because service are not being held at this time and many congregations are not allowing their buildings to be used due to Coronavirus

concerns. These poll closures have resulted in additional staff time being utilized to find alternate polling places and to mail notices to the impacted electors. Approximately forty additional polls will be needed for the November general election.

For provisional ballots, Georgia law allows three days after Election Day for voters to provide verification (e.g. provide a copy of their valid Georgia ID). For provisional voters that voted at the incorrect precinct, elections staff has to manually duplicate their ballots so as to allow them to only vote in those races for which they are eligible. Provisional voters who were allowed to vote but did not show up on poll pads have to be researched to determine if they are validly registered to vote. There are approximately ten staff persons detailed to conduct provisional ballot research and to accept and reject ballots After the research, letters are sent to the rejected provisional voters and a report is manually created for the Secretary of State's office. *See generally* O.C.G.A. §§ 21-2-418 and 419.

## PLAINTIFF'S PROPOSED SCHEDULE

This matter has been pending for several years and Plaintiffs have made no secret of their goal to achieve hand-marked paper ballots for Georgia elections. Plaintiffs have filed a third set of preliminary injunction motions for which they claim they need this expedited discovery. There are many objectionable and overly

burdensome items included in Plaintiffs' proposed scope and timing of expedited discovery.

Federal courts allow parties to conduct expedited where the party establishes "good cause" for such discovery. *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 275–76 (N.D.Cal.2002); *Qwest Comm. Intl. Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D.Colo.2003). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool,* 208 F.R.D. at 276. There is no such "good cause" in the present case.

Notwithstanding that Georgia is in the middle of an election cycle, Plaintiffs request a truncated discovery period of three weeks. As discussed above, the Fulton County Defendants are extremely busy preparing for and conducting elections during Plaintiffs' requested discovery period of July 30, 2020 to August 24, 2020. Plaintiffs' attempt to commandeer the resources of the Futon County election staff and their counsel at this critical time is untenable. Plaintiffs have had months (not a mere three weeks) to marshal their resources and hire experts to support their goal of invalidating Georgia's new ballot marking devices, in an effort to achieve hand-marked paper ballots for Georgia's electors. To attempt to limit the Defendants to three weeks is indefensible.

Specifically, the Fulton County Defendants object to the following requests:

1) Written discovery responses to be due at 5:00 p.m. three calendar days after being emailed. There is a reason that the federal rules allow a 30 day time frame to provide written response to interrogatories.  A respondent must have time to research the item and provide a full and accurate response.  It is unreasonable to ask the Fulton County Defendants, in the middle of an election, and during a pandemic when many employees are teleworking, to be able to provide a complete and accurate response to multiple interrogatories within 3 days;

2) Responsive documents to be produced within 10 calendar days of service. This request is unreasonable, during the current period, when most Fulton County employees are teleworking and some materials may be off-site and require assistance from non Elections personnel.  Counsel is likewise teleworking, and handling other business of the County, but must review documents for privilege prior to production;

3) Inspection and actual testing of actual voting equipment being used in the August 11, 2020 election. Requiring the Fulton County Defendants to halt the ongoing election in order to allow inspection and testing of machines that are currently in use would be costly and could potentially create voter confusion and possible voter disenfranchisement in the ongoing election. These outcomes would necessarily undermine voter trust and confidence in the electoral process and the

integrity of Georgia's elections and disserve the public interest. Such an interruption would have the unintended consequence of creating both security and accuracy concerns;

4) Deadlines of tomorrow and this coming Thursday for expert disclosure from Defendants are unreasonable. The federal rules allow inclusion of experts so long as they are disclosed. Moreover, even "[a]fter entry of the pretrial order, it shall be within the discretion of the court to permit or disallow the presentation of testimony from any expert witness whose name is not contained in the pretrial order; provided, however, that if the additional expert witness is permitted to testify, any opposing party shall be permitted reasonable time to take the deposition of the additional expert witness." O.C.G.A. § 9-11-16(b).

5) A 24 hour turnaround for dispute resolution. It is unreasonable, given the history of this matter to suggest a 24-hour timeline for dispute resolution. Further, given the enormity of the tasks that the Fulton County Defendants are expected to undertake in the next four months, Fulton County counsel and Fulton County Defendants may not even be able to confer on discovery matters within a 24 hour period, let alone provide alternatives regarding dispute resolution.

6) Availability of key election personnel for deposition with a 10-day period beginning on Election Day August 11, 2020. As addressed above, key election

personnel are on the front lines managing and conducting the Fulton County elections.

Fulton County Defendants join the State Defendants in their response in opposition to Plaintiffs joint emergency motion for expedited discovery and evidentiary hearing and response to proposed scope and timing of proposed expedited discovery. [Doc.754] Fulton County also joins in the State Defendants discovery schedule included therein.

## **CONCLUSION**

For the foregoing reasons, the Fulton County Defendants request that this Court deny Plaintiffs request for expedited discovery and set a normal discovery deadline for this matter.

Respectfully submitted this 3rd day of August, 2020.

**OFFICE OF THE COUNTY ATTORNEY**

**/s/ Cheryl Ringer**
**Kaye Woodard Burwell**
**Georgia Bar Number:   775060**
**kaye.burwell@fultoncountyga.gov**
**Cheryl Ringer**
**Georgia Bar Number: 557420**
**cheryl.ringer@fultoncountyga.gov**
**David Lowman**
**Georgia Bar Number: 460298**
**david.lowman@fultoncountyga.gov**

**ATTORNEYS FOR DEFENDANTS RICHARD BARRON, DAVID J. BURGE, MARY CAROLE COONEY, AARON JOHNSON, VERNETTA NURIDDIN, MARK WINGATE, AND THE FULTON COUNTY BOARD OF REGISTRATION & ELECTIONS**

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **FULTON DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT STATEMENT OF SCOPE AND TIMING OF PROPOSED EXPEDITED** DISCOVERY with the Clerk of Court using the CM/ECF system, with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all attorneys of record.

This 3rd day of August, 2020.

                                              **/s/ Chery Ringer**
                                              Georgia Bar Number: 557420
                                              Cheryl.ringer@fultoncountyga.gov