## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## STATE DEFENDANTS' ANSWER TO CURLING PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants Secretary of State Brad Raffensperger, State Election Board members David Worley, Rebecca N. Sullivan, Anh Le, and Seth Harp[1] (collectively "State Defendants") answer Curling Plaintiffs'[2] Third Amended Complaint [Doc. 627] as follows:

## FIRST AFFIRMATIVE DEFENSE

The allegations in Curling Plaintiffs' Third Amended Complaint fail to state a claim against State Defendants upon which relief may be granted.

---

[1] Seth Harp is no longer a member of the State Election Board and was replaced by Matthew Mashburn.

[2] For clarity, State Defendants refer to the Plaintiffs listed in [Doc. 627] as Curling Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

Curling Plaintiffs lack a clear legal right to the relief sought.

## THRID AFFIRMATIVE DEFENSE

State Defendants have not subjected Plaintiffs to the deprivation of any rights under the United States or Georgia Constitutions.

## FOURTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' claims against State Defendants are barred by sovereign and official immunity.

## FIFTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' federal claims against State Defendants are barred by the Eleventh Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' claims against State Defendants are barred under the doctrines of res judicata and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' federal claims against State Defendants are barred as they raise political questions that should not be addressed by the Court.

## NINTH AFFIRMATIVE DEFENSE

Curling Plaintiffs' claims regarding the DRE/GEMS voting system are moot.

## TENTH AFFIRMATIVE DEFENSE

State Defendants reserve the right to amend their defenses and to add additional ones, including a lack of subject matter jurisdiction based on the mootness or ripeness doctrines.

## ANSWER TO SPECIFIC PARAGRAPHS

State Defendants answer the specific paragraphs[3] of Curling Plaintiffs' Third Amended Complaint as follows:

1.      Paragraph 1 of Curling Plaintiffs' Third Amended Complaint contains legal conclusions that do not require a response. State Defendants deny any of the Curling Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

---

[3] For simplicity and clarity's sake only, State Defendants use the defined terms of Curling Plaintiffs' Third Complaint. State Defendants do not waive or admit any material allegation in Curling Plaintiffs' Third Amended Complaint that Plaintiffs may contend are implied by such use, and all such claims to the contrary are expressly denied.

2.      State Defendants admit that Georgia previously had a paperless electronic voting system but otherwise deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

3.      State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

4.      State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

5.      State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

6.      State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

7.      State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

8.      Paragraph 8 of Curling Plaintiffs' Third Amended Complaint contains no allegations against State Defendants which require a response. To the extent a response is required, State Defendants deny all allegations stated or implied in this paragraph.

9.      Paragraph 9 of Curling Plaintiffs' Third Amended Complaint contains no allegations against State Defendants which require a response.

To the extent a response is required, State Defendants deny all allegations stated or implied in this paragraph.

10.    Paragraph 10 of Curling Plaintiffs' Third Amended Complaint contains no allegations against State Defendants which require a response. To the extent a response is required, State Defendants deny all allegations stated or implied in this paragraph.

11.    State Defendants admit that some cities in Georgia utilized a DRE Voting System for elections in Fall 2019 and further admit that Georgia now uses a BMD-based paper-ballot election system for all in-person voters. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

12.    State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

13.    The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

14.    The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

15.    State Defendants admit that Plaintiff Curling previously requested a reexamination of the prior DRE Voting System. State Defendants deny all other allegations stated or implied in this Paragraph.

16.     State Defendants state that all necessary examination duties were performed pursuant to O.C.G.A. § 21-2-379.2(a) and a report on the examination was issued on April 20, 2018. Curling Plaintiffs' allegation in this Paragraph regarding Plaintiff Price's intent to vote in future elections are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny all other allegations stated or implied in this Paragraph.

17.     Curling Plaintiffs' allegation in this Paragraph regarding Plaintiff Schoenberg's intent to vote in future elections are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny all other allegations stated or implied in this Paragraph.

18.     Defendant Raffensperger states that he is the Secretary of State of Georgia and that his predecessor was Robyn Crittenden. The remainder of Paragraph 18 of Curling Plaintiffs' Third Amended Complaint contains legal conclusions that do not require a response. State Defendants deny Curling Plaintiffs' characterizations of the law and deny all other allegations stated or implied in this Paragraph.

19.     State Defendants admit that David J. Worley, Rebecca N. Sullivan, and Anh Le are members of the State Election Board. State Defendants deny that Seth Harp is a member of the State Election Board,

because he has been replaced by Matthew Mashburn. The remainder of Paragraph 19 of Curling Plaintiffs' Third Amended Complaint contains legal conclusions that do not require a response. State Defendants deny Curling Plaintiffs' characterizations of the law and deny all other allegations stated or implied in this Paragraph.

20.     This Paragraph of Curling Plaintiffs' Third Amended Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent a response is required, State Defendants deny all allegations stated or implied in this paragraph.

21.     Paragraph 21 is a statement of law to which no response is required. State Defendants deny Curling Plaintiffs' characterizations of the law and deny all other allegations stated or implied in this Paragraph.

22.     State Defendants admit this action was removed on the basis of Federal-Question jurisdiction under 28 U.S.C. § 1331. The remainder of Paragraph 22 of Curling Plaintiffs' Third Amended Complaint contains legal conclusions that do not require a response. State Defendants deny Curling Plaintiffs' characterizations of the law and deny all other allegations stated or implied in this Paragraph.

23.     Paragraph 23 is a statement of law to which no response is required. State Defendants deny Curling Plaintiffs' characterizations of the law and deny all other allegations stated or implied in this Paragraph.

24.     State Defendants admit the allegations contained in Paragraph 24.

25.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

26.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

27.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

28.     State Defendants admit that state officials believed Georgia GEMS database was unique and confidential, but later learned that the structure was structurally the same as other GEMS databases. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

29.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

30.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

31.    State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

32.    State Defendants admit that CES Director Michael Barnes transfers data between the central GEMS Server using a USB Drive that is sometimes inserted into a computer connected to the internet and that Director Barnes testified that he keeps the drive in a locked desk drawer with a key in another drawer in the same desk. State Defendants further state that the USB drive has a write-lock and malware scans are conducted before the drive can be accessed and that Director Barnes' desk is in an area where access is restricted. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

33.    State Defendants admit that, prior to 2020, outside contractors working from their homes built GEMS Databases for use in Georgia elections. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

34.    The allegations in this Paragraph concerning Lamb's personal thoughts, opinions, and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

35.    The allegations in this Paragraph concerning Lamb's personal thoughts, opinions, and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

36.    There are no allegations contained in Paragraph 36 to which a response is required. To the extent a response is required, State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

37.    The allegations in this Paragraph concerning Lamb's personal thoughts, opinions, and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

38.    This Paragraph of Curling Plaintiffs' Third Amended Complaint refers to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

39.     The allegations in this Paragraph concerning Grayson's personal thoughts, opinions, and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

40.     The allegations in this Paragraph concerning Grayson's personal thoughts, opinions, and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

41.     This Paragraph refers to documents that speaks for themselves and State Defendants deny any of Plaintiffs' characterizations of those documents. The remaining allegations are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

42.     State Defendants admit that four electronic pollbooks and memory cards were stolen in Cobb County in 2017. This Paragraph refers to documents that speaks for themselves and State Defendants deny any of Plaintiffs' characterizations of those documents. State Defendants deny the

remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

43.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

44.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

45.     State Defendants admit that it engages a variety of cybersecurity consultants, including Fortalice, to assess its cybersecurity infrastructure and make recommendations. State Defendants admit that the Fortalice's scope of work did not include an evaluation of the DRE/GEMS system. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

46.     State Defendants admit that, as part of its services, Fortalice identified cybersecurity vulnerabilities and made recommendations to mitigate and/or address those vulnerabilities. State Defendants further state that the number of vulnerabilities does not dictate how secure or insecure an organization is at any given point. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

47.     State Defendants admit that, as part of its services, Fortalice identified 22 cybersecurity vulnerabilities in its October 2017 assessment and made recommendations to mitigate and/or address those vulnerabilities. State Defendants further state that the number of vulnerabilities does not dictate how secure or insecure an organization is at any given point. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint,

48.     State Defendants admit that, as part of its services, Fortalice identified cybersecurity vulnerabilities, including the use of local administrative rights, and made recommendations to mitigate and/or address those vulnerabilities. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

49.     State Defendants admit that, as part of its services, Fortalice identified cybersecurity vulnerabilities, including a lack of two-factor authentication for remote access, and made recommendations to mitigate and/or address those vulnerabilities. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint

50.     State Defendants admit that, as part of its services, Fortalice identified cybersecurity vulnerabilities and made recommendations to

mitigate and/or address those vulnerabilities, including lack of control and oversight of the voter-registration database. The remaining allegations are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

51.     State Defendants admit that Fortalice conducted a penetration test at the request of the Secretary's office as part of its October 2017 assessment and that Fortalice was able to successfully penetrate the network and gain rights to the network. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

52.     State Defendants admit that, as part of its services, Fortalice identified cybersecurity vulnerabilities, including the use of local administrative rights, and made recommendations to mitigate and/or address those vulnerabilities, including an assessment in February 2018 and identified 15 security risks involving the voter-registration database. State Defendants further state that the number of vulnerabilities does not dictate how secure or insecure an organization is at any given point. State Defendants further state that they have worked to mitigate the identified vulnerabilities.

14

53.     State Defendants admit that, as part of its services, Fortalice identified cybersecurity vulnerabilities, including the use of local administrative rights, and made recommendations to mitigate and/or address those vulnerabilities, including an assessment in November 2018 and made 20 recommendations to continue to improve cybersecurity of a variety of systems. State Defendants further state that the number of vulnerabilities does not dictate how secure or insecure an organization is at any given point. State Defendants further state that they have worked to mitigate the identified vulnerabilities.

54.     State Defendants admit that not all of the risks identified by Fortalice had been completely remediated by November 30, 2018 but deny that all of the risks remained unmitigated to any degree. State Defendants further state that the number of vulnerabilities or risks does not dictate how secure or insecure an organization is at any given point.

55.     State Defendants admit the allegations of Paragraph 55 of Curling Plaintiffs' Third Amended Complaint.

56.     State Defendants admit that a review of the voter-registration database was not part of the scope of work for Fortalice's November 2018 assessment. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

57.    State Defendants deny the allegations contained in this
Paragraph of Curling Plaintiffs' Third Amended Complaint.

58.    State Defendants admit that Dr. Shamos recommends particular
election-security practices be followed and that Georgia utilizes different
processes. State Defendants deny the remaining allegations contained in this
Paragraph of Curling Plaintiffs' Third Amended Complaint.

59.    State Defendants admit that Dr. Shamos believes each memory
card should be subjected to testing prior to placement in a DRE machine and
that Georgia's rules previously did not require such tests. State Defendants
deny the remaining allegations contained in this Paragraph of Curling
Plaintiffs' Third Amended Complaint.

60.    State Defendants admit that Dr. Shamos believes that analyses
of DREs should be conducted and that Georgia's rules previously did not
require those analyses. State Defendants deny the remaining allegations
contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

61.    State Defendants admit that Dr. Shamos believes that parallel
testing should take place on a county level Georgia's rules previously did not
require that level of parallel testing for DREs. State Defendants deny the
remaining allegations contained in this Paragraph of Curling Plaintiffs' Third
Amended Complaint.

62.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

63.     This Paragraph refers to a document that speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

64.     The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

65.     This Paragraph refers to a document that speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

66.     This Paragraph refers to a document that speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

67.     This Paragraph refers to a document that speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

68.     This Paragraph refers to documents that speaks for themselves and State Defendants deny any of Plaintiffs' characterizations of those documents. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

69.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

70.     State Defendants admit the allegations contained in Paragraph 70 of Curling Plaintiffs' Third Amended Complaint.

71.     State Defendants admit that the ImageCast X BMDs create a paper ballot containing a text portion and a 2D barcode and that optical scanners tabulate based on the barcode generated by the BMD. State Defendants deny that there is a difference between the barcode and the text portion. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

72.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

73.     State Defendants admit that the ImageCast X BMDs create a ballot containing a text portion and a 2D barcode and that optical scanners tabulate based on the barcode generated by the BMD. State Defendants deny that there is a difference between the barcode and the text portion. State

Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

74.    State Defendants admit that the barcode on a BMD-generated ballot is used to tabulate votes by the precinct scanner. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

75.    State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

76.    State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

77.    State Defendants admit that all computers, including BMDs, are vulnerable to intentional and unintentional manipulation. State Defendants deny that their security processes are insufficient to secure the BMDs from manipulation and deny the remaining allegations in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

78.    State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

79.    State Defendants admit that the ImageCast X BMDs are certified under VVSG 1.0. State Defendants further state that VVSG 2.0 has not yet been adopted by the Election Assistance Commission. State Defendants deny

the remaining allegations contained in this Paragraph of Curling Plaintiffs'
Third Amended Complaint.

80.     The allegations in this Paragraph are outside the scope of State
Defendants' knowledge and are therefore denied on that basis.

81.     The allegations in this Paragraph are outside the scope of State
Defendants' knowledge and are therefore denied on that basis.

82.     The allegations in this Paragraph are outside the scope of State
Defendants' knowledge and are therefore denied on that basis.

83.     State Defendants deny the allegations contained in this
Paragraph of Curling Plaintiffs' Third Amended Complaint.

84.     State Defendants deny the allegations contained in this
Paragraph of Curling Plaintiffs' Third Amended Complaint.

85.     The allegations in this Paragraph are outside the scope of State
Defendants' knowledge and are therefore denied on that basis.

86.     This Paragraph refers to documents that speaks for themselves
and State Defendants deny any of Plaintiffs' characterizations of those
documents. The remaining allegations in this Paragraph are outside the
scope of State Defendants' knowledge and are therefore denied on that basis.

87.     This Paragraph refers to documents that speaks for themselves
and State Defendants deny any of Plaintiffs' characterizations of those

documents. The remaining allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

88.     State Defendants admit that Dr. Shamos prefers BMDs that tabulate based on parts of the ballot other than a bar code. State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

89.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

90.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

91.     State Defendants incorporate by reference and reallege their responses to Curling Plaintiffs' preceding allegations as if fully restated.

92.     This Paragraph contains a legal conclusion to which no response is required.

93.     This Paragraph contains a legal conclusion to which no response is required.

94.     State Defendants deny the allegations contained in this Paragraph and all of its subparts of Curling Plaintiffs' Third Amended Complaint.

95.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

96.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

97.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

98.     State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint and deny Curling Plaintiffs are entitled to any relief.

99.      State Defendants incorporate by reference and reallege their responses to Curling Plaintiffs' preceding allegations as if fully restated.

100.   This Paragraph contains a legal conclusion to which no response is required.

101.   This Paragraph contains a legal conclusion to which no response is required.

102.   State Defendants admit that in the Relevant Previous Elections, electors could vote using the DRE system or by using paper ballots, according to state law. All other allegations stated or implied in this Paragraph are denied.

103.   State Defendants admit the allegations contained in Paragraph 103 of Curling Plaintiffs' Third Amended Complaint.

104.   State Defendants admit that DRE ballots are counted electronically and admit that the DRE system "Provide[s] a reasonable and adequate method for voting by which Georgia electors' votes would be accurately counted." State Defendants deny the remaining allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

105.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any of Plaintiffs' characterizations of the law and all other allegations stated or implied in this Paragraph are denied.

106.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

107.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

108.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

109.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

110.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

111.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

112.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint and deny Curling Plaintiffs are entitled to any relief.

113.   State Defendants incorporate by reference and reallege their responses to Curling Plaintiffs' preceding allegations as if fully restated.

114.   This Paragraph contains a legal conclusion to which no response is required.

115.   This Paragraph contains a legal conclusion to which no response is required.

116.   State Defendants deny the allegations contained in this Paragraph and all subparts of Curling Plaintiffs' Third Amended Complaint.

117.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

118.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

119.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint and deny that Curling Plaintiffs are entitled to any relief.

120.   State Defendants incorporate by reference and reallege their responses to Curling Plaintiffs' preceding allegations as if fully restated.

121.   This Paragraph contains a legal conclusion to which no response is required.

122.   This Paragraph contains a legal conclusion to which no response is required.

123.   State Defendants admit that in the Relevant Pending Elections, electors can vote using the BMD system or by using paper ballots, according to state law. All other allegations stated or implied in this Paragraph are denied.

124.   State Defendants admit the allegations contained in Paragraph 124 of Curling Plaintiffs' Third Amended Complaint.

125.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

126.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any of Plaintiffs' characterizations of the law and all other allegations stated or implied in this Paragraph are denied.

127.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

128.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

129.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

130.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

131.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint.

132.   State Defendants deny the allegations contained in this Paragraph of Curling Plaintiffs' Third Amended Complaint and deny that Curling Plaintiffs are entitled to any relief.

## COUNT V

The Court dismissed Count V, [Doc. 751, p. 30 n.18] and, as such, a response to the allegations contained in Paragraphs 133 through 140 is not required. To the extent a response is required, all allegations stated or implied in Count V are denied.

## RESPONSE TO PRAYER FOR RELIEF

State Defendants deny that Curling Plaintiffs are entitled to any of the relief they seek. State Defendants deny every allegations not specifically admitted in this Answer.

Respectfully submitted this 13th day of August, 2020.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339

Telephone: 678-336-7249

*Counsel for State Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the

foregoing **STATE DEFENDANTS' ANSWER TO CURLING**

**PLAINTIFFS' THIRD AMENDED COMPLAINT** has been prepared in

Century Schoolbook 13, a font and type selection approved by the Court in

L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
