IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, : | |
| : | |
| Defendants. : | |

### ORDER

This matter is before the Court on a discovery dispute regarding the State Defendants' objections to the Coalition Plaintiffs' Fourth Request for Production of Documents. The Court resolves the disputes regarding RPD No. 2 and RPD No. 3 as follows:

### RPD No. 2

*"All documents (a) relating to Dominion Voting System vote mark threshold setting standards adopted by any other state, or adopted or recommended by any government agency; (b) constituting or reflecting communications about said threshold settings with (i) county officials in Athens-Clarke, Morgan or Fulton Counties or (ii) Dominion Voting Systems."*

The Coalition Plaintiffs' First Supplemental Complaint challenges the reliability of the "BMD System" to accurately count ballots. HB 316, codified at O.C.G.A. § 21-2-300(a)(2), mandates the use of a uniform statewide voting system that provides for:

> the use of scanning ballots marked by electronic ballot markers and tabulated by using ballot scanners for voting at the polls and for absentee ballots cast in person, unless otherwise authorized by law; provided, however, that such electronic ballot markers shall produce paper ballots which are marked with the elector's choices in a format readable by the elector.

O.C.G.A. § 21–2–300(a)(2). (*See also* Coalition Pls.' Compl. ¶ 3.) Thus, as defined by the Georgia election code, the BMD system includes the use of ballot scanners. The functionality and reliability of the scanners is relevant to both the Plaintiffs' requested relief in connection with their First Supplemental Complaint and related Equal Protection claims. Specifically, the information requested bears on the ability of the State to properly and consistently tabulate provisional paper ballots at the precinct or county level in the event of systematic failures of the BMDs, if multiple BMDs in a precinct are down or emergency measures are necessary due to long lines.

Therefore, RPD No. 2 of the Coalition Plaintiffs' Fourth Request for Production of Documents is relevant and Plaintiffs are entitled to some discovery regarding the efficacy of the ballot scanners for use with hand marked provisional or absentee paper ballots. That said, the request is overly broad and burdensome to the extent it seeks documents from the Secretary of State regarding "vote mark threshold setting standards adopted by any other state, or adopted or recommended by any government agency" as requested by Coalition Plaintiffs in subsection (a). To the extent this information already exists and is in the actual possession of the Secretary of State or Dominion Voting Systems, Defendants are

**DIRECTED** to produce such documents. With respect to subsection (b) of the request, Defendants are **ORDERED** to produce documents reflecting communications between the Secretary of State about vote mark threshold settings and standards with county officials in Athens-Clarke, Morgan and Fulton Counties, and between the Secretary of State and Dominion Voting Systems.

### RPD No. 3

*"Communications with county election officials and vendors concerning how the Dominion Voting System can or should be used to protect ballot secrecy and voter privacy."*

The Coalition Plaintiffs' allegations regarding ballot secrecy are not limited to their dismissed procedural due process claim in Count III.

Coalition Plaintiffs contend that: (1) the ballot scanners record a timestamp on the electronic record when a ballot is scanned, (2) the timestamp is linked to the Cast Vote Record by the scanner, and (3) anyone with access to the timestamps can compare them to other information recorded about voters at the polling place to determine which timestamped ballot corresponds to a particular voter. (Coalition Pls.' First Suppl. Compl. ¶¶ 121-25.) Coalition Plaintiffs allege that the potential exposure of the voter's choices and "traceability of ballot cards due to scanner timestamps will expose voters to coercion and retaliation," which burdens their fundamental right to freely vote their conscience in violation of the First and Fourteenth Amendment as plead in Count I of the First Supplemental Complaint. (*Id.* ¶¶ 127, 223.)

RPD No. 3 of the Coalition Plaintiffs' Fourth Request for Production of Documents is relevant to their claim in Count I of the First Supplemental Complaint asserting a burden on their Fundamental Right to Vote. However, as worded, the request is overly broad and could be read to include documents that relate to secrecy and privacy concerns that are not expressly at issue in the complaint.[1]  Accordingly, the Court **ORDERS** Defendants to produce communications with county election officials and Dominion regarding instructions and measures to prevent identifying voters based on the timestamp associated with their cast vote records, including but not limited to measures to disable the timestamping capability of the ballot scanners.

Defendants shall produce documents responsive to RPD No. 2 and RPD No. 3 in accordance with the deadline set in the Court's August 11th Order granting Plaintiffs' Motions for expedited discovery.

**IT IS SO ORDERED** this 21st day of August, 2020.

_[signature]_
**Amy Totenberg**
**United States District Judge**

---

[1] For example, the press has reported concerns about the ability of pollworkers and other voters to view a voter's ballot selections due to the size of the BMD touchscreens – concerns which are not challenged by the Coalition Plaintiffs in this lawsuit.