# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRAD RAFFENSPERGER, et al.; | ) |
| Defendants. | ) |

## FULTON COUNTY DEFENDANTS' RESPONSE TO COALITION PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

The Members of the Fulton County Board of Registration and Elections, Mary Carole Cooney, Vernetta Nuriddin, Kathleen D. Ruth, Mark Wingate and Aaron Johnson, (hereafter "Fulton County Defendants") hereby file this Response to Coalition Plaintiffs' Motion for Preliminary Injunction. Herein, the Fulton County Defendants show that Plaintiffs are not entitled to the equitable relief from the Fulton County Defendants that is requested in their Motion for Preliminary Injunction filed on August 21, 2020.

## **INTRODUCTION**

Coalition Plaintiffs have moved for a preliminary injunction, seeking an order directing the Secretary of State to direct every county election superintendent to use paper backup of the pollbooks used in the new statewide Ballot Marking Device ("BMD")-based election system.[1] Specifically, the Coalition Plaintiffs are seeking an order requiring every county election superintendent:

(1) to provide at each polling place at least one paper back-up of the pollbook for use on Election Day, which paper back-up shall be updated after the close of absentee in-person voting (early voting);

(2) to use the paper back-up of the pollbook in the polling place to attempt to adjudicate voter eligibility and precinct assignment;

(3) to allow voters who are shown to be eligible electors on the paper pollbook backups to cast an emergency ballot that is not to be treated as a provisional ballot; and

(4) to take every reasonable measure to ensure that county election officials and pollworkers are trained as to how to generate and use paper pollbook backups and emergency ballots in conformity with this Order[.]

[Doc. 800 pp. 1-2].

---

[1] It should be noted that the relief sought in the Coalition Plaintiffs' Motion for Preliminary Injunction can only be provided by the State Defendants.

## **PROCEDURAL POSTURE**

On May 30, 2019, the Curling Plaintiffs filed a Motion for Preliminary Injunction asking the Court to (1) enjoin the Fulton County Defendants from using the Diebold AccuVote direct recording electronic ("DRE") voting system to conduct further elections in Georgia, including providing programming and machine configurations employing the DRE voting system; (2) require the Fulton County Defendants to conduct in-person voting in elections by hand-marked paper ballots tabulated either by hand or by optical scanners.[2] On June 21, 2019, the Coalition Plaintiffs filed a Motion for Preliminary Injunction, asking, in addition to the relief sought by the Curling Plaintiffs, that the Court Order: (1) require the Fulton County Defendants to take necessary action to maintain ballot secrecy.[3]

In its August 15, 2019 Order, the Court granted in part and denied in part Plaintiffs' Motions for Preliminary Injunction. The Court denied Plaintiffs' request to enjoin the use of the GEMS/DRE system in the 2019 elections, but it granted Plaintiffs' motions to the extent that the Court prohibits any use of the GEMS/DRE system after 2019. The Court granted additional measures of relief against the State Defendants. [Doc. 579].

---

[2] The remaining relief was sought against the State Defendants.

[3] The remaining relief was sought against the State Defendants.

The Court specifically granted narrowly tailored relief measures to ensure that the GEMS/DRE system is not resorted to as a stopgap default system in the event the Secretary of State is unable to fully and properly roll out the new BMD system in time for the 2020 Presidential Preference Primary or any of the ensuing elections.  The Court required that the State Defendants promptly file with the Court all proposed and final audit requirements that the State Elections Board and Secretary of State's Office considers or approves in connection with future elections.

The Court did not impose any additional restrictions or require any additional action of the Fulton County Defendants.  Accordingly, the Fulton County Defendants have continued to conduct elections as required by the Election Code of the State of Georgia.

Plaintiffs then filed their third round of Motions for Preliminary Injunction [Docs. 619, 640] seeking to bar the use of electronic voting machines and requiring hand-marked paper ballots.

On August 7, 2020 the court entered an Order denying, without prejudice, Plaintiffs' Motion for Preliminary Injunction regarding BMDs.  Coalition Plaintiffs have now renewed their Motion for Preliminary Injunction.  As the court noted in its August 7, 2020 Order, the Plaintiffs' case is a "challenge of the constitutionality

of the BMD system and its components." [Doc. 768 p. 11]. Their claims are not against the Fulton County Defendants, and they seek to enjoin the use of the statewide system as presently configured.

In their renewed motion, Coalition Plaintiffs have stated that the relief sought "is substantially the same as the relief sought in the Coalition Plaintiffs' October 23, 2019 Motion for Preliminary Injunction (Doc. 640) . . ." [Doc. 800 p. 2]. Again, their relief is not sought against the Fulton County Defendants.

## **FACTS**

State law provides that counties, through their Superintendents must conduct elections. O.C.G.A. § 21-2-70. These elections must be conducted in accordance with state law.

As the Court is aware, on April 2, 2019, the Governor of Georgia approved newly enacted state election legislation. (*See* Georgia Act No. 24, Georgia House Bill 316, amending Chapter 2 of Title 21 of the Official Code of Georgia Annotated). This legislation replaces the statewide mandated use of DREs with mandated electronic ballot-marking devices ("BMDs") and optical scanners that count votes recorded on the paper ballots produced via printers attached to the BMDs. The legislation also revises various voting procedures and provides requirements for expanded auditing of the balloting system and results.

O.C.G.A. § 21-2-300(a)(1) provides:

The equipment used for casting and counting votes in county, state, and federal elections **shall be the same in each county in this state** and shall be provided to each county by the state, **as determined by the Secretary of State**. [Emphasis added].

Accordingly, the Fulton County Defendants have implemented and are currently utilizing the new statewide BMD-based voting system. This system was utilized in the June 9, 2020 Presidential Preference Primary, General Primary, Nonpartisan General, and Special Election. After preparing, staffing and conducting the June 9, 2020 election, the Fulton County Defendants prepared, staffed and conducted the August 11, 2020 general primary and runoff election, using the new system, with electronic pollbooks.

The Fulton County Defendants are currently preparing, staffing and conducting the September 29, 2020 special election for the 5th U.S. Congressional District. After preparing, staffing, conducting and certifying the September 29, 2020 special election, Fulton County Defendants will then begin to staff and conduct the November 3, 2020 general and special election. All of the staffing, training and elections are being conducted via the BMD-based system as it is currently mandated, configured and utilized.

## ARGUMENT AND CITATION OF AUTHORITY

The Coalition Plaintiffs state that their motion for preliminary injunction and requested fees is brought only against the State Defendants. Further, the requested relief can only be provided by the State Defendants and Coalition Plaintiffs specifically argue against the State Defendants' Response to Coalition Plaintiffs' Notice of Filing and Motion relating to Immediate Injunctive Relief on Paper Poll Backups in subsection "F." of their current brief. [Doc. 800-1 pp. 19-23].

The counties are directed by the State in how they conduct elections. *See Fair Fight Action, Inc. v. Raffensperger*, et al., 413 F. Supp. 3d 1251 (N.D. Ga. 2019, wherein the Court reasoned that "by virtue of their offices as Secretary of State (and his role as the State's Chief Election Official (O.C.G.A. § 21-2-50(b)) and members of the State Election Board (who have a statutory duty pursuant to O.C.G.A. § 21-2-31(10) to take "such ... action, consistent with law, as the board may determine to be conducive to the fair, legal, and orderly conduct of primaries and elections)." It is this statutory duty that causes the counties to follow the direction of the State when it comes to running elections in the State of Georgia.

Further, the Secretary of State of Georgia "is statutorily charged with the supervision of all elections in this State." *Smith v. DeKalb*, 288 Ga. App. 574, 576 (2007). The State creates the rules for conducting elections and the counties

simply carry out these rules. State law provides that counties, through their Superintendents must conduct elections. O.C.G.A. § 21-2-70. These elections must be conducted in accordance with state law.

Pursuant to O.C.G.A. §§ 21-2-70 and 21-2-300, and the Court's August 15, 2019 Order, the Fulton County Defendants are required to conduct elections after December 31, 2019 using the newly-legislated statewide BMD-based voting system. This system does not have nor does the State provide paper back-up poll pads. The Fulton County Defendants are merely following Georgia Law as required in conducting elections and are constrained to follow Georgia law and this Court's existing order, when conducting elections in the future.

This motion for preliminary injunction is essentially a third bite at the apple. The instant motion is an attempt to revise this Court's August 15, 2019 Order. This Court issued a ruling on August 15, 2019 with respect to the manner in which elections would be conducted throughout the State of Georgia in 2019 and in 2020, if the new election system is not timely dispatched. However, the new system has been timely dispatched.

Consequently, the Fulton County Defendants state that they will conduct elections presently and in the future in the manner in which this Court and the State of Georgia have mandated. Pursuant to the Court's previous Order, the

Fulton County Defendants will be conducting future elections via Georgia's new statewide BMD-based voting system, the same as the 158 other counties in the State of Georgia. Thus, Plaintiffs request for preliminary injunction must fail as to the Fulton County Defendants.

## CONCLUSION

For all of the above reasons, the Fulton County Defendants respectfully request that they be allowed to conduct current and future elections via Georgia's new statewide BMD-based voting system as it is currently mandated, configured and utilized.

Respectfully submitted this 25th day of August, 2020.

**OFFICE OF THE COUNTY ATTORNEY**

**/s/David R. Lowman**
David Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
Kaye Burwell
Georgia Bar Number:  775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

ATTORNEYS FOR DEFENDANTS RICHARD EVANS MARY

>                                   CAROLE COONEY, VERNETTA
>                                   NURIDDIN, DAVID J. BURGE,
>                                   AARON JOHNSON, AND THE
>                                   FULTON COUNTY BOARD OF
>                                   REGISTRATION & ELECTIONS

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

P:\CALitigation\Elections\Curling, Donna v. Kemp, Brian (Curling II) 1.17-CV-02989-AT- (DRL)\Pleadings\08.25.20 DEF's RESP to Coalition PLTF's MOTION for Preliminary Injunction.doc

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) CIVIL ACTION ) FILE NO: 1:17cv02989-AT |
| BRAD RAFFENSPERGER, et al.; | ) ) ) |
| Defendants. | ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **FULTON COUNTY DEFENDANTS' RESPONSE TO COALITION PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system, with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all attorneys of record.

This 25th day of August, 2020.

/s/ **David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

11