# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br><br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**JOINT DISCOVERY DISPUTE**
**COALITION PLAINTIFFS AND FULTON COUNTY DEFENDANTS**
<u>**IMMEDIATE DOCUMENT PRODUCTION AND INSPECTION**</u>

**AUGUST 31, 2020**

JOINT DISCOVERY STATEMENT REGARDING
URGENT ACCESS TO ELECTION EQUIPMENT AND RECORDS

*Coalition Plaintiff's Position*

Coalition Plaintiffs seek an order directing the Fulton County Defendants to produce the documents, and to allow the inspections, as detailed below. After reaching an agreement concerning an inspection under Rule 34 between Fulton Board and Coalition Plaintiffs to conduct and observe certain ballot scanning tests and review and of ballot images, the discovery activities were halted because of objections made to Fulton County by State Defendants and Dominion Voting.

The parties have conferred on these issues but have been unable to reach agreement. Exhibit 1 is a copy of the relevant portions of the discovery propounded by Coalition Plaintiffs. Exhibit 2 is a copy of Fulton County's objections.

The issues concern documents to be produced and inspections:

1. **To be produced:** Fulton County BOE has not produced the following documents and things:

    a) During an authorized inspection, Coalition Plaintiffs marked and scanned test ballots but Fulton County has not allowed Coalition Plaintiffs to have or copy the test ballot images or view the software's interpretation of the images created by the test – rendering the test for all

practical purposes useless. Coalition Plaintiffs are entitled to production of the August 2020 test ballot images and their interpretations; and

b) Coalition Plaintiffs and Fulton Staff on August 25 scanned original duplicated ballots from the June 9, 2020 primary. Two sub-issues have arisen. First, Coalition Plaintiffs are entitled to production of the ballot images and their interpretations of the (original) duplicated ballots from the June 9, 2020 primary scanned on August 25 by Coalition Plaintiffs and Fulton staff. In addition, Coalition Plaintiffs are entitled to production and to take photographs of *all* duplicated ballots for scanning, which Coalition Plaintiffs have reason to believe has not occurred because the number of duplicated ballots was much smaller than expected.

2. **To be inspected:** Fulton County BOE has not allowed the following inspection, or not allowed it to be completed:

    a) Review of the adjudication of the ballot images of the duplicated June 9 ballots scanned in the scanner test referenced in (b) above; and,

    b) Review of the adjudication of the test ballot images from the August 2020 runoff.

The purpose of the testing is to determine the impact of the current and planned threshold settings for the scanning and tabulating activity upon the vote

count. The resolution of the images used to interpret the vote is of extremely low quality and antiquated technology. This testing is necessary to determine the anticipated impact on the vote counting, and proper remediation.

The Court should order the production and inspection as described.

### *Defendant Fulton's Position*

Fulton County disagrees with the framing of the issues in paragraphs 1 and 2. Fulton County staff members were unable to produce ballot images on their own, when they reached out to the vendor, Dominion Voting Systems; they were advised that the production of ballot images was a violation of State Election Board Rules. At that juncture, counsel for the Fulton County Board of Registrations and Election advised opposing counsel that the parties should seek an order from this Court for clarification.

### *Plaintiffs' Reply*

Plaintiffs seek immediate resolution to work with Fulton staff this week to conduct the testing required to timely submit the findings to this Court. Plaintiffs believe that an Order from this Court directing Fulton to proceed with the testing plan and inspection will avoid further dispute and delays being caused by the State Defendants and Dominion Voting Systems.

This 31st day of August, 2020.

For Coalition Plaintiffs:

/s/Bruce P. Brown
Ga. Bar No. 064460
Bruce P. Brown Law LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700


For the Fulton County Defendants:

OFFICE OF THE COUNTY
ATTORNEY

/S/Cheryl Ringer
Cheryl Ringer
Ga. Bar No. 557420
141 Pryor St., SW
Suite 4038
Atlanta, Georgia 30303

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> Plaintiffs, <br><br> v. <br> E <br> **BRAD RAFFENSPERGER, ET AL.,** <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ *Bruce P. Brown*
Bruce P. Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> **v.** <br><br> **BRAD RAFFENSPERGER , ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

<i>/s/ Bruce P. Brown</i><br>Bruce P. Brown

EXHIBIT

1

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF RULE 34 REQUEST FOR
EXPEDITED INSPECTION AND
COPYING**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, Coalition Plaintiffs request the Defendant Fulton Board (i.e., members of the Fulton County Board of Registration and Elections) (1) to produce and permit the Coalition Plaintiffs to inspect, copy, test, or sample the items in the Defendants' possession, custody, or control that are set out herein; and (2) to permit entry onto the designated land or other property possessed or controlled by the Fulton Board identified herein so that the Coalition Plaintiffs may inspect, measure, survey, photograph, test or sample the property or any designated object or operation on it as set out herein.

The following operations occurring at the following indicated times and

places and the following records related to the August 11, 2020 election are subject of this Request:

Items and Operations to be Inspected, Copied, Tested

1. Inspect and copy the voting equipment precinct delivery schedule on August 4, 2020, at 10 am at the Fulton County English Street facility.

2. Inspect and observe the subsequent operations comprising physical delivery and installation of voting equipment in up to 5 polling places selected by Coalition representative at the time of Fulton's delivery and installation activity.

3. Inspect and observe the operations comprising mail ballot scanning and processing activities, including (1) inspection and copying of all electronic documents generated or subject to review in the conduct of such activities, (2) observation of operations comprising adjudication and remaking of ballots by the Vote Review Panel on August 10, 2020 through August 12 (or until completion) at the time and place the Review Panel's activities take place.

4. Inspect and copy digital printouts of, and observe, Auditmark ballot images (with color overlays) flagged for review by the Ballot Review Panel and ballot images not flagged for review. Such printouts to include the Auditmark interpretations made on each ballot image,

including interpretations made by the Ballot Review Panel.

5. Inspection of the mail ballot scanner settings and software threshold settings related to detection and recording of ballot marks on hand marked ballots during the scanning of mail ballots beginning August 10, 2020 and continuing through August 12, 2020 (or until complete) at the Fulton County location where such scanning activities occur.

6. Plaintiffs' test of mail ballot scanner and adjudication software accuracy by Plaintiffs' representatives. Test will be conducted by Plaintiffs' representatives hand marking 50 blank ballots to be supplied by Fulton made up of a variety of ballot styles. Testing will include a tabulation of the test ballots on a mail ballot scanner and a review and copying or digital printouts of the resulting ballot images, as well as a review of the on screen adjudication results of the 50 ballot test batch.

7. Inspect and observe operations comprising precinct scanning of ballots in 02J, 03A, 06L1, 02C and 10C precincts on August 11, 2020 during voting hours. Observation to include observation of electronic information displays on the scanners, and scanner settings. Individual voter's ballots are not subject to inspection during the voter's active voting and ballot casting process.

8. Inspect and observe operations comprising precinct opening and closing,

EXHIBIT

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION ) FILE NO: 1:17cv02989-AT ) |
| BRAD RAFFENSBERGER, et al.; | ) ) ) ) |
| Defendants. | ) ) |

**FULTON COUNTY DEFENDANTS' OBJECTION TO COALITION
PLAINTIFFS' NOTICE OF INSPECTION**

The Fulton County Defendants object to this Proposed Notice as the request is outside the scope of what is permitted under Fed. R. Civ. P. 26, beyond the parameters of election observations set forth by state law, would be unduly burdensome, would disrupt the entire process of early voting and would interfere with conducting the August 11, 2020 Election.

Fulton County voters have a right to be free from the impediments Coalition Plaintiffs propose and have a right to cast their votes in secrecy, without being filmed by Plaintiffs or their agents during check-in or voting. An impermissible burden on

Fulton County voters rights to vote in secret, without interference and intimidation, is at stake if Plaintiffs and their agents--who are not neutral observers--but are rather individuals with an interest in manufacturing evidence to support the pending lawsuit are allowed to flood polling places.  Furthermore, Plaintiffs (or their agents) have previously been disruptive and attempted to violate the law by recording prohibited election matters.

Without waiving any objection to Plaintiffs' Proposed Notice of Inspection, the Fulton County Defendants respond to the particulars of the Notice as follows:

1. *Inspect and copy the voting equipment precinct delivery schedule on August 4, 2020, at 10 a.m. at the Fulton County English Street facility.*

The Fulton County Defendants do not oppose Plaintiffs being treated like any other member of the public in observing the performance of election duties.  The Fulton County Defendants also expect Plaintiffs to stay far enough away from Elections staff to not interfere with the performance of their duties.

2. *Inspect and observe the subsequent operations comprising physical delivery and installation of voting equipment in up to 5 polling places selected by Coalition representative at the time of Fulton's delivery and installation activity.*

Fulton County personnel will deliver and install voting equipment pursuant to O.C.G.A. § 21-2-328.  The Fulton County Defendants do not oppose Plaintiffs being treated like any other member of the public and remaining in the public

viewing areas, with respect to this delivery.

3. *Inspect and observe the operations comprising mail ballot scanning and processing activities, including (1) inspection and copying of all electronic documents generated or subject to review in the conduct of such activities, (2) observation of operations comprising adjudication and remaking of ballots by the Vote Review Panel on August 10, 2020 through August 12 (or until completion) at the time and place the Review Panel's activities take place.*

The Fulton County Defendants do not oppose Plaintiffs being treated like any other member of the public in observing the performance of election duties. The Fulton County Defendants also expect Plaintiffs to stay far enough away from Elections staff to not interfere with the performance of their duties.

4. *Inspect and copy digital printouts of, and observe, Auditmark ballot images (with color overlays) flagged for review by the Ballot Review Panel and ballot images not flagged for review. Such printouts to include the Auditmark interpretations made on each ballot image, including interpretations made by the Ballot Review Panel.*

The Fulton County Defendants do not oppose Plaintiffs being treated like any other member of the public in observing the performance of election duties. However, the Fulton County Defendants do object to the recording of matters that are strictly prohibited by O.C.G.A. § 21-2-413. The Fulton County Defendants also expect Plaintiffs to stay far enough away from Elections staff to not interfere with the performance of their duties. The Fulton County Defendants also object to any of Plaintiffs' agents being allowed to observe without first being properly

identified and providing notice of where and when such observation is to take place.

Further, the Fulton County Defendants object to Plaintiffs' accessing any proprietary materials of the State of Georgia and its voting system. As all parties are aware, Fulton County is not the owner of any of the physical or intellectual property involved in the statewide voting system. Thus, the Fulton County Defendants object to turning over or providing access to any of these materials, absent a proper protective order or other similar guidance from this Court.

5. *Inspection of the mail ballot scanner settings and software threshold settings related to detection and recording of ballot marks on hand marked ballots during the scanning of mail ballots beginning August 10, 2020 and continuing through August 12, 2020 (or until complete) at the Fulton County location where such scanning activities occur.*

The Fulton County Defendants do not oppose Plaintiffs being treated like any other member of the public in observing the performance of election duties. However, the Fulton County Defendants do object to the recording of matters that are strictly prohibited by O.C.G.A. § 21-2-413. The Fulton County Defendants also expect Plaintiffs to stay far enough away from Elections staff to not interfere with the performance of their duties. The Fulton County Defendants also object to any of Plaintiffs' agents being allowed to observe without first being properly identified and providing notice of where and when such observation is to take

place.

Further, the Fulton County Defendants object to Plaintiffs' accessing any proprietary materials of the State of Georgia and its voting system. As all parties are aware, Fulton County is not the owner of any of the physical or intellectual property involved in the statewide voting system. Thus, the Fulton County Defendants object to turning over or providing access to any of these materials, absent a proper protective order or other similar guidance from this Court.

6. *Plaintiffs' test of mail ballot scanner and adjudication software accuracy by Plaintiffs' representatives. Test will be conducted by Plaintiffs' representatives hand marking 50 blank ballots to be supplied by Fulton made up of a variety of ballot styles. Testing will include a tabulation of the test ballots on a mail ballot scanner and a review and copying or digital printouts of the resulting ballot images, as well as a review of the on screen adjudication results of the 50 ballot test batch.*

The Fulton County Defendants do not oppose Plaintiffs being treated like any other member of the public in observing the performance of election duties. However, the Fulton County Defendants do object to the recording of matters that are strictly prohibited by O.C.G.A § 21-2-413. The Fulton County Defendants also expect Plaintiffs to stay far enough away Elections staff to not interfere with the performance of their duties. The Fulton County Defendants also object to any of Plaintiffs' agents being allowed to observe without first being properly

identified and provide notice of where and when such observation is to take place.

Further, the Fulton County Defendants object to Plaintiffs' accessing any proprietary materials of the State of Georgia and its voting system. As all parties are aware, Fulton County is not the owner of any of the physical or intellectual property involved in the statewide voting system. Thus, the Fulton County Defendants object to turning over or providing access to any of these materials, absent a proper protective order or other similar guidance from this Court.

7. *Inspect and observe operations comprising precinct scanning of ballots in 02J, 03A, 06L1, 02C and 10C precincts on August 11, 2020 during voting hours. Observation to include observation of electronic information displays on the scanners, and scanner settings. Individual voter's ballots are not subject to inspection during the voter's active voting and ballot casting process.*

The Fulton County Defendants do not oppose Plaintiffs being treated like any other member of the public in observing the performance of election duties. The Fulton County Defendants also expect Plaintiffs to stay far enough away from voters to maintain the confidentiality of voter information and election choices; and to stay far enough away from poll workers to not interfere with the performance of their duties. The Fulton County Defendants also object to any of Plaintiffs' agents being allowed to observe without first being properly identified [BT1]and providing notice of where and when such observation is to take place.