IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' SURREPLY TO COALITION PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION ON PAPER POLLBOOK BACKUPS**

## INTRODUCTION

State Defendants remain mystified as to why Coalition Plaintiffs seek this motion and relief. They attach no new evidence to their reply. And the answer to the Court's earlier question on this point remains the same: there are already paper backups of the voter list in every precinct on Election Day.

The entirety of Coalition Plaintiffs' grievance appears to come down to the word "updated." Georgia already provides paper lists of all registered voters in each precinct. The only information it appears Coalition Plaintiffs say those paper lists lack is the most-recent information through the conclusion of early voting, but providing this "updated" information is not

only extremely burdensome, it is also unnecessary. Coalition Plaintiffs have not shown any entitlement to relief.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Coalition Plaintiffs are not likely to succeed on the merits.

*A. Jurisdictional limitations.*

Coalition Plaintiffs continue to act as if their claims about paper pollbooks are included in their First Supplemental Complaint, completely ignoring their own definition of the election system. The relief they seek here has nothing to do with the voter-registration database—in fact, they seek to have a printed copy of the *same database* as is in the PollPads for each election. [Doc. 854, p. 12].

Coalition Plaintiffs complain that the state regulation governing this exact issue, Ga. Comp. R. & Regs r. 183-1-12-.19, is not specific enough for three reasons. First, because it does not require pollbooks to be updated after early voting is complete. [Doc. 800-1, p. 17]. Second, Coalition Plaintiffs believe a court order to follow the regulation will assist with its enforcement. *Id.*, pp. 17-18. Finally, Coalition Plaintiffs believe the regulation could be read in different ways. *Id.*, p. 18.

With respect to the first and third issues, both ask this Court to determine whether a *state* official is interpreting a *state* regulation about

paper pollbooks correctly. In other words, this Court must make "a determination that a state official has not complied with state law." *Fair Fight Action v. Raffensperger*, Case No. 1:18-cv-05391-SCJ (Doc. 188), slip op. at 15 (December 27, 2019).

On the second issue, all this Court can do is order State Defendants to follow an existing state regulation—the essence of an obey-the-law injunction. *Elend v. Basham*, 471 F.3d 1199, 1209 (2006). Thus, Coalition Plaintiffs are not likely to succeed because there is no basis for this Court to exercise jurisdiction over the specific information contained in paper pollbooks, which is surely an "administrative detail[] of a local election." *Curry v. Baker*, 802 F.2d 1302, 1314 (11th Cir. 1986).

B.   *Additional facts do not support the claim.*

Coalition Plaintiffs continue to claim with certainty that the lack of a paper backup was the sole cause of lines during the June 9 primary. [Doc. 854, pp. 4-5]. But Jesse Evans, the chair of the Athens-Clarke County Board of Elections, stated that he did not observe problems with PollPads during the June 9 primary in his county. [Doc. 853-3 at 67:16-68:7]. Coalition Plaintiffs' confidence as to their knowledge of the sole cause of long lines is generally not supported by others who have looked into the matter. *See* Stephen Fowler, *Here's What the Data Shows About Polling Places, Lines in*

*Georgia's Primary*, Ga. Public Broadcasting

https://www.gpb.org/news/2020/07/17/heres-what-the-data-shows-about-polling-places-lines-in-georgias-primary (July 17, 2020) (analysis finding lines varied by county based on variety of conditions).

The alleged "new" vulnerability is also not as significant as Coalition Plaintiffs argue. The elimination of a password alone does not demonstrate that State Defendants are "outrageously irresponsible," especially when Dr. Halderman testified that he kept his DRE-altering "malware" on a memory card with no password protection. July 25, 2019 Hearing Tr. at 110:8-111:5. He mitigated that risk through physical security—just like the State Election Board rules require PollPads to be physically locked away when not in use. Ga. Comp. R. & Regs. r. 183-1-12-.06. If physical security exists, the use or non-use of a password is not nearly as significant as Coalition Plaintiffs claim.

Coalition Plaintiffs have provided no new facts—much less *any* legal authority—which support a conclusion different than what the Court concluded in denying the third motion for preliminary injunction.

## II.    **There is no irreparable injury.**

Coalition Plaintiffs do not even respond to State Defendants' arguments about injury. As the Eleventh Circuit makes clear, "[v]oters have

- 4 -

no judicially enforceable interest in the outcome of an election" but only in "their ability to vote and in their vote being given the same weight as any other." *Jacobson v. Fla. Sec'y*, No. 19-14552, 2020 U.S. App. LEXIS 28078, at *17 (11th Cir. Sep. 3, 2020). Coalition Plaintiffs cannot be injured if they are registered to vote and appear on both the electronic pollbook and the paper pollbook. They offer nothing in response to the fact that county election officials continue to receive mail-in ballots from voters after the close of early voting. [Doc. 815, p. 23].

### III. The equities and public interest favor State Defendants.

Coalition Plaintiffs express confusion about what the State does and does not provide. Let's try this again: if the PollPads go down, election officials are to use the paper registered voter-list *that is already at each precinct* to check voters in. Ga. Comp. R. & Regs. r. 183-1-12-.19(1). Having updated paper pollbooks for the reason of showing "who has voted," as Coalition Plaintiff seek, [Doc. 854, p. 8], is meaningless the moment the first voter checks in just after the polls open. If the PollPads stop working at 2:00 p.m. and the first voter of the day returns at 3:00 p.m. and is checked in on a paper registration list, it will not contain the information that he or she has already voted. So the relief Coalition Plaintiffs seek is ultimately pointless in terms of actual election administration. Double-voting in those situations is

addressed through criminal penalties and election contests. Merely having an "updated" list is not going to solve the problem Coalition Plaintiffs claim it will solve.

In contrast, State Defendants already provide a list with as much updated information as is feasible at the time the list is printed. [Doc. 815-1 at ¶¶ 4-9]. Reprinting the entire list is not in the public interest because of the time necessary and the duplication of effort. *Id*.

## CONCLUSION

Coalition Plaintiffs have shown none of the four requisites to obtain the relief they seek. This Court should deny their motion on paper pollbooks.

Respectfully submitted this 4th day of September, 2020.

> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Robbins Ross Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, Georgia 30318

Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

- 8 -

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **STATE DEFENDANTS' SURREPLY TO COALITION PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION ON PAPER POLLBOOK BACKUPS** has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson