# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

### EMERGENCY NOTICE OF SUPPLEMENTAL EVIDENCE RELATING TO MOTIONS FOR PRELIMINARY INJUNCTION

Coalition Plaintiffs file this Notice to bring to the Court's immediate attention the Secretary of State's cancellation this afternoon of Logic and Accuracy testing for every polling place component of the State's Dominion Voting System because of a defect in *every* county's election management database for the November 3, 2020 general election. Coalition was informed of this development at approximately 5:10 PM today by counsel for Cherokee County Board of Registration and Elections in connection with an upcoming inspection and observation of Logic and Accuracy testing and scanner-settings testing set for next week.[1]

---

[1] The inspection for next week was to be conducted pursuant to Coalition's September 23, 2020 subpoena (Doc. 915, copy attached at Exhibit B)

A screenshot of an email apparently sent at 4:11 p.m. today to election officials statewide by Chris Harvey via "The Buzz Post," (a statewide election officials' communications network) is attached as Exhibit A.  In the email, which bears a subject line of "Very Important Announcement Concerning Databases," Mr. Harvey states, in full:

> We found out that there is an error in the November database which will require every county to get a new database for the November 3, 2020 election.
>
> We are working with Dominion to correct the error and get you new databases as soon as possible, but we don't want you to waste time doing L&A testing that will have to be redone with a new database.
>
> This will not have an impact on any absentee ballot processing. I am very sorry to have to tell you this.  I know that everyone is working as hard as they can to be prepared.  We will do everything we can to minimize the delay this will cause.
>
> I will give you an update Monday on any ETA for your new database.
>
> Chris Harvey, SOS Office

(Exhibit A).

This database defect affecting all counties in Georgia will plainly cause a substantial and untenable delay to, if not render impossible, the State's programming and testing of BMDs for the November election as required by the Georgia Election Code.  Mr. Harvey stated in an August 26, 2020 declaration: "Databases for the November election will be built in the next week." (Doc. 821-9, at 3).  The very next Friday, September 4, 2020—three weeks ago

and a week prior to the just-completed preliminary injunction hearing—the State
Defendants stated that the "building of databases is nearly complete." (Doc. 866,
at 13). Even though the databases were "nearly complete" on September 4, it was
not until today, September 25—two Fridays after the conclusion of the injunction
hearing—that the State announced that the Dominion-built databases (in their
unusual outsourcing arrangement) were in fact so completely defective that Logic
and Accuracy testing would be a waste of time and the databases must now be
completely rebuilt.[2]

The impact of delaying the receipt and testing of a new November database
and the related Logic and Accuracy Testing in every county in Georgia renders the
deployment of BMDs impractical, if not impossible, for the November election,
since early voting begins on October 12—eleven business days from today. In
such a short time period, assuming there is prompt delivery of new and accurate
databases, there is still adequate time to conduct required Logic and Accuracy
testing if such testing is limited to scanners, PollPads, and just the number of
BMDs needed to serve accessibility needs. But it is clear from the evidence in the

---

[2] It is unclear whether the State or Dominion had knowledge of this database error when Fulton
County equipment was reprogrammed by Dominion before being provided to the Plaintiffs for
pre-hearing testing, or before or during the hearing itself, or anytime during the nine business
days that have passed since the hearing ended—a period during which the State, like the
Plaintiffs, has been anticipating a ruling on the injunction motions. Appearances obviously are
consistent with the possibility that the State may have sat on knowledge of this error in the hopes
of obtaining a ruling on the pending motions before having to disclose the error.

record that there will not, at this point, be sufficient time to conduct the Logic and Accuracy testing that is required by statute for a fully deployed Dominion voting system. During the recent injunction hearing, Defendants argued that the full Logic and Accuracy  testing required by statute (i.e., every race on every BMD for every ballot style) was impractical under normal circumstances.  By the State's own reasoning, if the essential mandatory testing was already too time consuming to conduct at the time of the hearing, it is most certainly out of the question to conduct such testing now.  After all, 159 new databases must be created and physically delivered (not electronically transmitted) to the counties—with no "ETA" to be communicated before Monday at the earliest—after which the databases must be tested in each county, Ga. Comp. R. & Regs. r. 183-1-12-.07(1).

Based on Coalition Plaintiffs' estimates, under the current plan, Logic and Accuracy testing is required for 34,000 touchscreens, 34,000 BMD printers, 8,600 PollPads, 3,800 precinct scanners, and 175 high volume mail ballot scanners.  All of the necessary programming and testing must be postponed and restarted after the delivery of new corrected databases. The Logic and Accuracy testing required by statute for BMDs alone (i.e., every race on every BMD for every ballot style) is estimated to require approximately 15 minutes per BMD unit, or 8,500 hours statewide.  Early voting begins October 12, with early voting equipment estimated to be deployed from October 7 to October 9 for polling place set up.  This only

leaves time to properly test PollPads, ballot scanners, and enough BMDs for accessibility in time for the Election. Conducting in-person voting using hand marked paper ballots, instead of BMDs, eliminates the need to test approximately 68,000 BMDs and printers in what is an otherwise impossible time frame and makes conducting the upcoming election in a secure manner possible.

This failure by the State (and Dominion) to deliver an accurate election database to Georgia's 159 counties is the latest demonstration of the wholesale lack of readiness of the Dominion Voting System for full deployment and compelling evidence of the State's severe lack of ability to deploy the system.  A far more manageable, realistic, and safe solution for an orderly and defensible November election is to use hand marked paper ballots instead of the BMD touchscreens and printers, while maintaining a single BMD in every polling place for accessibility needs, to satisfy the requirements of HAVA.

Respectfully submitted this 25th day of September, 2020.

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| |
|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br>**E**<br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** |

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on September 25, 2020, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.  In addition, pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

EXHIBIT

A



Inbox - jgdensmore@cherokeega.com - Outlook

A new discussion has
been posted in The Buzz by Harvey, Chris on 9/25/2020 4:11 PM

We found out that there is an error in the November database which will require every county to get a new database for the November 3, 2020 election.

We are working with Dominion to correct the error and get you new databases as soon as possible, but we don't want you to waste time doing L&A testing that will have to be redone with a new database.

This will not have an impact on any absentee ballot processing.

I am very sorry to have to tell you this. I know that everyone is working as hard as they can to be prepared. We will do everything we can to minimize the delay this will cause.

I will give you an update Monday on any ETA for your new databases.

**Chris Harvey, SOS Office**

If you would like to opt out of receiving email notifications for this
discussion, click here.

Caution : This email originated from outside of the County email system. Do not click links or open attachments unless you recognize the sender and know the content to be safe. Please check with IT if you are unsure.

EXHIBIT

B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, ET AL.,     )
                                )

     Plaintiffs,        )

                                )     CIVIL ACTION

 vs.                      )

                                )     FILE NO. 1:17-cv-2989-AT

BRAD RAFFENSPERGER,     )
ET AL.,                    )

                                )

     Defendants.       )

## COALITION PLAINTIFFS' NOTICE OF INTENT TO
## SERVE SUBPOENA TO PERMIT INSPECTION OF PREMISES

Pursuant to Rule 45(a) of the Federal Rules of Civil Procedure, Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett ("Coalition Plaintiffs") hereby notify all parties that they intend to serve a subpoena on Kim Stancil – Elections Director, Cherokee County Board of Elections and Voter Registration ("Cherokee Board"), commanding permission to permit entry onto designated land or other property possessed or controlled by the Cherokee Board and permission to permit the inspection, measuring, surveying, photographing, testing, and/or copying of the property  or any designated object or operation on it as set forth in the Subpoena and Attachment "A", attached hereto as **Exhibit 1**.

This 23rd day of September, 2020.

Respectfully submitted,

*/s/ Cary Ichter*
CARY ICHTER
Georgia Bar No. 382515
**ICHTER DAVIS LLC**
3340 Peachtree Road NE, Suite 1530
Atlanta, Georgia 30326
Tel.: 404.869.7600
Fax: 404.869.7610
cichter@ichterdavis.com

AND

Bruce P. Brown
Georgia Bar No. 064460
bbrown@brucebrownlaw.com

**Bruce P. Brown Law LLC**
1123 Zonolite Road NE, Suite 6
Atlanta, Georgia 30306
Tel.:  404.881.0700

*Attorneys for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DONNA CURLING, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO. 1:17-CV-2989-AT** |
| **BRAD RAFFENSPERGER,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 23, 2020, I filed a true and correct copy of the foregoing **COALITION PLAINTIFFS' NOTICE OF INTENT TO SERVE SUBPOENA FOR INSPECTION OF PREMISES**, on counsel of record with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515

E
X
H
I
B
I
T

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| DONNA CURLING, ET AL., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:17-cv-2989-AT |
| | ) | |
| BRAD RAFFENSPERGER, ET AL., | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          KIM STANCIL - Elections Director
Cherokee County Elections & Voter Registration Office, 2782 Marietta Highway, Suite 100, Canton, GA 30114

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Office of Cherokee County Elections and Voter Registration as set forth in Attachment "A". | Date and Time:  10/01/2020 11:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          09/23/2020

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
  Coalition for Good Governance                              , who issues or requests this subpoena, are:

Cary Ichter, Esq., 3340 Peachtree Rd NE, Ste. 1530, Atlanta, GA 30326, (404) 869-7600, cichter@ichterdavis.com

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:17-cv-2989-AT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

### Items and Operations to be Inspected, Copied, Tested

The following operations occurring at the following indicated times and places and the following records related to the November 3, 2020 election are subject of this Request:

1. Inspection and testing of the mail ballot scanner settings and software threshold settings used in the Logic and Accuracy Testing related to detection and recording of ballot marks on hand marked ballots for the November 3, 2020 election.

2. Testing of mail ballot scanner and adjudication software accuracy by Coalition Plaintiffs' representatives during Cherokee County Logic and Accuracy Testing. The test will be conducted by Coalition Plaintiffs' representatives hand marking 50 blank ballots to be supplied by Cherokee for the November 3, 2020 election. Testing will include a tabulation of the test ballots on an ICC scanner along with review and copying, generating digital printouts, or exports of the resulting ballot images, as well as a review of the on-screen adjudication results of the 50 ballot test batch. The testing and inspection shall be accomplished at a mutually agreeable time during Cherokee County's Logic and Accuracy Testing during the week of September 28, 2020.

3. Inspection, observation and photographing ongoing Logic and Accuracy Testing

of election equipment at Cherokee County's Election facility for the November 3, 2020 election during the week of September 28, 2020, with visual access adequate to read the touchscreens, printouts and scanner output. The test shall include the inspection and testing of precinct scanner settings for emergency hand marked ballots.

### Conditions for Inspection

A. Coalition Plaintiffs will give Cherokee County counsel at least 24 hours' notice of the names and contact information of representatives authorized to conduct the inspections.

B. Parties will cooperate to share and update times and places of election activities to be inspected and the inspection schedule given the fluid nature of Logic and Accuracy Testing activities.

C. For each inspection activity, Coalition Plaintiffs' representatives will be permitted to have one inspector knowledgeable of the voting system and two representatives assisting and documenting the inspection work.

D. Photographs, videos, electronic and paper copies and printouts of all documents related to activities and records inspected are permitted to the extent that they do not contain personal identifying information.

E. Inspection and observation include adequate visual access to the activities and documents to read screens or paper documents similar to the level of visual access

of the officials conducting the activities.

Dated: September 23, 2020

/s/ Cary Ichter
CARY ICHTER
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE, Suite 1530
Atlanta, Georgia 30326
Tel.: 404.869.7600
Fax: 404.869.7610
cichter@ichterdavis.com

AND

Bruce P. Brown
Georgia Bar No. 064460
bbrown@brucebrownlaw.com
Bruce P. Brown Law LLC
1123 Zonolite Road NE, Suite 6
Atlanta, Georgia 30306
Tel.:  404.881.0700

AND

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Pro Hac Vice (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Attorneys for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett*