IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL
<u>OCTOBER 1, 2020 HEARING TRANSCRIPT</u>**

State Defendants fail to meet their high burden to conceal critically-important information from the Plaintiffs themselves in this case and the public. Plaintiffs, and all other Georgia voters, have a compelling and presumptive interest in understanding the circumstances that unlawfully burden or possibly even eviscerate their right to vote. State Defendants offer no evidence to support their claim that anything they seek to seal meets the exacting standard to do so. They provided no declaration from Dr. Coomer or anyone else at Dominion, from any election official or election security expert, or, frankly, from anyone at all. They offer merely the vague *ipse dixit* of their counsel that much of Dr. Coomer's testimony—under questioning by this Court and Plaintiffs' counsel—must be concealed from the Plaintiffs themselves and the public. The Court should deny the motion and publicly release the full transcript at its earliest convenience.

1

## ARGUMENT

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). "Absent a showing of extraordinary circumstances," court records, and particularly hearing transcripts, "must remain accessible to the public." *Id.* State Defendants have not met—and cannot—meet this extraordinary burden in a case of such important public interest as this. This case involves what the U.S. Supreme Court has emphasized is the most fundamental of all constitutional rights, the right from which all others flow: the right to vote. The information State Defendants seek to hide from the public bears directly on the election system they seek to force upon Plaintiffs and other voters across the State. This case is the public's case, and they have a right to know what is happening with Georgia's fundamentally flawed BMDs and what State Defendants seek to hide from them. So do the Plaintiffs themselves.

State Defendants' own cited authorities confirm the clear impropriety of their motion. They cite *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007) to support their contention that some unspecified privacy interests (belonging to Dominion, not State Defendants) somehow would be harmed by disclosure here. (Def.'s Mot. to Seal, Dkt No. 933 at 3.) But they fail to mention that the 11th Circuit reversed the district court's decision—on an abuse of

discretion standard, no less—sealing declarations filed with the court.  The Eleventh Circuit emphasized:

> The operations of the courts and the judicial conduct of judges are matters of utmost public concern," *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S.Ct. 1535, 1541, 56 L.Ed.2d 1 (1978), and "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process," *Chicago Tribune*, 263 F.3d at 1311. This right "includes the right to inspect and copy public records and documents." *Id*. (citation omitted).

480 F.3d at 1245.  The Court of Appeals held in *Romero*: "The public has a right to access these documents that is more than powerful enough to overcome the negligible interest of Drummond in preventing public access." *Id.* at 1248.  The same is true here, where the purported privacy interest is wholly unsupported by any evidence or specificity regarding the purported harms.  Tellingly, Dominion—whose purported privacy interest State Defendants assert—has offered no support for the motion or moved itself.  That alone should be dispositive.  And this fact confirms that this motion is about protecting State Defendants from the embarrassment of a failed voting system they are responsible for rather than any genuine risk of harm to Dominion's intellectual property.

State Defendants' only other cited authority is *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978), which concerned recordings involving President Nixon.  Any implied parallel to Dr. Coomer's testimony is nonsensical.  Moreover, the

recordings in that case were not subject to the common law right of public access because they were subject to the protections of a federal statute, the Presidential Recordings Act. There is no statutory protection for Dr. Coomer's testimony.

Moreover, while it is true that the public's right of access is not absolute, as State Defendants note, the 11th Circuit has made clear that the exception is for *discovery* matters. 480 F.3d at 1245 ("The right of access does not apply to discovery…."). The Court of Appeals emphasized: "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access…. A motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." *Id.* (citations omitted). Thus, the exception to the public right of access that State Defendants seek here for Dr. Coomer's testimony is improper. That testimony does not concern discovery, but rather was provided for this Court to consider in deciding Plaintiffs' pending preliminary injunction motions. State Defendants would have this Court commit the same abuse of discretion that the Eleventh Circuit reversed in *Romero*.

Finally, the closest State Defendants come to offering any specific concern is about "information regarding Dominion's review of its BMD system in light of the unique layout on the BMD for the United States Senate special election on the ballot this year." (Def.'s Mot. to Seal at 3.) But the layout of that ballot is not

4

confidential, and the problem Dominion found with its software in its "review of its BMD system" already is publicly known from the Secretary's comments to the press and from the public portions of the September 28, 2020 hearing. (*See*, *e.g.*, Sept. 28, 2020 Hearing Tr. at 5-6.) Dr. Coomer's "findings" discussed in the October 2, 2020 hearing were addressed only at a high level. There was no discussion of the software itself or the underlying code. There is no potential harm from disclosure, nor have State Defendants articulated any.

## **CONCLUSION**

This is yet another effort by State Defendants to shield embarrassing information from the public through improper sealing requests and to dupe the public into a false sense of confidence in an obviously-unreliable election system. Confidence generated by withholding vital information is not confidence—it is deliberate ignorance. State Defendants should not be keeping the public in the dark. They should have enough confidence in their own election system to subject that system to public scrutiny—especially since they refuse to subject it to the scrutiny of their own election security experts. This motion is consistent with their frivolous objections and interruptions to questioning of Dr. Coomer during the hearing. Plaintiffs and the public deserve to hear what he had to say regarding the right to vote in Georgia so they can make an informed decision of how to exercise that vote in the coming elections.

The Court should deny this request and publicly release the full transcript at its earliest convenience

Respectfully submitted this 2nd day of October, 2020.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| John P. Carlin (*pro hac vice*) | GA Bar No. 425320 |
| Lyle P. Hedgecock (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2000 Pennsylvania Avenue, NW | Suite 3250 |
| Suite 6000 | Atlanta, GA 30309 |
| Washington, DC 20006 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530

Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                             */s/ David D. Cross*
                                             David D. Cross

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** <br> **Defendants.** | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, a copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL OCTOBER 1, 2020 HEARING TRANSCRIPT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

           /s/ David D. Cross
           David D. Cross