IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

The Court has endeavored to consider all relevant evidence and information presented to it in connection with the weighty issues presented by Plaintiffs' Motions for Preliminary Injunction and the State's serious responsibilities for executing an election with huge voter turnout projected in the immediate weeks ahead.

Still, the State must be forthright and complete in its responses to the Court's directive for the provision of information given on September 28, 2020[1] and as discussed further in the Court's remarks to counsel on October 1, 2020. It was only on September 28th that the prospect emerged of the Secretary of State's proceeding with Dominion's sudden modification of the state's voting system

---

[1] The Court directed the State Defendants "to file a copy of the documentation subsequently submitted to the EAC for approval in conjunction with the modified software, presuming that this submission proceeds." (Docket Order of September 28, 2020.)

software, without EAC approval – and further, implementing a mass swapping out of the software in thousands of BMD voting machines without approval or perhaps even any notification of the Election Assistance Commission. While State Defendants have provided some information in response to the Court's directive, it has been either confusing, incorrect, or misleading as to its prior representation that a request for approval to EAC had been submitted as of October 2, 2002 as well. (Doc. 938.) Murkiness is not what the Court expected after its efforts at directing clear communications in two different phone conferences during the week of September 28th. This type of cat and mouse response over the last ten days regarding a time sensitive significant matter has needlessly burdened the Court as it endeavored to issue a substantial and difficult order regarding the pending preliminary injunction motions in this case.

Even assuming the State is correct that it had no obligation to obtain EAC approval, the State has the responsibility to timely and candidly respond to the Court's information directive of September 28, 2020. The Court has both the inherent authority and responsibility to manage this case. State Defendants are therefore ordered to update their response to the Court's directive of September 28, 2020 and further to answer the straightforward, obviously related questions with requisite documentation posed in Plaintiffs' filing of October 6, 2020 (Doc. 955), specifically:

(1) Was the Pro V&V report (Doc. 939) provided to the EAC and, if so, when and by whom?

(2) Was the ECO (Doc. 953-2) provided to the EAC and, if so, when and by whom?

(3) Has the EAC responded, formally or informally, to either the Pro V&V Report or the ECO or any other related communication addressing the software that is now being installed on Georgia's BMDs and, if so, what was the response and when was it received?

(4) If the answer to (1) is no, why not and what was the basis for State Defendants' representation to the Court on Friday and their "understanding" yesterday to the contrary?

The information shall be provided **no later than 12:30 p.m. today, October 9, 2020**.

**IT IS SO ORDERED** this 9th day of October, 2020.

_____
**Amy Totenberg**
**United States District Judge**