IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> BRAD RAFFENSPERGER, *et al.*, : <br> : <br> Defendants. : | CIVIL ACTION NO. <br> 1:17-cv-2989-AT |

## **AMENDED ORDER**

The Court's Opinion and Order of September 28, 2020 granting the Coalition Plaintiffs' motion for a preliminary injunction regarding paper pollbook backups, (Order, Doc. 918), is hereby **AMENDED** as follows.

UNTIL FURTHER ORDER OF THIS COURT:

Effective immediately for each scheduled primary, general, and runoff election, the Secretary of State **IS ORDERED** generate and transmit to each county election superintendent at the close of absentee in-person early voting an updated electors list in a format capable of printing by the election superintendent that includes all of the information located in the electronic pollbook necessary for printing precinct-level information required in each polling place to check in voters and issue ballots to eligible voters (referred to as the "updated paper pollbook backup").[1]  The Secretary of State shall further direct every county election

---

[1] Consistent with O.C.G.A. § 21-2-224(b) and State Election Board Rule 183-1-12-.19(8), this list must include *accurate* information regarding all persons who have been issued or cast absentee ballots during the advanced/early voting period prior to election day. *See* O.C.G.A. § 21-2-224(b)

superintendent (1) to print and provide at each polling place at least one paper backup of the pollbook for use on Election Day, which paper backup shall be updated after the close of absentee in-person voting (early voting); (2) to use the updated paper pollbook backup in the polling place to attempt to adjudicate voter eligibility and precinct assignment in the event of equipment malfunction or an emergency as defined by Ga. R. & R. 183-1-12.11(2)(d);[2] (3) to allow voters who are shown to be eligible electors on the paper pollbook backup who are not shown as having requested an absentee mail-in ballot to cast a regular or emergency ballot that is not to be treated as a provisional ballot; (4) to allow voters who are shown to be eligible electors on the paper pollbook backup but who are shown as having requested an absentee mail-in ballot to have their absentee ballot canceled and to cast a regular or emergency ballot that is not to be treated as a provisional ballot, provided that such voter's eligibility is confirmed by the county registrar's office and the voter's absentee ballot is canceled in accordance with the provisions of

---

("The registrars shall, prior to the hour appointed for opening the polls, place in the possession of the managers in each precinct one copy of the certified electors list for such precinct, such list to contain all the information required by law. The list shall indicate the name of any elector who has been mailed or delivered an absentee ballot."); Ga. Comp. R. & Regs. 183-1-12-.19(8) ("Prior to delivery to a polling place, the election superintendent or registrars shall cause the electronic poll books to accurately mark all persons who have been issued or cast absentee ballots in the election."). The Secretary may generate this information directly from the PollPads or from ENET and the Absentee Voter Report referenced in their filing at Doc. 895. Alternatively, the Secretary may assume responsibility at its discretion for the printing and delivery of the updated paper pollbook to county election superintendents.

[2] The State Election Board's Emergency Rule, Ga. R. & R. 183-1-12.11(2)(d), defines the types of events that may be considered emergencies as "power outages, malfunctions causing a sufficient number of electronic ballot markers to be unavailable for use, or waiting times longer than 30 minutes."

O.C.G.A. § 21-2-388;[3] (5) to take every reasonable measure to ensure that county election officials and poll workers are trained as to how to generate and use paper pollbook backups and emergency ballots and handle the casting and counting of emergency votes in conformity with this Order directly as emergency ballots, if necessary; and (6) maintain a sufficient stock of emergency paper ballots in compliance with Ga. Comp. R. & Regs. 183-1-12-.11(2)(c) and 183-1-12-.01.[4]

While the Court has ordered that a minimum of one paper pollbook backup should be made available for each polling place, it is likely that more than one copy would be needed in large precincts per the testimony of Fulton County's Director of County Registration and Elections. As precincts vary in size enormously across the counties and the State, the Court **FURTHER ORDERS** that the Secretary of State direct all local election superintendents to evaluate the need for issuance of additional copies of the pollbook backup printouts as back-up tools for precincts

---

[3] *See* O.C.G.A. § 21-2-388 (providing for cancellation of absentee ballots and permitting voters to cast votes in person upon cancellation by either surrendering their absentee ballot to the poll manager of the precinct or in the case of a voter who has requested but not yet received their absentee ballot by completing an elector's oath affirming the voter has not marked or mailed an absentee ballot for voting in such primary or election); *See* O.C.G.A. § 21-2-384 (regarding elector's oath); *see also* Ga. Comp. R. & Regs. 183-1-14-.06 (regarding procedures for spoiled absentee ballots).

[4] This relief is consistent with State Election Board Rule 183-1-12-.19(1) that requires that election superintendents equip each polling place with the electronic pollbooks, a paper backup list, and ensure that "poll workers [] be adequately trained in checking in voters on both electronic poll books and paper backup list." Ga. Comp. R. & Regs. 183-1-12-.19(1); *see also* Ga. Comp. R. & Regs. 183-1-12-.11(2)(c) (providing that the "election superintendent shall cause each polling place to have a sufficient amount of emergency paper ballots so that voting may continue uninterrupted if emergency circumstances render the electronic ballot markers or printers unusable. For any primary or general election for which a state or federal candidate is on the ballot, a sufficient amount of emergency paper ballots shall be at least 10% of the number of registered voters to a polling place"). County election superintendents shall determine what is a "sufficient number" of emergency paper ballots necessary at individual polling locations, which number may exceed 10% of the number of registered voters at the polling place as needed.

based on the number of registered voters in each county precinct or polling location and to promptly advise the County Registrar's Office of the number of such additional copies needed.

**IT IS SO ORDERED** this 12th day of October, 2020.

_____
**Amy Totenberg**
**United States District Judge**