# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONNA CURLING, ET AL.,

Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,

Defendants.

Civil Action No. 1:17-CV-2989-AT

## JOINT DISCOVERY DISPUTE
## COALITION PLAINTIFFS AND
## CHEROKEE COUNTY BOARD OF ELECTIONS
## RULE 34 INSPECTION

## OCTOBER 16, 2020

*Coalition Plaintiffs' Position*

Coalition Plaintiffs seek an order directing the Cherokee County Board of Elections, by and through their Elections Director Kim Stancil, to permit the inspection and testing of Cherokee County's ballot scanning-related voting system equipment and functions ("the Inspection and Testing"), as detailed below. Cherokee County allowed Coalition Plaintiffs to begin the Inspection and Testing on September 29, 2020, but unilaterally halted the work before it could be completed. Coalition Plaintiffs seek an order allowing the completion of the work this weekend or early next week at the latest. Coalition Plaintiffs must complete the work immediately to provide the Court with the information directed in its Order dated October 11, 2020 (Doc. 964 at 141) as explained below. The parties have conferred on these issues but have been unable to reach agreement.

**A.    Discovery Sought by Coalition Plaintiffs**

Relevant portions of Coalition Plaintiffs' original subpoena dated September 23, 2020 (Doc. 915-1) are attached as Exhibit 1. Coalition Plaintiffs seek the completion of the Inspection and Testing initiated on September 29, 2020 including all of the activities listed on the subpoena -- test ballot scanning, adjudication, tabulation and inspection and testing of equipment settings. Coalition will separately be seeking leave to file a declaration by Mr. Hursti explaining his

1

work to date, and the potential scanning improvements he seeks to verify in the work at Cherokee.

### B.    Inspection Halted Unilaterally

Expert Harri Hursti, Coalition Executive Director Marilyn Marks and Aileen Nakamura visited Cherokee County on September 29, 2020 and were provided the requested access to the ICC scanning equipment at approximately 10:00 am. At approximately 12:00 pm, counsel for Cherokee County unexpectedly announced that the inspection must be terminated by 12:30.  Mr. Hursti was  unable to complete the work.

### C.    Inspection Not Possible at Fulton County

Coalition Plaintiffs have unsuccessfully pursued similar discovery of Fulton County and this portion of its discovery dispute with Fulton County remains unresolved.  (*See* Doc. 839).  However, on October 14, 2020, counsel for Fulton County information Coalition counsel that an employee at Fulton County's Election Preparation Center ("EPC") had tested positive for COVID-19 and that no further inspections by third-parties would be allowed.  (According to news reports, the COVID-19 outbreak at EPC has now spread considerably).

### D.    Why Inspection is Needed Now

This inspection cannot and should not be delayed to a point in time after this election for multiple reasons.  First, for technical reasons that Mr. Hursti will

explain in his declaration, this inspection is necessary for Coalition Plaintiffs to complete their submission to the Court, preferably during the week of October 19. Second, the Inspection and Testing will not interfere with Cherokee's election activities: access to equipment and one staff member is needed only for approximately 4 hours; the inspection will occur in the workroom containing the server and scanners, not any polling places; Mr. Hursti is available after hours or weekends. While 4 hours is expected to be adequate for the Inspection and Testing, Coalition is requesting a maximum of 10 hours to account for for any unexpected findings or equipment malfunctions.  Third, Coalition Plaintiffs believe, based on their prior inspection and analysis, and contrary to the Defendant's hearing testimony, that significant improvements in the scanning may be made immediately, even prior to the November 3, 2020 elections, and would like the opportunity to gather the information necessary immediately and report their findings to the Court.

<u>*Position of the Cherokee County Board of Elections and Registration*</u>

The Cherokee BOER objects to a fourth inspection of its equipment.  It is an undue burden, and there are 157 other BOERs that can provide the information.

**B.  History of Third Party Discovery**

Pursuant to subpoenas Coalition Plaintiffs served on August 31, 2020, Coalition Plaintiffs inspected the Cherokee BOER equipment for one hour on September 2, 2020, and for another hour on September 4, 2020.

Pursuant to a subpoena served September 23, 2020, Cherokee BOER agreed to another inspection on Tuesday, September 29, 2020, at 10am.  In the response letter (attached as Exhibit 2), the Cherokee BOER informed Coalition Plaintiffs that it would "not acquiesce to any further third party subpoenas." After the Secretary of State's Office halted Logic and Accuracy ("L&A") testing on Friday afternoon, September 25, the Cherokee BOER suggested that Coalition Plaintiffs reschedule their inspection after L&A resumed.  Coalition Plaintiffs insisted on inspecting the absentee ballot scanner on September 29.  In conversations with both Ms. Marks and the attorneys, the Coalition Plaintiffs were repeatedly informed that the September 29, 2020 inspection would be the last.

Contrary to Coalition's representation that the inspection was unilaterally halted at 12:30pm, Ms. Marks and Mr. Hursti were informed at 12:00pm that they had another hour – until 1pm – for a total inspection of three hours (on top of the two hours they had already used in early September).  Ms. Marks "unilaterally" ended the inspection at 12:30pm.

Subsequent to the inspection, the Secretary of State's office announced it was investigating the Cherokee BOER.  As a result of this investigation, the Dominion Tech representative embedded in the Cherokee BOER was removed on October 5, 2020. On October 6, 2020, Johnathan Densmore, a Cherokee BOER employee who had conducted the first two inspections, resigned, leaving the Cherokee BOER with a total of six full-time employees.

### C.      Another Inspection is an Undue Burden on the Cherokee BOER.

The Cherokee BOER has accommodated the Coalition Plaintiffs three times for at least 4.5 hours.  They are down one employee and integrating a new Dominion Tech rep.  They told the Coalition Plaintiffs as early as September 25, 2020, that the September 29, 2020 inspection would be the last.  Coalition Plaintiffs chose to leave that inspection a half hour early.

Further, absentee ballot processing will begin Monday October 19 at 9am for the 18,789 absentee ballots thus far received, out of over 43,000 absentee ballots issued.  Due to election security issues, Coalition Plaintiffs cannot conduct their inspection while absentee ballots are being processed.   Given all this, the Cherokee BOER simply cannot accommodate another inspection, let alone one that lasts 4-10 hours, and conduct the election securely, efficiently, or accurately.

### D.      There are 157 Other Boards of Election and Registration.

The Cherokee BOER is not the only Georgia BOER from which Coalition Plaintiffs can obtain the information they believe necessary to prosecute their case. There are 157 other BOERs in Georgia (not counting Fulton or Cherokee) which could easily provide the same information. Coalition Plaintiffs have yet to explain why they cannot subpoena another BOER for the same information.

### *Coalition Plaintiffs' Reply*

Cherokee's prior cooperation is appreciated and has proven valuable in the collection of evidence. The continuation of Mr. Hursti's work will proceed from the baseline data obtained from the September 29 scanning and analysis of a test deck and script of approximately 60 Cherokee test ballots. Changing counties for the scanning testing would require starting afresh with the creation and scanning of a new test deck for baseline analysis for that county's ballots, and would effectively waste the significant hours and cost involved in the previous Cherokee scanning. This would also delay the otherwise prompt delivery of results and recommendations to the Court. Even though the availability of other sources of discovery is not a defense to a valid subpoena, Coalition understands Cherokee's frustration that its well-organized and efficient election procedures have made Cherokee an attractive source for discovery. Coalition will minimize disruption in any way possible, and suggests that the testing work be conducted over this weekend before processing begins on Monday, October 19.

This 16th day of October, 2020.

> For Coalition Plaintiffs:
>
> /s/Bruce P. Brown
> Ga. Bar No. 064460
> Bruce P. Brown Law LLC
> 1123 Zonolite Rd. NE
> Suite 6
> Atlanta, Georgia 30306
> (404) 881-0700
>
>
> For the Cherokee County Board of
> Elections:
>
>
> /s/Ann S. Brumbaugh
> The Law Office of Ann S. Brumbaugh, LLC
> The High House
> 309 Sycamore Street
> Decatur, Georgia 30030
> (404) 458-4088

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,** **Plaintiffs,** **v.** **E** **BRAD RAFFENSPERGER, ET AL.,** **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER , ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Bruce P. Brown*
Bruce P. Brown

EXHIBIT

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | | |
|---|---|---|
| DONNA CURLING, ET AL., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:17-cv-2989-AT |
| | ) | |
| BRAD RAFFENSPERGER, ET AL., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     KIM STANCIL - Elections Director
Cherokee County Elections & Voter Registration Office, 2782 Marietta Highway, Suite 100, Canton, GA 30114

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

✔ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Office of Cherokee County Elections and Voter Registration as set forth in Attachment "A". | Date and Time: 10/01/2020 11:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/23/2020

*CLERK OF COURT*

OR

_____               _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Coalition for Good Governance_____ , who issues or requests this subpoena, are:

Cary Ichter, Esq., 3340 Peachtree Rd NE, Ste. 1530, Atlanta, GA 30326, (404) 869-7600, cichter@ichterdavis.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-2989-AT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
 **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

### Items and Operations to be Inspected, Copied, Tested

The following operations occurring at the following indicated times and places and the following records related to the November 3, 2020 election are subject of this Request:

1. Inspection and testing of the mail ballot scanner settings and software threshold settings used in the Logic and Accuracy Testing related to detection and recording of ballot marks on hand marked ballots for the November 3, 2020 election.

2. Testing of mail ballot scanner and adjudication software accuracy by Coalition Plaintiffs' representatives during Cherokee County Logic and Accuracy Testing. The test will be conducted by Coalition Plaintiffs' representatives hand marking 50 blank ballots to be supplied by Cherokee for the November 3, 2020 election. Testing will include a tabulation of the test ballots on an ICC scanner along with review and copying, generating digital printouts, or exports of the resulting ballot images, as well as a review of the on-screen adjudication results of the 50 ballot test batch. The testing and inspection shall be accomplished at a mutually agreeable time during Cherokee County's Logic and Accuracy Testing during the week of September 28, 2020.

3. Inspection, observation and photographing ongoing Logic and Accuracy Testing

of election equipment at Cherokee County's Election facility for the November 3, 2020 election during the week of September 28, 2020, with visual access adequate to read the touchscreens, printouts and scanner output. The test shall include the inspection and testing of precinct scanner settings for emergency hand marked ballots.

## Conditions for Inspection

A. Coalition Plaintiffs will give Cherokee County counsel at least 24 hours' notice of the names and contact information of representatives authorized to conduct the inspections.

B. Parties will cooperate to share and update times and places of election activities to be inspected and the inspection schedule given the fluid nature of Logic and Accuracy Testing activities.

C. For each inspection activity, Coalition Plaintiffs' representatives will be permitted to have one inspector knowledgeable of the voting system and two representatives assisting and documenting the inspection work.

D. Photographs, videos, electronic and paper copies and printouts of all documents related to activities and records inspected are permitted to the extent that they do not contain personal identifying information.

E. Inspection and observation include adequate visual access to the activities and documents to read screens or paper documents similar to the level of visual access

of the officials conducting the activities.

Dated: September 23, 2020

/s/ Cary Ichter
CARY ICHTER
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE, Suite 1530
Atlanta, Georgia 30326
Tel.: 404.869.7600
Fax: 404.869.7610
cichter@ichterdavis.com

AND

Bruce P. Brown
Georgia Bar No. 064460
bbrown@brucebrownlaw.com
Bruce P. Brown Law LLC
1123 Zonolite Road NE, Suite 6
Atlanta, Georgia 30306
Tel.: 404.881.0700

AND

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Pro Hac Vice (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Attorneys for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett*

E
X
H
I
B
I
T

2

# The Law Office of
# Ann S. Brumbaugh, LLC

The High House
309 Sycamore Street
Decatur, Georgia 30030

Phone: 404-458-4088 (o); 404-593-8295 (c)
E-Mail: ab@annbrumbaughlaw.com
Website: annbrumbaughlaw.com

September 25, 2020

VIA EMAIL

Cary Ichter
Icther Davis LLC
3340 Peachtree Roade NE, Suite 1530
Atlanta, GA  30326
cichter@ichterdavis.com

Re:  *Third Party Subpoena, Curling v. Raffensperger, United States District Court for the Northern District of Georgia, 17CV2989 for Inspection of Premises Served September 23, 2020*

Dear Mr. Ichter:

On Wednesday, September 23, 2020, you served my client, the Cherokee County Board of Elections and Registration ("Cherokee BOER") with a subpoena for the Inspection of Premises on October 1, 2020, at 11:00 am.  This is the third subpoena you have served on the Cherokee BOER and the second subpoena for inspection. It will also be your third inspection, as you made two inspections, on September 2 and 4, pursuant to your first subpoena for inspection.  As I noted to you by email on September 3, 2020, on September 2, 2020, your inspectors arrived a half an hour late and without a copy of the subpoena, causing the Cherokee BOER to waste valuable time that should and could have been spent preparing the upcoming election.  That time has only become more valuable as the November 3, 2020 election approaches.  Although Cherokee BOER will agree to a limited inspection at 10:00am on Tuesday, September 29, 2020, subject to the following objections, Cherokee BOER will not acquiesce to any further third party subpoenas. Additionally, should Coalition Plaintiffs arrive more than ten minutes late, for whatever reason, or without the necessary fees and documents to conduct the inspection, the inspection shall be cancelled and shall not be rescheduled.

## Items and Operations to be Inspected, Copied, Tested

1. *Inspection and testing of the mail ballot scanner settings and software threshold settings used in the Logic and Accuracy Testing related to detection and recording of ballot marks on hand marked ballots for the November 3, 2020 election.* The inspection shall comport with State Election Board Rule 183-1-12-.08, Logic and Accuracy Testing, specifically sections 1(d), 2(d) – (h). As specifically stated in State Election Board Rule 183-1-12-.08 (1)(d), "members of the public shall not in any manner interfere with the preparation and testing of the voting system components." Therefore, only employees of the Cherokee BOER or the Dominion employee attached to the Cherokee BOER will be permitted to perform these tasks.

2. *Testing of mail ballot scanner and adjudication software accuracy by Coalition Plaintiffs' representatives during Cherokee County Logic and Accuracy Testing. This test will be conducted by Coalition Plaintiffs' representatives hand marking 50 blank ballots to be supplied by Cherokee for the November 3, 2020 election. Testing will include a tabulation of the test ballots on an ICC scanner along with review and copying, generating digital printouts, or exports of the resulting ballot images, as well as a review of the on-screen adjudication results of the 50 ballot test batch. The testing and inspection shall be accomplished at a mutually agreeable time during Cherokee County's Lobic and Accuracy Testing during the week of September 28, 2020.* The inspection shall comport with State Election Board Rule 183-1-12-.08, Logic and Accuracy Testing, specifically sections 1(d), 2(d) – (h). As specifically stated in State Election Board Rule 183-1-12-.08 (1)(d), "members of the public shall not in any manner interfere with the preparation and testing of the voting system components." Therefore, only employees of the Cherokee BOER or the Dominion employee attached to the Cherokee BOER will be permitted to operate the ICC scanner and any other equipment necessary to complete this request. Coalition Plaintiffs' must pay for the ballots in advance of the inspection in the amount of $17.50 ($0.35/ballot) by check made out to the Cherokee Board of Elections and Registration. Should Coalition Plaintiffs come without the prescribed payment, the test of the ballots will be cancelled and will not be rescheduled. Testing shall occur on Tuesday, September 29, 2020 at 10:00am.

3. *Inspection, observation and photographing ongoing Logic and Accuracy Testing of election equipment at Cherokee County's Election facility for the November 3, 2020 election during the week of September 28, 2020, with visual access adequate to read the touchscreen, printouts and scanner output. The test shall include the inspection and testing of precinct scanner settings for emergency*

*hand marked ballots.* The inspection shall comport with State Election Board Rule 183-1-12-.08, Logic and Accuracy Testing, specifically sections 1(d), 2(d) – (h).

<u>Conditions for Inspection</u>

A. *Coalition Plaintiffs will give Cherokee County counsel at least 24 hours' notice of the names and contact information of representatives authorized to conduct the inspections.* This was a condition in the September 2, 2020 subpoena to inspect, but Coalition Plaintiffs ignored it and did not provide Cherokee BOER with the names and contact information of the representatives authorized to conduct the inspection. Cherokee BOER demands strict compliance with this condition. Should Coalition Plaintiffs fail to comply with this condition, the inspection shall be cancelled and shall not be rescheduled.

B. *Parties will cooperate to share and update times and places of election activities to be inspected and the inspection schedule given the fluid nature of Logic and Accuracy Testing activities.* The inspection shall occur on Tuesday, September 29, 2020, at 10:00am.

C. *For each inspection activity, Coalition Plaintiffs' representatives will be permitted to have one inspector knowledgeable of the voting system and two representatives assisting and documenting the inspection work.* Coalition Plaintiffs must abide by Condition for Inspection A. Last-minute substitutions will not be permitted.

D. *Photographs, videos, electronic and paper copies and printouts of all documents related to activities and records inspected are permitted to the extent that they do not contain personal identifying information.* Additionally, photographs, videos, electronic and paper copies and printouts of all documents related to activies and records inspected will not be permitted to the extent that theyt compromise election security or violate State Election Board Rule 183-1-12-.08 (2)(f) – (h), which prohibits disclosure of seal numbers or other voting security measures of any voting system components. Coalition Plaintiffs must pay fees for copies of records consistent with the fee schedule outlined in the Open Records Act. Copies will not be available unless and until the fees are paid.

E. *Inspection and observation include adequate visual access to the activities and documents to read screen or paper documents similar to the level of visual access of the officials conducting the activities.* The inspection shall comport with State Election Board Rule 183-1-12-.08, Logic and Accuracy Testing, specifically

sections 1(d), 2(d) – (h).  As specifically stated in State Election Board Rule 183-1-12-.08 (1)(d), "members of the public shall not in any manner interfere with the preparation and testing of the voting system components."  Therefore, only employees of the Cherokee BOER or the Dominion employee attached to the Cherokee BOER will be permitted to perform these tasks.

Sincerely,

Ann S. Brumbaugh
*Attorney for the Cherokee Board of Elections and Registration*