# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br><br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## JOINT DISCOVERY DISPUTE
## COALITION PLAINTIFFS AND FULTON COUNTY DEFENDANTS
## <u>REGARDING IMMEDIATE INSPECTION</u>

### NOVEMBER 2, 2020

JOINT DISCOVERY STATEMENT REGARDING IMMEDIATE INSPECTION
OF ELECTION EQUIPMENT

Whether, pursuant to a valid and timely Rule 34 Request (attached as

Exhibit 1) for Activities A, B, and C below, and pursuant to under statewide poll

watcher authorization (O.C.G.A.§21-2-408) for Activity D, Coalition Plaintiffs

should be allowed, during November 2, 2020 election preparations and on

November 3, 2020 Election Day and so long as the specified activities continue, to:

A. Observe and photograph the polling place operation of the voting system
equipment in a manner that does not disrupt the voting activity;

B. Observe the check-in process and photograph the operation of electronic
pollbooks, including having visual access to the display screens in a manner that
does not disrupt polling place workflow;

C. Observe and photograph preparation and installation of voting equipment
prior to opening of the polls, including any equipment testing; and,

D. Observe the absentee mail ballot processing and scanning operations,
having visual access to workstation monitors and equipment display screens,
including public counters and status and error messages (at this time, without
photography because Plaintiffs inadvertently failed to formally request it.).

### *Coalition Plaintiff's Position*

Coalition Plaintiffs are entitled to this discovery pursuant to the Federal

Rules–Fulton County permitted almost identical discovery in the August 11, 2020

election and in certain locations for early voting on October 27 through October

30, and it was completed without incident or controversy. The evidence obtained

from these inspections was repeatedly referenced declarations in Plaintiffs' recent Motions for Preliminary Injunctions. This critical evidence cannot be gathered after the fact; it can only be obtained in the polling place as the discrepancies and equipment malfunctions occur.

The Rule 34 inspection request (Exhibit 1) was served on October 14 after widespread reports of voter check-in problems, delays and reports of E-Net system malfunctions in early voting that began October 12, 2020, and have continued through the present time, including reports of PollPad upload failures in the last two days. Widespread E-Net failures during early voting have resulted in significant voter database errors that Coalition Plaintiffs are currently trying to investigate.  Coalition Plaintiffs anticipate PollPad operational issues at the polling places on Election Day as a result. Additionally, poll watcher observation (which was improperly restricted) revealed serious irregularities in mail ballot processing including violations of ballot secrecy.   This inspection is without question relevant to Coalition Plaintiffs claims that voting system components, particularly electronic pollbooks and ballot scanners, are not operating reliably and are vulnerable to a variety of security risks and programming errors.

Specifically, Coalition Plaintiffs' expert, Harri Hursti and assistants will use this inspection to evaluate the nature of equipment malfunctions and voting bottlenecks.  This is discovery that, by its very nature, must be conducted while the

activities are taking place. Coalition Plaintiffs inspectors have inspected scores of polling places for many years in numerous jurisdictions domestically and abroad and are careful to avoid disruption of the voting process.

The bulk of the observation contemplated consists of access that any person has a right to under Georgia law, but Fulton County over the past month has on repeated occasions denied Coalition Plaintiffs' representative even the access that is permitted by public observation laws. To resolve the problem without involving the Court, Coalition Plaintiffs' experts have recently been appointed as state-wide poll watchers by a political party. However, at times, Fulton County is denying legally permitted visual access to election activities including viewing and recording public counters on equipment—a key duty of poll watchers. In addition to reasonable poll watcher access, Coalition Plaintiffs require the ability to photograph technical issues, such as malfunctioning machines, error messages and equipment status, with no need or desire to photograph voters making their electoral choices.

Coalition Plaintiffs have made repeated efforts to confer with Fulton County on this issue but have received no response.  If the Coalition Plaintiffs wait any longer for Fulton County to respond, the issue will be rendered moot, evidence of significant probative value will escape capture, and Fulton County will avoid their obligations under the Federal Rules by sheer inaction.

*Fulton County Defendants' Response*

Fulton County Defendants have no problems providing Plaintiffs with poll watchers status, but Plaintiffs are attempting to go beyond that status and to act as investigators.  In their self-appointed role as investigators, they propose to look over the shoulders of election workers and to photograph their work.  However, Fulton County Defendants do not agree that Plaintiffs are investigators. The Fulton County Defendants have experienced problems with attempting to delineate the access of these Plaintiffs versus that of poll workers and public observers.  Further given, the COVID-19 outbreak within the Fulton County Department of Elections, the Fulton County Defendants are adamant that the CDC guidelines for social distancing be observed and that Plaintiffs not be allowed special access that no other public observers and poll watchers will have.  The Fulton County Defendants' main focus on November 3, 2020 will be conducting the election, not monitoring the access provided to Plaintiffs.  In the interest of efficiency and to stem the confusion that will most assuredly result, the Fulton County Defendants intend to treat Plaintiffs as they will all other duly and timely designated poll watchers and or public observers on November 3, 2020.

*Coalition Reply*

Coalition clearly has the right under Rule 34 to gather crucial, obviously relevant evidence of the unreliable scanners, BMDs and PollPads, available only in real time during the elections.  The Fulton County Defendants' claim that Plaintiffs are not "investigators" and are not entitled to investigate is clearly contrary to Rule 34, which requires Fulton County to allow Coalition  to "to inspect, copy, test, or sample" and to photograph information or "operations" in the locations visited.

The acquisition of poll watching credentials to avoid seeking the Court's assistance for polling place access is ineffective when Fulton Defendant's response is to obstruct access permitted by poll watcher statutes. Regardless of how other poll watchers and public observers are treated, Coalition representatives require full visual access so that routine observations can be conducted.

Coalition representatives operating as poll watchers with statewide credentials have offered to notify Fulton representatives of their intended visit locations before arriving.  , (recognizing that they are responding in real time on Election Day to reported difficulties) and cannot provide much advance notice.

Although the Rule 34 request does not seek photography of mail ballot scanning operations, given the irregularities observed in a visit yesterday, Coalition Plaintiff seek the Court's permission to photograph Fulton's scanning operation, but will not take photographs of ballots that can be associated with voters, or photographs of voter personal information.

Coalition representatives are and always have been happy to abide by public health requirements such as masks and social distancing, and appreciate Fulton's dedication to the protection of health safety. Coalition representatives do not seek access to the EPC facility where the COVID outbreak has occurred.

To resolve this dispute, Coalition has asked counsel for Fulton County to execute the letter attached as Exhibit 2.  As of this filing, counsel has refused to do so.

Respectfully submitted this 2nd day of November, 2020.

| | |
|---|---|
| _/s/ Bruce P. Brown_ | _/s/ Robert A. McGuire, III_ |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

_Counsel for the Coalition Plaintiffs_


_/s/ Cary Ichter_
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

_Counsel for William Digges III, Laura Digges, Ricardo Davis & Megan Missett_

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br>**E**<br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has

been prepared in accordance with the font type and margin requirements of LR 5.1,

using font type of Times New Roman and a point size of 14.

<u>*/s/ Bruce P. Brown*</u>
Bruce P. Brown

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 2, 2020, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Bruce P. Brown*
Bruce P. Brown

EXHIBIT

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DONNA CURLING, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **vs.** | ) | |
| | ) | **FILE NO. 1:17-cv-2989-AT** |
| **BRAD RAFFENSPERGER,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COALITION PLAINTIFFS' NOTICE OF RULE 34
## REQUEST FOR EXPEDITED INSPECTION AND COPYING
## TO THE FULTON COUNTY DEFENDANTS

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis and Megan Misset ("Coalition Plaintiffs") request that Defendant Fulton Board (including, members of the Fulton County Board of Registration and Elections) (1) produce and permit the Coalition Plaintiffs to inspect, copy, test, or sample the items in the Defendants' possession, custody, or control that are set out herein; and (2) permit entry onto the designated land or other property possessed or controlled by the Fulton Board identified herein so that the Coalition Plaintiffs may inspect, measure, survey, photograph, test or sample the property or any designated object or operation on it as set out herein.

1

Certain of the below listed inspections and observations are carryovers from previous Rule 34 requests including the Semptember 22, 2020 requests that have not been satisfied as numerous inspections have been denied by Defendant.

**<u>Items and Operations to be Inspected, Copied, Tested</u>**

The following operations occurring at the following indicated times and places and the following records related to Dominion Voting System are subject of this Request:

**Election Preparation (November 3, 2020 election)**

1.   Beginning on October 15, 2020, inspect, observe, and photograph the update of the Dominion BMD software to version ICX 5.5.10.32 BMD units. This is the inspection that began during the week of October 5, 2020.  This inspection may continue when access to the location where the work is performed is considered safe for visitors from a public health perspective.

2.   Beginning on October 15, 2020, inspect, observe and photograph ongoing Logic and Accuracy Testing of election equipment for the November 3, 2020 election with visual access adequate to read the touchscreens, printouts and scanner output at the location where LAT is conducted. This is the inspection that began during the week of October 5, 2020.  This inspection  may continue from time to time until the Logic and Accuracy Testing has been completed when the location where the work is performed is considered safe for visitors from the public

health perspective.

**Early Voting Operations**

3.   Beginning on October 15, 2020 and continuing from time to time throughout the early voting period, inspect and observe operations comprising early voting preparation and operations for locations 1) State Farm Arena, 2) High Museum of Art, 3) Gladys Dennard Library, 4) Ponce de Leon Library, and 5) New Beginnings Senior Center during polling place set up, preparation for poll opening, voting and poll closing activities.  Observation and inspection is to include visual access to electronic information displays on the scanners, inspection of scanner settings and operation, and the production of all electronic or paper reports prepared by election officials at the polling place. Individual voter's ballots are not subject to inspection during a voter's active voting and ballot casting process.

4.   Beginning on October 15, 2020 and continuing from time to time throughout the early voting period, inspect and observe operations comprising election preparation, start-up and operation of the PollPads including voter check-in and voter access card encoding procedures, emergency paper ballot inventory, and paper ballot lists at locations listed in pargraph 3 above.

5.   Inspect and observe operations comprising start-up and operation of the ballot marking device units including the inspection of all on screen messages and

displays at the locations listed in paragraph 3 above. All such inspections will

occur when no voter is using the specific ballot marking device being inspected,

and may begin October 15, 2020 and continue time to time throughout the early

voting period.

6.    Beginning October 15 and continuing through Election Day, November

3, two inspectors may enter polling places where machine malfunctions or

technology problems have been reported,  after they report the location to the

designated Fulton County staff. At the polling place, the inspectors are authorized

to view the equipment and observe the troubleshooting of the problem and suggest

and document additional reasonable steps of troubleshooting. A short report of the

problem and findings will be sent by text or email to the designated Fulton staff

within 30 minutes of leaving the polling place and a more complete report

submitted within 24 hours. Findings will not be distributed publicly other than in

Court documents.

### **Conditions for Inspection**

A.    Parties will cooperate to share and update times and places of election

activities to be inspected and the inspection schedule given the fluid nature of

election activities.

B.    Coalition Plaintiffs will give Fulton counsel at least 24 hours' notice

of the names and contact information of representatives authorized to conduct the

inspections at the polling locations.

      C.     Fulton will provide poll managers and EPC staff with a copy of this document to avoid inform Fulton personnel of the conditions for inspection. Inspectors will present a copy of this document to Fulton personnel at the polling places.

      D.     For each inspection activity, Coalition Plaintiffs' representatives will be permitted to have one inspector knowledgeable of the voting system and two representatives assisting and documenting the inspection work.

      E.     Photographs, video, electronic and paper copies and printouts of all documents related to activities and records inspected are permitted to the extent that they do not contain personal identifying information or seal numbers of BMDs.

      F.     Inspection and observation include adequate visual access to the activities and documents to read screens or paper documents similar to the level of visual access of the officials conducting the activities.

This 14th day of October, 2020.

/s/ Bruce P. Brown                         /s/ Robert A. McGuire, III
Bruce P. Brown                             Robert A. McGuire, III
Georgia Bar No. 064460                     Admitted Pro Hac Vice
BRUCE P. BROWN LAW LLC                       (ECF No. 125)
1123 Zonolite Rd. NE                       ROBERT MCGUIRE LAW FIRM
Suite 6                                    113 Cherry St. #86685
Atlanta, Georgia 30306                     Seattle, Washington 98104-2205
(404) 881-0700                             (253) 267-8530

*Counsel for Coalition for Good Governance*


/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER , ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, a copy of the foregoing was

served upon counsel by email.

*/s/ Bruce P. Brown*
Bruce P. Brown

7

EXHIBIT

2

Letter of Authorization –Rule 34 Inspection of Fulton County Election Processes

TO: Fulton County Poll Managers and Other Election Officials

Re: Observation Election Day Polling Places, Scanning and Tabulation

Dear Fulton Poll Official:

This is your authorization to permit two inspectors (Mr. Harri Hursti, Ms. Marilyn Marks or assistant) to observe the Election Day polling activities, scanning and tabulation activities in your location throughout the conduct of the election, and review the operations of the equipment including reading the data on the screens of the equipment as well as any documents related to the conduct of the polling place activities.  This includes the voting equipment as well as the check-in equipment.

They are permitted to take pictures of the equipment, screens or documents, and all the activities, but are not permitted to photograph the voters while voters are at the touchscreen making selections.  Their authorized activities include observing and documenting the setup, start up and close down of the election activities and reviewing the documents created during those processes.

Please contact me at [cheryl.ringer@fultoncountyga.gov](mailto:cheryl.ringer@fultoncountyga.gov)  or 404 -612-0263 if you have questions about the procedures covered by this letter.

On behalf of Fulton Board of Registration and Elections, Fulton County Government and Fulton County voters I extend our gratitude for your service to the community in ensuring that we can all exercise the most important right we have with confidence that dedicated people like you are protecting our elections.