IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING ET AL., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 1:17-CV-2989 |
| BRAD RAFFENSPERGER ET AL., ) | |
| ) | |
| Defendant. ) | |

### OBJECTIONS OF NON-PARTY KRISTI L. ROYSTON, IN HER CAPACITY AS THE GWINNETT COUNTY ELECTIONS SUPERVISOR TO PLAINTIFFS' SUBPOENA FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED.R.CIV.P.45

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, Kristi L. Royston, ("Royston"), in her capacity as the Gwinnett County Elections Supervisor and as a non-party in the above-styled action hereby states her objections to Plaintiffs' Subpoena for Production of Documents ("the Document Request"). Royston states these objections without waiving any further objections to any specific documents when such documents are identified.

### I. GENERAL OBJECTIONS

1. Royston objects to any portion of the Document Requests, and any implied or expressed instruction or direction in the Document Requests, and any

1

implied or expressed instruction or direction in the Document Requests that imposes or seeks to impose upon her greater burden than those imposed by the Federal Rules for Civil Procedure.

2. Royston objects to the Document Requests to the extent they seek disclosure of any information that is prohibited from such disclosure by federal and/or state law.

3. Royston objects to the Document Requests to the extent they seeks records that are not in her possession, custody or control and to the extent the Document Requests seek those items from Royston, they improperly exceed the scope of Rule 45 of the Federal Rules of Civil Procedure.

4. Royston objects to the Document Requests to the extent they seek the disclosure of all communications, irrespective of the existence of a physical or electronically stored item related to or concerning such communication. To the extent the Document Requests attempt to impose upon Royston an obligation to provide information about "all communications" when no such physical or electronically stored item exists, they exceed the scope of Rule 45 of the Federal Rules of Civil Procedure and are unduly burdensome as

they obligate Royston to provide information that is practically impossible to determine.

5. Royston objects to the Document Requests as being burdensome and overly broad because they seek disclosure of records that Plaintiffs can obtain from a party to the instant litigation, specifically, the Georgia Secretary of State. The Document Requests attempt to impose upon a non-party, Royston, the burden and expense of providing records when the Secretary of State is a more convenient and appropriate source from which to obtain those records.

## II. SPECIFIC OBJECTIONS

**Request No. 1:** *All reports, voter complaints, communications, incident reports, emails, texts messages and other documents regarding the problems encountered at the polling places in the November 3, 2020 election related to voter check-in, pollpad accuracy and voting.*

**Response:**

There are records responsive to this request.

**Request No. 2:** *Documents reflecting voter complaints relating to inaccuracy of the BMD printed ballots and all documents accounting for spoiled ballots for elections conducted after October 1, 2020.*

**Response:**

There are records responsive this request.

**Request No. 3:** *Reports sent to the Georgia Secretary of State after September 15, 2020 concerning errors, malfunctions, user errors, security concerns, ballot secrecy issues, or other operations problems related to the Dominion Voting System including Knowink Pollpad system.*

**Response:**

Royston objects to this request because it seeks records that are not in her control to the extent the request seeks those items from Royston, it exceeds the scope of Rule 45 of the Federal Rules of Civil Procedure. The request seeks records that are in the custody of a party to the action or originate from another third party. Subject to that objection and without waiving the same, there are no records responsive to this request.

**Request No. 4:** *Electronic copies of all scanned ballot images appended with the Auditmark record showing the interpretation of each vote where applicable from*

4

*both the election day count and the machine recount of the November 3, 2020 election.*

**Response:**

Royston objects to this request because it seeks records that are not in her possession, custody or control and to the extent the request seeks those items from Royston, it exceeds the scope of Rule 45 of the Federal Rules of Civil Procedure. The responsive records are held in accordance with state law, Official Code of Georgia Annotated Section 21-2-500 upon completion and certification of the election. Therefore, access to those records will require a court order.

**Request No. 5:** *An electronic copy of all Cast Vote Records from the Dominion "EMS Results Tally and Reporting" system, from both the original count and machine recount of the November 3, 2020.*

**Response:**

There are records responsive to this request.

**Request No. 6:** *The names and other identifiers of all batches of ballots cast Absentee By Mail for which the election day count of that batch differs from the Hand Audit Count in the 2020 Presidential Election race.*

**Response:**

Royston objects to this request because it is burdensome and imposes an undue burden on a non-party in time, labor and expense at a time when Elections office staff are actively engaged in work associated with a runoff election for three statewide offices. The search for records responsive to this request would require review of thousands of batches of Absentee By Mail ballots to determine whether there is any information responsive to this request. This work cannot be accomplished by the date specified in the subpoena given the significant activity required to be undertaken by Elections office staff in connection with the January 5 Senate runoff elections.

**Request No. 7:** *High quality scans of at least 300 dpi for all ballots cast in batched identified in item (6).*

**Response:**

Royston objects to this request because it seeks records that are not in her possession, custody or control and to the extent the request seeks those items from Royston, it exceeds the scope of Rule 45 of the Federal Rules of Civil Procedure. The responsive records are held in accordance with state law, Official Code of

Georgia Annotated Section 21-2-500 upon completion and certification of the election. Therefore, access to those records will require a court order.

**Request No. 8:** *All documents related to attempts to reconcile the tallies between the original certified election day count and the audit hand count for the November 3, 2020 election.*

**Response:**

There are records responsive to this request.

**Request No. 9***: All documents related to attempts to reconcile the tallies between the original certified election day count and the machine recount for the November 3, 2020 election.*

**Response:**

There are records responsive to this request.

**Request No. 10:** *A copy of the Election Summary Report for all contests (not limited to the presidential contest) created by the Dominion system from the machine recount for the November 3, 2020 election.*

**Response:**

There are records partially responsive to this request. The records are readily accessible at the County's website at

https://www.gwinnettcounty.com/web/gwinnett/departments/elections on the Election Results link. Only the Presidential race was the subject of the recount.

**Request No. 11:** *All documents related to Dominions EMS batching management issues experienced by your county in fully processing all uploaded batches of ballot images through the system in any election. Such documents should include but is not limited to, communications with any persons about batch management issues.*

**Response:**

Royston incorporates her General Objections in response to this request. In addition, Royston objects to this request as being overly broad and unduly burdensome as it seeks disclosure of "all communications" with no limitation or qualifier to indicate the custodial source of such communications. Royston further objects to the request as being burdensome and overly broad because it seeks disclosure of records that Plaintiffs can obtain from a party to the instant litigation, specifically, the Georgia Secretary of State. The request attempts to impose upon

Royston, a non-party, the burden and expense of providing records when the Secretary of State is a more convenient and appropriate source from which to obtain those records. Royston objects to this request because it seeks records that are not in her possession, custody or control and to the extent the request seeks those items from Royston, it exceeds the scope of Rule 45 of the Federal Rules of Civil Procedure.  Subject to and without waiving this objection, there are records responsive to this request.

**Request No. 12:** *Electronic copies of all Adjudication Reports for all batches of ballots from the original official and the machine recount of the November 3, 2020 election. Reports should include the "Activity Log Report","Write-in Resolution Report","Statistics Report", and "Quarantine Ballots Report" in either Excel or CSV format.*

**Response:**

There are records responsive to this request.

**Request No. 13:** *All communications, reports, emails, text messages and other documents relating to Gwinnett staff and Dominion representatives' activities in attempting to resolve batch adjudication and tabulation issues in the November 3,*

*2020 election, including the problems that required a visit by a technician from Colorado on or about November 7-8 2020.*

**Response:**

There are records responsive to this request.

**Request No. 14**: *All EMS server logs (including Window logs) for activity beginning October 1, 2020 through December 10, 2020.*

**Response:**  There are records responsive to this request.

Respectfully submitted this 5th day of January, 2021.

> s/ Melanie F. Wilson
> MELANIE F. WILSON
> Senior Assistant County Attorney
> Georgia Bar No. 768870
> melanie.wilson@gwinnettcounty.com
>
> Attorney for Non-Party, Kristi L. Royston

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONna CURLING ET AL.,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> BRAD RAFFENSPERGER ET AL.,  ) <br> ) <br> Defendant.  ) | CIVIL ACTION FILE <br><br> NO. 1:17-CV-2989 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing **OBJECTIONS OF NON-PARTY KRISTI L. ROYSTON, IN HER CAPACITY AS THE GWINNETT COUNTY ELECTIONS SUPERVISOR TO PLAINTIFFS' SUBPOENA FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED.R.CIV.P.45** with the Clerk's Office via the Court's CM/ECF System and served Plaintiff with a copy of same by electronic mail and by depositing it in the United States Mail, in a properly addressed envelope with adequate postage thereon to reach its destination as follows:

Bruce Brown
Law Office of Bruce Brown
1123 Zonolite Road
Atlanta, GA 30306
bbrown@brucepbrownlaw.com

11

This is to further certify that the foregoing document was prepared using 14 point Times New Roman Font.

This 5th day of January, 2021

                                                s/ Melanie F. Wilson
MELANIE F. WILSON
Senior Assistant County Attorney
Georgia Bar No. 768870
melanie.wilson@gwinnettcounty.com

Attorney for Non-Party, Kristi L. Royston

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700