**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DONNA CURLING, *et al.*

    *Plaintiffs,*

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants.*

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## STATE DEFENDANTS' PROPOSED SCHEDULE

On January 8, 2021, the Court directed the parties to submit alternate proposed scheduling orders to set a plan for this case to be on track for resolution. [Doc. 1039]. The parties conferred by phone on January 13, 2021, but were unable to reach agreement on several points. State Defendants understand Plaintiffs will be filing the Joint Preliminary Report and Discovery Plan.

## I.    State Defendants' proposed schedule.

State Defendants propose the following schedule for discovery and motions moving forward:

| Plaintiffs' Expert Disclosures (reports) | March 1, 2021 |
|---|---|

| Defendant's Expert Disclosures (reports) | April 5, 2021 |
|---|---|
| Plaintiffs' Rebuttal Expert Disclosures (reports) | April 19, 2021 |
| Close of Fact Discovery | April 23, 2021 |
| Close of Expert Discovery | May 21, 2021 |
| Dispositive Motions (filed) | June 21, 2021 |
| Dispositive Motions (response) | July 12, 2021 |
| Dispositive Motions (reply) | August 2, 2021 |
| Last Day for Daubert Motions | On last day to submit Pretrial Order |
| Last Day to Submit a Pretrial Order | 30 days after entry of the Court's ruling on summary judgment |
| Trial readiness | Fall 2021 |

## II.   State Defendants believe dispositive motions prior to trial will assist the Court and parties.

One major difference in the parties' view of the case moving forward is whether the case should proceed directly to a bench trial or go through a dispositive-motions phase first. Given the breadth of the issues presented and the new factual developments following the 2020 election—particularly the hand-count audit of all paper ballots in Georgia—State Defendants believe that an opportunity for the Court to review standing and the scope of the claims following the conclusion of discovery will benefit all involved. At the

very least, the factual issues at any trial could be streamlined by ruling on

pertinent legal issues first.

### III.    State Defendants believe that simultaneous expert reports will not be helpful.

The other major difference between the parties is whether expert

reports should be submitted simultaneously. Given the significant number of

experts who have appeared in this case already and the broad scope of issues

about which they have opined, State Defendants propose that Plaintiffs'

expert reports should be submitted before State Defendants' expert reports. A

simultaneous submission risks inviting reports from State Defendants that

have nothing to do with the issues Plaintiffs actually decide to pursue in this

case.

While disclosure of the identity and subject matter of experts at an

earlier point may help address that concern, it does not completely eliminate

it, especially in a case that may (or may not) include expert reports covering

everything from accessing a server several years ago to the DRE/GEMS

system to the voter-registration database to Poll Pads to BMD software to

BMD operations to scanner DPI settings to polling-place procedures to

Election Management System servers to auditing processes. In addition, the

limited timeline to access the Dominion components before the September

2020 hearing was relevant to the expert testimony offered about the

Dominion BMD system at that time. *See* [Doc. 905 at 322:2-11; Doc. 906 at

29:6-23, 31:7-18, 33:4-11, 41:1-24, 47:4-16, 55:3-8, 61:11-21]. Thus, any new

analysis from Plaintiffs' experts is likely to include entirely new opinions

which State Defendants have not seen in this case and to which they will

need to be able to effectively respond.

Eliminating simultaneous expert reports will assist the Court in

focusing on the issues Plaintiffs actually plan to pursue instead of requiring

State Defendants to respond to every issue that has come up in this case's

history or which may come up in the new analysis undertaken by Plaintiffs'

experts.

**IV.    Process of discovery moving forward.**

Since the November 2020 election, Plaintiffs have served two sets of

document requests on State Defendants, in addition to serving subpoenas on

Pro V&V and half a dozen county boards of election. [Docs. 1009, 1018, 1031].

Those requests sought a variety of documents from the Secretary's office

related to the November 2020 election and the operation of the Dominion

equipment in Georgia, including voter complaints. State Defendants objected

to these requests as unduly burdensome while State Defendants were in the

midst of conducting elections, but agreed to produce documents after the

conclusion of the election cycle. *See* [Doc. 1021, p. 1]. In the meantime,

counsel for State Defendants prepared and served discovery on Plaintiffs

because that did not require the involvement of State Defendants—unlike the

responses to Plaintiffs' document requests.

Certification of the Senate runoff elections will be complete by January

22, 2021 under O.C.G.A. 21-2-499(b). State Defendants will then be able to

turn their attention from election operations to responding to Plaintiffs'

document requests.

Respectfully submitted this 14th day of January, 2021.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that State Defendants' Proposed Schedule and Response has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).  Specifically, this document has been prepared using 13-pt Century Schoolbook font.

*/s/ Bryan P. Tyson*
Bryan P. Tyson