IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## PLAINTIFFS' JOINT PROPOSED SCHEDULE

Pursuant to the Order of January 8, 2021 directing the parties to submit their alternate proposed scheduling orders to the Court by January 14, 2021 (Dkt. 1039), Curling Plaintiffs and Coalition Plaintiffs respectfully submit their jointly-proposed scheduling order as follows.

*Rule 26(f) Conference and Joint Report*

The parties held a Rule 26(f) conference in August 2020 and prepared a joint report, as the Court directed.  Unfortunately, the filing of that report was overlooked in the midst of expedited discovery and the three-day hearing in September 2020.  The parties are reviewing the draft joint report for revisions that may be needed in light of subsequent events and will file that with the Court as soon as possible.  Plaintiffs are separately addressing the issue of the schedule here

per the Court's January 14 Order.

*Discovery Update*

As an initial matter, despite the admitted lack of cooperation by State Defendants since the September 2020 hearing, Plaintiffs have continued other essential discovery efforts. Curling Plaintiffs served additional discovery requests on State Defendants (with which they have refused to comply to date) and obtained third-party discovery from Pro V&V via subpoena. Curling Plaintiffs' experts continued their analysis of cybersecurity aspects of the BMD-related elements of Georgia's election system. Meanwhile, Coalition Plaintiffs have undertaken extensive evidence gathering through non-party county subpoenas and personal inspection and observation of county-level election activities. Coalition Plaintiffs have continued to gather evidence primarily at the county level to support their claims throughout the November 3, 2020 General Election, the November 2020 presidential contest manual audit, the presidential machine recount, the December 1, 2020 runoff, and the January 5, 2021 runoff election. Coalition Plaintiffs' expert, Harri Hursti, and Executive Director Marilyn Marks made targeted, productive visits to county polling, audit, and tabulation locations during these elections for the purpose of specifically evaluating reported, known or suspected system problems occurring in those elections. Coalition Plaintiffs have served 14

subpoenas on county election officials, and numerous Open Records Act requests, intended to obtain evidence supporting Coalition Plaintiffs' claims related to the performance and vulnerabilities of the BMD-based Election System.

As State Defendants note, they recently served voluminous new discovery requests on Plaintiffs (in the midst of the winter holidays) while simultaneously declining to provide discovery themselves. (Dkt. 1046 at 4-5.) This includes dozens of new interrogatories, document requests, and requests for admission. Plaintiffs are in the process of responding to those many requests now, despite the one-sided approach State Defendants are taking to discovery. (Dkts. 1044, 1045, 1047.)

*Proposed Schedule*

Plaintiffs respectfully propose the following schedule:

| CASE EVENT | DATE PROPOSED BY PLAINTIFFS |
|---|---|
| Amended Initial Disclosures | January 22, 2021 |
| Supplemental Initial Disclosures (to include identification of experts who will submit reports and the subject matter(s) of those intended reports) | March 15, 2021 |
| Opening Expert Disclosures (reports) | April 2, 2021 (both sides simultaneously) |
| Close of Fact Discovery | April 16, 2021 |

3

| Rebuttal Expert Disclosures (reports) | April 26, 2021 (both sides simultaneously) |
|---|---|
| Close of Expert Discovery | May 5, 2021 |
| Last Day to Submit a Pretrial Order | May 14 or 21, 2021 |
| Trial Readiness | May 17 or 24, 2021 |

The parties are largely in agreement on the anticipated timing for fact discovery. (*See* Dkt. 1046.) State Defendants propose April 23 for the fact discovery cutoff, whereas Plaintiffs propose April 16 to accommodate trial sufficiently in advance of the Memorial Day holiday. There are three areas of disagreement between Plaintiffs and State Defendants: (i) the expert discovery deadline; (ii) the sequence of expert disclosures; and (iii) the propriety of dispositive motions and *Daubert* motions.

<u>Expert Discovery Deadline</u>

State Defendants' proposal of a March 1, 2020 deadline for Plaintiffs' opening expert reports is highly prejudicial and absolutely unworkable. As State Defendants acknowledge, despite their express obligations under the Federal Rules, they have unilaterally declined to produce discovery since the September hearing, citing the November 3, 2020 elections and subsequent Senate run-off

elections.[1]  (Dkt. 1046.)  This has resulted in the loss of some five months to conduct – *and complete* – discovery in this case, which has left Plaintiffs still awaiting critical discovery for their experts.  This includes, for example, access to the Dominion EMS, which Plaintiffs' election security experts need to analyze along with the BMD-related equipment provided by Fulton County.  It also includes, as another example, documents regarding security breaches or vulnerabilities Defendants have identified themselves with the election system and regarding any steps taken to address any such breaches and vulnerabilities.

In light of the significant, important discovery outstanding – and the likely need for the Court's assistance resolving discovery disputes, per the history of this case – it simply is not feasible for Plaintiffs and their experts to obtain and evaluate that discovery in time for expert disclosures on March 1, only six weeks from now. That State Defendants say they expect to make some sort of production, which they have declined to describe with any level of specificity (in violation of this

---

[1] State Defendants did not seek a stay or any relief from their discovery obligations.  They unilaterally announced in the fall that they would not comply with those obligations unless and until they choose to do so.  Given the unusual events involving the November 3 elections, including subsequent litigation, Plaintiffs did not bring this issue before the Court.  But given it is now mid-January and State Defendants still have produced no discovery, and indicated that they will not for weeks to come, Plaintiffs anticipate requiring assistance from this Court soon.

Court's Standing Order), by mid-February—two weeks before they propose opening expert disclosures be due—highlights the extreme prejudice of their proposed schedule. Plaintiffs' proposal of April 2 is reasonable and workable.

Additionally, to ensure fact discovery moves forward expeditiously and the overall schedule holds, Plaintiffs respectfully propose a standing weekly call with the Court. This would enable the parties to resolve discovery disputes quickly with the Court and keep the Court apprised of the development of this important litigation. Of course, the parties could, and would, notify the Court that such a call is not needed in any given week.

### Sequence of Expert Disclosures

This case already has involved extensive expert discovery, including numerous, lengthy, detailed declarations and live testimony (including vigorous cross-examination) of multiple experts on both sides. Given this extensive record, Plaintiffs submit that three additional rounds of expert disclosures, as State Defendants propose, is unnecessary, injects undue delay into the proceedings, and imposes substantial undue expense on Plaintiffs. Instead, consistent with the practice in other complex cases in federal courts, Plaintiffs submit that two rounds of simultaneous expert reports is appropriate.

State Defendants misapprehend Plaintiffs' proposal, which they argue would

require "State Defendants to respond to every issue that has come up in this case's history." (Dkt. 1046 at 4.)  This is incorrect.  Although State Defendants would be free to address any relevant issues appropriate for their experts in their opening expert reports, it would be up to them to decide what analyses their experts need to conduct and what opinions their experts need to offer this Court to defend the constitutionality of Georgia's election system in light of the claims asserted in Plaintiffs' respective Complaints.  They would bear no obligation to address "every issue that has come up" in this case before.  To the contrary, for their opening reports, State Defendants would determine for themselves what issues they believe warrant their experts' attention.

To the extent Plaintiffs' experts offer new analyses and opinions in their opening reports under Plaintiffs' proposed simultaneous exchange sequence, State Defendants do not—and cannot—argue any impropriety or unfairness with that.  First, Plaintiffs propose the parties disclose their respective experts and the subject matter each will address weeks before opening reports are due.  Thus, there will be no surprise about the number of experts, their identities, or the scope of their respective reports when opening reports are disclosed.  Second, and more importantly, Defendants will have the *same* opportunity to respond to any such disclosures with their experts' rebuttal reports, in exactly the same fashion that

they would under their own proposal. In fact, if there is any prejudice to any party from Plaintiffs' proposal it falls solely on Plaintiffs themselves, as their expert will have to respond to State Defendants' experts' opening reports without first seeing those experts' rebuttals to Plaintiffs' experts' opening reports. The important benefit of this approach, however, is that it moves the case through expert discovery and to trial more quickly.

Should the Court forgo simultaneous expert disclosures and adopt State Defendants' proposed sequence, Plaintiffs submit that State Defendants do not need over a month to respond to Plaintiffs' opening expert reports. (Dkt. 1046 at 1-2.) Again, this case already has involved extensive expert discovery. Further, State Defendants evidently believe Plaintiffs' experts need only a couple of weeks or so to conduct their analyses and prepare their reports regarding important discovery State Defendants indicate they expect to produce in mid-February (discovery that State Defendants' own experts have had access to for months or even years). By their own argument, State Defendants' experts should not need more than a couple weeks or so to conduct their own analyses and prepare their rebuttal reports.

### Dispositive Motions

Under both proposed schedules, discovery would close in May 2021,

meaning this case will be ready for trial by May 2021. State Defendants, however, inject months of delay into the schedule, pushing trial to the fall of 2021, with dispositive motions and *Daubert* motions. Plaintiffs object to this.

The Court is the sole factfinder to decide the merits of this case. Thus, this will be a bench trial. The Court already has held that Plaintiffs are likely to succeed on the merits of their claims. It also already has recognized the expertise of Plaintiffs' experts (in three evidentiary hearings with live testimony, including cross-examination). Briefing the *same* issues again will only waste the time and resources of the parties, the experts, and this Court. This is especially true where dispositive motions and *Daubert* motions would require Plaintiffs to present the *same* arguments and evidence in voluminous briefing and oral arguments that they would present to this Court at trial. Having the parties and this Court effectively litigate the merits of this case before the same factfinder on the same record *twice* is not sensible and not consistent with the requirements of Rule 1 of the Federal Rules of Civil Procedure. State Defendants cite no supporting authority for such an obviously-wasteful approach.

Additionally, a fall trial will once again invite the same arguments that State Defendants have made and that the Court has addressed in every prior hearing – that Plaintiffs seek relief on the eve or in the midst of another election cycle. This

is wholly avoidable and entirely unnecessary. This case needs to and can get to trial on the merits well in advance of the next major election cycle, which is currently expected to be the November 2, 2021 county conducted-municipal general elections and potential special county elections in all 159 counties.

If the Court feels obliged to allow dispositive motions, Plaintiffs respectfully submit that the Court should not require responsive briefs from Plaintiffs before trial and instead hold any such motions in abeyance until after trial. This will avoid the enormous, largely-duplicative time and expense of briefing the same arguments and evidence on the same issues before the same factfinder that will occur at trial.

Respectfully submitted this 14th day of January, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Eileen Brogan (*pro hac vice*) | Adam M. Sparks |
| Lyle P. Hedgecock (*pro hac vice*) | GA Bar No. 341578 |
| Mary G. Kaiser (*pro hac vice*) | KREVOLIN & HORST, LLC |
| Robert W. Manoso (*pro hac vice*) | 1201 West Peachtree Street, NW |
| MORRISON & FOERSTER LLP | Suite 3250 |
| 2100 L Street, NW, Suite 900 | Atlanta, GA 30309 |
| Washington, DC 20037 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

<u>/s/ Bruce P. Brown</u>
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

<u>/s/ Cary Ichter</u>
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

<u>/s/ Robert A. McGuire, III</u>
Robert A. McGuire, III
Admitted Pro Hac Vice
  (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for the Coalition Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                                       /s/ David D. Cross
                                                                       David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, a copy of the foregoing **PLAINTIFFS' JOINT PROPOSED SCHEDULE** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

      /s/ David D. Cross
      David D. Cross

13