**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

<table>
<tr><td>

**DONNA CURLING, ET AL.,**
    **Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
    **Defendants.**

</td><td>

**Civil Action No. 1:17-CV-2989-AT**

</td></tr>
</table>

**CURLING PLAINTIFFS' REPLY BRIEF REGARDING STANDING**

## I.    INTRODUCTION

Disregarding this Court's instructions—and confirming the weakness of their position—Defendants focus their brief on the issue of imminence rather than particularized injury.  They also repeatedly try to shoehorn this case into inapposite cases.  And they again misstate the law and facts.  Their brief serves only to confirm that Curling Plaintiffs have presented justiciable claims and that addressing standing again before completing discovery would be improper and prejudicial to Plaintiffs.

## II.    DEFENDANTS' CITED CASES ARE INAPPOSITE

This Court's June 2020 decision proves prescient:

> Contrary to Defendants' characterizations, Plaintiffs' allegations are not *solely* premised on a theoretical and hypothetical possibility that the new BMD voting system might be hacked or improperly accessed and manipulated. . . .   The State does not address Plaintiffs' other allegations, which assert that the operation of the Dominion BMD System *as designed* will injure in-person voters by depriving them of their fundamental right to cast a verifiable vote and have *that* vote counted, and their right to be treated equally with similarly situated absentee voters.

(Dkt. 751 at 38-39.)  Defendants still ignore these allegations and resulting harm to Curling Plaintiffs.  Defendants cite no cases alleging a similar injury to the personal and individual right to cast a verifiable vote and have that vote counted.  *Cf. Pearson*, Dkt. 1066-1 (seeking decertification of election arguing plaintiffs' *lawful* votes were diluted by fraud enabled by foreign oligarchs); *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020) (seeking to enjoin certification with no specific burden or

harm alleged to plaintiff's vote).  Defendants betray their desperation with their heavy emphasis on *Tsao*, a data breach case wholly unrelated to voting.  Tsao lacked standing because he claimed harm arising from the mere possibility of *future* identity theft, which was not impending.  *Tsao v. Captiva MVP Rest. Partners, LLC*, No. 18-14959, 2021 WL 381948 (11th Cir. Feb. 4, 2021).  Curling Plaintiffs, however, are harmed in every election, by casting a vote on a BMD that *they cannot verify or have confidence will be counted* or by voting by absentee ballot with the burdens attendant to that, including disenfranchisement as Plaintiff Curling suffered.  (Dkt. 964 at 78-79; Dkt. 751 at 38 ("This injury is not speculative; it is 'certainly impending.").)[1]

## III.   DEFENDANTS IMPROPERLY FOCUS ON IMMINENCE AND MISSTATE THE FACTS IN CLAIMING A LACK OF INJURY

Defendants' nearly myopic focus on imminence confirms the impropriety of addressing standing again at this stage.  Their mantra that Curling Plaintiffs cannot

---

[1] Just yesterday, Judge Jones denied State Defendants summary judgment regarding standing and political question. Slip op., *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-cv-5391-SCJ, Dkt. 613 (N.D. Ga. Feb. 16, 2021).  The court allowed claims where State Defendants are responsible for election administration and voting processes. *Id.* at 35 (voter verification and matching processes), 42 (voter list maintenance and accuracy), 53 (training of superintendents and registrars).  The court found that "the Secretary must evaluate and approve the type of equipment that may be used," just as Curling Plaintiffs allege here.  *Id.* at 48.  The court concluded that none of the case law State Defendants cited "implicate *individuals'* right to vote" and that "federal courts are equipped and empowered to address claims that individuals' voting rights are being burdened."  *Id.* at 64, 67 (emphasis in original).

show injury is inextricably intertwined with the merits of Plaintiffs' claims, as Defendants themselves make clear. Their claim that "the record in this case is devoid of actual evidence of an injury-in-fact" is not only false, but highlights that Curling Plaintiffs must have a full and fair opportunity to complete discovery and prove up their respective injuries, as the record is not yet complete. (Dkt. 1066 at 5.) Defendants cannot demand dismissal on the argument that Plaintiffs have not proven injury-in-fact before discovery is even completed, especially given their refusal to allow access to any equipment and systems previously used in Georgia elections.

The current record nonetheless amply establishes injury-in-fact for standing and refutes Defendants' claims to the contrary, as this Court has found repeatedly:

- "Here, Plaintiffs have shown that their Fourteenth Amendment rights to Due Process and Equal Protection have been burdened." (Dkt. 309 at 33.)

- "Plaintiffs have shown demonstrable evidence that the manner in which Defendants' alleged mode of implementation of the BMD voting system, logic and accuracy testing procedures, and audit protocols deprives them or puts them at imminent risk of deprivation of their fundamental right to cast an effective vote (i.e., a vote that is accurately counted)." (Dkt. 964 at 79.)

- "[T]he Court finds that Plaintiffs' allegations of the threat of imminent harm are sufficient at this stage of the proceedings to establish injury to their constitutional rights and demonstrate standing to proceed on their asserted claims." (Dkt. 751 at 41.)

Defendants repeatedly misstate the facts. For example, they claim that no Plaintiff has cast or is likely to cast a BMD ballot. (Dkt. 1066 at 6.) But Plaintiff

Schoenberg did exactly that and has indicated, as the Court already found, he expects to vote in person in the future.  (Dkts. 619-5 ¶ 10; 1067-3 ¶ 9; 751 at 38.)  That said, this is not required for standing.  Defendants ignore that the choice between a system on which they cannot verify their vote and an absentee system that burdens and threatens (and effectuates) disenfranchisement is itself an actual and imminent harm that affects each Plaintiff personally and individually.  (Dkt. 964 at 83 ("A choice between two evils is no choice at all . . . ."); Dkt. 1067 §§ II, III.A; Dkt. 1071 at 11.)

Defendants also misleadingly claim that there is "zero evidence" that any BMD has been compromised.  This Court already found that Dr. Halderman's BMD testing "indicated the practical feasibility through a cyber attack of causing the swapping or deletion of specific votes cast and the compromise of the system" (Dkt. 964 at 25), and Dr. Halderman has shown even more in his latest declaration, including that the BMD system is *less* secure than the DRE system this Court already found was so unreliable as to be unconstitutional (Dkt. 309 at 33-34).[2]  Moreover, the DRE system was compromised at least twice and Defendants directed counties to use the same removable media with the BMD system previously used with the

---

[2]  Defendants' claim that Dr. Halderman has had "access to the State's DREs for a significant amount of time" is false and inexplicable.  (Dkt. 1066 at 12.)  The State warehoused its DREs a year ago and it has refused access to those DREs.

DRE system.  (Dkt. 258-1 at 128-31; 699-10; 892-11.)  Plaintiffs have presented ample evidence to warrant completing discovery and proceeding to trial.[3]  All that said, none of this is required for standing because, as this Court itself emphasized before, Curling Plaintiffs also challenge "the operation of the Dominion BMD System as designed," not just its many vulnerabilities.  (Dkt. 751 at 38-39.)

Defendants even go so far as to misstate Curling Plaintiffs' claims, arguing they do not allege unequal treatment.  (Dkt. 1066 at 10).  Defendants simply ignore Counts II and IV.  (Dkt. 627.)  The Court itself confirmed that "Plaintiffs also assert in-person voters are subject to unequal treatment as compared to provisional and absentee voters."  (Dkt. 964 at 79 n.72.)  Even the allegations Defendants cite— emphasizing the "impact [to] an individual's vote" and "their actual choices" from a system that is not voter-verifiable—underscore that Curling Plaintiffs' harms are to their *individual and personal* votes, not to abstract general grievances about voting.  (Dkt. 1066 at 3-4.)

The parties need to complete discovery and proceed to trial expeditiously.[4]

---

[3] Defendants' request that the Court take judicial notice of the "full hand audit of the November 2020 presidential election" to find "that Plaintiffs' hypothetical fear is pure fantasy" is highly improper.  Defendants have produced no information about the audit, and its reliability is indeed unsettled.  And even were it reliable, it would neither illuminate unaudited races nor prove Plaintiffs' votes were counted as cast.
[4] Defendants do not argue that the political question doctrine bars this case and should not be permitted to do so on reply.

Respectfully submitted this 17th day of February, 2021.


  /s/ David D. Cross                               /s/ Halsey G. Knapp, Jr.

David D. Cross (*pro hac vice*)          Halsey G. Knapp, Jr.
Veronica Ascarrunz (*pro hac vice*)     GA Bar No. 425320
Eileen Brogan (*pro hac vice*)           Adam M. Sparks
Lyle P. Hedgecock (*pro hac vice*)       GA Bar No. 341578
Mary G. Kaiser (*pro hac vice*)          KREVOLIN & HORST, LLC
Robert W. Manoso (*pro hac vice*)        1201 West Peachtree Street, NW
MORRISON & FOERSTER LLP                  Suite 3250
2100 L Street, NW, Suite 900             Atlanta, GA 30309
Washington, DC 20037                     (404) 888-9700
(202) 887-1500

  *Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>       **Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>       **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

           */s/ David D. Cross*
David D. Cross

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**DONNA CURLING, ET AL.,**
　　**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
　　**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2021, a copy of the foregoing **CURLING PLAINTIFFS' REPLY BRIEF REGARDING STANDING** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

　　　　　　　　　　　 _/s/ David D. Cross_
　　　　　　　　　　　David D. Cross