## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>COALITION PLAINTIFFS' NOTICE OF APPELLATE MOTION<br>TO LIFT STAY</u>

The purpose of this filing is to give the Court notice that the Coalition

Plaintiffs have filed with the Court of Appeals for the Eleventh Circuit a Motion to

Lift Stay, a copy of which is attached hereto as Exhibit A.  In the Motion, the

Coalition Plaintiffs move the Court of Appeals to lift the stay of this Court's

October 12, 2020 preliminary injunction relating to paper pollbook backups (Docs.

918, 965, 966).

Respectfully submitted this 15th day of March, 2021.

<table>
<tr><td><u>/s/ Bruce P. Brown</u></td><td><u>/s/ Robert A. McGuire, III</u></td></tr>
<tr><td>Bruce P. Brown</td><td>Robert A. McGuire, III</td></tr>
<tr><td>Georgia Bar No. 064460</td><td>Admitted Pro Hac Vice</td></tr>
<tr><td>BRUCE P. BROWN LAW LLC</td><td> (ECF No. 125)</td></tr>
<tr><td>1123 Zonolite Rd. NE</td><td>ROBERT MCGUIRE LAW FIRM</td></tr>
<tr><td>Suite 6</td><td>113 Cherry St. #86685</td></tr>
<tr><td>Atlanta, Georgia 30306</td><td>Seattle, Washington 98104-2205</td></tr>
<tr><td>(404) 386-6856</td><td>(253) 267-8530</td></tr>
</table>

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRIAN KEMP, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

This Certificate has been prepared in accordance with the requirements of

LR 5.1 and served on all counsel via the PACER-ECF system.

This 15th day of March, 2021.

> */s/ Bruce P. Brown*
> Bruce P. Brown
> BRUCE P. BROWN LAW LLC
> 1123 Zonolite Rd. NE, Suite 6
> Atlanta, Georgia 30306
> (404) 386-6856
> *Counsel for Plaintiff Coalition for Good*
> *Governance*

EXHIBIT

A

No. 20-13730 and No. 20-14607

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

**CURLING,** *et al.*

*Defendants-Appellees,*
*vs.*

**RAFFENSPERGER,** *et al.,*

*Defendants-Appellants.*

_____

On Appeal from the United States District Court
for the Northern District of Georgia
No. 1:17-cv-02989

_____

# MOTION OF APPELLEES THE COALITION PLAINTIFFS TO LIFT STAY OF INJUNCTION

March 12,  2021

Bruce P. Brown
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd., Ste. 6
Atlanta, Georgia 30306
(404) 881-0700

Robert A. McGuire, III
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104
(253) 267-8530

*Counsel for Appellees*

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 6 of 47
USCA11 Case: 20-13730    Date Filed: 03/12/2021    Page 2 of 46
Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rules 26.1-1 through 26.1-3, counsel for Appellees the Coalition Plaintiffs hereby certify that the below is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal.

1. Abney, Russell T.: Counsel for Amicus Electronic Privacy Information Center.

2. Adams, Kimberly M. Esmond: Fulton Superior Court, Judge.

3. Alan Butler: Counsel for Amicus Electronic Privacy Information Center.

4. Altshuler Berzon, LLP: Counsel for Amicus Common Cause.

5. Anderson, Kimberly K.: Former counsel for Defendants-Appellants, terminated on 12/6/2019.

6. Aiken, Fred: Former defendant in the underlying case, terminated on 6/13/2018.

7. Ascarrunz, Veronica: Counsel for Plaintiffs-Appellees.

8. Balli, James A.: Counsel for Defendants-Appellants.

9. Barnes: Roy E.: Former counsel for former defendant Secretary of State, Brian P. Kemp, and State Election Board Members, terminated on 2/15/2019.

10.   Belinfante, Joshua Barrett: Counsel for Defendants-Appellants.

11.   Bentrott, Jane P.: Former counsel for Plaintiffs-Appellees, terminated on 8/28/2020.

12.   Berzon, Stephen P.: Counsel for Amicus Common Cause.

13.   Blitch IV, Pierce Groover: Counsel for Movant Hancock County Board of Elections and Registration.

14.   Bondurant Mixson & Elmore, LLP: Former counsel for Plaintiffs- Appellees.

15.   Brady, Robert: Objector in the underlying case.

16.   Brimer, Marcie: Former counsel for Plaintiffs-Appellees, terminated on 8/28/2020.

17.   Brody, David R.: Counsel for Plaintiffs-Appellees.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 8 of 47
Curling, et al. v. Raffensperger, et al.
USCA11 Case: 20-13730   Date Filed: 03/12/2021   Page 20 of 3730 and 20-14607
No. 20-13730

18.  Brogan, Eileen M.: Counsel for Plaintiffs-Appellees.

19.  Brooks, Jessica: Former defendant in underlying case, terminated on 6/13/2018.

20.  Brown, Bruce P.: Counsel for Plaintiffs-Appellees.

21.  Bruce P. Brown Law: Counsel for Plaintiffs-Appellees.

22.  Bryan, Bennett Davis: Former counsel for former defendant in underlying case, DeKalb County.

23.  Burge, David J.: Defendant in underlying case.

24.  Burwell, Kaye Woodard: Counsel for defendant Fulton County in underlying case.

25.  Butler, Alan Jay: Counsel for Amicus Electronic Privacy Information Center.

26.  Caldwell, Joe Robert, Jr.: Former counsel for Plaintiffs-Appellees, terminated on 11/29/2017.

27.  Carlin, John P.: Counsel for Plaintiffs-Appellees.

28.  Chapple, Catherine L.: Former counsel for Plaintiffs-Appellees, terminated on 8/28/2020.

29.  Coalition for Good Governance: Plaintiff-Appellee.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 9 of 47
Curling, et al. v. Raffensperger, et al.
USCA11 Case: 20-13730    Date Filed: 03/12/2021    Page 5 of 43
No. 20-13730 and 20-14607

30.     Cobb County Attorney's Office: Former counsel for

former defendants Cobb County in underlying case, terminated on

11/3/2017.

31.     Common Cause: Amicus in the underlying case.

32.     Conarck, Jacob Paul: Counsel for Plaintiffs-Appellees.

33.     Cooney, Mary Carole: Defendant in the underlying case.

34.     Correia, Cristina: Former counsel for former defendant

Brain P. Kemp and State Election Board Members, terminated on

11/3/2017.

35.     Coveny, Michael P.: Former defendant in the underlying

case, terminated on 6/13/2018.

36.     Crumly, Jonathan Dean, Sr.: Counsel for Defendants-

Appellants.

37.     Curling, Donna: Plaintiff-Appellee.

38.     Cross, David D.: Counsel for Plaintiffs-Appellees.

39.     Daniell, Phil: Former defendant in the underlying case,

terminated on 6/13/2018.

40.     Daniels, Maxine: Former defendant in the underlying

case, terminated on 6/13/2018.

41.     Davis, Ricardo: Plaintiff-Appellee.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 10 of 47

Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

USCA11 Case: 20-13730    Date Filed: 03/12/2021    Page 62 of 76

42.   Denton, Alexander Fraser: Counsel Defendants-Appellants.

43.   DeKalb County District Attorney's Office: Former counsel for former defendant DeKalb County.

44.   Digges, Laura: Plaintiff-Appellee.

45.   Digges, William, III: Plaintiff-Appellee.

46.   Electronic Privacy Information Center: Amicus in the underlying case.

47.   Eveler, Janine: Former defendant and Director of the Cobb County Board of Elections and Registration, terminated on 6/13/2018.

48.   Ferrer Poirot & Wansbrough-GA: Counsel for Amicus Electronic Privacy Information Center.

49.   Fleming & Nelson, LLP: Counsel for Movant Hancock County Board of Elections and Registration.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 11 of 47
Curling, et al. v. Raffensperger, et al.
USCA11 Case: 20-13730   Date Filed: 03/12/2021   Page 7 of 40
No. 20-13730 and 20-14607

50. Georgia Department of Law: Counsel for former Secretary of State, defendant Brain P. Kemp and State Election Board Members.

51. Handel, Karen C.: Former defendant in underlying case, terminated on 9/28/2017.

52. Harp, Seth: Former Member of the Georgia State Election Board.

53. Hayne Litchfield Crane & White: Former counsel for former defendant in underlying case, DeKalb County.

54. Hedgecock, Lyle F.: Counsel for Plaintiffs-Appellees.

55. Heidt, Josiah Benjamin: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 11/3/2017.

56. Hendrix, Barclay: Former counsel for former defendant in the underlying case, Karen C. Handel.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 12 of 47

USCA11 Case: 20-13730   Date Filed: 03/12/2021   Page 8 of 46

Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

57.    Highsmith, Robert S.: Former counsel for former defendant in the underlying case, Merle King.

58.    Holcomb + Ward, LLP: Former counsel for Plaintiffs-Appellees, terminated on 2/5/2018.

59.    Holden, Deirde: Objector in the underlying case.

60.    Holland & Knight LLP: Former counsel for former defendant in the underlying case, Merle King.

61.    Ichter, Cary: Counsel for Plaintiffs-Appellees.

62.    Ichter Davis, LLC: Counsel for Plaintiffs-Appellees.

63.    Jacoutot, Bryan Francis: Counsel for Defendants-Appellants.

64.    Johnson, Aaron: Defendant in underlying case.

65.    Johnson, Laura K.: Former counsel for former defendant DeKalb County.

66.    Jon L. Schwartz, Attorney at Law, P.C.: Former Counsel for Amicus Common Cause, terminated 10/01/2020 and counsel for Amicus National Election Defense Coalition and Protect Democracy.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 13 of 47
USCA11 Case: 20-13730   Date Filed: 03/12/2021   Page 9 of 48

Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

67.   Kaiser, Mary G.: Counsel for Plaintiffs-Appellees.

68.   Kemp, Brian P.: Former Secretary of State and defendant in the underlying case, terminated on 4/9/2019.

69.   King, Merle: Executive Director of the Center for Election Systems at Kennesaw State-former defendant in the underlying case, terminated on 6/13/2018.

70.   Knapp, Halsey G., Jr.: Counsel for Plaintiffs-Appellees.

71.   Krevolin & Horst, LLC: Counsel for Plaintiffs-Appellees.

72.   Krugman, Edward B.: Former counsel for Plaintiffs-Appellees.

73.   Lake, Brian Edward: Counsel for Defendants-Appellants.

74.   LaRoss, Diane Festin: Counsel for Defendants-Appellants.

75.   Lawyers' Committee for Civil Rights Under Law: Counsel for Plaintiffs-Appellees.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 14 of 47

USCA11 Case: 20-13730   Date Filed: 03/12/2021   Page 10 of 46

Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

76. Lewis, Anne Ware: Former counsel for former defendant Karen C. Handel.

77. Lewis, Anthony: Former defendant in the underlying case, terminated on 6/13/2018

78. Le, Anh: Member of the Georgia State Election Board and Defendant-Appellant.

79. Leyton, Stacey M.: Former counsel for Amicus Common Cause.

80. Lim, Marvin: Former counsel for Plaintiffs-Appellees, terminated on 12/21/2017.

81. Lowman, David R.: Counsel for defendant Fulton County in underlying case.

82. Manoso, Robert W.: Counsel for Plaintiffs-Appellees.

83. Mashburn, Matthew: Defendant-Appellant.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 15 of 47
USCA11 Case: 20-13730      Date Filed: 03/12/2021      Page: 70 of 78
Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

84.    Matarazzo, Stan: Former defendant in underlying case, terminated 09/15/2017.

85.    McGuire III, Robert Alexander: Counsel for Plaintiffs-Appellees.

86.    Miller, Carey Allen: Counsel for Defendants-Appellants.

87.    Missett, Megan: Plaintiff-Appellee.

88.    Monyak, Elizabeth Ahern: Former counsel for former defendant Cobb County.

89.    Morrison & Foerster, LLP-DC: Counsel for Plaintiffs-Appellees.

90.    Murray, Matthew J.: Former counsel for Amicus Common Cause.

91.    National Election Defense Coalition: Amicus in the underlying case.

92.    Ney Hoffecker Peacock & Hayle, LLC: Counsel for Plaintiffs- Appellees.

93.    Ney, William Brent: Counsel for Plaintiffs-Appellees.

94.    Nuriddin, Vernetta: Defendant in the underlying case.

95.    Ossoff, Thomas Jonathan: Former interested party in underlying case, terminated 09/28/2017.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 16 of 47
Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607
USCA11 Case: 20-13730    Date Filed: 03/12/2021    Page 12 of 76

96.   Paradise, Loree Anne: Counsel for Defendants-Appellants.

97.   Perry, Leona: Former defendant in underlying case, terminated on 6/13/2018.

98.   Pettit, Joe: Former defendant in underlying case, terminated on 6/13/2018.

99.   Phillips, Terry G.: Former counsel for former defendant in underlying case, DeKalb County.

100.  Powers, John Michael: Counsel for Plaintiffs-Appellees.

101.  Price, Donna: Plaintiff-Appellee.

102.  Protect Democracy: Amicus in the underlying case.

103.  Raffensperger, Brad: Secretary of State and Defendant-Appellant.

104.  Ringer, Cheryl: Counsel for defendant Fulton County in underlying case.

105.  Robbins Ross Alloy Belinfante Littlefield LLC: Counsel for Defendants-Appellants.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 17 of 47
USCA11 Case: 20-13730    Date Filed: 03/12/2021    Page 13 of 46

Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

106.   Robert McGuire Law Firm: Counsel for Plaintiffs-Appellees.

107.   Rosenberg, Ezra David: Counsel for Plaintiffs-Appellees

108.   Royston, Kristi L.: Objector in the underlying case.

109.   Russo, Vincent Robert, Jr.: Counsel for Defendants-Appellants.

110.   Ruth, Kathleen D.: Defendant in the underlying case.

111.   Salter, John Frank, Jr.: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 2/15/2019.

112.   Schnell, Grant Edward: Former counsel for former defendant in the underlying case, Merle King.

113.   Schoenberg, Jeffrey: Plaintiff-Appellee.

114.   Schwartz, Edward Bruce: Former counsel for Plaintiffs-Appellees, terminated on 1/18/2018.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 18 of 47
Curling, et al. v. Raffensperger, et al.
USCA11 Case: 20-13730     Date Filed: 03/12/2021     Page: 40 of 746   No. 20-13730 and 20-14607

115.   Schwartz, Jonathan Lee: Former Counsel for Amicus Common Cause, terminated 10/01/2020 and counsel for Amicus National Election Defense Coalition and Protect Democracy.

116.   Simpson, Ralph F.: Former Member of the Georgia State Election Board.

117.   Sparks, Adam Martin: Counsel for Plaintiffs-Appellees.

118.   Steptoe & Johnson-DC: Counsel for Appellee-Plaintiff, Donna Curling and Coalition for Good Governance

119.   Strickland Brockington Lewis, LLP: Former counsel for former defendant Karen C. Handel.

120.   Strickland, Frank B.: Former counsel for former defendant Karen C. Handel.

121.   Sugarman, F. Skip: Counsel for Amicus Common Cause.

122.   Sugarman Law LLP: Counsel for Amicus Common Cause.

123.   Sullivan, Rebecca N.: Member of the Georgia State Election Board and Defendant-Appellant.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 19 of 47
USCA11 Case: 20-13730      Date Filed: 03/12/2021      Page: 19 of 746

Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

124.   Taylor English Duma LLP: Counsel Defendants-Appellants.

125.   Tepfer, Cameron A.: Former counsel for Plaintiffs-Appellees, terminated on 9/3/2019.

126.   Terry, Edward Curtis: Former plaintiff in the underlying case, terminated on 3/20/2018.

127.   The Barnes Law Group, LLC: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 2/15/2019.

128.   The Center for Election Systems at Kennesaw State University: Former defendant in the underlying case, terminated on 9/15/2017.

129.   The Cobb County Board of Elections and Registration: former defendant in the underlying case, terminated on 6/13/2018

130.   The Dekalb County Board of Registrations and Elections: Former defendants in the underlying case, terminated on 6/13/2018

131.   The Fulton County Board of Registration and Elections: defendant in the underlying case.

132.   The State Election Board: Defendant-Appellant.

133.   Tillman, Samuel E.: Former defendant in the underlying case, terminated on 6/13/2018.

134.   Totenberg, Hon. Amy: Judge in underlying case, United States District Court for the Northern District of Georgia.

135.   Tyson, Bryan P.: Counsel for Defendants-Appellants.

136.   Vu, Baoky N.: Former defendant in the underlying case, terminated on 6/13/2018.

137.   Waldon Adelman Castilla Hiestand & Prout: Former counsel for former interested party Thomas Jonathan Ossoff.

138.   Waldon, Russell: Former counsel for former interested party Thomas Jonathan Ossoff.

139.   Ward, Bryan Myerson: Former counsel for Plaintiffs-Appellees, terminated on 2/5/2018

140.   White, Daniel Walter: Former counsel for former defendant DeKalb County.

141.   Wilson, Darryl O.: Former defendant in the underlying case, terminated on 6/13/2018.

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 21 of 47
USCA11 Case: 20-13730   Date Filed: 03/12/2021   Page: 70 of 76
Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

142.   Wingate, Mark: Former defendant in the underlying case, terminated on 6/13/2018.

143.   Worley, David J.: Member of the Georgia State Election Board and Defendant-Appellant.

144.   Wright, Aaron: Former counsel for Plaintiffs-Appellees, terminated on 12/21/2017.

This 12th day of March, 2021.

/s/Bruce P. Brown
Bruce P. Brown
Bruce P. Brown Law LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Counsel for Plaintiffs-Appellees
the Coalition Plaintiffs*

Case 1:17-cv-02989-AT   Document 1078   Filed 03/15/21   Page 22 of 47
USCA11 Case: 20-13730   Date Filed: 03/12/2021   Page 18 of 46

Curling, et al. v. Raffensperger, et al.
No. 20-13730 and 20-14607

## CORPORATE DISCLOSURE STATEMENT

Counsel for Appellees certify that no publicly traded company or corporation

has an interest in the outcome of this case or appeal.

This 12th day of March, 2021.

/s/Bruce P. Brown
Bruce P. Brown
Bruce P. Brown Law LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Counsel for Plaintiffs-Appellees
the Coalition Plaintiffs*

## **TABLE OF CONTENTS**

Certificate of Interested Persons……………………………………………CIP-1

Table of Authorities…………………………………………………………..ii

I.   MOTION................................................................................................ 1

II.   INTRODUCTION AND SUMMARY ............................................... 2

III.   FACTS AND DISTRICT COURT PROCEDURAL HISTORY ..................... 5

IV.   APPELLATE PROCEDURAL HISTORY ....................................... 9

V.   ARGUMENT ..................................................................................... 12

    *A.   With No Election Imminent, The Timing Considerations Mandated By
Purcell No Longer Warrant A Stay of Injunction Pending Appeal*..................... *12*

    *B.   There Has Never Been Any Showing of the Factors Warranting a Stay,
Particularly Irreparable Harm* ............................................................. *14*

    *C.   Without Expeditious Consideration of the Merits, Justification for Stay
Pending Appeal Disappears*................................................................ *19*

    *D.   In the Alternative, the Stay's Limited Scope Should Be Clarified*................ *20*

VI.   CONCLUSION................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

*Carillon Imps., Ltd. v. Frank Pesce Int'l Grp., Ltd.,* 112 F.3d 1125
(11th Cir. 1997)................................................................................... 18

*Democratic Exec. Comm. of Florida v. Lee,* 915 F.3d 1312 (11th Cir. 2019) ........ 15

*Doe v. Gonzales*, 546 U.S. 1301 (2005) ......................................................... 3, 4, 20

*New Georgia Project v. Raffensberger,* 976 F.3d 1278 (11th Cir. 2020)............... 13

*Nken v. Holder*, 556 U.S. 418 (2009) ..................................................... 15

*People First of Alabama v. Sec'y of State for Alabama,*
815 F. App'x 505 (11th Cir. 2020) ..................................................... 14

*Purcell v. Gonzalez,* 549 U.S. 1 (2006) ..........................................*passim*

*Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000)................................................. 15

*Swain v. Junior*, 961 F.3d 1276 (11th Cir. 2020) ................................................. 18

## COALITION PLAINTIFFS' MOTION TO LIFT STAY

### I.    MOTION

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Plaintiffs-Appellees the Coalition Plaintiffs ("Appellees")[1] move the Court to lift the stay pending appeal granted by this Court on October 24, 2020 in Appeal No. 20-13730, over Judge Jordan's dissent ("the Stay Pending Appeal").  The Stay Pending Appeal stayed the District Court's October 12, 2020 Amended Order granting in part the Coaliton Plaintiffs' Motion for Preliminary Injunction relating to paper pollbook backups and subsequent Rule 59 motion.  (Docs. 918, 965, 966) ("the Paper Pollbook Injunction").  In the alternative, Appellees move the Court to clarify that the Stay Pending Appeal applied only with respect to the then-imminent elections (November 3, 2020;  December 1, 2020;  and January 5, 2021), and that the Paper Pollbook Injunction is accordingly not stayed with respect to upcoming, non-imminent elections due to be held after April 13, 2021.

---

[1] The Coalition Plaintiffs consist of Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis, and Megan Missett.

## II.   INTRODUCTION AND SUMMARY

These consolidated interlocutory appeals arise out of ongoing litigation

challenging the constitutionality of the State of Georgia's Dominion Ballot

Marking Device ("BMD") System.   After extensive briefing and a multi-day

hearing on three concurrent motions for injunctive relief, the District Court

declined on "the cusp of an election," (Doc. 964, at 84), to enjoin the State's

requirement that in-person voters must use the touchscreen ballot marking devices

themselves, but it did grant relief on two specific aspects of the State Defendants'

implementation of the Dominion System.  Specifically, in its October 11, 2020

Order, the District Court granted the Plaintiffs-Appellees' Motion in connection

with the scanner/tabulator settings.  (Doc. 964 at 140-141) ("the Scanner Remedy

Order").  The Scanner Remedy Order is currently the subject matter of Appeal

Number 20-14067, which is consolidated herewith pending this Court's resolution

of a fully briefed jurisdictional question from the Court.  Separately, on September

28, 2020, the District Court entered, (Doc. 918), and then on October 12 amended,

(Doc. Nos. 965, 966), the Paper Pollbook Injunction, which  is the subject matter

of Appeal Number 20-13730 and of this Motion.

On October 24, 2020, this Court stayed the Paper Pollbook Injunction.   As

explained in greater detail below, the Court should lift the stay of the Paper

Pollbook Injunction for three reasons.  First, though this Court issued no opinion

with the Stay Pending Appeal, it was apparently granted because of the then-imminence of the November 3, 2020 general election under *Purcell v. Gonzalez,* 549 U.S. 1 (2006). With the November election no longer being imminent, and with two subsequent elections having now come and gone (December 1, 2020, and January 5, 2021), any justification for further staying the District Court's order on the basis of the principles articulated in *Purcell* has now disappeared.

Second, the law and the equities weigh heavily in favor of lifting the stay. On the merits, the District Court's sixty-six page order granting the pollbooks injunction explains in great detail the factual, legal, and equitable grounds for the relief. On the equities, the State Defendants have never explained how the pollbooks injunction causes them or the public any harm; to the contrary, the remedy ordered by the District Court is so sensible that it was supported by the Elections Directors for each of the Defendants: State Elections Chris Harvey testified that he had no objection to the relief, and Fulton County Elections Director Richard Barron testified that the relief would help remedy check-in problems that have been plaguing Georgia's elections.

Third, in granting the Stay Pending Appeal, the Motions Panel undoubtedly anticipated that this Court would proceed to consider the merits of the appeal with expedition. *Doe v. Gonzales*, 546 U.S. 1301, 1308 (2005) (Ginsburg, J, in Chambers, as Circuit Justice) (crucial factor supporting the stay of a district court

order is the expectation that the court of appeals "is proceeding to adjudication on the merits with due expedition"). Unfortunately, this Court has not proceeded to adjudicate the merits of the pollbooks injunction with expedition; more than four months after the filing of their Notice of Appeal, Appellant State Defendants still have not filed their opening brief of appellants, nor have they even been given a briefing schedule with any deadline to do so. This situation has arisen because, among other reasons discussed below, this Court consolidated the Paper Pollbooks Appeal with the appeal of the Scanner Remedy Order, which is subject to an unresolved question about the existence of appellate jurisdiction. Though there is no question that this Court has jurisdiction over the Paper Pollbook Appeal, the Scanner Remedy Appeal is arguably premature. This Court identified this apparent jurisdictional problem *sua sponte* and on December 4, 2020, issued a Jurisdictional Question. All parties briefed the Jurisdictional Question on December 18, 2020, and it has remained under review by the Court during the three months since then. These delays have completely reversed the equities that prevailed five months ago, in October 2020, with respect to staying the District Court's well-reasoned injunction pending appeal. *See Gonzales*, *supra,* 546 U.S. at 1309 (denying to lift a stay in anticipation of "the expeditious determination of the merits toward which the Second Circuit is swiftly proceeding").

As an alternative to lifting the stay, this Court may and should instead simply clarify that the October 2020 stay was limited to what were the then-imminent upcoming elections set for November, December, and January.

In sum, since the imminence of an election is not a factor under *Purcell,* the State Defendants have never shown irreparable harm, and this appeal has not proceeded to the merits with expedition, the October stay pending appeal should be lifted, or limited by clarification, and the Paper Pollbook Injunction should be allowed to take effect with respect to all upcoming, but non-imminent, Georgia elections.

## III.   FACTS AND DISTRICT COURT PROCEDURAL HISTORY

Georgia uses electronic pollbooks, call PollPads, to check in in-person voters on Election Day. (Appellants' Motion to Stay Appeal at 28[2]).  The PollPads are required to contain the official list of electors, which is updated after early voting to prevent duplicate voting.  Each polling location must also have a paper backup list of every registered voter assigned to that polling place.  Because the registered voter list does not include updated information on who has voted in early voting or requested a mail ballot, however, the registered voters list does not have the same information as the PollPads and cannot serve as an accurate substitute for the PollPads when the PollPads experience problems.  If the PollPads

---

[2] Pinpoint citations are to blue PACER pagination.

are either erroneously updated or not operational, then Election Day voting

inevitably comes to a complete standstill.  Unfortunately, this is not merely a

speculative possibility—the new "KnowInc" brand PollPads provided by the

Georgia Secretary of State to every county have malfunctioned or contained

significant errors in almost every single Georgia election in which they have been

used.

 After the malfunctioning PollPads led to the widespread voting problems in

the June 2020 Presidential Preference Primaries, Coalition Plaintiffs on August 2,

2020, filed hundreds of pages of evidence supporting injunctive relief by

specifically demonstrating the failures of the PollPads during that election and the

absence of any effective backup.  (Doc. 755).[3]

 After a hearing, the District Court denied injunctive relief relating to the

Dominion ballot marking devices, but granted pollbook relief.  In its Order, as

amended, (Docs. 918, 965, 966), the District Court provided an exhaustive survey

of the evidence supporting the pollbook relief and clarified that such relief applied

to "all elections until further order" of the Court, including elections beyond

---

[3] In this litigation, Coalition Plaintiffs have long sought injunctive relief requiring State
Defendants to supply counties with paper pollbook backups, updated after early voting, that
could be used if (when) the State's electronic pollbooks fail, as they inevitably have done.  (E.g.,
Doc. 419 at 3–4; Doc. 640, at 2 n.1, 4–5).  The detailed and complex procedural history of
Coaliton Plaintiffs' efforts to obtain this injunctive relief is set forth in their Motion in the
District Court.  (Doc. 800, at 4–9).

November 2020. (Doc. 965, at 10.)  The virtually undisputed[4]  facts supported by

substantial evidence include the following:

*First,* the electronic KnowInk PollPads badly malfunctioned on Election

Day, across the State of Georgia, in almost every election in which they had ever

been used: in the November 2019 pilot (Doc. 918, at 28–32); in the First Quarter

2020 special legislative elections (Doc. 723, at 23, 55); in the June 2020 primaries

(Doc. 918, at 32-43); in the August 2020 runoff election (*id.* at 43-47); and even

during early voting in the September 29, 2020, Special Election that was

underway during the preliminary injunction hearing (*id.* at 54).

 *Second,* the failure of State Defendants to provide counties with updated

paper backups for the malfunctioning electronic PollBooks led to "long lines and

waiting periods of hours" and "caused voters to leave and be deterred from

voting."  (Doc. 918, at 50; *see generally id.* at 28–48.)  Numerous eye-witness

accounts in the evidentiary record tell the same, depressing story: citizens of all

ages, healthy and frail, eager to vote, are forced to endure (if they can[5]) the State's

complete inability to check-in voters because the State provides an exclusively

---

[4] The State Defendants-Appellees in their Motion to Stay before this Court did not argue that any of the District Court's factual findings were clearly erroneous.

[5] A June voter in Sope Creek recounted: "Water and a chair were requested for a gentleman who was 'collapsing from overheating.'  When I returned to the parking lot, I saw emergency responders who were tending to him and loading him into the ambulance.  Sadly, he was not able to cast his vote this morning." (Doc. 755, at 148.)

electronic pollbook that routinely and predictably fails to function.  One

exasperated voter who was forced to vote a provisional ballot in June election

lamented, "I am 66 years old [and] cannot believe a nation that successfully sent

astronauts to the moon in the 60's continues to fail citizens in the most basic [tenet]

of a democracy."  (Doc. 918 at 42.)

*Third,* without updated paper pollbook backups, the District Court found,

these problems were likely to continue in upcoming elections.  "The totality of the

evidence presented in connection with the elections conducted thus far on the

State's new system provides no indication that the circumstances facing voters

described above will be better in the November election."  (Doc. 918, at 50).

Though the District Court's Order discusses the then-upcoming elections, the

Paper Pollbook Injunction applies by its terms to all upcoming elections, not just

the November election, a point that the District Court expressly clarified on

October 12, 2020.  (Doc. 965, at 10.)

Based on these well-supported factual findings, which have not been

challenged as clearly erroneous here, the District Court held, under the *Anderson-*

*Burdick* test, that the malfunctioning PollPads, combined with the "ineffective or

nonexistent 'non-technical' backup systems in place ha[ve] led to a severe burden

on the rights of voters."  (Doc. 918, at 50)  Because this severe burden was not

justified by any legitimate State interest of sufficient weight, the District Court

held there was a substantial likelihood that Coalition Plaintiffs would succeed on

the merits.  This holding, and the Court's balancing of the equities, is discussed in

greater detail below.

On October 14, 2020, the District Court denied a stay pending appeal (Doc.

969).

## IV.   APPELLATE PROCEDURAL HISTORY

The State Defendants–Appellants filed their Notice of Appeal on October 2,

2020, followed by an appellate Motion to Stay on October 16, 2020.  After

expedited briefing, this Court on October 24, 2020, granted the motion to stay,

without opinion.  The docket entry for the Court's decision states as follows:

> ORDER: The appellants' motion for a stay pending appeal of the
> district court's preliminary injunction is granted.  Judge Jordan
> dissents in part, and would not grant a stay as to (1) the requirement
> that the state provide county election officials with an updated
> pollbook that can be printed and which has all the information
> available in the electronic pollbook, (2) the requirement that the state
> direct county election officials to print and provide the paper pollbook
> backup for each polling place, and (3) the requirement that the state
> direct county election officials to use the paper pollbook in case of
> equipment malfunction or emergency.  [9214500-2] AJ, BL and ALB.

Although an order granting a stay of a district court's injunction

presumptively anticipates that the Court of Appeals will proceed to the merits of

the appeal expeditiously, *Gonzales*, *supra,* 546 U.S. at 1309, that has not been the

case here.  Instead, the Court has taken actions that first slowed, and then stopped,

this appeal from proceeding to the merits.  The Appellants' Brief in this appeal was originally due on November 12, 2020.  (*See* October 19, 2020 Clerk's Memorandum to Counsel or Parties).    On October 26, 2020, the Clerk, *ex parte*, granted Appellants an "over the phone extension," giving Appellants a 28-day extension, until December 10, 2020, to file their opening brief. The clerk's order was irregular, as the maximum extension that may be granted over the phone is only 14 days. 11th Cir. Rule 31-2.  Then, on November 24, 2020, the clerk's office granted a second "over the phone" *ex parte* extension, this time extending the deadline for Appellants' brief until January 7, 2021.  This second extension was contrary to the Rules in multiple respects.  First, phone extensions may not exceed 14 days, and this second extension alone was for 28 days.  Second, extensions other than an initial extension are not supposed to be granted over the telephone at all.  Third, second extension requests "will be granted only upon a showing of extraordinary circumstances that were not foreseeable at the time the first request was made."  There is no indication in the record that Appellants were asked by the Clerk to make such a showing or that they made any such showing.

On November 30, 2020, counsel for the Coalition Plaintiffs–Appellees filed a letter to the Clerk on the CM/ECF system formally objecting to the two improper *ex parte* over-the-telephone extensions on the foregoing grounds.  There has been no formal response addressing that objection from either the Clerk or the Court.

10

On December 1, 2020, the State Appellees filed a Motion to Consolidate the two appeals.  The clerk rescinded the existing briefing schedule in the Paper Pollbooks Appeal less than three hours later, citing 11th Cir.R.31-1(b).  While the Motion to Consolidate was pending, on December 4, 2020, this Court issued its Jurisdictional Question relating to Appeal Number 14067, the State Appellants' appeal of the District Court's Scanner Remedy Order.   On December 11, 2020, Appellees filed a brief opposing the Motion to Consolidate, explaining that consolidating the Paper Pollbook Appeal with the obviously premature[6] Scanner Remedy Appeal would serve no purpose and would inevitably delay the Paper Pollbook Appeal, which was (and is) subject to no jurisdictional issues.

On January 4, 2021, this Court granted the Motion to Consolidate, again without opinion.  The Court also ordered that the State Defendants–Appellants' consolidated initial brief would be due "within 21 days of a disposition of the

---

[6] In the District Court's initial October 11, 2020 order granting Coalition Plaintiffs injunctive relief on the scanner settings issue, the District Court held that Plaintiffs had "presented enough evidence to establish a substantial likelihood of success on the merits," (Scanner Remedy Order, Doc. 964, at 133),  but that additional briefing was necessary on the precise form of relief that "should be in place by the next election cycle following the January 2021 election cycle." (*Id.* at 133, 141). At the District Court's direction, the parties provided a proposed order and additional briefing (Doc. Nos. 990, 1007, 1016).  After receiving these submissions, the District Court entered an Order on December 2, 2020, holding that, "further consideration of Plaintiffs' requested relief is **DEFERRED** until after the completion of the January 5, 2021 runoff election." (Doc. 1021, at 1) (emphasis by the Court).  The District Court has not issued a decision elaborating on the Scanner Remedy Order.  Arguably, therefore, this Court lacks appellate jurisdiction over the Scanner Remedy Order, which is expressly not the final version of the District Court's intended order granting an injunction.

pending Jurisdictional Question in appeal no. 20-14067." As of this filing, over three months later, there has still been no disposition of the December 4, 2020, Jurisdictional Question. Thus, the State Appellants' Brief will not be filed until, at the earliest, more than six months after the appeal was originally docketed.

## V.   ARGUMENT

This Motion should be granted for three independent reasons:

### A.   With No Election Imminent, The Timing Considerations Mandated By *Purcell* No Longer Warrant A Stay of Injunction Pending Appeal

In its Order Granting Stay, this Court did not issue an opinion or otherwise explain why it reached a different conclusion than the District Court did in its 30-page October 14, 2020 Order denying the essentially identical motion to stay filed in the District Court, (Doc. 969). Nor did this Court explain the basis for its apparent conclusion that the District Court's 67-page September 28, 2020 Order granting the injunction (Doc. 918), as amended (Doc. Nos. 965, 966), was an abuse of discretion or otherwise erroneous.

The most plausible reading of this record is that this Court stayed the Paper Pollbook Injunction under *Purcell v. Gonzalez*, 549 U.S. at 1, because of the then-imminence of the November 3, 2020 election, which was only ten days away. This Court has carefully followed *Purcell* and subsequent Supreme Court decisions cautioning that "the federal courts should ordinarily not alter the election rules on

the eve of an election," *New Georgia Project v. Raffensberger,* 976 F.3d 1278, 1284 (11th Cir. 2020).   But if *Purcell* warranted a stay of the Paper Pollbook Injunction in October 2020, it plainly does not continue to do so now.

First, Georgia is no longer the eve of an election.   There are county elections throughout Georgia on March 16, 2020 (most of which concern "Special Purpose Local Option Sales Taxes" questions), and potential runoffs of those county elections on April 13, 2021.   (*See* Plaintiffs' February 8, 2021 Notice of Upcoming Elections, Doc. 1063 at 6–7).   But the next major election date thereafter is not until November 2, 2021, eight months from now, when municipal and various county elections will be held. The injunctive relief ordered by the District Court can easily be implemented by the State Defendants-Appellees in advance of those upcoming elections without implicating any of *Purcell*'s concerns about avoiding potential electoral disruption and voter confusion that could arise from changes made on the eve of an election.

Second, *Purcell* never warranted a stay of the Paper Pollbook Injunction in the first place.   *Purcell* held that in some instances court orders "can themselves result in voter confusion and consequent incentive to remain away from the polls." 549 U.S. at 4–5.   In this case, there has never been any risk that requiring paper pollbook backups would cause voter confusion.   In fact, there has never even been any argument that voter confusion would occur: the existence of updated paper

pollbook backups at the precincts will not even be noticed by voters, much less cause them any confusion or give them any incentive to remain away from the polls. The only thing that the voters might notice is that the availability of paper backups will keep the continually malfunctioning KnowInk Pollpads from bringing elections in Georgia to a standstill. Because the Paper Pollbook Injunction will enhance voter confidence and eliminate disincentives to voting, lifting the stay of the Paper Pollbook Injunction is completely consistent with the rationale underlying *Purcell.*

In *People First of Alabama v. Sec'y of State for Alabama,* 815 F. App'x 505 (11th Cir. 2020), this Court denied a motion to stay pending appeal. Judge Jill Pryor wrote in her concurring opinion, joined by Judge Rosenbaum, "*Purcell* is not a magic wand that Defendants can wave to make any unconstitutional election restriction disappear so long as an impending election exists." *Id.* at 514. In this case, *Purcell* has never been a valid reason for withholding injunctive relief. Now that there is no impending election, *Purcell*'s concerns are completely eclipsed and there can be no possible basis under *Purcell* for a continued stay of the Paper Pollbook Injunction.

**B.  There Has Never Been Any Showing of the Factors Warranting a Stay, Particularly Irreparable Harm**

In its decision denying the State Defendants–Appellants' Motion to Stay the Injunction, the District Court exhaustively reviewed the factors under *Nken v.*

14

*Holder*, 556 U.S. 418, 427 (2009), and concluded that the State Defendants–

Appellants had failed to demonstrate either a likelihood of success on the merits or

that the equities tipped in favor of a stay.  The State Defendants–Appellants'

arguments to the contrary are fully and persuasively addressed in Appellees' Brief

in Opposition to Motion to Stay, which is incorporated herein by reference.

For present purposes, Coalition Plaintiffs–Appellees will focus on just a

single dispositive issue: the complete absence of any showing that the Paper

Pollbook Injunction will cause the State Appellants, or the public, any harm.  A

showing of irreparable harm is the "sine qua non" of equitable relief,  *Siegel v.*

*LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000), whether it be the granting of a

preliminary injunction *or* the stay of a preliminary injunction.  *Democratic Exec.*

*Comm. of Florida v. Lee,* 915 F.3d 1312, 1317 (11th Cir. 2019) ("In considering

whether to stay a preliminary injunction, we apply the usual standards of review

governing our review of the merits of the preliminary injunction.").

In this case, the testimony by the directors of elections for *both* sets of

Defendants precludes any argument that the Paper Pollbook Injunction will cause

the Defendants irreparable harm.  Georgia's State Election Director Chris Harvey

testified at the injunction hearing that, if updated pollbook data could be generated

and provided digitally to the counties for printing, then *he would have no objection*

*to making that data available to the counties*.  (Tr. Vol. II, Doc. 905 at 221-22).

15

After the hearing, State Defendants confirmed that this information is available in ENet and can be provided digitally. (Doc. 895.)  If the State Defendants would be harmed by the Paper Pollbook Injunction—which only requires the State to do what Harvey said he would *not object* to the State doing—then Harvey would have said so.

Fulton County's Director of Registrations and Elections Richard Barron similarly testified he had "no issue" with the paper pollbook relief sought by Plaintiffs.  Barron confirmed that the more updated the list is, the better, because it is more accurate, will save time in the processing of voters, solves bottlenecks in the precincts, and will "cut a line down pretty quickly."  (Tr. Vol. II, Doc. 905 at 165-168).  "I mean, that would be the remedy" for the malfunctioning PollPads, Barron testified.  (*Id.*)

The District Court relied significantly on testimony of the Defendants' two Elections Directors.  This testimony constitutes substantial evidence contrary to Defendants' arguments that the Paper Pollbook Injunction will cause the State any harm, much less irreparable harm.  Unable to controvert the testimony of their own chief employees, the State Defendants–Appellants in their appellate Motion to Stay made two unpersuasive arguments. First, they argued, without citation to any record evidence, that the injunction "begs for mass confusion" among local election administrators. (Motion to Stay, at 47). Barron, the only local election

administrator to testify, said that pollbook relief would do exactly the opposite, and

his testimony on this point is entitled to great weight because Fulton County has by

far the greatest number of polling places and voters.  Second, the State Defendants

asserted that "counties require weeks to enter the data necessary to generate the

supplemental lists already provided."  (*Id.*)  This argument makes no sense.  No

additional data entry by counties is required to generate lists that the State already

has and already provides to the counties in electronic format for loading onto the

existing PollPads; all that the Defendants Paper Pollbook Injunction requires is for

the State Defendants to provide counties with the same information in a format that

can be printed to paper.  Further, State Defendant Chris Harvey testified that the

information needed to print paper pollbook backups can be electronically delivered

to the counties without difficulty.  (Tr. Vol. II, Doc. 905 at 221–22.)[7]

To continue to stay the District Court's injunction on this record runs

counter to a number of fundamental principles that guide the granting and appellate

review of injunctive relief.  Most fundamentally, the District Court's Opinion,

which demonstrated complete command of the technical, legal, procedural, and

---

[7] This is not a case in which the Defendants–Appellants presented evidence that they have taken
other measures to remedy the harm that an injunction might prevent.  *Compare Swain v. Junior*,
961 F.3d 1276 1289 (11th Cir. 2020) (reversing injunction, in part, because of numerous
measures the defendants had taken to protect vulnerable inmates from COVID-19).  The State
Defendants in this case have never contended that they have fixed the KnowInk Pollpads or
devised a reliable backup for use when the PollPads are unavailable.

equitable issues involved, is entitled to substantial deference and respect.  *See Carillon Imps., Ltd. v. Frank Pesce Int'l Grp., Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997) ("The review of a district court's decision to grant or deny a preliminary injunction is extremely narrow in scope.").   This deferential standard follows from the nature of preliminary injunction proceedings "in which 'judgments . . . about the viability of a plaintiff's claims and a balancing of the equities and the public interest . . . are the district court's to make.'"  (citations omitted)).  The wisdom of this principle of deferring to the judgment of the district court is even more compelling in the context of considering whether to grant a stay pending appeal, a situation in which the Court of Appeals is asked, on an emergency basis and without a full briefing on the merits, to second-guess the considered judgment of a district court on the basis of a limited view of a cold trial court record.   After applying a deferential standard, if there is any doubt that a stay is warranted, then the stay should be denied, for it is the Appellant who carries the heavy burden of establishing that he is entitled to a stay.  *See Nken,* 556 U.S. at 433–34.

Here, the State Defendants not only point to no evidence of irreparable harm, but their own witnesses have testified with authority and specificity that the exact remedy the injunction would provide would be beneficial.  On this basis alone, the stay should be lifted.

### C.     Without Expeditious Consideration of the Merits, Justification for Stay Pending Appeal Disappears

In *Nken*, the Supreme Court recognized that a stay pending appeal "is an intrusion into the ordinary process of administration and judicial review." 556 U.S. at 427.   For this reason, a stay is meant to be used only in extraordinary circumstances. *Id.*

A key factor supporting the stay of a district court injunction is the expectation that the Court of Appeals "is proceeding to adjudication on the merits with due expedition." *Doe v. Gonzales*, 546 U.S. at 1308 (Ginsburg, J, in Chambers, as Circuit Justice).  In *Gonzales*, Justice Ginsburg declined to lift a stay of an injunction in advance of "the expeditious determination of the merits toward which the Second Circuit is swiftly proceeding." *Id.*

Typically, when a stay of a preliminary injunction is granted, briefing on the merits is expedited.  Here, the opposite has been the case.  As recounted above in Part IV, the Clerk (apparently contrary to this Court's Rules) granted multiple *ex-parte* extensions to the Defendants–Appellants for the filing of their initial brief. Then, after the consolidation of the appeal of the Paper Pollbook Injunction with the appeal of the Scanner Remedy Order, which is obviously premature, this appeal has come to a complete standstill. Had the Motions Panel known when it was considering the Motion for Stay that the appeal of the Paper Pollbook Injunction would not be expedited, but delayed indefinitely, it would have

19

appropriately denied the Motion. *Gonzales*, 546 U.S. at 1308. In any event, now that it is clear that this appeal is not proceeding to the merits with expedition, the stay should be lifted.

### D.     In the Alternative, the Stay's Limited Scope Should Be Clarified

As an alternative to lifting the stay, this Court may and should instead simply clarify that the October 2020 stay was limited to what were the then-imminent upcoming elections (*i.e*., those set for November and December 2020 and January 2021.)  The effect of this clarification would be to permit the District Court's injunctive relief to take effect well in advance of the next set of upcoming elections that would be affected by the Paper Pollbook Injunction, thus obviating any application of *Purcell*.  This would not only allow the State Defendants–Appellants to prepare for those upcoming elections with plenty of time to do so, but it would also spare this Court of any need to factor timing concerns raised by *Purcell* into its own decision ultimately to affirm the Paper Pollbook Injunction—a decision that Coalition Plaintiffs-Appellees respectfully urge this Court to reach when it does eventually decide this Paper Pollbook Appeal on the merits.

## VI.    CONCLUSION

The stay pending appeal should be lifted so that the District Court's Paper Pollbook Injunction may govern Defendants–Appellees' conduct in upcoming Georgia elections.

This 12th day of March, 2021.

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Appellees*
*Coalition Plaintiffs*

<u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing Brief for Appellant complies with the type-volume limitation specified in the Federal Rules of Appellate Procedure, in the following respects:

(a)    Exclusive of the exempted portions of the Brief, as provided in Federal Rule of Appellate Procedure 32(f), the Motion contains less than 5,000 words.

(b)    The Brief has been prepared in proportionally spaced typeface, using Microsoft Word in 14 point Times New Roman font.

(c)    As permitted by Federal Rule of Appellate Procedure 32(a)(7)(C)(i), the undersigned has relied upon the word count feature of his word processing system in the preparation of this Certificate of Compliance.

This 12th day of March, 2021.

/s/Bruce P. Brown
Bruce P. Brown
Bruce P. Brown Law LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this date, filed electronically the foregoing Brief of Appellant with the Clerk of this Court, and have served it upon counsel by filing it with the court's electronic-filing system.

This 12th day of March, 2021.

/s/Bruce P. Brown
Bruce P. Brown
Bruce P. Brown Law LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700