IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## PLAINTIFFS' JOINT MOTION FOR SANCTIONS

Pursuant to Rules 26(g)(3) and 37(a)(3) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's August 10, 2020 Order (Dkt. 771), Plaintiffs hereby jointly renew their motion for monetary sanctions against State Defendants as detailed in Plaintiffs' October 11, 2019 Motion and supporting declarations. (Dkt. 623.)

### INTRODUCTION

State Defendants repeatedly have disregarded their discovery obligations in this case. Even now they steadfastly refuse to provide *any* discovery, and have refused to do since before the September 2020 preliminary injunction hearing—despite this Court expressly declining their request to stay discovery. They simply do—*or don't do*—as they please. It has become painfully clear that only sanctions

from this Court for State Defendants' discovery misconduct may finally compel their compliance with their obligations, including their duty of candor. (*See*, *e.g.*, Dkt. 969 at 1 n.1.) Sanctions are appropriate and needed now. State Defendants' persistent effort to impose extraordinary costs on Plaintiffs and their counsel through vexatious conduct must come to an end.

When Plaintiffs were attempting to conduct discovery into the GEMS databases previously used as part of Georgia's election system, State Defendants repeatedly and falsely maintained that the GEMS databases could not be provided to Plaintiffs' experts without compromising security and confidentiality. After an extensive and costly discovery battle, the production of Georgia's GEMS databases confirmed what Plaintiffs had been arguing throughout—the purportedly "confidential" GEMS databases were identical to publicly-available GEMS databases from other jurisdictions and risked no exposure of confidential information. State Defendants ultimately were forced to admit they misled Plaintiffs and this Court, wasting enormous time, money, and resources with multiple calls, filings, and Court conferences to resolve their meritless objections and to lay bare their false allegations.

Plaintiffs previously sought restitution for the hundreds of hours of attorney, staff, and expert time unnecessarily expended in an effort to obtain access to the

GEMS databases. The Court denied that motion without prejudice, indicating it would resolve this issue when it addresses more broadly the issues of fees and expenses owed Plaintiffs as the prevailing parties in this litigation. Given Plaintiffs' renewed request for fees and expenses is pending—and warrants relief now—Plaintiffs respectfully renew their request for sanctions now as well.

Again, apparently only sanctions will curb State Defendants' obstruction and lack of candor in this litigation, which have only increased since the Court deferred ruling on the request in Plaintiffs' prior sanctions motion. Sanctions are needed now—and Plaintiffs deserve relief.

## **FACTUAL SUMMARY**[1]

In March and June of 2019, Coalition and Curling Plaintiffs respectively served the Secretary of State with Requests for Production seeking the GEMS databases and data from the GEMS servers. (Dkt. 416-1; Dkt. 582-1 at Request No. 15.) After a series of shifting objections to the requests, State Defendants refused to provide the discovery on the grounds that "[t]he GEMS Databases are protected and carefully guarded under state law and are unique to the state of

---

[1] Plaintiffs' original Motion (Dkt. 623 at 3-9) contains a complete recitation of the relevant facts pertaining to State Defendants' misconduct concerning discovery of the GEMS databases. Plaintiffs incorporate their prior briefing here.

3

Georgia—which runs a version not used in any other state." (Dkt. 416 at 4.) Despite sworn testimony by the former Executive Director of Georgia's CES that directly contradicted State Defendants' false claims—which Plaintiffs pointed to at the time—they continued to improperly assert this same false objection in discovery correspondence and before the Court, and refused production on those grounds. (Dkt. 623 at 5-6.) When Plaintiffs ultimately obtained and examined the GEMS databases, after arranging and maintaining—at considerable burden and expense—a secure facility within counsel's offices and at the University of Michigan, Plaintiffs' experts confirmed again that the structure of Georgia's GEMS databases differed in no material way from other, publicly-available GEMS databases, and that there was no factual basis for State Defendants' misstatements to the contrary. (*See* Dkt. 487-3 ¶¶ 13-18; Dkt. 571 at 89:15-23; Dkt. 623 at 8.)

In light of the many opportunities State Defendants had over the period of several weeks, including several filings and Court conferences, to correct their misstatements, the circumstances establish that State Defendants repeatedly made their statements, at best, with extreme disregard for the truth and with the intent to obstruct discovery in order to mislead Plaintiffs, other Georgia voters, and this Court regarding an important aspect of Georgia's election system. In fact, *State Defendants admitted to a lack of candor* in their prior briefing on this issue, and

sought to defend these misstatements based on a nebulous security concern:  "*State Defendants misled the Court* about the uniqueness of the structure of Georgia's GEMS Databases—[] not [as a] result of any bad faith" (Dkt. 647 at 3), but because of the "security value in declining to confirm that fact in a publicly available court document without an appropriate order from the court." (*Id.* at 18 (emphasis added).)

State Defendants' misconduct has only increased and intensified.  They have persistently used improper tactics to avoid and delay discovery needed for full and fair resolution of Plaintiffs' claims in this case.  State Defendants' conduct with respect to the Pro V&V report and EAC documentation just last fall is illustrative: despite orders from the Court and several conferences to the same end, State Defendants opted for a "cat and mouse response over. . . ten days regarding a time sensitive significant matter [] needlessly burden[ing] the Court as it endeavored to issue a substantial and difficult order regarding the pending preliminary injunction motions in this case." (Dkt. 957 at 2.)  State Defendants went even further in their efforts to avoid the Court-ordered relief requiring paper pollbooks at Georgia polling places:  State Defendants' Motion to Stay contained such inaccuracies that the Court rightly likened their reimagined history of this litigation to an episode of *The Twilight Zone*.  (Dkt. 969 at 1 n.1.)

Discovery has completely stalled in this case because State Defendants simply refuse to comply with any discovery obligations at all. *This has persisted since the September 2020 hearing.* With the November elections and the January runoff elections long-since completed, they have no legitimate basis for refusing to provide discovery. This is especially true after this Court denied their request to stay discovery. This non-compliance is consistent with their behavior throughout this litigation, including their obstruction and false claims regarding the GEMS databases. It is all part of the same protracted pattern and strategy of thwarting the relief Plaintiffs are owed in this case and trying to render this case unaffordable for Plaintiffs and their counsel.

Plaintiffs have renewed their requests for attorneys' fees and expenses as prevailing parties regarding this Court's Injunction of August 15, 2019 (Dkts. 967, 998), and ask that the Court consider this Renewed Motion for Sanctions as well.

## **ARGUMENT SUMMARY**[2]

State Defendants' misconduct warrants sanctions under Rules 26(g)(3) and 37(a)(3), 28 U.S.C. § 1927, and this Court's inherent authority.

---

[2] Plaintiffs will not burden the Court by repeating the entirety of their previous submission, but rather incorporate those arguments in Plaintiffs' original briefing on their prior Motion (Dkt. 623) by reference.

A party whose discovery conduct necessitates a successful motion to compel must assume the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5). "[S]anctions under Rule 37(a)(4) are mandatory unless the court finds a substantial justification for discovery delays." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (construing an earlier version of the rule). State Defendants' repeated falsehoods, which served as the basis for their opposition to discovery regarding the GEMS databases, were *not* substantially justified. Indeed, no such statements could be justified at all. Thus, sanctions—specifically, Plaintiffs' fees and costs—are mandatory here under Rule 37.

Even if one were to assume (wrongly) that State Defendants somehow did not know that their repeated falsehoods were false (despite Plaintiffs' confronting them with *proof* of the falsity on multiple occasions), State Defendants should have conducted a reasonable inquiry prior to signing multiple discovery objections and responses averring that Georgia's GEMs databases were unique and highly confidential. The same is true for the representations they made to this Court in filings and conferences. Even a cursory review of the information Plaintiffs provided State Defendants regarding the GEMS databases—or even just perusing publicly-available information Plaintiffs identified for them—would have readily

7

shown them the falsity of their representations.  Failing to conduct a reasonable inquiry subjects State Defendants to sanctions pursuant to Rule 26(g)(3). Sanctions under Rule 26(g) include an order to pay the reasonable expenses, including attorney's fees, caused by the violation. Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment.

Additionally, 28 U.S.C. § 1927 permits this Court to "assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).  The standard is that of a "reasonable attorney." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239-42 (11th Cir. 2007).  By any measure, State Defendants' refusal to withdraw their objections to the GEMS database production even when Plaintiffs identified publicly-available information establishing the falsity of their statements cannot be viewed as reasonable conduct.  Either State Defendants' counsel ignored the evidence presented to them disproving their objections, or they disregarded that evidence when doubling-down on those objections.  Neither can be considered anything close to reasonable.

Finally, the Court possesses inherent power to sanction parties or attorneys appearing before it if a party or attorney shows bad faith.  *Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978); *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304

(11th Cir. 2006). The Court's August 10, 2020 Order denied Plaintiffs' original sanctions motion without prejudice and indicated that the Court would consider the imposition of monetary sanctions later in the case. Given that the conclusion of this case is still far off (in large part due to State Defendants' continued obstruction), that Plaintiffs already prevailed on the initial relief they sought in this litigation, and that State Defendants' misconduct has only intensified, Plaintiffs urge the Court to award sanctions against State Defendants now, in addition to granting their renewed Motions for Fees. (*See* Dkts. 967, 998.) State Defendants must not be allowed to get away with—or worse, repeat—the serious misconduct they forced Plaintiffs and this Court to suffer for months during the summer of 2019. A strong message from the Court is needed to finally curb State Defendants' misconduct in this case.

## CONCLUSION

Plaintiffs respectfully renew their request from 2019 that the Court award the fees and costs sought here, which State Defendants inappropriately caused through repeated false representations to Plaintiffs and this Court. Plaintiffs are entitled to a full recovery of these substantial fees and costs now, which were unnecessary and easily avoided had State Defendants adhered to their basic duties.

Respectfully submitted this 9th day of April, 2021.

| | |
|---|---|
| */s/ David D. Cross* | */s/ Halsey G. Knapp, Jr.* |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascurrunz (*pro hac vice*) | GA Bar No. 425320 |
| Eileen M. Brogan (*pro hac vice*) | Adam M. Sparks |
| Lyle F. Hedgecock (*pro hac vice*) | GA Bar No. 341578 |
| Mary G. Kaiser (*pro hac vice*) | KREVOLIN & HORST, LLC |
| Robert W. Manoso (*pro hac vice*) | 1201 West Peachtree Street, NW |
| MORRISON & FOERSTER LLP | Suite 3250 |
| 2100 L Street, NW | Atlanta, GA 30309 |
| Suite 900 | (404) 888-9700 |
| Washington, DC 20037 | |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER , ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, a copy of the foregoing **PLAINTIFFS' RENEWED JOINT MOTION FOR SANCTIONS** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross