## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## PLAINTIFFS' JOINT REPLY IN SUPPORT OF THEIR MOTION TO EXTEND THE SCHEDULE DUE TO DEFENDANTS' CONTINUED NONFEASANCE IN DISCOVERY

The relief Plaintiffs seek is simple and straightforward:  a 60-day extension of all remaining deadlines plus a deadline for the parties to complete production of documents, including data.  That is all.  This is not a motion to compel.  Plaintiffs have not asked this Court to compel any discovery from Defendants.  Plaintiffs simply seek—and need urgently—relief from the current schedule, which has their opening expert reports due *in less than a week* on a discovery record that Defendants have not advanced in the last ten months (except for an incomplete production of certain election data for some counties, including deficient data from Fulton County).  State Defendants claim no prejudice from the relief sought, nor could they—and Fulton has asserted no objection to an extension.  Plaintiffs will be

1

severely prejudiced, however, by proceeding with a schedule that assumed significant discovery from Defendants by now that remains outstanding and nowhere in sight.

## I.     State Defendants Offer No Basis to Deny This Motion

Only State Defendants have opposed this Motion and they offer no reason to do so, much less to deny it.  They claim no harm or prejudice of any kind.  In fact, they do not even address the specific relief Plaintiffs request.  Instead, they complain about discovery from Plaintiffs and incredibly claim that they did not know that Plaintiffs' experts needed *any further discovery* from Defendants for their opening reports.  Both arguments miss the mark.

*First*, Plaintiffs' documents have little, if anything, to do with their experts' analyses of Georgia's voting system.  Plaintiffs do not administer, maintain, or control that system—they merely use it (because Defendants force them to for the exercise of their constitutional right to vote).  Thus, the status of Plaintiffs' document production has no bearing on the pending scheduling issue before the Court.  In any event, Curling Plaintiffs expect to produce few, if any, additional documents beyond those they have produced in discovery since they filed this case years ago (which encompasses more than the one small production Defendants misleadingly reference from last fall).  This should come as no surprise given Curling Plaintiffs are voters,

not election workers or others entrusted with responsibility for Georgia's voting system, unlike Defendants.   The primary information of relevance here *from Plaintiffs* is their experience with and concerns about the voting system that Defendants have forced upon them.   That already has been the subject of extensive sworn testimony from Plaintiffs and will be the subject of cross-examination by Defendants if and when they finally choose to depose them.

*Second*, State Defendants allege that Plaintiffs "have never raised the issue of needing this type of discovery to complete their expert reports."   (Dkt. 1119 at 6.) Not only is this facially ridiculous (since when does a plaintiff's expert not need fact discovery from a defendant to conduct analyses regarding the underlying claims and defenses?), but it is untrue.   On May 11, over six weeks ago, Plaintiffs explained: "Of course Plaintiffs need additional important fact discovery from Defendants, *which Plaintiffs' experts will need to address*." (Dkt. 1090 at 3 (emphasis added).) Moreover, State Defendants ignore that their continued nonfeasance in discovery requires an extension of all deadlines, not just expert reports.   This too can come as no surprise to State Defendants given Plaintiffs also emphasized on May 11:

- "State Defendants proposed a mid-August cutoff for fact discovery during the parties' meet-and-confer, and Plaintiffs agree with that, assuming State Defendants finally produce long-needed discovery expeditiously"

- "[I]t is important to understand that Plaintiffs' abbreviated schedule assumes that State Defendants will, at long last, finally cooperate in discovery"

- "[N]o abbreviated discovery schedule can work if State Defendants are allowed to continue to impose unilateral stays of discovery and to ignore their discovery obligations altogether"

- "Moving this case to resolution on the merits expeditiously and efficiently—and maintaining an abbreviated schedule—requires Defendants to engage in good faith on long-avoided discovery"

(Dkt. 1090 at 1, 3, 9.)  Nevertheless, Defendants still have not produced a single additional document in discovery—or indicated when they will—except for incomplete election data.  This alone necessitates the extension and the production deadline Plaintiffs seek.

## II.   State Defendants Misstate the Facts to Mask their Own Nonfeasance

State Defendants again resort to providing a misleading recitation of the facts regarding their own nonfeasance and Plaintiffs' meet-and-confer efforts.  Plaintiffs will not burden this Court with a point-by-point refutation of those inaccurate claims.  But two points require correction.

### A.   *State Defendants Just this Week Reneged on Search Terms Agreed upon Three Weeks Ago—and after Agreeing Two Weeks Ago to Produce the Documents Captured by Those Terms*

State Defendants claim they "advised Plaintiffs of the volume of [search term] result[s] on June 10, and Plaintiffs did not follow up until June 19." (Dkt. 1119 at

4

4.)  This is highly misleading.  The truth is that State Defendants, just this week, reneged on an agreement reached weeks ago on search terms and now seek to restart negotiations, indefinitely delaying their document production.

On June 4, 2021—three weeks ago—*the parties agreed on the search terms State Defendants would use*.  Their counsel wrote then, in response to relatively modest edits from Plaintiffs to State Defendants' proposed terms:

> The expanded search terms in this letter *are acceptable* and we will begin running those against the extended list of custodians *immediately to begin a rolling production of documents* as quickly as we can.

(Dkt. 1119-9 at 11A, June 4, 2021 Email from Bryan Tyson to Eileen Brogan (emphasis added).)

Nearly a week later, Plaintiffs still had not received a single document from Defendants.  So on June 10, they asked when State Defendants would begin their rolling production.  (*Id.* at 8.)  It is true that State Defendants, in response, "advised Plaintiffs of the volume of [search term] result[s] on June 10." (Dkt. 1119 at 4.)  But State Defendants omit that their counsel *expressed no concern about the search term results*, instead indicating that they were "queuing up [their] review process on those" documents for the promised rolling production.  (Dkt. 1119-9 at 7, June 10, 2021 Email from Bryan Tyson to David Cross.)  Thus, Plaintiffs had no reason to "follow up" on that email at that time as State Defendants misleadingly imply they

should have done.  (Dkt. 1119 at 4.)  In fact, State Defendants' counsel emailed again on June 11 and June 15 about discovery they were providing and never once expressed any concern about the results of the agreed search terms or the review that supposedly was well underway by then for the documents he promised on June 10 to begin reviewing for production.  (Dkt. 1119-6.)

After still receiving no documents another nine days later, Plaintiffs again followed up on the timing of State Defendants' production on June 19.  (Dkt. 1119-9 at 6.)  Two days later, State Defendants' counsel—citing essentially the same search term results as they cited on June 10—suddenly announced that they would not use the terms agreed to weeks earlier, despite their June 10 commitment to start reviewing "those" documents for production.  (*Id.* at 6)  They now want to renegotiate the search terms, further delaying their production.  Having agreed to the search terms and having agreed to review and produce responsive results weeks ago, they should be bound by their agreements and should produce documents immediately.  But that is not the purpose of this Motion.  Plaintiffs alerted the Court to these facts—and correct the record now—only to explain why they need the

*scheduling* relief they seek here.[1]  State Defendants continue to drag their feet in discovery, with no new documents in sight.

> B.    *State Defendants Omit that They Refused to Agree to an Extension before Plaintiffs Filed this Motion*

State Defendants feign surprise at Plaintiffs' request for an extension.  (Dkt. 1119 at 6.)  They omit, however, that they informed Plaintiffs well before this Motion was filed:  "On an extension, we will not consent to an extension of the discovery schedule."  (Dkt. 1119-9 at 2, June 22, 2021 Email from Bryan Tyson to David Cross.)  Their position was unequivocal.  And at no point during the parties' discussions on June 23 did they suggest their position had changed or might change—nor do they now.

Asking this Court to deny this Motion when their refusal to agree to any extension is admitted and unflinching is just another obstructive tactic.  Plaintiffs

---

[1] The same is true with the facts Plaintiffs described in their Motion regarding the deficiencies with the election data State Defendants only just recently produced. (Dkt. 1118 at 3-4.)  That Plaintiffs and their experts still have not received the election data for two recent, major elections that the Secretary of State is required to obtain and maintain from each county is an important reason Plaintiffs need the extension and production deadline sought here.  Plaintiffs have not asked this Court to compel Defendants to produce any such data—though that may soon prove necessary.  That the Secretary of State and Fulton County do not have this data, as they are supposed to, for major elections in November 2020 and January 2021 is deeply troubling; as is the Secretary's claim here that it has no power to obtain this data from the counties, which is wrong.  But this is an issue for another day.

conferred with Defendants before filing, and State Defendants rejected any possible extension.  Notably, however, Fulton County has not asserted any such objection.

## CONCLUSION

Plaintiffs have readily established good cause for the extension and production deadline they seek.  The salient facts are undisputed:  Defendants have produced no new discovery in nearly a year (except for incomplete election data, including for Fulton County) and have provided no indication of when they will even begin producing documents; and State Defendants suddenly want to renegotiate search terms after agreeing weeks ago to the terms and to reviewing and producing the resulting documents on a rolling basis.  State Defendants claim no prejudice from the short extension requested, nor could they.  Their opposition to this Motion is purely tactical:  to reap the benefits of the severe prejudice they have imposed on Plaintiffs by requiring opening expert reports on a discovery record Defendants have refused to meaningfully advance and by imposing subsequent deadlines on Plaintiffs with no discovery from Defendants even on the horizon.  The Court should grant the extension and the July 15 deadline for completion of document productions.

Given Plaintiffs' opening expert report deadline is less than a week away, Plaintiffs request the Court's attention to this Motion at its earliest opportunity.

Respectfully submitted this 25th day of June, 2021.

8

 /s/ David D. Cross                           /s/ Halsey G. Knapp, Jr.
David D. Cross (*pro hac vice*)              Halsey G. Knapp, Jr.
Veronica Ascarrunz (*pro hac vice*)          GA Bar No. 425320
Eileen Brogan (*pro hac vice*)               Adam M. Sparks
Lyle P. Hedgecock (*pro hac vice*)           GA Bar No. 341578
Mary G. Kaiser (*pro hac vice*)              KREVOLIN & HORST, LLC
Robert W. Manoso (*pro hac vice*)            1201 West Peachtree Street, NW
MORRISON & FOERSTER LLP                       Suite 3250
2100 L Street, NW, Suite 900                  Atlanta, GA 30309
Washington, DC 20037                         (404) 888-9700
(202) 887-1500

   *Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*


/s/ Bruce P. Brown                           /s/ Robert A. McGuire, III
Bruce P. Brown                               Robert A. McGuire, III
Georgia Bar No. 064460                       Admitted Pro Hac Vice
BRUCE P. BROWN LAW LLC                         (ECF No. 125)
1123 Zonolite Rd. NE                         ROBERT MCGUIRE LAW FIRM
Suite 6                                       113 Cherry St. #86685
Atlanta, Georgia 30306                        Seattle, Washington 98104-2205
(404) 881-0700                                (253) 267-8530

       *Counsel for Plaintiff Coalition for Good Governance*


/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

      *Counsel for Plaintiffs Laura Digges, William Digges III,*
           *Ricardo Davis, & Megan Missett*

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

<u>/s/ David D. Cross</u>
David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER , ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2021, a copy of the foregoing

**PLAINTIFFS' JOINT REPLY IN SUPPORT OF THEIR MOTION TO**

**EXTEND THE SCHEDULE DUE TO DEFENDANTS' CONTINUED**

**NONFEASANCE IN DISCOVERY** was electronically filed with the Clerk of

Court using the CM/ECF system, which will automatically send notification of

such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross

11