# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs,* v. BRAD RAFFENSPERGER, *et al.*, *Defendants.* | CIVIL ACTION FILE NO. 1:17-CV-2989-AT |

## STATE DEFENDANTS' DISCOVERY STATUS REPORT

On July 12, 2021, the parties filed a joint discovery statement addressing State Defendants' objections to Plaintiffs' discovery demands. [Doc. 1130]. In sum, State Defendants explained that the scope of Plaintiffs' discovery is inconsistent with the Court's Order for an "abbreviated" discovery schedule, [Doc. 1088], and unduly burdensome and not proportional to the needs of the case, Fed. R. Civ. P. 26(b)(1), particularly in light of jurisdictional issues that plague Plaintiffs' various complaints.

Following submission of the joint discovery statement, the Court convened a telephone conference on July 26, 2021. State Defendants informed the Court that the search terms yielded more than 100,000 emails and attachments alone. State Defendants further provided the Court with their

estimate of the time it would take to review these documents and that, as a result, responding to the requests may require an extension of the discovery schedule. To that end, the Court requested an update on the status of State Defendants' productions two weeks after the conference. [Doc. 1143 at 51:5–13]. Also during the July 26 conference, the Court directed Curling Plaintiffs to inform the State Defendants as to whether their production was complete by Wednesday, July 30, 2021. *Id.* at 58:6–11. State Defendants file this status report to inform the Court as to both issues.

## I.   State Defendants' Document Review and Production

As the State Defendants informed the Court during the July 26 conference, the State had tasked ten attorneys with the review of documents produced in the *Fair Fight Action* case and produced 40,308 pages of documents to Plaintiffs on July 17, 2021. Following the Court's directive during the July 26 conference overruling State Defendants' objections as to the additional email searches, State Defendants have engaged sixteen (16) attorneys to expeditiously review and produce the emails and attachments identified by search terms. In just over one week, the State Defendants reviewed approximately 8,000 documents, producing more than 13,000 pages

of documents to Plaintiffs on August 6, 2021.[1] State Defendants have engaged additional attorneys on the review since and expect to make another similar production this Friday, August 13, 2021, and each Friday thereafter. At a pace of 8,000 documents reviewed per week, State Defendants anticipate completing review of these email documents in approximately fifteen (15) weeks.

The number of documents remaining, however, continues to expand. At the request of Plaintiffs' counsel, State Defendants will be adding email documents of Mr. Gabriel Sterling for the time-period during which he was an independent contractor. State Defendants' e-discovery vendor is currently in the process of obtaining and applying search terms to those files, so the total number is unknown.[2] Additionally, as State Defendants informed the Court, Curling Plaintiffs served additional discovery on the same day they were unavailable to complete their portion of the joint discovery statement. [Doc. 1130 at 7 (State Defs' Reply to Issue No. 2)]; *see also* [Doc. 1129]. Search terms provided by Plaintiffs for those requests yielded nearly 6,000

---

[1] This single production alone outnumbers the entirety of documents produced by Curling Plaintiffs in this case—largely documents obtained via open records requests and academic papers relied on by Dr. Halderman for his 2019 declaration(s).

[2] More than 4,000 documents from Mr. Sterling's SOS account are already contained in the review set.

additional emails and attachments. Between these and what State Defendants anticipate identifying of Mr. Sterling's documents, an additional two (2) weeks beyond the estimated fifteen weeks will likely be required.

## II.   Curling Plaintiffs' Document Production

On July 28, 2021, Curling Plaintiffs informed State Defendants they believed their production was "substantially done and possibly completely done, but we should be able to confirm next week." State Defendants did not quibble with this need for additional time and, on July 29, 2021, informed the Court via electronic mail that no dispute appeared to be ripe. The next Friday, August 6, 2021, Curling Plaintiffs informed State Defendants: "We confirm that Curling Plaintiffs' search and production is substantially complete, subject to our objections and previous discussions, and with the potential of a small number of additional documents."  In light of receiving the same "substantially complete" answer as before, State Defendants requested the topic be added to a meet-and-confer already scheduled for the same day.  Shortly thereafter, Curling Plaintiffs responded that they had "completed their production."

The parties conferred on the issue on Friday, August 6, 2021. Lead counsel for Curling Plaintiffs did not attend. State Defendants understood from that conversation that more documents would be forthcoming and,

4

presumably, there should be. State Defendants had already informed Curling Plaintiffs of several specific concerns with their production, including: that all of the documents produced have apparently come from only one Plaintiff (Ms. Price); that the documents appear to have been gathered in advance of the September hearing on Plaintiffs' motions for preliminary injunction but for whatever reason were not produced until a few weeks ago; that portions of the email chains they did produce, and attachments thereto, are missing entirely from the production; and that no non-email documents had been produced whatsoever. State Defendants understanding was incorrect: lead counsel for Curling Plaintiffs followed up with an email message stating the production was complete and that he did not understand State Defendants' "angst" as its completion.

State Defendants understand that what was produced are only email communications of Ms. Price, using an email address with the domain "@gaverifiedvoting.com." State Defendants understand that Curling Plaintiffs determined they would not produce emails from Plaintiffs' other accounts because State Defendants were not searching the personal email accounts of the Secretary's employees. Of course, that ignores that State Defendants were sued in their official capacities and that the Secretary's Office does not conduct official business via personal email accounts. *See Fair Fight Action,*

5

*Inc., et al. v. Raffensperger*, No. 1:18-cv-05391-SCJ, ECF No. 286 (N.D. Ga. Apr. 1, 2020) (denying Plaintiffs' motion to compel production of personal email accounts). Plaintiffs, on the other hand, brought this suit in their individual capacities. Moreover, even accepting Curling Plaintiffs' arguments, that fails to explain why non-email records of Georgians for Verified Voting were not produced, nor does it explain why non-email documents in the possession of the Curling Plaintiffs were not produced. State Defendants request direction from the Court or otherwise will prepare a joint discovery statement on the issue, but wanted to be sure the Court had all the information it requested in the discovery conference. [Doc. 1143 at 58:6–11].

Respectfully submitted, this 10th day of August 2021.

> */s/ Carey A. Miller*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Javier Pico-Prats
> Georgia Bar No. 664717
> ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC
> 500 14th Street, N.W.

Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this State Defendants' Discovery Status Report has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1. Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

*/s/ Carey A. Miller*
Carey A. Miller