# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-CV-2989-AT

## STATE DEFENDANTS' MOTION FOR LIMITED EXTENSION TO THE DISCOVERY SCHEDULE OR, IN THE ALTERNATIVE, FOR LEAVE TO CONDUCT DEPOSITIONS OF PLAINTIFFS

State Defendants submit this Motion seeking an extension of the discovery schedule to allow for the deposition of each Plaintiff in this case or otherwise leave to conduct those depositions. State Defendants had been waiting on the completion of each Plaintiff groups' document production prior to deposing the named individual and organizational Plaintiffs. However, clarity on that completion has been lacking and State Defendants have been unable to confirm deposition dates with Plaintiffs' counsel. In any event, State Defendants understood that the Court is already contemplating an extension to the schedule but file this motion to preserve all rights.

On May 24, 2021, Counsel for State Defendants wrote to counsel for the Coalition Plaintiffs regarding their objections to State Defendants' discovery requests and seeking to confirm dates for the depositions of the Coalition Plaintiffs. Counsel for Coalition Plaintiffs responded on June 1, 2021, but did not provide any dates for depositions of the Coalition Plaintiffs. On June 4, 2021, Coalition Plaintiffs produced 635 pages of documents in response to State Defendants' discovery requests. On July 8, 2021, following a conference, State Defendants and Coalition Plaintiffs submitted a joint discovery statement regarding a portion of those requests. [Doc. 1127]. That dispute was resolved by the Court on July 26, 2021. On July 29, 2021, Coalition Plaintiffs confirmed, by email to counsel for State Defendants, that their production of documents was complete. The following week, counsel for State Defendants requested, again, that Coalition Plaintiffs' counsel provide dates for the deposition of their clients. Counsel responded that they would respond later regarding workable deposition dates but no dates have been provided since.

On July 19, 2021, Curling Plaintiffs produced 162 pages of documents in response to State Defendants' discovery requests. State Defendants expressed doubt as to the completeness of that production and, during the July 26, 2021 conference, the Court directed Curling Plaintiffs to inform

2

State Defendants whether their production was complete by Wednesday, July 28, 2021, so that any issue could be resolved by the Court the following day (if necessary). [Doc. 1143 at 58:6–11]. On July 28, 2021, Curling Plaintiffs were either unable or unwilling to confirm the completeness of their production, instead stating that their production was "substantially done and possibly completely done, but [that they] should be able to confirm next week." State Defendants again inquired as to the status of Curling Plaintiffs' document production on August 4, 2021, but counsel for Curling Plaintiffs stated he and his team were "consumed right now" and were aiming to have an answer by the end of that week. As State Defendants informed the Court in their Status Report, Curling Plaintiffs again provided the same substantially complete and answer on August 6, 2021, and the parties conferred on the issue. *See* [Doc. 1149 at 4–6]. Taking Curling Plaintiffs at their word, though reserving rights, State Defendants requested deposition dates for their clients on August 11, 2021. No dates were provided.

In light of the foregoing, good cause exists to modify the scheduling order and permit State Defendants to take the depositions of the Plaintiffs in this case. The only party complying with their discovery obligations and the directives of this Court remains the State Defendants—at significant cost to taxpayers. State Defendants attempted in good faith to schedule depositions

for Plaintiffs in this case on dates which were mutually agreeable, but have been unsuccessful. Accordingly, State Defendants have, today, noticed depositions for each Plaintiff to reserve their rights and request the Court permit those depositions to occur after the end of fact discovery, today, [Doc. 1093].

Respectfully submitted, this 16th day of August 2021.

/s/ Carey A. Miller
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Javier Pico-Prats
Georgia Bar No. 664717
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com

James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this State Defendants' Motion for Limited Extension to the Discovery Schedule or, in the alternative, for leave to conduct depositions of Plaintiffs has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.  Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

*/s/ Carey A. Miller*
Carey A. Miller