IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' RESPONSE TO STATE DEFENDANTS'
CONSOLIDATED RESPONSE IN LIMITED OPPOSITION TO
PLAINTIFFS' MOTION TO EXTEND SCHEDULE
AND REQUEST FOR HEARING**

Curling Plaintiffs submit this short response to State Defendants' brief expressing "limited opposition" to the extension Coalition Plaintiffs are seeking. Rather than burden this Court with a lengthy brief responding to each of State Defendants' arguments, Curling Plaintiffs will be prepared to address these issues with the Court at the November 19, 2021 hearing. But Curling Plaintiffs respond here to address—and clarify—three key points.

***First***, State Defendants represent that "based on correspondence from counsel, State Defendants understand that Curling Plaintiffs likewise seek an extension." This does not quite capture Curling Plaintiffs' actual position. Curling Plaintiffs did not join Coalition Plaintiffs' motion for an extension for a reason—while Curling Plaintiffs do not oppose an extension as necessary, they are eager to resolve this case on the merits. They are especially concerned about discovery dragging on for several more months, pushing the parties to the cusp of another major election season in Georgia as Curling Plaintiffs seek vital relief for those elections and greatly increasing the cost of litigation.

This case has persisted far longer than necessary. Part of that is due to the unforeseen and unfortunate circumstances of a global pandemic. But the primary delay and cost-increases have come from State Defendants' willful strategy of obstructing discovery, as this Court has noted on several occasions. They only

1

recently completed their document production (and provided a massive privilege log that looks to capture many non-privileged documents); and they have provided availability for only a single deponent for depositions that Curling Plaintiffs have been attempting to schedule for months (they have provided no availability for a Rule 30(b)(6) deposition). Their document production is bloated with many non-responsive (and public) documents while deficient in important respects. For example, it appears some of the State Election Board members, who are defendants and entrusted with authority for state elections, have produced no documents at all. And State Defendants have directed Fortalice to withhold many highly relevant documents in response to a subpoena based on confidentiality objections, despite the presence of a protective order in this case and State Defendants' prior agreement not to withhold documents on that basis *given the protective order in place* (Curling Plaintiffs sent State Defendants a draft joint discovery statement on this dispute Friday and are awaiting their portion, with the hope of addressing it with the Court at the November 19 hearing).

All of this is to say that *some* extension is needed, *regrettably*. But this case must finally move forward efficiently and expeditiously to resolution. Continued delay compounds the harm to Curling Plaintiffs' constitutional right to vote and needlessly multiplies the already-enormous costs incurred in their good faith effort

to protect that right. Curling Plaintiffs will be prepared to discuss an appropriate schedule with the Court at the November 19 hearing.[1]

***Second***, it is imperative that any extension does *not* allow service of new discovery requests. The deadline has long since passed. The parties had a full and fair opportunity to serve any final discovery requests before that deadline. This is especially true of Defendants given Curling Plaintiffs completed their document productions months ago (and would have completed their depositions weeks ago had State Defendants not overreached with their examination). Allowing Defendants to serve further discovery requests would be highly unfair and prejudicial to Curling Plaintiffs and further multiply litigation costs.

Defendants have no good faith need to serve further discovery requests. State Defendants alone have served over 100 interrogatories on Curling Plaintiffs (it is actually likely much more given many include various subparts that constitute

---

[1] State Defendants object to the long-standing agreement in this case to provide discovery responses within 15 days and argue "that there is no reason to rush through this discovery that Plaintiffs claimed was so important to the case." First, discovery has been anything but a "rush" with State Defendants. Second, that provision essentially should be moot going forward because no further discovery requests should be allowed as explained below. Third, Curling Plaintiffs agreed to an extension for responses to their RFAs, which of course seek only a one-word response (admitted or denied). Fourth, without this provision in the past, discovery would have moved even more slowly and it should remain in place in the event any new discovery requests are permitted.

separate interrogatories)[2] and well over 250 document requests on Curling Plaintiffs and their declarants. State Defendants served dozens of new interrogatories and document requests after the Court indicated in August it was granting the last extension. This should not be allowed again. Any extension should allow the parties *only* to complete the discovery they already have sought, subject to the caveat that the parties may be allowed to pursue discovery that they could not have reasonably foreseen before the prior deadline (such as new information that comes to light in a deposition).[3] If Defendants actually needed further discovery, they would have served any such requests well before now.[4]

---

[2] State Defendants circumvented the limit of 25 interrogatories—over Curling Plaintiffs' objections—by serving sets on behalf of individual Defendants even though the discovery is obviously sought collectively for all State Defendants.

[3] State Defendants' request that Dr. Halderman's deposition be rescheduled is not well taken and should be denied. Curling Plaintiffs already rescheduled it once at State Defendants' insistence and made clear it could not be moved again because of conflicts, including Curling Plaintiffs' lead counsel's multi-week trial beginning in California on November 29, 2021. State Defendants now seek to renege on their express agreement not to seek a further postponement of that deposition. This request is especially prejudicial given Dr. Halderman already has traveled to Washington, D.C. to prepare for the deposition. That said, it appears State Defendants abandoned this request given they served an amended notice for the deposition for the agreed date after filing their brief regarding the extension.

[4] State Defendants' argument that Curling Plaintiffs have engaged in expansive discovery is untrue. Curling Plaintiffs have heeded this Court's direction and *narrowly focused their discovery efforts on the discrete issue of the security and reliability of Georgia's BMD election equipment.* The discovery Curling Plaintiffs have sought regarding DREs relates only to the narrow issue of the extent to which

***Third***, State Defendants' repeated arguments regarding standing have become an abuse of the judicial process.  They not only lack merit, but the willful repetition is inappropriate and further wastes time and resources, including needlessly multiplying litigation costs.  They have made their position clear—numerous times—and those arguments have no place in determining a simple extension.  In fact, the parties perhaps could have negotiated a stipulated extension to jointly present the Court (*as they did last time*) had State Defendants simply engaged in good faith on that discrete issue rather than burdening the Court and the parties with yet another round of redundant briefing on standing (which misstates the law and the facts).  All parties agree that some extension is needed, but only State Defendants refused to try to negotiate an extension and burdened the Court with a "limited opposition" (which is nonsensical).  If they genuinely want this case resolved quickly, they should cooperate in discovery so the parties can get to summary judgment briefing and a trial on the merits.

---

a breach of the DRE system (which State Defendants' expert, Dr. Juan Gilbert, admitted occurred) may have affected the security and reliability of the BMD system, such as through the use of the same removable media or other connections or exchanges of data (Dr. Gilbert admits he did not investigate or even consider this important issue for his opinions).  State Defendants, on the other hand, spent much of the deposition of Plaintiff Jeffrey Schoenberg walking in tedious detail through specific allegations in *each of the prior complaints seeking relief for the now-defunct DRE system*.

5

Respectfully submitted, this 15th day of November, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica S. Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Mary G. Kaiser (*pro hac vice*) | Adam M. Sparks |
| Lyle F. Hedgecock (*pro hac vice*) | GA Bar No. 341578 |
| MORRISON & FOERSTER LLP | KREVOLIN & HORST, LLC |
| 2100 L Street, NW | 1201 West Peachtree Street, NW |
| Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

             /s/ David D. Cross
             David D. Cross

0

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, a copy of the foregoing **CURLING PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' CONSOLIDATED RESPONSE IN LIMITED OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND SCHEDULE AND REQUEST FOR HEARING** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                          */s/ David D. Cross*
                                          David D. Cross

1