# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br><br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**COALITION PLAINTIFFS' RESPONSE TO STATE DEFENDANTS'
DISCOVERY DISPUTE (DOC. 1245)**

**January 13, 2022**

The Coalition Plaintiffs submit this response to the State Defendants' Discovery Statement (Doc. 1245) concerning the Coalition Plaintiffs' responses to the State Defendants' Second Requests for production of Documents and Anh Le's First Interrogatories.

The Coalition Plaintiffs have reconsidered their objections to this discovery and have agreed to respond to several requests and interrogatories, thus substantially reducing the number of disputed issues:

**Request No. 2** seeks documents showing the total number of contributors and total number of contributions received by CGG "as a result of fundraising efforts concerning the Litigation." Coalition Plaintiffs continue to disagree with the State Defendants' theory of organizational standing as reflected in its position as to the relevancy of these documents. However, as a practical matter, there are no documents that are responsive to this request because, although CGG features all of its activities, including litigation, in its fundraising efforts, contributions generally are not earmarked for specific litigation and there are no documents showing the number of contributors or amount of contributions "as a result of fundraising efforts concerning this Litigation." Coalition Plaintiffs note, however, that its Executive Director, Marilyn Marks, for purposes of organizational standing can explain in a Rule 30(b)(6) deposition the Coalition CGG's fundraising efforts as well as how it has diverted significant financial and human resources from the planned activities of CGG.

**Request No. 3** seeks communications between the Coalition Plaintiffs and other

individuals (such as Lin Wood and Syndey Powell, as well as every candidate for any election in 2020 anywhere in the country) concerning this litigation. Coalition Plaintiff object to this discovery on the grounds of relevancy and burdensomeness. In their Discovery Statement, the State Defendants do not explain how Coalition Plaintiffs' communications with these individuals and groups is discoverable – that is, how the documents would have "any tendency to make a fact more or less probable" and that the "fact is of consequence in determining the action." Fed. R. Evid. 401. Information is not relevant, or discoverable, merely because it might involve the same topic, or mention the litigation; it has to have some bearing on a fact of consequence. Rather than make such a showing, the State Defendants state, cryptically, that other the relevancy is proven by the fact that other organizations, with which the Coalition Plaintiffs have communicated (such as Free Speech for People) have filed what the State Defendants characterize as similar claims. But that observation does not show – or even relate to – the relevancy of Coalition Plaintiffs' communications with others about this case.

**Request No. 4** seeks documents relating to the "important and time-sensitive issue" raised by Curling Plaintiffs via electronic mail with the Court. In light of this Court's recent Order (Doc. 1252), Coalition Plaintiffs will drop their relevance objection and produce non-privileged document(s) responsive to the request.

**Request No. 5** seeks communications between Coalition Plaintiffs and anyone else (except expert witnesses) relating to Dr. Alex Halderman's report. As with Request 3, Coalition Plaintiffs' objection based on relevancy remains sound: the State Defendants do

2

not make any kind of proffer as to what evidence might be found in such communications that would make a fact of consequence more or less likely, or how the existence or substance of such communications might lead to the discovery of admissible evidence.

**Request No. 6** seeks documents reflecting communications between Coalition Plaintiffs and "any declarant or fact witness upon whom CGG intends to rely." (Doc. 1245 at 6). Assuming that the State Defendants mean upon whom CGG intends to call as witnesses at trial, this request (which is a disguised interrogatory) is premature. CGG at this time does not know who it will call as a witness at trial and therefore has no documents responsive to this request.

**Requests No. 8 and 9:** Coalition Plaintiffs will produce responsive documents by January 21, 2022.

**Interrogatory No. 11** asks Coalition Plaintiffs to identify "fact witnesses upon whom CGG will rely at summary judgment." The request is objectionable as premature but, as a practical matter, Coalition Plaintiffs' answer to this interrogatory is this: CGG does not know who CGG will rely upon "at summary judgment" because no motion for summary judgment has been filed.

**Interrogatory No. 12** asks Coalition to identify members that are residents of Georgia, and their dates of membership, but limited to "those individuals upon whom CGG is relying for associational standing." As so limited, Coalition will provide a list of such members who Coalition at this time is relying upon for associational standing, along with the status of their membership.

Respectfully submitted this 13th day of January, 2022.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,
Ricardo Davis & Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br>E<br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14, and has been served on all counsel via the Court's electronic filing system.

This 13th day of January, 2022.

*/s/ Bruce P. Brown*
Bruce P. Brown