IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**COALITION PLAINTIFFS' RESPONSE
TO STATE DEFENDANTS' NOTICE OF OBJECTION
TO COALITION PLAINTIFFS'DEPOSITION NOTICES**

Coalition Plaintiffs hereby respond to the State Defendants' Notice of Objection to Coalition Plaintiffs' Deposition Notices lodged with the Court on January 24, 2021, as directed by the Court by Order of that same day. (Doc 1272)

**The Raffensperger Notice**

Coalition Plaintiffs served their Notice of the Deposition of Secretary Raffensperger on January 19, 2022 ("Raffensperger Notice"). Coalition Plaintiffs note that on that same day, and for weeks before, State Defendants and other parties have been engaged in ongoing communications regarding the taking of depositions, many of which were discussed for the first time in the closing weeks of discovery. The timing of the Raffensperger Notice is hardly unique in that regard. Indeed, at this moment, some fourteen (14) depositions are scheduled or being scheduled for

1

taking in the final two weeks of discovery, not including the Coalition's 30(b)(6) deposition, which State Defendants indicated yesterday that they still wish to take. Ironically, State Defendants raised the issue of scheduling that deposition (not for the first time) on the same day they complained that it was too late to schedule Secretary Raffensperger's deposition.

State Defendants complain that the Raffensperger Notice "extends well beyond that bounds of 'abbreviated'[1] discovery envisioned by the Court [Doc. 1088], and beyond the bounds of discovery that is proportional to the needs of the case at this juncture." This argument is unfounded and unexplained: the deposition notice, unlike a 30(b)(6) notice, includes no topics of inquiry and cannot be presumed to be beyond the scope of discovery.

"[I]n the Eleventh Circuit, there is no *per se* rule forbidding the deposition of high-ranking government officials." *Davis* ex rel. *J.D.D. v. Carroll,* No. 8:16-CV-0998-T-35MAP, 2017 WL 11151858, at *2 (M.D. Fla. July 24, 2017) (citations omitted). The Secretary, in his official capacity, has made, and continues to make, substantive comments on the merits of this litigation, on the elements of the Georgia election system at issue in this case, the integrity and reliability of that system, the quality of the audits and outcomes of elections using those systems, and other related matters. Secretary Raffensperger has made time for countless national TV

---

[1] The word "abbreviated" appears nowhere in the Court's August 17, 2021 Order.

appearances, given hundreds of speeches, and has even written a book, all detailing his personal decision-making as the senior election official and his individual unique perspective. No other person in the state appears to be as informed or as vocal about the election system as Secretary Raffensperger. Hence, he is uniquely qualified to testify as to these matters.

The case law State Defendants cite to purportedly immunize Secretary Raffensperger simply do not stand for the proposition for which they are cited. *In Re: USA* has nothing to do with this case; it is a separation of powers case that involves a district court order that a "high-ranking [federal] executive branch official" appear at a hearing and testify. The court's analysis focused on one co-equal branch of government compelling the conduct of another branch. Our situation does not involve co-equal branches of government. In *Fair Fight Action v. Raffensperger*, the court held that Governor could be deposed on a variety of subject notwithstanding his status as a high-ranking government official. The court in *Davis ex rel. J.D.D. v. Carroll, 2*017 WL 11151858 (M.D.Fla. Jul. 24, 2017), also recognized that there is no *per se* rule against taking the deposition of a high-ranking government official provided an appropriate showing can be made.

All of that said, Coalition Plaintiffs have sought to schedule Secretary Raffensperger's deposition as the last Defendant's deposition to be taken so that Coalition Plaintiffs can assess whether and to what extent other witnesses have been

able to address fully essential areas of inquiry Plaintiffs have. If and to the extent that other witnesses cumulatively have fully addressed the issues about which Coalition Plaintiffs would question the Secretary, Coalition Plaintiffs will withdraw their Notice of Deposition. If, on the other hand, questions remain unanswered that it appears the Secretary should be capable of answering, Coalition Plaintiffs request that they be able to present those questions to the Court and seek leave to take Secretary Raffensperger's deposition as a last resort and final (lay) witness.

## Secretary of State 30(b)(6) Deposition

There are two important things to understand regarding the SOS Rule 30(b)(6) Notice that should eliminate any controversy. First, it was first served a Joint Notice of the Curling Plaintiffs and the Coalition Plaintiffs, and it still is a Joint Notice. Second, there is very little in the way of new areas of inquiry introduced by the revisions made by the Coalition Plaintiffs' recent notice.[2] Rather, the new notice simply drills down on certain details regarding the areas of inquiry. That was done in an effort to make it easier for State Defendants to prepare their designee.

State Defendants largely repeat the same arguments in objecting to the SOS 30(b) (6) as they made for the Raffensperger Notice. The topics covered by the

---

[2] The original joint 30b(b)(6) deposition notice is attached as Exhibit B. The January 14, 2022 Amended Notice served by Curling Plaintiffs is attached at Exhibit C. Coalition's January 20, 2022 Amended Notice served by Coalition Plaintiffs is attached as Exhibit D.

Notice cover subjects well within the permissible universe of subjects contemplated by the Court in its directions to the parties. The specific topics of examination sought deal with significant ballot tabulation irregularities and ballot secrecy. Specifically, the topics relate directly to the injury-in-fact individual Coalition Plaintiffs and members with respect to inaccurate vote count tabulations and irregularities in several of their home precincts and their individual methods of voting. The information sought is directly responsive to the Court's directive to Plaintiffs to focus discovery efforts on injuries to plaintiffs in their individual voting experience.[3]

In addition, State Defendant argue that Coalition Plaintiffs made no effort to confer with State Defendants in good faith prior to serving the Notice.  Again, that can be explained by understanding that the Amended Notice simply provides greater detail regarding the subjects to be covered, but the subjects covered were largely revealed in the Notice that was served in August 2021. Given the critical nature of the November 2020 election irregularities which Coalition Plaintiffs plan to incorporate in their direct examination, Coalition Plaintiffs believe the most efficient approach is to be as specific as possible about the nature of the planned inquiry. If Defendants require more time to be fully prepared for the examination given the

---

[3] State Defendants' position appears to be that Coalition Plaintiffs can only take discovery on standing issues, while state Defendants can take discovery on all relevant topics.  If true, that would be fundamentally unfair to forbid Coalition Plaintiffs from engaging in substantive discovery or limiting that discovery in any meaningful way while State Defendants are unconstrained in their discovery efforts.

complex nature of some of the voting system irregularities that have been detected, Coalition Plaintiffs do not object to an extension of time to do so.

To the extent, however, that State Defendants wish to confer regarding the substance of the Notice, Coalition Plaintiffs are perfectly willing to do so and invite State Defendants to confer ahead of the telephonic hearing the Court has set for January 27, 2022. Coalition Plaintiffs will attempt to confer with Defendants' counsel to provide the Court with the most complete response feasible prior to January 26 at 1pm.

### Position on a Reasonable Extension of Discovery

Coalition Plaintiffs believe that a reasonable extension of time for discovery is essential to avoid prejudice to their pursuit of their claims, and they will file a statement on January 26th supporting the need for the extension primarily based on recent findings from still incomplete information received from Fulton County in response to the Court's December 3, 2021 Order as referenced in its letter Exhibit A.

Respectfully submitted this 25th day of January, 2022.

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges, Ricardo Davis & Megan Missett*

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATES OF SERVICE AND COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

I further certify that on January 25, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Cary Ichter*
Cary Ichter