**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**COALITION PLAINTIFFS' POSITION REGARDING THE NEED FOR**
<u>**ADDITIONAL TIME TO COMPLETE DISCOVERY**</u>

Coalition Plaintiffs hereby respond to the Court's direction that the parties submit papers regarding their position on the need for additional time to complete discovery as follows:

As noted in the brief concerning anticipated discovery disputes filed contemporaneously with this filing, the Coalition Plaintiffs need access to Fulton County election records before taking Fulton County's Rule 30(b)(6) designee's deposition. That deposition was noticed months ago, but the Coalition has been waiting for Fulton County to comply with the Court's order compelling production of election records and fulfill other RFP requests served in October. The Coalition Plaintiffs had hoped that the Court ordered December 2021 production would enable them to move forward with the deposition, but the production proved to be materially incomplete. It is clear that those election records cannot be produced in time for the materials be analyzed and to schedule and take the Fulton County deposition. If Fulton is allowed to avoid producing the documents it has already been ordered to produce and if the Coalition is required to that the Fulton County deposition without essential documents, the message will be clear: If you refuse to cooperate in discovery, ignore court orders, and delay at every turn, you truly can successfully thwart discovery and you can bury the truth.

The Coalition and Curling Plaintiffs' diverse, but complementary, approaches to discovery and proof of their claims are highlighted in the types of ongoing discovery underway. The focus of the Curling Plaintiffs' discovery efforts relate to the cybersecurity weaknesses in the design and installation of the Dominion BMD system. Much, if not most, of the Curling discovery has been accomplished through Dr. Alex Halderman's access to the components of the BMD system loaded with a mock election, which was made available to Plaintiffs in August 2020. Additionally, the design and implementation of the system as documented in State's files and those of its vendors have made up much of the discovery work during 2021 for the Curling Plaintiffs.

The Coalition Plaintiffs, on the other hand, have focused on the operational performance of the Dominion voting system in the field during the 2020 elections and "as installed." That approach has obviously necessitated access to massive amounts of electronic records which have been harder to access than should have been the case. The Coalition Plaintiffs have spent over six (6) months attempting to acquire the most basic election project files from Fulton County and the Secretary of State. Those files are still far from complete despite this Court's December 3, 2021 court order for the production of the files.

There are two related reasons why these electronic election records are critical to the Coalition Plaintiffs' pursuit of their claims. First, this Court has ordered that

Plaintiffs focus on evidence of injury in fact to Coalition members and Plaintiffs. The Coalition has a concentrated group of highly active members in Fulton County who have in fact experienced difficulty in exercising their right to cast an accountable ballot using the Dominion system. Through tedious analysis of incomplete electronic records, the Coalition Plaintiffs have developed compelling evidence of the existence of discrepancies and irregularities in vote tabulations in their home precincts and the precincts of other members, clearly demonstrating the likelihood of their votes being improperly counted or diluted by double- and triple-counting of other votes in their precincts.

Second, the prevalence of similar errors across various precincts and counties demonstrates systemic problems of the very type that the Coalition Plaintiffs detail in their First Supplemental Complaint challenging unconstitutional aspects of the entire Dominion voting system. The required records for much of the Coalition Plaintiffs work have simply not been available until the last three (3) months.  Over that time, the Coalition Plaintiffs have engaged in a long and tedious review and analysis of millions of election records.  Despite the fact that the production has been incomplete, the production clearly shows systematic irregularities that Defendants need to explain.  Failure to do so will spell a bleak future for election security in Georgia.  The amount of additional time required for discovery is dependent to a great degree on Fulton's making the highly relevant documents available.

Respectfully submitted this 26th day of January, 2022.


*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*


*/s/ Bruce P. Brown*               */s/ Robert A. McGuire, III*
Bruce P. Brown                      Robert A. McGuire, III
Georgia Bar No. 064460              Admitted Pro Hac Vice
BRUCE P. BROWN LAW LLC               (ECF No. 125)
1123 Zonolite Rd. NE                ROBERT MCGUIRE LAW FIRM
Suite 6                             113 Cherry St. #86685
Atlanta, Georgia 30306              Seattle, Washington 98104-2205
(404) 881-0700                      (253) 267-8530

*Counsel for Coalition for Good Governance*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATES OF SERVICE AND COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

I further certify that on January 26, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Cary Ichter*
Cary Ichter

5