## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:17-CV-02989-AT |
| BRAD RAFFENSPERGER, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## NON-PARTY U.S. DOMINION, INC.'S OBJECTION
## TO FOX NEWS NETWORKS, LLC'S MOTION TO INTERVENE

Fox seeks to use intervention in this litigation as a means of obtaining discovery for its use in an unrelated case rather than pursuing discovery through the mechanisms provided by Federal Rules of Civil Procedure 26 and 34. This Court should deny Fox's motion for at least three reasons.

*First*, this Court has already considered and denied a motion to intervene for precisely the same ultimate relief Fox now seeks: access to Dr. Halderman's report regarding Dominion's voting machines (the "Sealed Document"). Fox's purported need for the Sealed Document is even weaker than that advanced by the prior movant, the Louisiana Secretary of State; yet the Court—correctly—denied the

Louisiana Secretary of State's motion. No basis exists for this Court to rule differently on Fox's request for identical relief.

*Second*, permitting Fox to use intervention into unrelated litigation as an alternative to discovery sets a precedent that will, at minimum, ensure similar motions by the defendants in Dominion's other lawsuits, leading to the significant potential for widespread dissemination of the Sealed Document. More broadly, granting Fox's motion will encourage litigants to troll for discovery in pending cases where they believe doing so will provide some kind of tactical advantage unavailable to them through the proper channels provided for by the Federal Rules governing discovery.

*Third*, Fox has not provided any authority that would support this Court's exercise of discretion to permit intervention for the purpose of individually obtaining discovery that the intervenor could pursue through discovery channels in a separate matter.

Dominion respectfully objects to Fox's motion to intervene in this action.

## I.   The Court has already considered and denied the relief Fox now seeks.

This Court's reasons for rejecting the Louisiana's Secretary of State's motion to intervene apply with equal force here. "Most importantly," this Court was rightly "concerned about the risks associated with further dissemination of the report." (Doc. 1249 at 5.) The Sealed Document contains "sensitive information . . . relating

to the operation of Dominion's electronic voting software," information that "could potentially be misused by domestic or foreign hackers or alternatively used for other unlawful or improper purposes." (*Id.*) Unsealing and disseminating this document to Fox—a private party with no interest other than defending itself in unrelated litigation—would only increase the likelihood that the document will fall into the wrong hands.[1]

Second, granting Fox access to the Sealed Document "could also open the floodgates to similar requests from other individuals and entities around the country, which would also increase the potential for hacking and misuse of sensitive, confidential election system information." (*Id*. at 5.) If the Court grants access to Fox, the litigants in Dominion's other defamation actions—including each of Sidney Powell, Rudy Giuliani, Mike Lindell, Patrick Byrne, One America News, and Newsmax—will follow suit, as will other litigants and individuals. And, despite Fox's assertion of a "particularized interest" in the Sealed Document, its interest— premised on the belief that it might discover something that would further Fox's

---

[1] Courts routinely grant motions to seal documents that might implicate national security interests or reveal a parties' cybersecurity measures. *See, e.g.*, *McQuilliams v. Int'l Auto Logistics, LLC*, 2016 WL 4257362, at *1 (S.D. Ga. Aug. 11, 2016); *Oneamerica Fin. Partners, Inc. v. T-Sys. N. Am., Inc.*, 2016 WL 891349, at *4 (S.D. Ind. Mar. 9, 2016) (collecting cases); *Connor v. Quora, Inc.*, 2020 WL 8474750, at *2 (N.D. Cal. Oct. 26, 2020); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3092256, at *2 (N.D. Cal. Mar. 16, 2018); *Bell v. Home Depot U.S.A., Inc.*, 2015 WL 6082460, at *2 (E.D. Cal. Oct. 15, 2015).

private interests in unrelated litigation—is no more compelling than the Louisiana Secretary of State's asserted interest of investigating election security in his state. In neither case does the asserted interest justify the risk of unnecessarily distributing the Sealed Document and opening the door to a stream of similar requests.

Third, Fox, like the Louisiana Secretary of State, has an alternative—and far more appropriate—means of obtaining the information it seeks. (Doc. 1249 at 6.) The entire premise of Fox's request for the Sealed Document is that the document (in its view) implicates "factual questions that will play a prominent role in *Dominion v. FNN*," and Fox "has no choice but to investigate the veracity of allegations that Dominion's voting systems are not secure." (Mot. at 11–12.) Fox has the opportunity to investigate facts at issue in that case, as every litigant does, through discovery. In particular, Federal Rule of Civil Procedure 34(a)(1)(B) authorizes a party to serve a request to inspect "any designated tangible things." The fact that Fox does not itself possess any Dominion machines is inapposite; Dominion certainly does, and if Fox is indeed entitled to discovery into Dominion's machines, it can get it from Dominion. It can also use the third-party subpoena process in Dominion's litigation, which is again expressly contemplated by the Federal Rules. *See* Fed. R. Civ. P. 45. Pursuing discovery through the normal channels provided for doing so ensures that discovery will be governed by the Protective Order entered between Dominion and Fox, and that the court presiding over Dominion's litigation

will rule on any disputes regarding the appropriate scope of discovery. Fox's attempted discovery-by-intervention improperly short-circuits this process.

Fox further argues that "Dominion seeks to insert Dr. Halderman into the *Dominion v. FNN* case," and therefore that Fox must investigate Dr. Halderman's specific statements. (Mot. at 17.) But again, if Dominion has in fact put Dr. Halderman's statements at issue in its unrelated litigation against Fox, Fox can pursue discovery into those statements *from Dominion*, *in the relevant litigation*.

This Court has already rightly denied one motion to intervene for the purpose of obtaining the Sealed Document. Fox has not offered any reason for this Court to reach a different result here.

## II. Permitting Fox to obtain discovery through intervention rather than through the Rule 26 discovery process sets a worrisome precedent.

The Federal Rules of Civil Procedure set forth guidelines for discovering information regarding facts at issue in a case. Granting Fox's attempt to circumvent the discovery process and obtain material that Fox claims Dominion has put at issue through intervention in unrelated litigation would all but guarantee that, at minimum, each of the defendants in Dominion's pending defamation cases would follow suit. Each additional distribution of the Sealed Document magnifies the risk that highly sensitive security information could be disseminated and misused.

More broadly, permitting a party to simply opt-out of the discovery process by instead intervening in unrelated litigation to obtain what it hopes will be helpful

materials, when it could instead seek to obtain the same discovery directly from a party (or through a third-party subpoena), would be both prejudicial to litigants who choose to play by the Federal Rules and overly burdensome to courts. If the information Fox seeks here is relevant to Dominion's pending litigation against Fox, it can seek that discovery from Dominion (or, if appropriate, through a third-party subpoena); and if it is *not* relevant to Dominion's pending action, then Fox certainly has no right to burden another court in an unrelated case with a request to intervene in order to obtain information deemed outside the proper scope of discovery by the court overseeing the parties' litigation.

Granting Fox's request opens the door to what would effectively be discovery forum shopping. For this reason, too, the Court should deny Fox's request.

### III. Fox points to no authority justifying granting its request to use this litigation as an alternative discovery mechanism.

None of the authorities cited in Fox's motion justifies granting its request to obtain discovery via intervention rather than pursuing it through the process set forth in Fed. R. Civ. P. 26 and 34.

First, Fox asserts a "common-law right" to access the Sealed Document; but the common-law right of access is not absolute, and applies only to "judicial records," such as documents attached to "pretrial motions that require judicial resolution of the merits," not documents related to discovery. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Furthermore,

even judicial records are not automatically available under the right of access; they may be sealed on a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). As this Court has already held—in a ruling Fox does not challenge in its motion to intervene—good cause for sealing the Sealed Document exists here. (*See* Doc. 1249.)

Second, Fox's litany of cases regarding the unsealing of documents that ***did not warrant sealing in the first instance*** are irrelevant: Fox does not argue that the Sealed Document should not have been sealed in the first instance. Yet Fox's headline case, *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013 (11th Cir. 1992), is exactly such an irrelevant case: That action dealt with the right of "any member of the public" to access judicial records, absent a basis for sealing the record. *Id.* at 1016. Because the *Brown* court found "***nothing in the record to support the sealing***," it vacated the order sealing the record. *Id.* (emphasis added). Whether the Sealed Document should remain under seal is not at issue here.

The other cases Fox cites regarding the unsealing of court records that had failed to warrant sealing in the first instance are thus similarly inapposite. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985) (reversing order that sealed a record where the record did not meet standard for sealing); *Comm'r, Alabama Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1163, 1174 (11th Cir. 2019) (granting intervenors' motion to unseal a previously-sealed record "upon which a

court ha[d] relied to decide issues in a case"); *Vanda Pharms., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 56 (D.D.C. 2021) (granting motion to intervene to "unseal, in part," previously sealed records, but permitting "confidential business information" and "confidential proprietary data" to remain sealed); *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1364 (11th Cir. 2021) (affirming unsealing of records that the district court found did not warrant sealing); *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (granting motion to unseal records where the record contained "no compelling reasons to keep the judicial records sealed").[2]

Fox's citation to *E.E.O.C. v. National Children's Center, Inc*., 146 F.3d 1042, 1048 (D.C. Cir. 1998), underscores that this Court both can and should deny Fox's motion to intervene. The *E.E.O.C.* court reversed a district court's denial of a motion to intervene to obtain sealed records ***not*** because that court found the intervenor had a particular right to obtain the records, but rather on the sole basis that the district

---

[2] *See also* 7C Charles Alan Wright & Arthur R. Miller, Federal Prac. and Proc. Civ. § 1911 (3d ed. 2007) ("[C]ourts generally have interpreted their discretion . . . broadly and have held that it can be invoked by nonparties who seek to intervene for the sole purpose of ***challenging confidentiality orders***." (emphasis added); Jessup v. Luther, 227 F.3d 993 (7th Cir. 2000) (case regarding newspaper's motion to intervene to seek unsealing of records); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (permitting newspaper's intervention for purpose of challenging designation of materials as confidential). And in *In re Alexander Grant & Co. Litig*., 820 F.2d 352 (11th Cir. 1987), the district court denied intervenors' attempt to access discovery material designated as confidential, and the Eleventh Circuit ***affirmed the denial***.

court had previously permitted three *other* intervenors to obtain the same records and had failed to articulate a basis for its disparate treatment of the fourth. *Id.* at 1049. Indeed, the D.C. Circuit made clear that a district court may deny permissive intervention even when the Rule 24(b) standard is met—it must simply articulate its reasons for doing so. *See id.* at 1048. The E.E.O.C. decision underscores both that this Court is well within the law to deny Fox's motion, and that if it were to allow Fox's intervention-instead-of-discovery strategy, it can expect each of the defendants in Dominion's multiple other pending defamation cases to follow suit.

## **CONCLUSION**

Dominion respectfully requests that the Court deny Fox's Motion to Intervene.

Respectfully submitted: January 26, 2022.

*/s/ J. Matthew Maguire, Jr.*
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com
Robert J. Kozloski, III
Georgia Bar No. 548519
rkozloski@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309
T: (404) 873-8000
F: (404) 873-8050

*Counsel for Non-Party U.S. Dominion, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and point selections approved by the Court in L.R. 5.1(B).

Respectfully submitted: January 26, 2022.

*/s/ J. Matthew Maguire, Jr.*

J. Matthew Maguire, Jr.
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2022, I filed the foregoing **NON-PARTY**

**U.S. DOMINION, INC.'S OBJECTION TO FOX NEWS NETWORKS, LLC'S**

**MOTION TO INTERVENE** using the CM/ECF system which will automatically

send notification of such filing to all counsel of record.

Respectfully submitted: January 26, 2022.

> */s/ J. Matthew Maguire, Jr.*
> J. Matthew Maguire, Jr.
> Georgia Bar No. 372670
> mmaguire@pcwlawfirm.com

11