IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Case No. 1:17-CV-02989-AT <br> ) |
| BRAD RAFFENSPERGER, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**NON-PARTY U.S. DOMINION, INC.'S OBJECTION TO HERRING NETWORKS, INC.'S MOTION TO JOIN AND SUPPLEMENT FOX NEWS NETWORK, LLC'S MOTION TO INTERVENE FOR LIMITED PURPOSES**

Dominion recently cautioned this Court in its objection to Fox's motion to intervene that, were this Court to permit Fox to use intervention to bypass discovery in Dominion's pending litigation, more parties would soon show up on the Court's doorstep demanding to do the same. ECF No. 1285. Only one day later, Herring Networks, Inc., d/b/a One America News Network ("OAN") confirmed Dominion's prediction: OAN has filed its own motion to intervene, seeking exactly the same relief sought by Fox—access to Dr. Alex Halderman's report regarding Dominion's voting machines (the "Sealed Document") for its use in separate pending litigation. Should this Court permit non-parties to use intervention as an end-run around the normal discovery process in their separate cases, an onslaught of additional motions to intervene will

1

likely follow from additional defendants in Dominion's litigation against Rudy Giuliani, Sidney Powell, Patrick Byrne, Mike Lindell, and Newsmax.[1] And with each disclosure of the Sealed Document, the likelihood of its broader dissemination increases. Dominion respectfully requests that the Court stem this tide now and deny OAN's motion.

## ARGUMENT

OAN raises the same arguments raised by Fox, and Dominion objects to OAN's motion for the same reasons articulated in its objection to Fox's motion, ECF No. 1285, which Dominion incorporates here.[2] Indeed, OAN has even less entitlement to the Sealed Document than Fox in light of the current status of the Dominion litigation

---

[1] In its reply filed yesterday, Fox cites *Newman v. Graddick*, 696 F.2d 796 (11th Cir. 1983) to suggest that this Court should not consider the fact of other potential requests for the Sealed Document when ruling on Fox's request. ECF No. 1310 at 11. That case is inapposite. There a court summarily sealed judicial records and proceedings related to Alabama prison inmates on no articulated basis other than the "possibility" that access could generate unrest among prisoners. *Newman*, 696 F.2d at 798–99. That bears no resemblance to the situation here.

[2] Fox argues in its reply that Dominion must seek to intervene in this action in order to object to a non-party's motion to intervene, ECF No. 1310 at 4, but Fox cites no authority supporting this position. Rather, Fox's sole cited case addressed a situation in which a non-party sought access to sealed documents, which it needed (but failed) to do through intervention. *See Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir. 1979). Dominion—unlike Fox—does not seek to modify any order of this Court. Rather, Dominion objects to Fox's improper attempt to obtain discovery here in light of Dominion's status as a party in the litigation in which Fox plans to use that discovered material. *Cf. In re Republic of Ecuador*, No. C-10-80225 MISC CRB, 2011 WL 736868, at *3 (N.D. Cal. Feb. 22, 2011) ("Although Chevron did not move to intervene, it has standing as a party to the underlying litigation to object to discovery sought from third parties.").

against OAN: OAN has moved to dismiss Dominion's suit against OAN, *see U.S. Dominion, Inc. v. Herring Networks, Inc.*, Case No. 21-cv-2130 (D.D.C. Nov. 18, 2021), ECF No. 41, and that motion has not yet been decided. Consequently, with the case pending in federal court, discovery has not even begun. OAN's claim that it needs the Sealed Document for use in Dominion's litigation is, in addition to being properly addressed in the first instance by the D.C. court, accordingly premature. "As the relevant authorities make plain, the appropriate time for this Court to determine whether the protective order should be amended so as to make relevant documents available to [a non-party litigant] is *after* the motion to dismiss has been resolved and discovery in the related case is underway." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 300 F.R.D. 19, 23 (D.D.C. 2013) (denying motion to intervene to obtain sealed materials) (emphasis added).

OAN raises only two bases not addressed by Fox's opening motion for its purported entitlement to the Sealed Document, neither of which supports granting its motion.

*First*, OAN argues that it needs access to the Sealed Document not only for use in the lawsuit filed against OAN by Dominion (the "*Dominion* action"), but also for use in a Colorado state court lawsuit brought against OAN by Dr. Eric Coomer (the "*Coomer* action"). Mot. at 2. But OAN can—and should—seek discovery regarding the Sealed Document for use in the *Coomer* action through discovery in that case, just as it should seek materials for the *Dominion* action through discovery in that case. *See* ECF No.

3

1285 at 4–6. OAN's own motion underscores this point: "Dr. Halderman also has been ***retained as an expert by Dr. Coomer***." Mot. at 2 (emphasis by OAN). OAN's argument that it cannot hire Dr. Halderman itself to obtain his opinions for the *Coomer* action is irrelevant, Mot. at 9: OAN can depose Dr. Halderman in that matter and obtain discovery regarding the opinions he offers in that case. Colorado evidentiary rules set forth the bounds of expert discovery that apply to the Colorado state action. *See* Colo. R. Civ. P. 26(a)(2)(B). To the extent that OAN cannot obtain the Sealed Document because it is outside the scope of appropriate discovery, that is a dispute that should be heard and decided in the first instance by the Colorado state court before which the *Coomer* action is pending.

*Second*, OAN claims in a footnote that it "cannot seek access to the sealed report in the *Dominion* or *Coomer* actions" because doing so would require modification of this Court's protective order, and it must now seek such modification from this Court. Mot. at 9, n.3.³ OAN, however, seeks to put the cart before the horse. OAN mistakes the

---

³ Fox makes this same argument in its reply, and notes that Dominion has confirmed its possession of the Halderman report but that Dominion has acknowledged it would need this Court's permission to provide that report to Fox. ECF No. 1310 at 5. However, this underscores that the relief Fox seeks—obtaining the report directly from this Court—is improper, and highlights Fox's continued tactic of using intervention rather than engaging in good faith with the discovery process in Dominion's own litigation against Fox. To the extent there is any relief Fox should be seeking from this Court, it is modification of the protective order to permit production of that report in the Dominion litigation, **by Dominion**. More importantly, Fox makes clear that it is not satisfied with the redacted version of the report; to the extent Dominion and Fox disagree over whether that unredacted report falls within the scope of discovery in Dominion, that is an issue for the Delaware court to address in the first instance. *See infra*. And if

4

grant of *access* to the Sealed Document with the determination of whether OAN is ***entitled to discovery*** *of* the Sealed Document in litigating the *Dominion* and *Coomer* actions. The latter is a threshold issue: If OAN is not entitled to the Sealed Document because some or all of it is deemed outside the scope of permissible discovery in the litigation to which OAN is a party, then it has no basis to petition this Court for access via intervention. That threshold determination of whether the report is properly subject to discovery is one for the respective courts overseeing the litigations in which OAN proposes to use it, and OAN must first seek the report through the appropriate discovery channels in those cases.

Once OAN has sought discovery into the Sealed Document in the *Dominion* and *Coomer* actions and the courts overseeing those matters have ruled on any disputes, ***then***—and ***only*** then—does a request to this Court to modify its protective order become appropriate. *See* MANUAL FOR COMPLEX LITIGATION § 11.432 (4th ed. 2004) ("Generally, the party seeking [protected] discovery should first establish its right to discovery ***in the court in which it will be used.***" (emphasis added)). Indeed, the cases cited by OAN illustrate exactly this order of operations: (1) a request by a party to seek protected discovery through the discovery channels provided in the court in which it is a party, and, once any disputes have been ruled upon by the court in which it is a party, (2) a request to another court to modify its protective order. *See Inventio AG v.*

---

the unredacted report is ultimately produced, it should be subject to the separate protective order entered by the Delaware court in Dominion's litigation.

*ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 384 (D. Del. 2009) ("Therefore, the following steps are necessary to determine whether to compel production of the requested documents: (1) Plaintiff shall submit to Defendants a privilege log identifying exactly which documents are subject to the Protective Order; (2) the parties shall **submit this privilege log to the Court to determine the relevancy of these documents to the instant matter**; (3) the Court shall categorize these documents into confidential and non-confidential documents on the basis of whether the documents are subject to the Protective Order; and (4) Plaintiff, or the parties jointly, shall return before Judge McMahon, who is the presiding judge over the New York Action, in order to seek relief from the Protective Order for the documents deemed to be confidential." (emphasis added)); *State Auto. Mut. Ins. Co. v. Davis*, 2007 WL 2670262, at *2 (S.D. W. Va. Sept. 7, 2007) (determination by presiding judge that "the evidence does not warrant undermining the protective order issued by Judge Johnson in the underlying case."); *Mugworld, Inc. v. G.G. Marck & Assocs., Inc.*, 2007 WL 2229568, at *1 (E.D. Tex. June 15, 2007) (first stating that "whether the material is discoverable is within the discretion of this Court" before subsequently holding that "the deposition testimony cannot be disclosed without leave from the issuing court in Ohio."); *Dushkin Pub. Group, Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335 (D.D.C. 1991) (directing party to seek leave from court that issued protective order covering materials that party sought in discovery **after** the party had properly sought the protected materials through a

6

discovery request).[4] These cases do not support OAN's attempt to join Fox in its strategy of pursuing intervention in place of discovery.

OAN's apparent belief—echoed explicitly by Fox in its reply in support of its own motion to intervene—that the Sealed Document will assist its defenses against Dominion is without basis. As OAN itself references, that document's author has repeatedly and publicly debunked OAN's and Fox's lies about Dominion. *See, e.g.*, Mot. at 6 n.2. In any event, OAN must seek that document in the cases in which it is a party.

## CONCLUSION

Dominion respectfully requests that the Court deny OAN's Motion to Intervene.

Respectfully submitted: February 10, 2022.

*/s/ J. Matthew Maguire, Jr.*
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com
Robert J. Kozloski, III
Georgia Bar No. 548519
rkozloski@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309
T: (404) 873-8000
F: (404) 873-8050

*Counsel for Non-Party U.S. Dominion, Inc.*

---

[4] The remaining case OAN cites is even farther afield. In *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497 (S.D. Ohio 2002), the court addressed the appropriate remedy where protected material had already been obtained by a party and was improperly used in a memorandum without leave from the Court that entered the protective order. *Id*. at 501. It does not counsel in favor of permitting parties to seek discovery material through intervention.

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and point selections approved by the Court in L.R. 5.1(B).

Respectfully submitted: February 10, 2022.

*/s/ J. Matthew Maguire, Jr.*
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, I filed the foregoing **NON-PARTY U.S. DOMINION, INC.'S OBJECTION TO HERRING NETWORKS, INC.'S MOTION TO JOIN AND SUPPLEMENT FOX NEWS NETWORK, LLC'S MOTION TO INTERVENE FOR LIMITED PURPOSES** using the CM/ECF system which will automatically send notification of such filing to all counsel of record.

Respectfully submitted: February 10, 2022.

*/s/ J. Matthew Maguire, Jr.*
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com