IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:17-cv-2989-AT |

## **ORDER**

On January 25, 2022, State Defendants filed objections to the Coalition Plaintiffs' filing of supplemental reports of Dr. Buell and Dr. Stark. (Doc. 1278). State Defendants in turn filed an Emergency Motion to Exclude the Supplemental Reports of Drs. Buell and Stark on February 8, 2022. (Doc. 1309.) This Order addresses both.

The Court held a discovery phone conference conducted on January 27, 2022 at which the Court addressed a multitude of the parties' discovery disputes. As to this specific discovery dispute, the Court directed the parties to confer further regarding possible resolution of the Defendants' objections and if no agreement could be reached, to notify the Court of how the parties would proceed. (Jan. 27, 2022 Hr'g Tr., Doc. 1295 at 80:4–19.) According to the State Defendants, Coalition

counsel did not attempt to informally resolve the dispute, though they have since responded to the Defendants' pending Objection. (Docs. 1297, 1309.)

The Court has reviewed the Coalition's expert related filings in this matter as well as the sequence of events related to the Defendants' delayed disclosure of election data that the Coalition viewed as essential for Dr. Buell and Dr. Stark's expert reports. Based on the Court's review of this sequence of events and the content of Dr. Stark's expert reports and opinions offered in this matter, the Court finds that the Coalition Plaintiffs' disclosure of Dr. Stark's report cannot be excluded on timeliness or surprise grounds. Dr. Stark's express adoption of his prior highly detailed reports disclosed in this case, Coalition Counsel's express statement of his intent to further supplement the expert report(s) upon receipt of additional evidence, and Dr. Stark's own express declaration in his August 2, 2021 rebuttal report of his anticipation of supplementing his report upon receipt of Election Project files collectively placed the State Defendants on proper notice that late supplementation would be required under these circumstances. In this context, the Court also notes the Coalition Plaintiffs' argument relating to the significant delays in production of election file data that persisted until early November 2021.[1] (Doc. 1297 and 2–3.) The Court reads Dr. Stark's report as at least in part an attempt to build upon the concerns and themes of his prior reports.

---

[1] While the Secretary of State denies that there was such a delay, (Doc. 1278 at 5), Plaintiffs have provided sufficient evidence of their drumbeat calls and efforts to secure production of more data and election files that the Court cannot find that they failed to exhibit urgency in securing this evidence.

For these reasons, the Court **DENIES** the Defendant's Emergency Motion (Doc. 1309) with respect to excluding Dr. Stark's report.

The record is far more amuck relating to the Coalition Plaintiffs' timely disclosure of Dr. Buell's report or even just the anticipated subject matter of the report. Dr. Buell's 2017 and 2018 reports or affidavits do not directly relate to the specific subject matter, observations, and findings in Dr. Buell's detailed report that was produced in January 2022. Instead, his prior reports or affidavits instead addressed the prior DRE election system and its seriously flawed administration. While the Court has previously recognized the continuity and plausible relationship of some of the challenges posed by both electronic election systems, Dr. Buell's January 2022 report tackles a broad range of new issues. In particular, he focuses on the election system's election data tabulation and reliability issues that are not touched on in his prior reports. In short, the Coalition's timely identification of Dr. Buell as an expert witness and provision of his earlier 2017 and 2018 reports or affidavits did not give the Secretary of State sufficient substantive notice of the specific subject matter and focal point of Dr. Buell's anticipated testimony. While the Court recognizes that Dr. Buell did not have the benefit of timely access to the election files that form the foundation of the analysis given in his January 2022 report, it remains wholly unclear why Coalition counsel could not have at the very least outlined for Defendants the anticipated specific subject matter focus of Dr. Buell's testimony. It is conceivable that Coalition counsel informally or via correspondence advised Defendants' counsel of the subject

3

matter of Dr. Buell's anticipated expert testimony[2] and report, but that evidence is not before the Court at this point. Absent such additional evidence, the Court must conclude that the Coalition failed to provide Dr. Buell's report in a manner that would avoid causing unfair surprise. As it is clear that Dr. Buell did significant work in connection with his report and also provided data that conceivably relates to one Plaintiff's standing (Mr. Curling), the Court **GIVES LEAVE TO** the Coalition to address this specific notice issue in a brief with affidavits or evidence **to be filed no later than February 16, 2022 at 10:00 A.M. No extension shall be granted.**[3]

Finally, the Court notes that Defendants' emergency motion does not provide a proper vehicle for the Court to address the substantive content of Dr. Stark's or Dr. Buell's affidavits and reports, and specifically, whether the Coalition seeks through such evidence to alter or transform the theory of their case and claims asserted. While the Court may inevitably be required to address this issue, the Court shall not do so through a review of the State's emergency motion.

In summary, the State Defendant's Emergency Motion [Doc 1309] is **DENIED** with respect to Dr. Stark's reports and testimony and **TEMPORARILY DEFERRED** for review of any additional brief or evidence relating to Dr. Buell's

---

[2] The Court notes that in the transcript of the Court's hearing regarding discovery issues on November 19, 2021, Mr. Miller, counsel for the Secretary of State, observed that Dr. Buell had attended many of the depositions in this case. Whether counsel had conversation at that time or earlier relating to the subject matter of Dr. Buell's testimony is not known.
[3] Counsel should avoid repetition of arguments already made in response to the Defendants' Objections.

expert report and testimony. Any such filing must be submitted no later than **February 16, 2022 at 10:00 A.M.**

  **IT IS SO ORDERED** this 11th day of February, 2022.

              _____
              **Honorable Amy Totenberg**
              **United States District Judge**