IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : |
| Defendants. | : |

## **ORDER**

The State Defendants' Emergency Motion to Exclude the Supplemental Reports of Dr. Buell and Dr. Stark (Doc. 1309) is currently before the Court. The Court's February 11, 2022 Order denied this Motion in connection with Dr. Stark's expert testimony but deferred ruling on Dr. Buell's potential expert testimony in order to allow the Coalition Plaintiffs to respond to the concerns and questions posed by the Court's Order. (Doc. 1318.) The Coalition Plaintiffs have now filed a Response to the Defendants' Motion and the Court's February 11, 2022 Order. (Doc. 1319.)

The Court's February 11 Order details how the Coalition Plaintiffs failed to provide timely, substantive information in discovery disclosures regarding the specific focus, subject matter, and/or findings anticipated in connection with Dr.

Buell's proposed testimony, as required by the parties' scheduling order.[1] The Coalition Plaintiffs' response to the concerns posed by Defendants' Motion is that the State Defendants thwarted Dr. Buell's timely review and analysis of voting data that is the focus of his January 22, 2022 report. The Coalition Plaintiffs describe a series of lengthy delays and hurdles erected by the State and County Defendants that in turn delayed Dr. Buell's access to and review of state and county electronic voting records. These records provide the foundation for Dr. Buell's January 22, 2022 expert report. The Coalition Plaintiffs also recount the prolonged challenges they faced in obtaining Fulton County voting records and obtaining the State's assistance in this endeavor.[2] In summary, the Coalition Plaintiffs' central justification for their delayed identification of the subject matter of Dr. Buell's testimony and his report is tied to the Defendants' alleged lack of cooperation and delays in the provision of election data.

The Court's February 11 Order recognized that there might have been informal understandings between the parties' counsel regarding required expert

---

[1] The original timelines related to expert disclosures and discovery were: June 15, 2021 for initial disclosure of Plaintiffs' experts and topics of their opinions; June 30, 2021 for initial disclosure of Defendants' experts and topics of their opinions; July 1, 2021 for Plaintiffs' expert disclosures; July 16, 2011 for Defendants' expert disclosures; August 2, 2021 for Plaintiffs' rebuttal expert disclosures; and September 3, 2021 for the close of expert discovery. (Doc. 1093.) The extended timelines agreed to by the parties and approved by the Court included the following deadlines for expert discovery: supplementation of Plaintiffs' expert reports was due by January 10, 2022; Defendants' expert rebuttals (if any) were due January 24, 2022; Plaintiffs' replies to Defendants' expert rebuttals were due by January 31, 2022; and expert discovery was scheduled to close February 15, 2022. (Doc. 1238.) The Court will consider proposed revisions to the existing schedule if the parties believe further modifications will be necessary in light of this Order.

[2] Ultimately, the Coalition Plaintiffs and Fulton County agreed on December 3, 2021 to a consent order for production of the records. (Doc. 1239.)

disclosures that in turn would explain and excuse the delays in the Coalition Plaintiffs' identification of the subject matter and focus of Dr. Buell's testimony. The Court also anticipated that it was possible that the parties had reached oral or letter agreements with respect to potential continuances needed because of Defendants' delays in providing requested election records. However, the Coalition Plaintiffs' Response to Defendants' Emergency Motion does not identify any such informal agreements. Moreover, the Coalition Plaintiffs never filed a motion with the Court requesting a continuance for disclosure of Dr. Buell's report or findings when the Defendants' delays interfered with the progress of his analysis. Finally, as noted in the Court's February 11 Order, the Coalition Plaintiffs did not provide at the very least a timely projection of the specific subject matter focus of Dr. Buell's testimony.[3] The Coalition Plaintiffs' repeated communications to State Defendants of their experts' need for access to election data for their reports alone does not excuse the Coalition Plaintiffs' failure to provide information that at minimum disclosed the analytic focus of Dr. Buell's anticipated testimony or alternatively, the failure to timely file a motion for continuance of their disclosure obligations.

The Court is at a loss to understand the Coalition Plaintiffs' failure to take measures to address or mitigate the "unfair surprise" problems associated with

---

[3] The Coalition Plaintiffs' provision on July 1, 2021 of Dr. Buell's earlier two reports filed in connection with litigation of issues impacting the DRE voting system do not alert the reader to the specific subject matter, focus, and scope of his intended testimony in the current phase of this litigation.

3

their untimely presentation of any information concerning the nature of Dr. Buell's substantive proposed testimony. Under the circumstances presented, the Court sees no alternative except to disallow Dr. Buell's expert testimony and report. In the event there is data and data analysis from Dr. Buell's report that properly may be viewed as also falling within the scope of Dr. Stark's expert testimony and reports furnished in this case, the Coalition Plaintiffs must promptly within 14 days of the date of this Order identify such to Defendants and provide Defendants with a proposed amended report from Dr. Stark referencing any additional data that he intends to rely upon or address.[4] Any amendments to Dr. Stark's report should be highlighted. Any objections Defendants have regarding the scope of the amended report must be filed within seven days of receipt of the amended report.[5] The Court, however, strongly encourages counsel first to converse and attempt to resolve any objections pertaining to the scope of the amended report.

For the foregoing reasons, the Court **GRANTS** the State Defendants' Motion to Exclude the Supplemental Report of Dr. Buell and thus **GRANTS IN PART AND DENIES IN PART** Defendants' original Motion. [Doc. 1309.]

**IT IS SO ORDERED** this 23rd day of February, 2022.

_____
**Honorable Amy Totenberg**
**United States District Judge**

---

[4] In authorizing this proposed amended report, the Court does not intend to suggest that Dr. Stark can adopt wholesale Dr. Buell's data analysis and presentation.

[5] Plaintiffs need not file the amended report with the Court unless a dispute arises regarding its use.