## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, ET AL.,

        Plaintiffs,

   v.

BRAD RAFFENSPERGER, ET AL.,

        Defendants.

Civil Action File No.
1:17-CV-02989-AT

## MOTION TO INTERVENE FOR LIMITED PURPOSES

Pursuant to Federal Rule of Civil Procedure 24, Newsmax, Inc. ("Newsmax") respectfully moves to intervene in this lawsuit for the limited purpose of obtaining access to an expert report written by cybersecurity expert Dr. J. Alex Halderman ("Halderman Report") that remains sealed under Order of the Court. This report is based on Dr. Halderman's thorough analysis of Dominion Voting Systems-branded voting equipment used in Georgia in the 2020 election, including that equipment's security and reliability. Access to the report is appropriate and necessary, *inter alia*, because US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion Entities") have brought a defamation suit against Newsmax in the Superior Court of Delaware for which they have asserted as an essential element of their claim the security and reliability of their

equipment.  Compl. ¶ 251, *U.S. Dominion, Inc. v. Newsmax, Inc.*, No. N21C-08-063 EMD (Del. Super. Ct. Aug. 10, 2021) ("*Dominion v. Newsmax*").  Should the Court grant intervention, Newsmax will abide by this Court's protective order.  Doc. 477.

The Halderman Report relates to a common question of fact shared by the present litigation and *Dominion v. Newsmax*.  Specifically, according to public filings, the Halderman Report identifies both known "critical vulnerabilities," and also points to the existence of "other, equally critical flaws that are yet to be discovered."  Decl. of J. Alex Halderman, Doc. 1177-1 ¶¶ 3 – 4 (Sept. 21, 2021).  These vulnerabilities "are not general weaknesses or theoretical problems, but rather specific flaws in the ICX software" for which Halderman is "prepared to demonstrate proof-of-concept malware that can exploit them to steal votes cast on ICX devices."  *Id*. at ¶ 2.

These public assertions demonstrate that the Halderman Report is relevant to questions of fact shared between the case at bar and *Dominion v. Newsmax*.  As such, permissive intervention is appropriate under Fed. R. Civ. P. 24(b)(1)(B)("On timely motion, the court may permit anyone to intervene who[] has a claim or defense that shares with the main action a common question of law or fact.").  Newsmax seeks to intervene in this suit for the limited purpose of gaining access to Dr. Halderman's analysis.

Currently pending before this court are Motions to Intervene from Fox News Network, LLC ("Fox"), Doc. 1251, and Herring Networks, Inc. ("OANN"), Doc. 1287, who also seek intervention for the limited purpose of obtaining access to the Halderman Report as evidence in defamation suits the Dominion Entities are prosecuting against them relating to the security and reliability of their voting equipment.  These suits, though the Dominion Entities have prosecuted them as putatively independent actions across multiple jurisdictions, each concern the same nucleus of material fact: the Dominion Entities' allegation that various figures in media and journalism defamed them by, *inter alia*, casting aspersions on the security of their voting equipment and the reliability of that equipment's reported results. Newsmax incorporates herein the memoranda of law advanced by Fox and OANN in support of their corresponding Motions.  Docs. 1251-1, 1287-1.

DATED this 2nd day of March 2022.

Respectfully Submitted,

/s/ *Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.
Georgia Bar No. 744627
Duane Morris, LLP
1075 Peachtree St. NE
Atlanta, Georgia 30309
jjfannin@duanemorris.com

3