IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, ET AL.,
Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,
Defendants.

Civil Action No. 1:17-CV-2989-AT

**COALITION PLAINTIFFS' RESPONSE TO STATE DEFENDANTS'
OBJECTION TO AMENDED REPORT OF DR. STARK**

State Defendants' continuing objections to first Dr. Buell's report (Doc. 1308) and now Dr. Starks' amended report (Doc. 1346) should be rejected by the Court. The evidence of miscounted votes in the November 2020 election, the recount, and the audit, as established by Dr. Buell and Dr. Stark is compelling evidence of systemic defects in the Dominion Voting System as installed in Georgia.

Defendants' argument that Dr. Buell and Dr. Stark should have disclosed their initial opinions by July 1, 2021, the due date for serving initial reports, ignores that key documents needed for the experts' analysis of Defendant Fulton County Board's results were not made available to Plaintiffs until early December 2021, after Coalition's repeated attempts to obtain the data. The Fulton November 2020 original and recount Election Packages and the cast vote records were essential for this work,

1

but were withheld from Coalition Plaintiffs' experts, until well after July 1, 2021. On the date the initial reports were due, Coalition Plaintiffs' experts, without access to the needed data for testing tabulations, could not anticipate the data challenges and tabulation discrepancies they would encounter, much less be in a position to offer findings on data they had not seen.

Although the experts' initial reports were due on July 1, 2021, during August and September 2021, the Court was still considering the scope of discovery, including equipment and electronic records, that would be permitted prior to the Motion for Summary Judgment. (Doc. 1171 at 5). Coalition Plaintiffs' experts were unexpectedly required to work with incomplete data for their reports focused on instances of system tabulation failures but have still not been permitted access to determine the extent and cause of significant discrepancies between the audit and the machine counts and the discrepancies between the two machine counts. Not only was minimal data disclosed, but that which was disclosed was delivered late. Coalition Plaintiffs' experts had anticipated access to and analysis of November 2020 equipment and software discovery in their work planning, but in September 2021, the Court denied such discovery in this stage of the litigation.

On July 1, 2021, Coalition Plaintiffs did what they could to preview their experts' work yet to be undertaken by filing a compendium of experts' previous

reports to indicate the expected topics their reports would cover, so as *not* to create an "unfair surprise," as to upcoming work, to the extent that was possible to do at that time. Dr. Buell and Dr. Stark were in no position to issue broader initial findings at that time. "Timely" reports of necessity required access to data that was untimely delivered, placing Coalition Plaintiff in an untenable position State Defendants created precisely the situation about which they now complain.

Defendants' new arguments that Dr. Stark's additional work on machine count tabulation flaws and related audit flaws is somehow beyond the scope of his work related to the verification of the election outcomes through audits is simply incorrect. The detection of double-and triple-counted votes that Dr. Stark undertook (although using different methods than Dr. Buell had employed) was well within the scope of work to evaluate the State Defendants' audit processes which failed to detect those tabulation discrepancies. Dr. Stark understood Dr. Buell was covering examples of double- and triple-counting of ballots in his report. Therefore, Dr. Stark did not expand beyond Coalition Plaintiffs' counsels' requested scope in his January 11, 2022 report, thereby avoiding duplicating topics in Dr. Buell's report.

Defendants cannot claim surprise or prejudice. First, State Defendants have consistently claimed their post-election audit work detected any errors in the presidential vote count, so discrepancies included in the Buell and Stark reports

3

should be no surprise. Second, in his January 11, 2022 report, Dr. Buell addressed similar examples of double- and triple-counting of votes as well as the failure to count votes which Defendants had months to study and verify. Third, Defendants' analysts will have had more than adequate time to verify every instance of double- and triple- counted votes identified by Dr. Stark and Dr. Buell before they are called upon to challenge (or confirm) the experts' findings. According to Dr. Stark, less than four hours of Defendants' analyst's work should be needed for an analyst to verify his findings.

Especially given the current stay of the case until May 26, 2022, Defendants have more than adequate time to verify the facts included Dr. Stark's supplemental report and Dr. Buell's rejected report as well.  Therefore, Coalition Plaintiffs respectfully request that the Court accept Dr. Stark's supplemental report that builds on his previous work.

In addition, in light of the additional time the stay gives Defendants' analysts to verify the detailed examples in Dr. Buell's report, Coalition Plaintiffs respectfully request that the Court reconsider the rejection of Dr. Buell's report.  (Doc.  1322). The basis for granting Defendants' Motion to Exclude the Supplemental Report of Dr. Buell was apparently the Court's concern at the time, that the State may not have

4

been sufficiently aware of the topics in the Buell report and would not have sufficient time to respond to Dr. Buell's report. With the stay, that is no longer a concern.

Respectfully submitted this 1st day of April, 2022.

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,
Ricardo Davis & Megan Missett*

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

CERTIFICATES OF SERVICE AND COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

I further certify that on April 1, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Cary Ichter*
Cary Ichter

6