IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs*, v. BRAD RAFFENSPERGER, *et al.*, *Defendants*. | CIVIL ACTION FILE NO. 1:17-cv-2989-AT |

**JOINT DISCOVERY STATEMENT**

**REGARDING COFFEE COUNTY ELECTION RECORDS**

1

*Coalition Plaintiffs' Position*

Coalition Plaintiffs need Coffee County election data/documents from State Defendants: (i) Election Project Packages from the November 3, 2020 original count and recount, (ii) Election Project Package from the January 5, 2021 runoff election, (iii) "documentation from their [Coffee's] Election Management System to back up their uploaded results" for the November 2020 recount, (iv) messages from Cathy Latham to Gabriel Sterling (of the Secretary of State's office) concerning Coffee County November 2020 ballot processing problems, (v) messages from Cathy Latham to Secretary Raffensperger regarding Coffee County ballot processing problems, (vi) State Defendants' investigation files (whether complete or in process) related to Coffee County investigations during the period 2020 to the present, (vii) all documents referencing or regarding a breach of the voting system in Coffee County in 2020 or 2021, and (viii) all documents referencing or regarding a potential hack of the Coffee County voting system and/or its potential impact on the November 3, 2020 machine recount results. The relevance of the data/documents sought relate directly to the security and performance of the Dominion Voting System and the alleged breach of the voting system and unauthorized copying of the Dominion software and election data.

Infomation obtained by Plaintiffs suggests that unauthorized third-parties accessed and imaged some or all of the Georgia Dominion Voting System in

Coffee County shortly after the November 2020 election initial machine count. This may have caused tabulation discrepancies in the subsequent machine recount. This apparent breach of system security means that unknown persons have had far longer and more extensive access to Georgia's specific version of the Dominion Voting System than was given to Dr. Alex Halderman. The State has argued that Dr. Halderman's conclusions are based on an unrealistic amount of access and/or that the Georgia system has never been breached; the requested discovery will allow Plaintiffs to rebut those arguments.

## BACKGROUND

Coalition's previous discovery requests encompassed the data/documents requested here, but the State has failed to produce them claiming they were beyond the scope for the requests. Accordingly, this supplemental discovery is now required. After Coalition Plaintiffs recently became aware that the Secretary of State had seized the Coffee County EMS server sometime in 2021 (after the reported breach in November 2020), counsel for Coalition Plaintiffs contacted State Defendants' counsel to reinforce the request for documents relevant to the Coffee County election records which still have not been produced. (Exhibit 1 through 3). Defendants counsel have not acknowledged the three emails nor produced any of the requested documents.

State Defendants represented to this Court and to Plaintiffs on multiple occasions that they had produced all November 2020 county Election Project Packages in their possession. It appears that the Secretary of State not only had possession of the election data, but the Coffee County EMS server itself.

The alleged breach and copying of Georgia's Dominion software from Coffee County, if true, poses a significant threat that system vulnerabilities were exploited in subsequent elections across the state (and/or nation) and may be exploited to affect future elections. Determining whether the breach occurred and what, if any, mitigation efforts have been taken by State Defendants is clearly relevant to Plaintiffs' Claims and to Plaintiffs' rebuttal of defenses. State Defendants' withholding of this information as well as complaints filed by Coffee County concerning system failures is improper and should be remedied by the issuance of an order from this Court compelling the State Defendants to produce the requested documents.

### *State Defendants' Position*

State Defendants previously produced the election project packages received from the counties for the 2020 General Election and 2021 Runoff Election, although State Defendants do not believe those files are responsive to any discovery requests of Coalition Plaintiffs. State Defendants have twice searched for

election project packages from the 2020 General and 2021 Runoff from Coffee County. State Defendants disagree with Coalition Plaintiffs' representation that the Secretary's office seized Coffee County's EMS. The Secretary's office did, however, replace Coffee County's EMS in 2021 and has possession of the prior EMS. But that EMS is not responsive to any discovery request either.

Additionally, Coalition Plaintiffs' claims of an alleged breach of Coffee County's EMS server are based on information improperly withheld by Coalition Plaintiffs in discovery, which State Defendants did not learn of until a recording of Ms. Marks was played during the deposition of Mr. Sterling on February 24, 2022. State Defendants subsequently requested Coalition Plaintiffs' produce a complete copy of the recording and anything else Coalition Plaintiffs had withheld. A copy of State Defendants' correspondence to opposing counsel along with a copy of the recording produced by Coalition Plaintiffs will be provided to the Court separately. That single recording is apparently the sole basis of Coalition Plaintiffs' claim of a breach, although Coalition Plaintiffs have not produced the allegedly imaged Coffee County EMS. State Defendants are investigating several issues related to Coffee County but at this time do not believe any of them demonstrate a breach of actual equipment. Active investigation files are further protected from disclosure.

## Coalition Plaintiffs' Reply

Unauthorized access to Georgia voting systems is a central issue in this case. State Defendants have refused to directly answer or verify their response to an interrogatory asking if such access occurred. Now, they state two contradictory things that, in the interest of justice, Plaintiffs should be allowed to explore fully. First, State Defendants admit that they have had the Coffee County EMS server since 2021 and at the same time claim that they have been unable to find the requested Project Packages. Plaintiffs need to know why the server was taken by State Defendants, what has been done with it, who has had access to it, and why the Project Packages (stored on the server) are unavailable.

Next, State Defendants claim an eyewitness report of the unauthorized imaging is insufficient to justify Plaintiffs' inquiry. Yet Defendants' own 30(b)(6) representative—when confronted with that report—admitted that the State actually investigated this very event (and did so before Defendants learned of Plaintiffs' recording). But they concealed that critical information in discovery. Further, State Defendants must have credible evidence of the event themselves; otherwise they would not have wasted resources investigating it. Plaintiffs should be allowed to discover evidence about this—and any other—illegal access to Georgia's voting system, and also about State Defendants' knowledge and investigation of any such access. State Defendants' concealment of such information is improper.

Respectfully submitted this 6th day of April, 2022.

| | |
|---|---|
| */s/ Russell T. Abney* | */s/ Robert A. McGuire, III* |
| Russell T. Abney | Robert A. McGuire, III |
| Georgia Bar No. 000875 | Admitted Pro Hac Vice |
| WATTS GUERRA, LLP | (ECF No. 125) |
| Suite 100 | ROBERT MCGUIRE LAW FIRM |
| 4 Dominion Drive, Building 3 | 113 Cherry St. #86685 |
| San Antonio, TX 78257 | Seattle, Washington 98104-2205 |
| (404) 670-0355 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on April 6, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record. In addition, pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ Russell T. Abney
Russell T. Abney