IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' REPLY IN SUPPORT OF**
<u>**MOTION FOR EXCESS PAGES**</u>

Even in responding to a simple motion for extra pages, State Defendants cannot avoid distorting the facts.[1]  They insist that Curling Plaintiffs were required to seek "'**prior** permission of the court' to exceed page limitations" of Local Rule 7.1(D), emphasizing "prior."  (Dkt. 1372 at 1-2.)  Their feigned outrage ignores that they have filed oversized briefs without "prior permission of the court" several times themselves in this case — each of which this Court granted.  (*See, e.g.,* Dkts. 6, 78, 233, 264, 950.)  Just as they have throughout discovery, they value the Court's rules only when applied to Plaintiffs.

---

[1] The distortion is not limited to their Opposition to this Motion.  (*See, e.g.,* Dkt. 1373 at 4 ("Third, Curling Plaintiffs' response does not dispute that State Defendants did not request this Court authorize a deposition of its staff.").)

State Defendants make much of the fact that Curling Plaintiffs did not seek extra pages when they sought extra time to respond to their improper Motion.  It is difficult to discern the significance of this point, but regardless, Curling Plaintiffs sought the extra time because their counsel was consumed and lacked the time and resources to begin drafting the response to State Defendants' Motion when they sought the extension.  (Dkt. 1356.)  Curling Plaintiffs' counsel did not foresee the need for extra pages to provide this Court a complete recitation of important facts (which State Defendants do not refute) when they sought the extension.  Although Curling Plaintiffs' legal team used the extra time to comb through the voluminous, complex record of filings and correspondence in this case to identify and compile the key facts, their counsel did not have availability to begin drafting their Opposition until the weekend before it was due.  But none of that bears on the issue before the Court on this discrete Motion: whether good cause exists for the extra pages sought.  It unquestionably does.

Tellingly, State Defendants do not address Curling Plaintiffs' arguments for good cause.  (Dkt. 1366 at 1-2 ("In support of this Motion, Curling Plaintiffs respectfully submit that the complexity in reconstructing an accurate timeline of many important events from the past year and a half; the volume of correspondence, discovery, case filings, and other materials material to the Motion

and Curling Plaintiffs' response; and the need to properly and fully respond to State Defendants' misrepresentations and public attack on the integrity of Curling Plaintiffs' counsel, this Court, and its former clerk necessitate more pages than an ordinary response motion.").) They claim only in conclusory fashion that no good cause exists and inexplicably quote one of their prior filings. They do not dispute that the detailed factual recitation Curling Plaintiffs provided the Court in their Opposition is relevant and necessary to respond to State Defendants' inaccurate claims and improper attacks on the integrity of Curling Plaintiffs, this Court, and its former clerk. Nor do they dispute that Curling Plaintiffs needed the extra pages sought to provide that important factual recitation for the Court. Thus, there actually is no genuine dispute that good cause exists for the discrete relief Curling Plaintiffs seek on this Motion. State Defendants' opposition is yet another instance of their lack of cooperation and squandering of the Court's and Plaintiffs' time and resources.[2]

In short, State Defendants ask this Court to enter factual findings that are demonstrably inaccurate and that would impugn the integrity of Curling Plaintiffs'

---

[2] Notably, State Defendants have opposed several motions for extra pages from Plaintiffs. (*See, e.g.,* Dkts. 804 (opposing Dkt. 803), 850 (opposing Dkts. 835 & 846), 1372 (opposing Dkt. 1366).) Curling Plaintiffs do not recall opposing any such motion from State Defendants and found none in the docket.

3

lead counsel. That Curling Plaintiffs would be denied a full opportunity to respond to such an extraordinary, personal attack by merely obtaining the extra pages sought on this Motion defies the fundamental notions of fairness and truth that are at the core of the judicial system. The Court should grant this Motion.

Respectfully submitted this 27th day of April, 2022.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Veronica Ascarrunz (*pro hac vice*) | Adam M. Sparks |
| Hannah R. Elson (*pro hac vice*) | GA Bar No. 341578 |
| Zachary Fuchs (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2100 L Street, NW, Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                    */s/ David D. Cross*
                                                    David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, a copy of the foregoing **CURLING PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXCESS PAGES** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

　　　　　　　　　　　　　　　　　　 */s/ David D. Cross*
　　　　　　　　　　　　　　　　　　 David D. Cross

6