# EXHIBIT B

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 2 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 1

1              Nos. 20-13730 and 20-14067

2          ------------------------

3                    IN THE

4        UNITED STATES COURT OF APPEALS

5          FOR THE ELEVENTH CIRCUIT

6          ------------------------

7            DONNA CURLING, et al.,

8                      Plaintiffs-Appellees,

9                    v.

10       BRAD RAFFENSPERGER, in his official

11        capacity as Secretary of State

12     of Georgia and the Chair of the Georgia

13          State Election Board, et al.,

14                      Defendants-Appellants.

15         ------------------------

16

17                Oral Argument

18                May 19, 2022

19

20

21   B E F O R E:

22   HON. ROBERT LUCK

23   HON. BRITT GRANT

24   HON. LANIER ANDERSON

25   Appellant Judges

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 2

```
 1   A P P E A R A N C E S:

 2

 3   TAYLOR ENGLISH DUMA LLP

 4        Attorneys for Defendants-Appellants

 5        1600 Parkwood Circle, Suite 200

 6        Atlanta, GA 30339

 7

 8   BY:  BRYAN P. TYSON

 9

10   ROBERT MCGUIRE LAW FIRM

11        Attorneys for Defendants-Appellants

12        1624 Market Street, Suite 226

13        Denver, CO 80202

14

15   BY:  ROBERT ALEXANDER MCGUIRE, III

16

17   MORRISON FOERSTER LLP

18        Attorneys for Plaintiffs-Appellees

19        2100 L Street, NW, Suite 900

20        Washington, D.C. 20037

21

22   BY:  MICHAEL F. QIAN

23

24

25
```

Page 3

```
 1              P R O C E E D I N G S

 2              HON. BRITT GRANT:  We're now ready for

 3    our next case, Curling versus Secretary of State

 4    for the State of Georgia.  Mr. Tyson, whenever

 5    you are ready.

 6              MR. TYSON:  Thank you, Your Honor.

 7              May it please the Court, Bryan Tyson.

 8              HON. ROBERT LUCK:  Give me one second

 9    for opposing counsel.

10              MR. TYSON:  Oh, sorry.  I apologize.  I

11    didn't know they weren't set.

12              HON. ROBERT LUCK:  No, no.  You're

13    fine.  Take your time.  Just want to make sure

14    everyone is settled.  Thank you.  Go ahead.

15              MR. TYSON:  Thank you.  May it please

16    the Court, my name is Bryan Tyson.  I represent

17    the Secretary of State and State Election Board

18    in this matter.

19              The procedural history of this case,

20    Your Honors, is complicated at best, so I thought

21    it might be helpful just to kind of summarize how

22    we got to this point in this case.

23              This case began in 2017 as an election

24    contest to Georgia 6th Congressional District

25    special election.  After it was removed to
```

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 5 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 4

1  federal court, it was transformed into a

2  challenge to the then-method of voting in Georgia

3  using direct recording electronic voting machines

4  called DREs.

5          The State -- there was litigation for

6  several years over that.  After the State

7  purchased new equipment in 2019, the district

8  court entered an order saying you can't use the

9  old equipment anymore and then transformed the

10  case into a challenge of the Dominion equipment

11  that had been purchased by the State in 2019.

12          HON. ROBERT LUCK:  Counsel, I don't

13  want to tell you how to use your time, but you

14  don't have a lot of it.  So tell me what you'd

15  like for us to reverse on.

16          MR. TYSON:  Certainly, Your Honor.  So

17  the first element is definitely the issue of

18  standing.  The district court found that there

19  was standing for the plaintiffs in this matter

20  based only on generalized grievances.

21          HON. ROBERT LUCK:  So let's -- I want

22  to go to standing but maybe in a different way

23  that the district court looked at, although maybe

24  the same.

25          Let's talk about organizational

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 6 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 5

1   standing.  We have held, as I understand it,

2   election challenges similar to this one or

3   election challenges generally that a diversion of

4   resources theory for organizational standing is

5   sufficient to alleged injury in fact.

6            MR. TYSON:  That's correct.

7            HON. ROBERT LUCK:  You agree with that.

8            MR. TYSON:  I do, Your Honor.

9            HON. ROBERT LUCK:  Did they not allege

10   diversion of resources?

11            MR. TYSON:  Your Honor, the plaintiffs

12   did allege a diversion of resources, the

13   Coalition itself.

14            HON. ROBERT LUCK:  Yes.

15            MR. TYSON:  I think the issue we have

16   here is the district court affirmatively

17   prevented the State from examining the issues

18   around the diversion of resources at the

19   preliminary injunction hearing and relied only on

20   some declarations, and then the plaintiffs cite

21   only declarations filed after the court's order

22   in terms of the nature of the diversion of

23   resources.

24            HON. ROBERT LUCK:  There may be an

25   error.  You can show me in your brief.  There may

Case 1:17-cv-02989-AT  Document 1388-2  Filed 06/01/22  Page 7 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067    May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 6

1   be an error of the district court in limiting you

2   in discovery, but that's not how I understand

3   this was presented to us.  This was presented to

4   us simply as there isn't evidence of standing.

5   Is that right?

6           MR. TYSON:  Yes, Your Honor.  That is

7   correct.

8           HON. ROBERT LUCK:  At least under the

9   allegations and the affidavit presented by the

10  executive director for the Coalition, it seems to

11  me that there is evidence of diversion of

12  resources.  Now, whether that evidence is

13  sufficient, let's talk about.  But it seems to me

14  that there are at least allegations that, hey, we

15  would have -- but for this law which we're now

16  spending money to educate and to fight in some

17  way, we would've spent money in Colorado doing

18  auditing and North Carolina doing election reform

19  efforts, and in others.  I think South Carolina

20  was another state that they do work in as well.

21          MR. TYSON:  Yes, Your Honor.  And I

22  think the key point is the nature of the

23  generalized grievance still applies on the

24  organizational standing and the sufficiency

25  because if you look at (indiscernible) from the

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 8 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 7

1    6th Circuit, they discuss how the generalized

2    nature of the grievances affected all the nature

3    of standing.  The individual plaintiffs --

4              HON. ROBERT LUCK:  Diversion of

5    resources isn't generalized to every voter.  I

6    mean, that's the issue with generalized, right,

7    which is -- and I think you might have a point

8    with the individuals.

9              MR. TYSON:  Mh hmm.

10             HON. ROBERT LUCK:  That theirs is the

11   same as everyone -- every other voter is, and

12   they need something particularized or special as

13   to them.  But there's no one else who's claiming,

14   that I know of, that but for this law, I would

15   have spent money doing other election reform

16   efforts elsewhere.  This seems to be not general

17   but specific to the Coalition.

18             HON. BRITT GRANT:  Let me put it a

19   different way.  What do you identify specifically

20   as different between this set of -- this

21   organizational plaintiff versus the dozens that

22   we found standing for in other election cases?

23             MR. TYSON:  And Your Honor, I think the

24   key difference is the only evidence in the record

25   as far as the 990s are the Coalition exists to

Case 1:17-cv-02989-AT Document 1388-2 Filed 06/01/22 Page 9 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna Vs. Raffensperger, Brad

Page 8

1  litigate.  That is its sole purpose.  Whether it

2  was a declaration to the contrary -- and I think

3  again, the idea that --

4        HON. ROBERT LUCK:  So I looked at that.

5  And I know you make that argument, but in their -

6  - at least in their allegations, they say -- the

7  executive director -- it is alleged the executive

8  director would do education and other -- now have

9  to spend efforts on education, instruction, and

10 litigation as a result, and otherwise would have

11 done work on auditing and election reform

12 efforts, which is not litigation related.

13        So it seems to be -- you might have a

14 point if the only goal was litigation, and that's

15 what they're doing, but this seems to be not

16 that.  This seems to be true diversion from at

17 least something else.

18        MR. TYSON:  Yes, Your Honor.  I'll just

19 -- I'll make one last point.  Then I'll move on

20 from this.  But just I think it's important to

21 consider too this Court's post-2020 litigation.

22 The idea that if an individual had merely

23 incorporated, they could've transformed their

24 generalized grievances into sufficient

25 organizational standing merely by the act of

Page 9

1   incorporating I think is a problematic view of

2   how to look at Article 3 standing, but I'll move

3   on to some of the other bases we have here.

4            HON. BRITT GRANT:  I've got a question

5   actually.  Can you point me to an injunction

6   related to the scanner issue?

7            MR. TYSON:  Yes, Your Honor.  So I

8   think the key issue is the specificity on Rule

9   65.  The cases in Rule 65 focus on it was a

10  district court that didn't call what it did an

11  injunction actually issuing an injunction.

12  That's where most of the caselaw is on that.

13            In this case, you had the district

14  court saying three times that it is granting

15  relief, that it is granting the motion for

16  preliminary injunction.  Those statements

17  indicate the district court intended to enter an

18  injunction, but it didn't specify what the

19  requirements were.

20            HON. BRITT GRANT:  Didn't it ask the

21  State for a proposed injunction?  And I assume --

22  I think I see in the record that you all provided

23  that, but I don't see where one was ever entered.

24            MR. TYSON:  That's correct, Your Honor.

25  There was never a specific threshold entered for

Page 10

1   the scanner.

2            I think the key for the State is there

3   have been multiple situations in this case and in

4   the common cause case that was recently before

5   this Court where an injunctive relief of some

6   sort was entered.  From the State's position, it

7   didn't change anything the State was already

8   doing.

9            So for example, the 2019 order in this

10  case from the State's position, that just ordered

11  the State to do what it was already supposed to

12  do.  It became the basis for a $6 million request

13  for attorney's fees.  So from the State's

14  perspective we had to appeal this order because

15  the district court clearly said it was entering

16  an injunction as it related to the scanners.

17            HON. BRITT GRANT:  I'm not obviously

18  saying that we would say what you want us to say

19  about that, but what -- given what you've just

20  said, what would be your proposal for how the

21  Court would address this issue?

22            MR. TYSON:  And Your Honor, I think the

23  proper method at this point is to find that the

24  scanner order violated Rule 65's specificity

25  requirements, that if a district court was going

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 11

1   to enter an injunction that later -- was going to

2   contain later information, it needed to not say

3   it was entering the injunction in that order.  It

4   needed to say it was considering entering the

5   injunction.  It was taking other steps, not that

6   it was granting the PI.

7           HON. ROBERT LUCK:  You're in a fine

8   line here because on the one hand, if it's not

9   specific enough to the -- to a certain point, we

10  don't have appellate jurisdiction.  And on the

11  other hand, you want to tell us it's not specific

12  enough but enough for appellate jurisdiction

13  because it violates Rule 65.  That is a perilous

14  argument for you.

15          As I understand your argument on

16  appellate jurisdiction, and then we'll turn to

17  Rule 65, it is that there was language of --

18  there was mandatory language requiring certain

19  basic elemental things be done by a date certain.

20  Is that true?

21          MR. TYSON:  Your Honor, there are

22  certain -- there was the intent of the district

23  court to enter an injunction, so Chief Judge

24  (indiscernible) concurrence --

25          HON. ROBERT LUCK:  Well, beyond that --

Page 12

1   because I'm not sure that's enough.  I'm not sure

2   it's enough to say, "Injunction granted.  We'll

3   talk to you later."  It -- which is what you're

4   saying here.

5           As I understand, here's what the order

6   said starting -- I'll quote from Page 142.  "The

7   expanded methods to address the scanner tabulator

8   and adjudication software's per se blank

9   exclusion of marks that may reasonably be

10  considered by an adjudication panel as indicating

11  voter intent must be in place no later than the

12  next election cycle following the conclusion of

13  the January 2021 runoff."

14          So you have a date certain that

15  something must be done and a baseline with which

16  something must be done.  There must be something

17  different done than is currently the law or that

18  currently exists to expand the method that the

19  scanner tabulates such that an adjudication panel

20  can determine voter intent.  Right?

21          MR. TYSON:  That's correct.

22          HON. ROBERT LUCK:  And then it says --

23  and it -- the beginning of that sentence is

24  actually "in any event," because in other words,

25  what she first ordered you all to do is you guys

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 13

1   got to sit down.  But she says, "In any event, I

2   am ordering this and further relief," not just

3   relief but further relief will come later.  Is

4   that a fair representation of the order?"

5                MR. TYSON:  I think it's a fair

6   representation, Your Honor.

7                HON. ROBERT LUCK:  How is that not

8   specific enough?

9                MR. TYSON:  And I think that in this

10  case, it's not specific enough because it did not

11  tell the State what it needed to do to avoid a

12  contempt citation.

13               HON. ROBERT LUCK:  Yeah, it did.  Do

14  something more than you're doing now.

15               MR. TYSON:  But do something more I

16  don't think is specific enough for Rule 65

17  because what does "more" mean in this context?

18  There's a discussion of a variety of different

19  brightness settings, dots-per-inch settings, and

20  the later filings show the plaintiff's only

21  proposed remedy is related to brightness

22  settings, not anything else.

23               HON. ROBERT LUCK:  Contempt requires an

24  intentional, willful disregard of a court order.

25  If the State had come and said, "Judge, we've

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 15 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 14

1    looked at this again, and we've now decreased the

2    scanners to the 5 percent range.  We couldn't

3    agree, but this is what we've done there," no

4    judge in the world could ever find that you

5    willfully violated that order, but that order

6    still would have caused you to go back and to do

7    something to comply, right?

8              MR. TYSON:  I think it would, Your

9    Honor, except that in -- as Judge -- Justice

10   Kavanagh said in the Merrill versus Milligan

11   case, elections are very complicated to run,

12   especially statewide.  The number of moving

13   pieces that are happening here requires very

14   specific direction for the Court, not just go try

15   again and go try to do something different.  When

16   the State had already done a study, it had

17   already adopted a rule, there needed to be more

18   specificity, from our perspective, to comply with

19   Rule 65.

20             HON. BRITT GRANT:  Did you do anything

21   in response to this order?

22             MR. TYSON:  Your Honor, I don't believe

23   there was ever any action taken related to the

24   scanner issue specifically.

25             HON. BRITT GRANT:  Did the plaintiffs

Case 1:17-cv-02989-AT  Document 1388-2  Filed 06/01/22  Page 16 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 15

1  raise that with the Court?

2         MR. TYSON:  No, Your Honor.  The

3  plaintiffs took the position that this was not an

4  injunction because the Court never gave specific

5  direction.  I believe that's their position on

6  appeal in this case as well.

7         So in my time remaining, let me move to

8  Anderson-Burdick.  I think that's a key issue

9  here.

10         HON. LANIER ANDERSON:  Let me ask you

11  this.

12         MR. TYSON:  Yes, Your Honor.

13         HON. LANIER ANDERSON:  Assuming that

14  the scan order is something we have no

15  jurisdiction on, I can't understand really the

16  only belief granted by this pollbook order is

17  that you have to update through -- update the

18  paper ballot -- the paper backup through early

19  voting.  I cannot understand why you would not

20  want to do that.

21         MR. TYSON:  And Your Honor, the

22  testimony of -- at the hearing was this was

23  actually a lot more complicated than the district

24  court made it.  And this kind of goes to our

25  Anderson-Burdick question on this point.  There

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 17 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 16

1   was a reasonable nondiscriminatory election rule

2   in place.  The State had paper backups.  There

3   was never a question those existed already.  The

4   only question was would it include --

5           HON. ROBERT LUCK:  I have a legal

6   question.  A part of the -- what drove the

7   Anderson-Burdick analysis, frankly, it's like

8   with anything else.  If you find a severe burden,

9   you're going to lose.

10          MR. TYSON:  Yes.

11          HON. ROBERT LUCK:  Is the determination

12  of severity a factual determination or a legal

13  determination for us?

14          MR. TYSON:  Your Honor, I believe it

15  has to be a legal determination.  It's going to

16  be at least a mixed question of law and fact

17  because the district court obviously goes on at

18  length about all these possible malfunctions,

19  things that county poll workers were doing that

20  were not functioning.

21          But at the end of the day, the

22  theoretical vulnerability and the questions about

23  possible malfunctions can't in and of themselves

24  as a legal matter be a serious severe burden on

25  the right to vote because it's so unforeseeable.

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 18 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 17

1    And again, this is where these kind of -- these

2    pieces mix together because at the end of the

3    day, the plaintiffs haven't showed that this was

4    certainly going to happen.  They showed maybe it

5    might happen.  The State is entitled to

6    administer its reasonable nondiscriminatory

7    election rules without the district court's

8    interference.

9            HON. BRITT GRANT:  I'd like you to back

10   up and finish answering Judge Anderson's

11   question.  I'm interested in that too.

12           MR. TYSON:  Yeah.  So the key point is

13   the list that was provided included voter

14   registration information, so if a person

15   presented their driver's license, and they went

16   to check in on the poll pad, the check-in unit

17   wasn't working.  The poll worker is supposed to

18   consult the paper list, check the voter in, and

19   allow voting to continue.

20           The information on the poll pad

21   includes information updated over the weekend

22   regarding the absentee ballot status for a voter.

23   Because of the nature of the printing schedule

24   for those paper lists that the secretary

25   undertakes, they cannot print those lists from

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 19 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067  May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 18

1  the secretary's side in the weekend after the end

2  of early voting and before Tuesday.

3          So it may be a very good idea to

4  include absentee information.  That's something

5  that maybe the State needs to look at.  But at

6  the end of the day, it wasn't up to the district

7  court to use its Article 3 powers.

8          HON. LANIER ANDERSON:  You told the

9  district court in a written statement that it was

10  feasible.

11          MR. TYSON:  I'm sorry, Your Honor.  I

12  didn't hear the question.

13          HON. LANIER ANDERSON:  You told the

14  district court that it was feasible to do that.

15  You said it's not as simple as that, but it's

16  feasible.

17          MR. TYSON:  Certain, Your Honor.  And I

18  think this kind of goes back to where the new

19  Georgia project a case was on a lot of this too.

20  There are a lot of good ideas around the

21  administration of elections.  The State has

22  procedures.

23          The fact that we'd have to print two

24  different reports, I believe that filing said,

25  and train -- counties have to train poll workers

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067  May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 19

```
 1   how to use these alternate reports as well.
 2   That's a significant change to be happening,
 3   especially on the eve of an election.  This is a
 4   lot more than a Purcell case though because I
 5   think as we saw, the scanner order was used by
 6   folks challenging the 2020 election to add an
 7   aura of credibility around these claims of a
 8   stolen election.  And hewing closely to Article 3
 9   we think is very important here and that these
10   orders should be reversed.
11          And with Your Honor's permission, I'll
12   reserve the remainder of my time.
13          HON. BRITT GRANT:  Does anyone else
14   have any questions before he sits?  Okay.  Thank
15   you.
16          MR. TYSON:  Thank you, Your Honor.
17          HON. BRITT GRANT:  Mr. McGuire?
18          MR. MCGUIRE:  Good morning.  May it
19   please the court, my name is Robert McGuire.  I
20   represent the Coalition plaintiffs, which is one
21   of the two groups.
22          HON. ROBERT LUCK:  Counsel, I'm going
23   to jump right in because you don't have a ton of
24   time.
25          MR. MCGUIRE:  Sure.
```

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 20

1           HON. ROBERT LUCK:  I'll tell you that -
2   - and I'm only speaking for myself.  I think
3   there's standing, and I think that there's
4   appellate jurisdiction, so I'm very interested in
5   the Anderson-Burdick, the merits issue, and so
6   that's where my questions are going to go.
7           And my first one related to the scanner
8   order is this.  Where is the evidence in the
9   record -- and point me to it because I didn't
10  find in the district court's order that "the
11  average voter is likely unaware that their
12  failure to adequately darken the oval to a
13  certain percentage may cause their vote to be
14  rejected by the scanner and in turn not count it
15  altogether."  That's at 129 and 30 of the
16  district court's order.
17          MR. MCGUIRE:  Your Honor, off the top
18  of my head, I don't -- can't point you to where
19  that evidence is.  But I can say that I don't
20  believe that evidence is necessary for the Court
21  to have entered the rule as it did on the
22  scanners.
23          HON. ROBERT LUCK:  Well, so here's why
24  I think it is because the district court
25  acknowledged right before that sentence that the

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 22 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 21

 1   burden is minimal, argument whether there's a

 2   burden at all, but that the burden is minimal.

 3   That sentence, however, was the basis for the

 4   district court's finding or -- it should be

 5   determination that the burden was actually more

 6   than minimal because the average voter actually

 7   doesn't really know despite the instructions that

 8   they have to oval this thing in.

 9           So what I want to know is where in the

10   record the district court determined what the

11   average voter would understand even though they

12   were explicitly instructed to oval that -- to

13   oval in a specific oval.

14           MR. MCGUIRE:  That was not part of our

15   proof that I recall, so what I will say on the

16   burden is that I think the burden that the

17   district court was talking about there was the

18   burden of complying with the instructions to

19   color in the oval.  And that burden certain is

20   minimal.  But the burden that's at issue in

21   determining the merit -- the issue here is the

22   burden on the voter of having their vote not

23   count.

24           HON. ROBERT LUCK:  And the reason -- I

25   agree with you completely.  You're right.  But

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 23 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067  May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 22

1   the point that the district court made is the

2   reason why that burden is more than minimal is

3   because the average voter wouldn't understand

4   despite the instruction what they'd have to do

5   and therefore wouldn't do it correctly.

6           And what I want to know is where is the

7   evidence to support that finding because that to

8   me is the critical finding in the whole thing.

9   If that -- to me, if that -- if there's not

10  evidence to support that, that whole thing falls

11  apart because then it becomes minimal, and it's

12  easy for the State to meet the burden.

13          MR. MCGUIRE:  Well, again, I can't

14  point you to exactly what evidence she had in

15  mind in that particular passage of her opinion.

16          HON. ROBERT LUCK:  Okay.  So let's -- I

17  want to go to the pollbook order, what everyone's

18  calling the pollbook order.

19          Let me ask you this.  If Georgia law

20  required that all polling places are required to

21  have and to use electricity mired to the grid, to

22  a hardline grid -- that was the statute -- and on

23  election day, the power went out, would that be a

24  severe burden on -- would that be a severe burden

25  on the right to vote?

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 24 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 23

1              MR. MCGUIRE:  That -- if that was the

2    reason why the power went out, then there are

3    emergency procedures which provide for people to

4    cast ballots in that case.

5              HON. ROBERT LUCK:  So the answer would

6    be no.

7              MR. MCGUIRE:  The answer would be no if

8    that were the cause.

9              HON. ROBERT LUCK:  Okay.

10             MR. MCGUIRE:  Correct.

11             HON. ROBERT LUCK:  Let's assume that

12   Georgia has a statue which says that every

13   polling location in the entire state has to be

14   hooked to some WIFI system, and for whatever

15   reason, in the southeast on election day, the

16   satellite goes down and all WIFI drops, would

17   that be a severe burden on the right to vote?

18             MR. MCGUIRE:  Well, I think -- I think

19   the answer to this question and in fact the

20   answer to your former question depends a little

21   bit on the presumption that underlies those

22   facts.

23             We presume that electricity -- the

24   electrical power grid functions normally and

25   isn't routinely defective.  If it were routinely

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 25 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 24

1   defective, it would be a different answer.  I

2   would have given you a different answer to your

3   previous question.

4           HON. ROBERT LUCK:  Okay.

5           MR. MCGUIRE:  So I think -- I think --

6           HON. ROBERT LUCK:  So answer my WI-FI

7   question.

8           MR. MCGUIRE:  If -- well, it depends on

9   whether there would be evidence that the WI-FI

10  was routinely interrupted or routinely didn't

11  function properly.  If it did, if there was that

12  evidence as there is here for the --

13          HON. ROBERT LUCK:  Assuming it normally

14  works okay.

15          MR. MCGUIRE:  Assuming that it normally

16  works okay and there's not evidence, then I would

17  think that the fact that you're using electricity

18  and that's dependent on the system would not

19  create a burden by itself.

20          HON. ROBERT LUCK:  Okay.  So let's take

21  a more tangible -- let's take it to here.  So

22  here there's a requirement that there be used

23  iPads with an electronic polling system as part

24  of the BMD system that you all are attacking, and

25  that's the basis of the pollbook order.  How is

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 26 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 25

1   that a severe burden that many of those just

2   didn't operate correctly on election day?

3          MR. MCGUIRE:  I think the burden for

4   purposes of standing arises from you -- the

5   burden on --

6          HON. ROBERT LUCK:  I'm not talking

7   about standing.  I'm talking about whether it's

8   severe or not.

9          MR. MCGUIRE:  Oh, whether it's a severe

10  burden or not.

11         HON. ROBERT LUCK:  I'm -- I think you

12  have standing.

13         MR. MCGUIRE:  Okay.  So apologies.

14  Your question is whether it's a severe burden to

15  use an iPad, for example?

16         HON. ROBERT LUCK:  For the state to

17  require that an iPad be used?

18         MR. MCGUIRE:  I don't think there's any

19  burden at all on the State requiring you to vote

20  by a method that works.  The burden arises when

21  the method doesn't work.

22         HON. ROBERT LUCK:  Right, but there's a

23  risk that any method won't work on any given day.

24  I mean, rain could happen so bad that it floods

25  out a particular polling place.  Is that a severe

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 27 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 26

1  burden?  Probably not, right?

2          MR. MCGUIRE:  Well, that would -- that

3  obviously would be a burden to the voters that

4  are affected by it.

5          HON. ROBERT LUCK:  No, it's a burden

6  that day, but is it a severe burden on the right

7  to vote in the sense that we talk about for

8  Anderson-Burdick?

9          MR. MCGUIRE:  I think with the examples

10  that you're giving, I think the proper answer is

11  probably that these are burdens on the right to

12  vote, but the issue is whether there's causation

13  that's reasonably traceable to the defendant's

14  conduct.

15          HON. BRITT GRANT:  Right.  So wouldn't

16  it be different if say the State put all the

17  polling places in the places where they thought

18  that their preferred party wouldn't get the vote,

19  in the floodplain, right, and they just expected

20  that that was going to happen.  That would

21  certainly be different than a 100-year flood

22  happens, or even an ordinary flood, right?  A

23  pipe bursts.  Things -- you know, things happen.

24  Why is this any different than things happen?

25          MR. MCGUIRE:  So are we -- is -- may I

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 28 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 27

1  address your question on the standing issue or

2  the merits issue?

3         HON. BRITT GRANT:  We're not talking

4  about standing.  Standing is over.

5         MR. MCGUIRE:  Okay.  We're just talking

6  about merits.

7         HON. BRITT GRANT:  Yeah.

8         MR. MCGUIRE:  So I guess what's

9  confusing me is that the way we conceive of

10 burden here is that the burden on the voter is

11 the burden on the ability to vote.  And the

12 method of voting is not a burden unless the

13 method results in depriving you of the ability to

14 cast your vote.  And so it --

15         HON. LANIER ANDERSON:  Counsel, it

16 seems to me the best answer you might have to

17 questions asked by both Judge Luck and Judge

18 Grant is something along the following lines.

19         Obviously a storm that knocks out all

20 the power is not something that we could deal

21 with in a court order.  But the problem in this

22 case and your answer to them, it seems to me,

23 would be that there's a lot of evidence in this

24 case, and the evidence is that these pollbooks

25 did not operate in three different elections time

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 29 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067    May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 28

1   after time after time, and there were numerous

2   causes, probably.

3           But a considerable part of the cause,

4   probably, is the lack of training and, in

5   particular, the lack of training in how to use

6   the backup, and in particular the lack of

7   training in the use of provisional ballots when

8   emergency ballots should've been used if they had

9   referred to the backup.  Even though the pollbook

10  is not operating electronically, the backup would

11  show that the voter is supposed to vote in this

12  precinct, and he should be allowed then to vote

13  on emergency ballot and not a provisional ballot.

14  Why is that not your answer to some of these

15  questions anyway?

16          MR. MCGUIRE:  Well, I think -- I think

17  our answer -- I certainly will accept that as an

18  answer that I would be happy to give.

19          I think the -- what is causing me to

20  stumble here is that the thing that is causing

21  the burden is not the method of voting.  The

22  method of voting is we?re agnostic as to the

23  method of voting if the method of voting allows

24  people to vote.  It's the fact that the State is

25  doing something which is -- which is failing to

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 30 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 29

```
 1   provide an updated pollbook to take account of
 2   predictable failures.
 3            HON. ROBERT LUCK:  I understand that,
 4   but the method of voting is -- which includes all
 5   of that is part of why the district court
 6   determined that it's severe.  And the vagaries of
 7   any given day at any given time could affect the
 8   voting.  If it's paper and for some reason, you
 9   know --
10            HON. BRITT GRANT:  Printer jam.
11            HON. ROBERT LUCK:  The printer jams or
12   the ink is disappearing, or there's a paper
13   shortage like there is a shortage of a lot of
14   other things going on in today's day and age.
15   None of that would be called a severe burden even
16   though, obviously, it would interfere with the
17   right to vote.
18            MR. MCGUIRE:  Yes.
19            HON. ROBERT LUCK:  You would agree?
20            MR. MCGUIRE:  I would agree with that,
21   although I would dispute that -- whether these
22   are vagaries.  I think that these are not the
23   kind of vagaries of life that would appear to be
24   just random arbitrary --
25            HON. ROBERT LUCK:  Technology not
```

Page 30

1  working?

2          MR. MCGUIRE:  Technology not working in

3  the course of --

4          HON. ROBERT LUCK:  I've had that vagary

5  just today, this morning, since I got here.

6          MR. MCGUIRE:  It's certainly something

7  that happens routinely in life, but it's not

8  something that happens routinely in elections

9  when you're running a system where you involve --

10  you require technology to vote, and then the

11  technology itself has been proven repeatedly to

12  be -- to be defective.  The problem for us is

13  that they are not providing a mitigation for that

14  foreseeable problem.

15          HON. BRITT GRANT:  First question.  Do

16  you know if the State or the county provides

17  training to poll workers related to the

18  pollbooks?

19          MR. MCGUIRE:  I believe the counties

20  provide the training directly.

21          HON. BRITT GRANT:  So could we as a

22  Court hold the State responsible for lack of

23  training on how to use the pollbooks?

24          MR. MCGUIRE:  The State -- the State is

25  -- under Grizzle v. Kemp, the State is the chief

Case 1:17-cv-02989-AT  Document 1388-2  Filed 06/01/22  Page 32 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 31

 1   enforcement officer of the election code in

 2   Georgia, and so the State prescribes --

 3            HON. ROBERT LUCK:  That's not good

 4   enough under Jacobson though.  I mean, we were

 5   clear in Jacobson that that is -- it's not enough

 6   just to say you're the chief election officer,

 7   and you're responsible for all of it.  You've got

 8   to -- you've got to drill down on who's

 9   responsible for what specific thing to determine

10   redressability and traceability for standing.

11            MR. MCGUIRE:  And that is why also we

12   named Fulton County as a defendant in the case

13   and why they were enjoined as well as the State

14   was in this matter.

15            So I see I'm over my time.  We were

16   going to divide time, so I can turn it over to my

17   counsel unless you have more questions for me.

18   Mr. Qian is going to be discussing the

19   separateness of this case, the narrowness of this

20   appeal, so I'm happy to answer more questions, or

21   I can turn it over to him for him to address

22   this.

23            HON. BRITT GRANT:  It's your time, so

24   you all can decide.

25            MR. MCGUIRE:  I would just conclude by

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 33 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 32

 1  saying from the Coalition perspective --
 2  Coalition plaintiff's perspective, we would
 3  respectfully request that you affirm the pollbook
 4  order and lift the stay on it, and dismiss the
 5  scanner order as unappealable.
 6          MR. QIAN:  Good morning, Your Honors.
 7  May it please the Court, Michael Qian for the
 8  Curling plaintiffs, Donna Curling, Donna Price,
 9  and Jeffrey Schoenberg.
10          HON. ROBERT LUCK:  So can I pick up
11  where your -- on a thread that your opposing
12  counsel talked about?  So in discussing some of
13  the hypotheticals, your -- including the
14  electricity one and the WI-FF one, your opposing
15  counsel said one reason the burden would not be
16  severe because, if the -- for instance, the
17  electricity went out in the entire grid in the
18  southeast on election day was Georgia very wisely
19  has an alternative paper ballot system for
20  emergency ballots that are actually counted.
21  They aren't provisional.  You just check off the
22  pollbook.
23          Here, I understand the pollbooks aren't
24  updated to the nth degree, but they have a list -
25  - a paper list of the voting rules, and they have

Case 1:17-cv-02989-AT Document 1388-2 Filed 06/01/22 Page 34 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna Vs. Raffensperger, Brad

Page 33

1  voting ballots. How, even if the electronic

2  system is so unreliable, does that not take care

3  of any severity with regard to the burden?

4  　　　　MR. QIAN: It doesn't take care of it

5  because there is still a burden imposed by

6  forcing voters to vote provisionally instead of

7  on ordinary ballot.

8  　　　　HON. ROBERT LUCK: So the emergency

9  system -- I think you both are at pains and the

10  district court is at pains to say it's not a

11  provisional system, and I tend to agree with you

12  on provisional.

13  　　　　The -- there is, as I understand it,

14  three votes. There's regular on the electronic.

15  Thar's emergency votes if the electronic system

16  goes down, and going down means lines of 30

17  minutes or more, the electricity goes off,

18  something like that, defined by regulation. And

19  then provisional for those who for some reason

20  the pollbook is not updated, and they can't --

21  they're listed in the wrong place. Is that

22  correct?

23  　　　　MR. QIAN: To be honest, Your Honor,

24  I'm not sure because these were the Coalition

25  plaintiff's claims. But what I do know from the

Page 34

1   district court's order is that there is evidence

2   that voters were required to vote provisionally,

3   and that does impose a burden on those voters.

4           And let me just make one more point

5   about this question about the vagaries of life.

6   You know, one way you can think about this is the

7   magnitude of the burden.  And there, I would say

8   that if a voter doesn't get to vote or has to

9   vote on a provisional ballot, that is a severe

10  burden on that voter.  But I think the --

11          HON. ROBERT LUCK:  The problem is,

12  Counsel -- and I'm sorry to interrupt, but that's

13  true of the electricity example.  It's true of

14  the WI-FI example.  It's true if there's a one in

15  a 100-year flood.  It's true of lots of things

16  that we don't call a severe burden.

17          MR. QIAN:  That's true, Your Honor.

18  And two differences I would point out in this

19  case.  One, it's as if the flood or the leak in

20  the roof happened year after year in every single

21  election.  Then I think you would say that there

22  is a severe burden on the voters.

23          The second is -- second point I would

24  make is that I think those problems -- those

25  issues are better dealt with on the other side of

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 36 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 35

1   the ledger of the Anderson-Burdick balancing

2   test.  It's the State's interest.  The State does

3   have a severe interest not having to plan around

4   a 100-year flood.  But if the problem is easily

5   avoidable just by printing what they're already

6   printing, just at a later date, it's a minimal

7   burden on the State.  And that's why the

8   Anderson-Burdick analysis comes out in our

9   (indiscernible) here.

10          HON. ROBERT LUCK:  But that -- we don't

11  look at it that way.  In other words, we don't

12  say, "This is a really good idea, and it doesn't

13  cost the State so much, so we're going to require

14  that."  That's not what this is about.

15          What this is about is, is this a severe

16  -- is the fact that it's not updated by about

17  three or four days, is whatever minimal harm that

18  is to the right to vote balanced against whatever

19  State interest has in doing so?

20          And it seems to me that it's really

21  minimal to say that we're going to print it out

22  this day as opposed to this day, and that might

23  affect a really small handful that might have to

24  vote provisionally whose votes will end up being

25  counted anyway.  And again, we're only talking

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 36

1    about a case of emergency.

2           MR. QIAN:  I think, Your Honor, that

3    ultimately it is a balancing test.  And so

4    regardless of whether you're labeling it a severe

5    burden or a minimal burden, you still have to

6    balance the burden on voters who will not get to

7    vote or who will have to vote provisionally

8    against a minimal state interest on the other

9    side.

10          If I could just address --

11          HON. BRITT GRANT:  Are we supposed to

12   go back there to the conference room and hash it

13   out amongst ourselves what we would do if we were

14   in the Georgia legislature, what we think would

15   be the most effective way to make the line

16   shorter and the voting easier?  Is that -- is

17   that what the Supreme Court has said we should

18   do?

19          MR. QIAN:  No, Your Honor.  It's a

20   balancing test like many other constitutional

21   frameworks.  It's a well-establishing balancing

22   test under Burdick-Anderson, and the district

23   court had the full record before it.  It assessed

24   these, and the question is just whether the

25   district court committed some error, and I don't

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 38 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 37

1  think the State defense has pointed to one.

2          If I could just address the scanner

3  order briefly.  There is no appellate

4  jurisdiction because the district court entered

5  no injunction.

6          Judge Luck, you pointed to a line in

7  the district court's order where it talked about

8  expanded methods, but in the very next sentence,

9  the district court explained that those methods

10  would be identified through further proceedings.

11  It --

12          HON. ROBERT LUCK:  No.  It says it

13  would grant further relief after you guys sat

14  down together, but it set the standard.  It said

15  you must do something by a certain date, and it

16  told the State what that something was.  It says

17  you need to expand the method such that a -- I

18  forget what the -- the Board, whatever the Board

19  who looks at these -- can reasonably determine

20  voter intent.  How is that not a directive to do

21  something?

22          And if -- let's assume the State did

23  nothing, so this piggybacks off Judge Grant's

24  question.  Let's assume the State said, "I'm not

25  doing anything until we sit down, and we can't

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 39 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 38

1   agree, so we're at a standstill.  I'm not doing

2   anything."  You're telling me you wouldn't run to

3   the Court to say, "You said in any event they had

4   to do something by this date, and they didn't do

5   it, so require it"?

6           MR. QIAN:  I'm -- so two things, Your

7   Honor.  First, I respectfully disagree with your

8   reading of the district court's order.  I think

9   the further relief in the next sentence is

10  talking about the expanded methods.  And that's

11  clear in context of the district court --

12          HON. ROBERT LUCK:  Why use "further"?

13  Doesn't "further" imply that it granted relief?

14          MR. QIAN:  No, Your Honor.  It's --

15          HON. ROBERT LUCK:  Really?

16          MR. QIAN:  Yes, Your Honor, because

17  there is no instruction to the State defendants

18  in this order.  They're -- so it's not just the

19  absence of that language.  It's the presence of

20  the district court clarifying that it would hold

21  further proceedings to identify what the relief

22  was.  You can also --

23          HON. BRITT GRANT:  Did the plaintiffs -

24  - did the plaintiffs -- any plaintiff file asking

25  the district court to enter an injunction?

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 40 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067
Curling, Donna  Vs. Raffensperger, Brad

Page 39

 1          MR. QIAN:  Yes, Your Honor.  There were

 2   further proceedings after this order.  Each side

 3   submitted their proposed remedy, and then very

 4   importantly, the district court issued a further

 5   order -- it's at Docket 1021 -- where it further

 6   deferred proceedings on the remedy.

 7          So the district court was clear in both

 8   Order 964 and in 1021 that it had not yet entered

 9   anything.  The date certain, Your Honor, Judge

10   Luck, was -- it was after -- it said after the

11   January 2021 elections.  It didn't say do

12   anything by January 2021.  It said after, and

13   that's even clearer taking into account Order

14   1021.

15          But let me also address Judge Luck's

16   point about the practicalities of the situation

17   and how the parties have behaved because I think

18   that removes any doubt.

19          State defendants conceded this morning

20   they have done nothing differently because --

21          HON. ROBERT LUCK:  Counsel, I want to

22   go back to what you said.  You're way over time,

23   but you -- that needs to be corrected, what you

24   just said.  On Page 142, it says, "Must be in

25   place no later than the next election cycle

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 40

1   following the conclusion of the January 2021."

2   It didn't just say in some date in the future.

3   It said next election cycle.

4          MR. QIAN:  Your Honor, it said not the

5   January 2021 elections.  Some -- the elections

6   after that.

7          HON. ROBERT LUCK:  The date -- the next

8   election after that.  It's a date certain.

9          MR. QIAN:  But Your Honor, taken in

10  context, especially with Order 1021, what the

11  district court was doing was deferring

12  proceedings on the remedy.

13         And again, you know that by how the

14  parties have acted, and the State defendants

15  haven't changed their conduct.  They never sought

16  a stay of that order, which they would've done if

17  they thought they were under some sort of

18  injunction order, if they thought they were under

19  order of contempt because that's what they did

20  with the pollbook order, which was an injunction.

21  It's --

22         HON. BRITT GRANT:  I have a question

23  about what interests both the parties might have,

24  all the parties have, besides what happens with

25  the scanners.  Your friends on the other side

Case 1:17-cv-02989-AT  Document 1388-2  Filed 06/01/22  Page 42 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 41

```
 1   indicated a concern about attorney's fees.  Is

 2   that something that changes depending on what we

 3   decide about whether this is appealable?

 4             MR. QIAN:  Your Honor, I -- to be

 5   honest, I'm not in a position to answer that

 6   because this was the Coalition plaintiff's

 7   motion.  I'm just here to underscore the limited

 8   nature of this Court's appellate jurisdiction --

 9             HON. BRITT GRANT:  But why --

10             MR. QIAN:  -- in this appeal.

11             HON. BRITT GRANT:  If it's not -- if

12   it's not your motion or your party isn't

13   concerned about it, then why are you here talking

14   to us about it?

15             MR. QIAN:  My client's concern is,

16   again, to underscore the limited scope of these

17   appeals because State defendants have made broad

18   arguments that affect my client's interests, for

19   example on the ballot-marking device claims.  And

20   so I just want to be clear about --

21             HON. BRITT GRANT:  The ballot-marking

22   device claim was a Coalition claim.  Isn't that

23   what you just said?

24             MR. QIAN:  I'm sorry.  I represent the

25   Curling plaintiffs.
```

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 42

1          HON. BRITT GRANT:  Right.

2          MR. QIAN:  Both the Curling and

3    Coalition plaintiffs brought ballot-marking

4    device claims.

5          The reason that I'm here today on

6    behalf of the Curling plaintiffs is because the

7    State defendants made arguments regarding the

8    ballot-marking device claims, and our response to

9    that is that's not at issue in this appeal.  This

10   Court shouldn't address it.  And that the

11   appellate jurisdiction, even over the scanner

12   order is limited.

13          I don't have a view on the attorney's

14   fee question that Your Honor identified.  To my

15   knowledge, there haven't been proceedings on

16   attorney's fees as to the scanner order in the

17   district court, and so I think that's something

18   that would be resolved in future litigation.

19          HON. BRITT GRANT:  Thank you.

20          MR. QIAN:  Thank you.

21          HON. BRITT GRANT:  Mr. Tyson, you have

22   three minutes.

23          MR. TYSON:  Thank you, Your Honor.  I

24   think that what we've heard is the kind of

25   evidence-is-unnecessary idea, that we can just

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 44 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 43

1   look and see there's problems, and therefore the

2   State has responsibility, almost a res ipsa

3   theory of election administration.

4           I think what the Court sees here is

5   there's not a flipping of the burden.  It's not

6   the State's burden to disprove --

7           HON. ROBERT LUCK:  Well --

8           MR. TYSON:  -- their problems.

9           HON. ROBERT LUCK:  I think you need to

10  address Judge Anderson's question.  And what

11  Judge Anderson's question was -- in giving a very

12  articulate response to questions that I had and

13  Judge Grant had -- which is that at some point,

14  when the flood happens every single time and you

15  don't change the polling place, at some point

16  when the electricity goes out on election day

17  every single time, is the State not then charged

18  with doing something -- and not charged with the

19  burden being severe by not doing something?  I

20  think that's really the question you have to

21  answer.

22          MR. TYSON:  And I think that if there

23  can show a kind of duty over time that is being

24  violated -- if you know for certain, for example,

25  to Judge Grant's question that you always place

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 44

1    the opposing party's political precincts in an
2    area where things are likely to go wrong.
3              I think we have though, really at a
4    root in that problem -- so I agree, number one,
5    that that could be a claim.  I don't want to say
6    that's not correct.  I think we get back to our
7    Jacobson traceability, redressability problem
8    though because what we find in Georgia elections
9    is as a matter of statute and practice, counties
10   run elections.
11             HON. ROBERT LUCK:  So I have to say I'm
12   very familiar with Jacobson, and I'm familiar
13   with Florida's system.
14             So I did a lot of digging, and I don't
15   know how you get around -- and please tell me how
16   you do -- the Georgia statute, and I'm talking
17   about 21-2-300 in all of its glory.  "The
18   equipment used for casting and counting votes,
19   for counting votes in county, state, and federal
20   elections shall be the same in each county of the
21   state and shall be provided by the State as
22   determined by the secretary of state."  The
23   secretary of state determines the method of
24   voting.
25             MR. TYSON:  Absolutely.

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 46 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 45

 1          HON. ROBERT LUCK:  That's different

 2   than Florida.

 3          MR. TYSON:  That is different than

 4   Florida, but I think the key distinction that is

 5   the same as Florida is county officials still

 6   carry out the training of the poll workers, so

 7   under --

 8          HON. LANIER ANDERSON:  The State --

 9   there's a statute, Georgia statute that says that

10   the secretary of state is responsible for

11   training the election superintendents in each

12   county.

13          So I think the ultimate duty of

14   training falls on the secretary of state, and the

15   secretary of state certainly has authority, it

16   seems to me, to direct the superintendents of

17   election in each county as to the kind of

18   training that needs to happen, which the evidence

19   in this case shows they need to train them about

20   use of the backup -- oh my goodness.  I apologize

21   for that.

22          HON. BRITT GRANT:  I'll ask you a

23   question while he's doing that.  Was there

24   evidence discussed about the nature of the

25   secretary's training of the election supervisors?

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 47 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 46

1   Was that a part of the case?

2           MR. TYSON:  No, Your Honor.  That is a

3   part of some other cases that are going on in the

4   northern districts, but I would agree with Judge

5   Anderson that the secretary has a duty to train

6   county superintendents.  The county

7   superintendents then by statute, as we cited in

8   our brief, have the authority and responsibility

9   to train the poll workers.

10          And so this has never been a failure-

11  to-train case.  This has always been an Anderson-

12  Burdick equal protection style case, and I'm not

13  aware of any evidence in the record related to

14  the training of the secretary of local election

15  officials.

16          HON. ROBERT LUCK:  We won't hold Judge

17  Anderson in contempt on his last day.  But my

18  question here is something your opposing counsel

19  said, which is that unlike Jacobson -- part of

20  the problem in Jacobson was they only sued the

21  secretary of state, but they didn't do that here,

22  right?  They had a county official.  In fact,

23  they had the person responsible for county

24  elections that was before the Court, correct?

25          MR. TYSON:  The Fulton County -- one

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 48 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 47

1   single county.  Yes, Your Honor.

2          HON. ROBERT LUCK:  Right.  So at least

3   as to that county, and I agree with you that

4   might affect the scope of the injunction, but at

5   least as to that county, they had every

6   redressable and traceable party, did they not?

7          MR. TYSON:  Your Honor, I would agree

8   that if you have a county election superintendent

9   in the case, then you can properly bind that

10  county.  You may be in a Bush versus Gore problem

11  for the other 158, but --

12         HON. ROBERT LUCK:  I don't disagree

13  that it might go to the scope of the injunction

14  and problems with that, but at the very least,

15  when we're talking about standing, they at least

16  would have standing with regard to that claim as

17  to that county, correct?

18         MR. TYSON:  I believe that would be

19  correct as to that county, Your Honor.

20         HON. ROBERT LUCK:  Okay.

21         HON. BRITT GRANT:  I want to make sure

22  I understand something that you said.  Has

23  training -- I know training has been mentioned in

24  the briefing.  Has training been part of the

25  relief sought in this case?

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 48

1          MR. TYSON:  Your Honor, the district

2    court has ordered training in several different

3    orders along the way.  I believe the 2019 order

4    included some training relief.

5          Standing here today, I don't recall

6    anything from the record in terms of training of

7    local election officials that was testimony

8    during the various preliminary injunction

9    hearings.  There's been four different rounds of

10   preliminary injunctions in this case.

11          HON. BRITT GRANT:  What about has this

12   -- has this paper -- has this paper voter list

13   been presented as a mitigation for a lack of

14   training?

15          MR. TYSON:  Not that I recall in that

16   way, Your Honor.  It's always been presented as

17   there is a severe burden on the right to vote by

18   not including this information on the paper

19   backups that are in the polling places.

20          HON. BRITT GRANT:  All right.  Thank

21   you.

22          MR. TYSON:  Thank you, Your Honor.

23          HON. BRITT GRANT:  Thank you all for

24   your arguments.  It's been of great help to the

25   Court.  We are in recess until tomorrow morning

Page 49

1   at 9.

2           CLERK:  All rise.

3           (End of proceedings)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

Page 50

1                C E R T I F I C A T I O N

2

3    I, Sonya Ledanski Hyde, certify that the

4    foregoing transcript is a true and accurate

5    record of the proceedings.

6

7

8

9    _____

10

11   Veritext Legal Solutions

12   330 Old Country Road

13   Suite 300

14   Mineola, NY 11501

15

16   Date:  May 27, 2022

17

18

19

20

21

22

23

24

25

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 52 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

**[100 - attorney's]**                                                     Page 1

| 1 |
|---|
| **100**  26:21 34:15 35:4 |
| **1021**  39:5,8,14 40:10 |
| **11501**  50:14 |
| **12151**  50:8 |
| **129**  20:15 |
| **142**  12:6 39:24 |
| **158**  47:11 |
| **1600**  2:5 |
| **1624**  2:12 |
| **19**  1:18 |

| 2 |
|---|
| **20-13730**  1:1 |
| **20-14067**  1:1 |
| **200**  2:5 |
| **20037**  2:20 |
| **2017**  3:23 |
| **2019**  4:7,11 10:9 48:3 |
| **2020**  8:21 19:6 |
| **2021**  12:13 39:11 39:12 40:1,5 |
| **2022**  1:18 50:16 |
| **21-2-300**  44:17 |
| **2100**  2:19 |
| **226**  2:12 |
| **27**  50:16 |

| 3 |
|---|
| **3**  9:2 18:7 19:8 |
| **30**  20:15 33:16 |
| **300**  50:13 |
| **30339**  2:6 |
| **330**  50:12 |

| 5 |
|---|
| **5**  14:2 |

| 6 |
|---|
| **6**  10:12 |
| **65**  9:9,9 11:13,17 13:16 14:19 |
| **65's**  10:24 |
| **6th**  3:24 7:1 |

| 8 |
|---|
| **80202**  2:13 |

| 9 |
|---|
| **9**  49:1 |
| **900**  2:19 |
| **964**  39:8 |
| **990s**  7:25 |

| a |
|---|
| **ability**  27:11,13 |
| **absence**  38:19 |
| **absentee**  17:22 18:4 |
| **absolutely**  44:25 |
| **accept**  28:17 |
| **account**  29:1 39:13 |
| **accurate**  50:4 |
| **acknowledged**  20:25 |
| **act**  8:25 |
| **acted**  40:14 |
| **action**  14:23 |
| **add**  19:6 |
| **address**  10:21 12:7 27:1 31:21 36:10 37:2 39:15 42:10 43:10 |
| **adequately**  20:12 |
| **adjudication**  12:8 12:10,19 |
| **administer**  17:6 |
| **administration**  18:21 43:3 |

**adopted**  14:17
**affect**  29:7 35:23 41:18 47:4
**affidavit**  6:9
**affirm**  32:3
**affirmatively**  5:16
**age**  29:14
**agnostic**  28:22
**agree**  5:7 14:3 21:25 29:19,20 33:11 38:1 44:4 46:4 47:3,7
**ahead**  3:14
**al**  1:7,13
**alexander**  2:15
**allegations**  6:9,14 8:6
**allege**  5:9,12
**alleged**  5:5 8:7
**allow**  17:19
**allowed**  28:12
**allows**  28:23
**alternate**  19:1
**alternative**  32:19
**altogether**  20:15
**analysis**  16:7 35:8
**anderson**  1:24 15:8,10,13,25 16:7 18:8,13 20:5 26:8 27:15 35:1,8 36:22 45:8 46:5 46:11,17
**anderson's**  17:10 43:10,11
**answer**  23:5,7,19 23:20 24:1,2,6 26:10 27:16,22 28:14,17,18 31:20 41:5 43:21
**answering**  17:10

**anymore**  4:9
**anyway**  28:15 35:25
**apart**  22:11
**apologies**  25:13
**apologize**  3:10 45:20
**appeal**  10:14 15:6 31:20 41:10 42:9
**appealable**  41:3
**appeals**  1:4 41:17
**appear**  29:23
**appellant**  1:25
**appellants**  1:14 2:4,11
**appellate**  11:10,12 11:16 20:4 37:3 41:8 42:11
**appellees**  1:8 2:18
**applies**  6:23
**arbitrary**  29:24
**area**  44:2
**argument**  1:17 8:5 11:14,15 21:1
**arguments**  41:18 42:7 48:24
**arises**  25:4,20
**article**  9:2 18:7 19:8
**articulate**  43:12
**asked**  27:17
**asking**  38:24
**assessed**  36:23
**assume**  9:21 23:11 37:22,24
**assuming**  15:13 24:13,15
**atlanta**  2:6
**attacking**  24:24
**attorney's**  10:13 41:1 42:13,16

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 53 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

[attorneys - coalition]                                                                                        Page 2

**attorneys**  2:4,11
  2:18
**auditing**  6:18 8:11
**aura**  19:7
**authority**  45:15
  46:8
**average**  20:11
  21:6,11 22:3
**avoid**  13:11
**avoidable**  35:5
**aware**  46:13

**b**

**b**  1:21
**back**  14:6 17:9
  18:18 36:12 39:22
  44:6
**backup**  15:18 28:6
  28:9,10 45:20
**backups**  16:2
  48:19
**bad**  25:24
**balance**  36:6
**balanced**  35:18
**balancing**  35:1
  36:3,20,21
**ballot**  15:18 17:22
  28:13,13 32:19
  33:7 34:9 41:19
  41:21 42:3,8
**ballots**  23:4 28:7,8
  32:20 33:1
**based**  4:20
**baseline**  12:15
**bases**  9:3
**basic**  11:19
**basis**  10:12 21:3
  24:25
**began**  3:23
**beginning**  12:23
**behalf**  42:6

**behaved**  39:17
**belief**  15:16
**believe**  14:22 15:5
  16:14 18:24 20:20
  30:19 47:18 48:3
**best**  3:20 27:16
**better**  34:25
**beyond**  11:25
**bind**  47:9
**bit**  23:21
**blank**  12:8
**bmd**  24:24
**board**  1:13 3:17
  37:18,18
**brad**  1:10
**brief**  5:25 46:8
**briefing**  47:24
**briefly**  37:3
**brightness**  13:19
  13:21
**britt**  1:23 3:2 7:18
  9:4,20 10:17
  14:20,25 17:9
  19:13,17 26:15
  27:3,7 29:10
  30:15,21 31:23
  36:11 38:23 40:22
  41:9,11,21 42:1,19
  42:21 45:22 47:21
  48:11,20,23
**broad**  41:17
**brought**  42:3
**bryan**  2:8 3:7,16
**burden**  16:8,24
  21:1,2,2,5,16,16
  21:18,19,20,22
  22:2,12,24,24
  23:17 24:19 25:1
  25:3,5,10,14,19,20
  26:1,3,5,6 27:10
  27:10,11,12 28:21

29:15 32:15 33:3
  33:5 34:3,7,10,16
  34:22 35:7 36:5,5
  36:6 43:5,6,19
  48:17
**burdens**  26:11
**burdick**  15:8,25
  16:7 20:5 26:8
  35:1,8 36:22
  46:12
**bursts**  26:23
**bush**  47:10

**c**

**c**  2:1 3:1 50:1,1
**call**  9:10 34:16
**called**  4:4 29:15
**calling**  22:18
**capacity**  1:11
**care**  33:2,4
**carolina**  6:18,19
**carry**  45:6
**case**  3:3,19,22,23
  4:10 9:13 10:3,4
  10:10 13:10 14:11
  15:6 18:19 19:4
  23:4 27:22,24
  31:12,19 34:19
  36:1 45:19 46:1
  46:11,12 47:9,25
  48:10
**caselaw**  9:12
**cases**  7:22 9:9 46:3
**cast**  23:4 27:14
**casting**  44:18
**causation**  26:12
**cause**  10:4 20:13
  23:8 28:3
**caused**  14:6
**causes**  28:2
**causing**  28:19,20

**certain**  11:9,18,19
  11:22 12:14 18:17
  20:13 21:19 37:15
  39:9 40:8 43:24
**certainly**  4:16
  17:4 26:21 28:17
  30:6 45:15
**certify**  50:3
**chair**  1:12
**challenge**  4:2,10
**challenges**  5:2,3
**challenging**  19:6
**change**  10:7 19:2
  43:15
**changed**  40:15
**changes**  41:2
**charged**  43:17,18
**check**  17:16,16,18
  32:21
**chief**  11:23 30:25
  31:6
**circle**  2:5
**circuit**  1:5 7:1
**citation**  13:12
**cite**  5:20
**cited**  46:7
**claim**  41:22,22
  44:5 47:16
**claiming**  7:13
**claims**  19:7 33:25
  41:19 42:4,8
**clarifying**  38:20
**clear**  31:5 38:11
  39:7 41:20
**clearer**  39:13
**clearly**  10:15
**clerk**  49:2
**client's**  41:15,18
**closely**  19:8
**coalition**  5:13 6:10
  7:17,25 19:20

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 54 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

**[coalition - direct]**

32:1,2 33:24 41:6
41:22 42:3
**code** 31:1
**color** 21:19
**colorado** 6:17
**come** 13:3,25
**comes** 35:8
**committed** 36:25
**common** 10:4
**completely** 21:25
**complicated** 3:20
14:11 15:23
**comply** 14:7,18
**complying** 21:18
**conceded** 39:19
**conceive** 27:9
**concern** 41:1,15
**concerned** 41:13
**conclude** 31:25
**conclusion** 12:12
40:1
**concurrence** 11:24
**conduct** 26:14
40:15
**conference** 36:12
**confusing** 27:9
**congressional** 3:24
**consider** 8:21
**considerable** 28:3
**considered** 12:10
**considering** 11:4
**constitutional**
36:20
**consult** 17:18
**contain** 11:2
**contempt** 13:12,23
40:19 46:17
**contest** 3:24
**context** 13:17
38:11 40:10

**continue** 17:19
**contrary** 8:2
**correct** 5:6 6:7
9:24 12:21 23:10
33:22 44:6 46:24
47:17,19
**corrected** 39:23
**correctly** 22:5
25:2
**cost** 35:13
**could've** 8:23
**counsel** 3:9 4:12
19:22 27:15 31:17
32:12,15 34:12
39:21 46:18
**count** 20:14 21:23
**counted** 32:20
35:25
**counties** 18:25
30:19 44:9
**counting** 44:18,19
**country** 50:12
**county** 16:19
30:16 31:12 44:19
44:20 45:5,12,17
46:6,6,22,23,25
47:1,3,5,8,10,17
47:19
**course** 30:3
**court** 1:4 3:7,16
4:1,8,18,23 5:16
6:1 9:10,14,17
10:5,15,21,25
11:23 13:24 14:14
15:1,4,24 16:17
18:7,9,14 19:19
20:20,24 21:10,17
22:1 27:21 29:5
30:22 32:7 33:10
36:17,23,25 37:4,9
38:3,11,20,25 39:4

39:7 40:11 42:10
42:17 43:4 46:24
48:2,25
**court's** 5:21 8:21
17:7 20:10,16
21:4 34:1 37:7
38:8 41:8
**create** 24:19
**credibility** 19:7
**critical** 22:8
**curling** 1:7 3:3
32:8,8 41:25 42:2
42:6
**currently** 12:17,18
**cycle** 12:12 39:25
40:3

**d**

**d** 3:1
**d.c.** 2:20
**darken** 20:12
**date** 11:19 12:14
35:6 37:15 38:4
39:9 40:2,7,8
50:16
**day** 16:21 17:3
18:6 22:23 23:15
25:2,23 26:6 29:7
29:14 32:18 35:22
35:22 43:16 46:17
**days** 35:17
**deal** 27:20
**dealt** 34:25
**decide** 31:24 41:3
**declaration** 8:2
**declarations** 5:20
5:21
**decreased** 14:1
**defective** 23:25
24:1 30:12
**defendant** 31:12

**defendant's** 26:13
**defendants** 1:14
2:4,11 38:17
39:19 40:14 41:17
42:7
**defense** 37:1
**deferred** 39:6
**deferring** 40:11
**defined** 33:18
**definitely** 4:17
**degree** 32:24
**denver** 2:13
**dependent** 24:18
**depending** 41:2
**depends** 23:20
24:8
**depriving** 27:13
**despite** 21:7 22:4
**determination**
16:11,12,13,15
21:5
**determine** 12:20
31:9 37:19
**determined** 21:10
29:6 44:22
**determines** 44:23
**determining** 21:21
**device** 41:19,22
42:4,8
**difference** 7:24
**differences** 34:18
**different** 4:22 7:19
7:20 12:17 13:18
14:15 18:24 24:1
24:2 26:16,21,24
27:25 45:1,3 48:2
48:9
**differently** 39:20
**digging** 44:14
**direct** 4:3 45:16

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 55 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

**[direction - feasible]**

**direction** 14:14
15:5
**directive** 37:20
**directly** 30:20
**director** 6:10 8:7,8
**disagree** 38:7
47:12
**disappearing**
29:12
**discovery** 6:2
**discuss** 7:1
**discussed** 45:24
**discussing** 31:18
32:12
**discussion** 13:18
**dismiss** 32:4
**disprove** 43:6
**dispute** 29:21
**disregard** 13:24
**distinction** 45:4
**district** 3:24 4:7
4:18,23 5:16 6:1
9:10,13,17 10:15
10:25 11:22 15:23
16:17 17:7 18:6,9
18:14 20:10,16,24
21:4,10,17 22:1
29:5 33:10 34:1
36:22,25 37:4,7,9
38:8,11,20,25 39:4
39:7 40:11 42:17
48:1
**districts** 46:4
**diversion** 5:3,10
5:12,18,22 6:11
7:4 8:16
**divide** 31:16
**docket** 39:5
**doing** 6:17,18 7:15
8:15 10:8 13:14
16:19 28:25 35:19

37:25 38:1 40:11
43:18,19 45:23
**dominion** 4:10
**donna** 1:7 32:8,8
**dots** 13:19
**doubt** 39:18
**dozens** 7:21
**dres** 4:4
**drill** 31:8
**driver's** 17:15
**drops** 23:16
**drove** 16:6
**duma** 2:3
**duty** 43:23 45:13
46:5

**e**

**e** 1:21,21 2:1,1 3:1
3:1 50:1
**early** 15:18 18:2
**easier** 36:16
**easily** 35:4
**easy** 22:12
**educate** 6:16
**education** 8:8,9
**effective** 36:15
**efforts** 6:19 7:16
8:9,12
**election** 1:13 3:17
3:23,25 5:2,3 6:18
7:15,22 8:11
12:12 16:1 17:7
19:3,6,8 22:23
23:15 25:2 31:1,6
32:18 34:21 39:25
40:3,8 43:3,16
45:11,17,25 46:14
47:8 48:7
**elections** 14:11
18:21 27:25 30:8
39:11 40:5,5 44:8
44:10,20 46:24

**electrical** 23:24
**electricity** 22:21
23:23 24:17 32:14
32:17 33:17 34:13
43:16
**electronic** 4:3
24:23 33:1,14,15
**electronically**
28:10
**element** 4:17
**elemental** 11:19
**eleventh** 1:5
**emergency** 23:3
28:8,13 32:20
33:8,15 36:1
**enforcement** 31:1
**english** 2:3
**enjoined** 31:13
**enter** 9:17 11:1,23
38:25
**entered** 4:8 9:23
9:25 10:6 20:21
37:4 39:8
**entering** 10:15
11:3,4
**entire** 23:13 32:17
**entitled** 17:5
**equal** 46:12
**equipment** 4:7,9
4:10 44:18
**error** 5:25 6:1
36:25
**especially** 14:12
19:3 40:10
**establishing** 36:21
**et** 1:7,13
**eve** 19:3
**event** 12:24 13:1
38:3
**everyone's** 22:17

**evidence** 6:4,11,12
7:24 20:8,19,20
22:7,10,14 24:9,12
24:16 27:23,24
34:1 42:25 45:18
45:24 46:13
**exactly** 22:14
**examining** 5:17
**example** 10:9
25:15 34:13,14
41:19 43:24
**examples** 26:9
**exclusion** 12:9
**executive** 6:10 8:7
8:7
**existed** 16:3
**exists** 7:25 12:18
**expand** 12:18
37:17
**expanded** 12:7
37:8 38:10
**expected** 26:19
**explained** 37:9
**explicitly** 21:12

**f**

**f** 1:21 2:22 50:1
**fact** 5:5 16:16
18:23 23:19 24:17
28:24 35:16 46:22
**facts** 23:22
**factual** 16:12
**failing** 28:25
**failure** 20:12
46:10
**failures** 29:2
**fair** 13:4,5
**falls** 22:10 45:14
**familiar** 44:12,12
**far** 7:25
**feasible** 18:10,14
18:16

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna Vs. Raffensperger, Brad

[federal - hon]

**federal** 4:1 44:19
**fee** 42:14
**fees** 10:13 41:1
42:16
**ff** 32:14
**fi** 24:6,9 34:14
**fight** 6:16
**file** 38:24
**filed** 5:21
**filing** 18:24
**filings** 13:20
**find** 10:23 14:4
16:8 20:10 44:8
**finding** 21:4 22:7
22:8
**fine** 3:13 11:7
**finish** 17:10
**firm** 2:10
**first** 4:17 12:25
20:7 30:15 38:7
**flipping** 43:5
**flood** 26:21,22
34:15,19 35:4
43:14
**floodplain** 26:19
**floods** 25:24
**florida** 45:2,4,5
**florida's** 44:13
**focus** 9:9
**foerster** 2:17
**folks** 19:6
**following** 12:12
27:18 40:1
**forcing** 33:6
**foregoing** 50:4
**foreseeable** 30:14
**forget** 37:18
**former** 23:20
**found** 4:18 7:22
**four** 35:17 48:9

**frameworks** 36:21
**frankly** 16:7
**friends** 40:25
**full** 36:23
**fulton** 31:12 46:25
**function** 24:11
**functioning** 16:20
**functions** 23:24
**further** 13:2,3
37:10,13 38:9,12
38:13,21 39:2,4,5
**future** 40:2 42:18

### g

**g** 3:1
**ga** 2:6
**general** 7:16
**generalized** 4:20
6:23 7:1,5,6 8:24
**generally** 5:3
**georgia** 1:12,12
3:4,24 4:2 18:19
22:19 23:12 31:2
32:18 36:14 44:8
44:16 45:9
**give** 3:8 28:18
**given** 10:19 24:2
25:23 29:7,7
**giving** 26:10 43:11
**glory** 44:17
**go** 3:14 4:22 14:6
14:14,15 20:6
22:17 36:12 39:22
44:2 47:13
**goal** 8:14
**goes** 15:24 16:17
18:18 23:16 33:16
33:17 43:16
**going** 10:25 11:1
16:9,15 17:4
19:22 20:6 26:20
29:14 31:16,18

33:16 35:13,21
46:3
**good** 18:3,20
19:18 31:3 32:6
35:12
**goodness** 45:20
**gore** 47:10
**grant** 1:23 3:2
7:18 9:4,20 10:17
14:20,25 17:9
19:13,17 26:15
27:3,7,18 29:10
30:15,21 31:23
36:11 37:13 38:23
40:22 41:9,11,21
42:1,19,21 43:13
45:22 47:21 48:11
48:20,23
**grant's** 37:23
43:25
**granted** 12:2
15:16 38:13
**granting** 9:14,15
11:6
**great** 48:24
**grid** 22:21,22
23:24 32:17
**grievance** 6:23
**grievances** 4:20
7:2 8:24
**grizzle** 30:25
**groups** 19:21
**guess** 27:8
**guys** 12:25 37:13

### h

**hand** 11:8,11
**handful** 35:23
**happen** 17:4,5
25:24 26:20,23,24
45:18

**happened** 34:20
**happening** 14:13
19:2
**happens** 26:22
30:7,8 40:24
43:14
**happy** 28:18 31:20
**hardline** 22:22
**harm** 35:17
**hash** 36:12
**head** 20:18
**hear** 18:12
**heard** 42:24
**hearing** 5:19
15:22
**hearings** 48:9
**held** 5:1
**help** 48:24
**helpful** 3:21
**hewing** 19:8
**hey** 6:14
**history** 3:19
**hmm** 7:9
**hold** 30:22 38:20
46:16
**hon** 1:22,23,24 3:2
3:8,12 4:12,21 5:7
5:9,14,24 6:8 7:4
7:10,18 8:4 9:4,20
10:17 11:7,25
12:22 13:7,13,23
14:20,25 15:10,13
16:5,11 17:9 18:8
18:13 19:13,17,22
20:1,23 21:24
22:16 23:5,9,11
24:4,6,13,20 25:6
25:11,16,22 26:5
26:15 27:3,7,15
29:3,10,11,19,25
30:4,15,21 31:3,23

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 57 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

**[hon - legislature]**

32:10 33:8 34:11
35:10 36:11 37:12
38:12,15,23 39:21
40:7,22 41:9,11,21
42:1,19,21 43:7,9
44:11 45:1,8,22
46:16 47:2,12,20
47:21 48:11,20,23
**honest** 33:23 41:5
**honor** 3:6 4:16 5:8
5:11 6:6,21 7:23
8:18 9:7,24 10:22
11:21 13:6 14:9
14:22 15:2,12,21
16:14 18:11,17
19:16 20:17 33:23
34:17 36:2,19
38:7,14,16 39:1,9
40:4,9 41:4 42:14
42:23 46:2 47:1,7
47:19 48:1,16,22
**honor's** 19:11
**honors** 3:20 32:6
**hooked** 23:14
**hyde** 50:3
**hypotheticals**
32:13

**i**

**idea** 8:3,22 18:3
35:12 42:25
**ideas** 18:20
**identified** 37:10
42:14
**identify** 7:19
38:21
**iii** 2:15
**imply** 38:13
**important** 8:20
19:9
**importantly** 39:4

**impose** 34:3
**imposed** 33:5
**inch** 13:19
**include** 16:4 18:4
**included** 17:13
48:4
**includes** 17:21
29:4
**including** 32:13
48:18
**incorporated** 8:23
**incorporating** 9:1
**indicate** 9:17
**indicated** 41:1
**indicating** 12:10
**indiscernible** 6:25
11:24 35:9
**individual** 7:3
8:22
**individuals** 7:8
**information** 11:2
17:14,20,21 18:4
48:18
**injunction** 5:19
9:5,11,11,16,18,21
10:16 11:1,3,5,23
12:2 15:4 37:5
38:25 40:18,20
47:4,13 48:8
**injunctions** 48:10
**injunctive** 10:5
**injury** 5:5
**ink** 29:12
**instance** 32:16
**instructed** 21:12
**instruction** 8:9
22:4 38:17
**instructions** 21:7
21:18
**intended** 9:17

**intent** 11:22 12:11
12:20 37:20
**intentional** 13:24
**interest** 35:2,3,19
36:8
**interested** 17:11
20:4
**interests** 40:23
41:18
**interfere** 29:16
**interference** 17:8
**interrupt** 34:12
**interrupted** 24:10
**involve** 30:9
**ipad** 25:15,17
**ipads** 24:23
**ipsa** 43:2
**issue** 4:17 5:15 7:6
9:6,8 10:21 14:24
15:8 20:5 21:20
21:21 26:12 27:1
27:2 42:9
**issued** 39:4
**issues** 5:17 34:25
**issuing** 9:11

**j**

**jacobson** 31:4,5
44:7,12 46:19,20
**jam** 29:10
**jams** 29:11
**january** 12:13
39:11,12 40:1,5
**jeffrey** 32:9
**judge** 11:23 13:25
14:4,9 17:10
27:17,17 37:6,23
39:9,15 43:10,11
43:13,25 46:4,16
**judges** 1:25
**jump** 19:23

**intent** 11:22 12:11
**jurisdiction** 11:10
11:12,16 15:15
20:4 37:4 41:8
42:11
**justice** 14:9

**k**

**kavanagh** 14:10
**kemp** 30:25
**key** 6:22 7:24 9:8
10:2 15:8 17:12
45:4
**kind** 3:21 15:24
17:1 18:18 29:23
42:24 43:23 45:17
**knocks** 27:19
**know** 3:11 7:14
8:5 21:7,9 22:6
26:23 29:9 30:16
33:25 34:6 40:13
43:24 44:15 47:23
**knowledge** 42:15

**l**

**l** 2:19
**labeling** 36:4
**lack** 28:4,5,6
30:22 48:13
**language** 11:17,18
38:19
**lanier** 1:24 15:10
15:13 18:8,13
27:15 45:8
**law** 2:10 6:15 7:14
12:17 16:16 22:19
**leak** 34:19
**ledanski** 50:3
**ledger** 35:1
**legal** 16:5,12,15,24
50:11
**legislature** 36:14

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 58 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

[length - opinion]

Page 7

length  16:18
license  17:15
life  29:23 30:7
  34:5
lift  32:4
limited  41:7,16
  42:12
limiting  6:1
line  11:8 36:15
  37:6
lines  27:18 33:16
list  17:13,18 32:24
  32:25 48:12
listed  33:21
lists  17:24,25
litigate  8:1
litigation  4:5 8:10
  8:12,14,21 42:18
little  23:20
llp  2:3,17
local  46:14 48:7
location  23:13
look  6:25 9:2 18:5
  35:11 43:1
looked  4:23 8:4
  14:1
looks  37:19
lose  16:9
lot  4:14 15:23
  18:19,20 19:4
  27:23 29:13 44:14
lots  34:15
luck  1:22 3:8,12
  4:12,21 5:7,9,14
  5:24 6:8 7:4,10
  8:4 11:7,25 12:22
  13:7,13,23 16:5,11
  19:22 20:1,23
  21:24 22:16 23:5
  23:9,11 24:4,6,13
  24:20 25:6,11,16

25:22 26:5 27:17
29:3,11,19,25 30:4
31:3 32:10 33:8
34:11 35:10 37:6
37:12 38:12,15
39:10,21 40:7
43:7,9 44:11 45:1
46:16 47:2,12,20
luck's  39:15

**m**

machines  4:3
magnitude  34:7
malfunctions
  16:18,23
mandatory  11:18
market  2:12
marking  41:19,21
  42:3,8
marks  12:9
matter  3:18 4:19
  16:24 31:14 44:9
mcguire  2:10,15
  19:17,18,19,25
  20:17 21:14 22:13
  23:1,7,10,18 24:5
  24:8,15 25:3,9,13
  25:18 26:2,9,25
  27:5,8 28:16
  29:18,20 30:2,6,19
  30:24 31:11,25
mean  7:6 13:17
  25:24 31:4
means  33:16
meet  22:12
mentioned  47:23
merely  8:22,25
merit  21:21
merits  20:5 27:2,6
merrill  14:10
method  4:2 10:23
  12:18 25:20,21,23

27:12,13 28:21,22
28:23,23 29:4
37:17 44:23
methods  12:7 37:8
  37:9 38:10
mh  7:9
michael  2:22 32:7
milligan  14:10
million  10:12
mind  22:15
mineola  50:14
minimal  21:1,2,6
  21:20 22:2,11
  35:6,17,21 36:5,8
minutes  33:17
  42:22
mired  22:21
mitigation  30:13
  48:13
mix  17:2
mixed  16:16
money  6:16,17
  7:15
morning  19:18
  30:5 32:6 39:19
  48:25
morrison  2:17
motion  9:15 41:7
  41:12
move  8:19 9:2
  15:7
moving  14:12
multiple  10:3

**n**

n  2:1 3:1 50:1
name  3:16 19:19
named  31:12
narrowness  31:19
nature  5:22 6:22
  7:2,2 17:23 41:8
  45:24

necessary  20:20
need  7:12 37:17
  43:9 45:19
needed  11:2,4
  13:11 14:17
needs  18:5 39:23
  45:18
never  9:25 15:4
  16:3 40:15 46:10
new  4:7 18:18
nondiscriminatory
  16:1 17:6
normally  23:24
  24:13,15
north  6:18
northern  46:4
nos  1:1
nth  32:24
number  14:12
  44:4
numerous  28:1
nw  2:19
ny  50:14

**o**

o  1:21 3:1 50:1
obviously  10:17
  16:17 26:3 27:19
  29:16
officer  31:1,6
official  1:10 46:22
officials  45:5
  46:15 48:7
oh  3:10 25:9 45:20
okay  19:14 22:16
  23:9 24:4,14,16,20
  25:13 27:5 47:20
old  4:9 50:12
operate  25:2 27:25
operating  28:10
opinion  22:15

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067   May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

**[opposed - proven]**                                                                 Page 8

**opposed**  35:22
**opposing**  3:9
  32:11,14 44:1
  46:18
**oral**  1:17
**order**  4:8 5:21
  10:9,14,24 11:3
  12:5 13:4,24 14:5
  14:5,21 15:14,16
  19:5 20:8,10,16
  22:17,18 24:25
  27:21 32:4,5 34:1
  37:3,7 38:8,18
  39:2,5,8,13 40:10
  40:16,18,19,20
  42:12,16 48:3
**ordered**  10:10
  12:25 48:2
**ordering**  13:2
**orders**  19:10 48:3
**ordinary**  26:22
  33:7
**organizational**
  4:25 5:4 6:24 7:21
  8:25
**oval**  20:12 21:8,12
  21:13,13,19

**p**

**p**  2:1,1,8 3:1
**pad**  17:16,20
**page**  12:6 39:24
**pains**  33:9,10
**panel**  12:10,19
**paper**  15:18,18
  16:2 17:18,24
  29:8,12 32:19,25
  48:12,12,18
**parkwood**  2:5
**part**  16:6 21:14
  24:23 28:3 29:5
  46:1,3,19 47:24

**particular**  22:15
  25:25 28:5,6
**particularized**
  7:12
**parties**  39:17
  40:14,23,24
**party**  26:18 41:12
  47:6
**party's**  44:1
**passage**  22:15
**people**  23:3 28:24
**percent**  14:2
**percentage**  20:13
**perilous**  11:13
**permission**  19:11
**person**  17:14
  46:23
**perspective**  10:14
  14:18 32:1,2
**pi**  11:6
**pick**  32:10
**pieces**  14:13 17:2
**piggybacks**  37:23
**pipe**  26:23
**place**  12:11 16:2
  25:25 33:21 39:25
  43:15,25
**places**  22:20 26:17
  26:17 48:19
**plaintiff**  7:21
  38:24
**plaintiff's**  13:20
  32:2 33:25 41:6
**plaintiffs**  1:8 2:18
  4:19 5:11,20 7:3
  14:25 15:3 17:3
  19:20 32:8 38:23
  38:24 41:25 42:3
  42:6
**plan**  35:3

**please**  3:7,15
  19:19 32:7 44:15
**point**  3:22 6:22 7:7
  8:14,19 9:5 10:23
  11:9 15:25 17:12
  20:9,18 22:1,14
  34:4,18,23 39:16
  43:13,15
**pointed**  37:1,6
**political**  44:1
**poll**  16:19 17:16
  17:17,20 18:25
  30:17 45:6 46:9
**pollbook**  15:16
  22:17,18 24:25
  28:9 29:1 32:3,22
  33:20 40:20
**pollbooks**  27:24
  30:18,23 32:23
**polling**  22:20
  23:13 24:23 25:25
  26:17 43:15 48:19
**position**  10:6,10
  15:3,5 41:5
**possible**  16:18,23
**post**  8:21
**power**  22:23 23:2
  23:24 27:20
**powers**  18:7
**practicalities**
  39:16
**practice**  44:9
**precinct**  28:12
**precincts**  44:1
**predictable**  29:2
**preferred**  26:18
**preliminary**  5:19
  9:16 48:8,10
**prescribes**  31:2
**presence**  38:19

**presented**  6:3,3,9
  17:15 48:13,16
**presume**  23:23
**presumption**
  23:21
**prevented**  5:17
**previous**  24:3
**price**  32:8
**print**  17:25 18:23
  35:21
**printer**  29:10,11
**printing**  17:23
  35:5,6
**probably**  26:1,11
  28:2,4
**problem**  27:21
  30:12,14 34:11
  35:4 44:4,7 46:20
  47:10
**problematic**  9:1
**problems**  34:24
  43:1,8 47:14
**procedural**  3:19
**procedures**  18:22
  23:3
**proceedings**  37:10
  38:21 39:2,6
  40:12 42:15 49:3
  50:5
**project**  18:19
**proof**  21:15
**proper**  10:23
  26:10
**properly**  24:11
  47:9
**proposal**  10:20
**proposed**  9:21
  13:21 39:3
**protection**  46:12
**proven**  30:11

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 60 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

[provide - room]                                                                    Page 9

**provide** 23:3 29:1
30:20
**provided** 9:22
17:13 44:21
**provides** 30:16
**providing** 30:13
**provisional** 28:7
28:13 32:21 33:11
33:12,19 34:9
**provisionally** 33:6
34:2 35:24 36:7
**purcell** 19:4
**purchased** 4:7,11
**purpose** 8:1
**purposes** 25:4
**put** 7:18 26:16

**q**

**qian** 2:22 31:18
32:6,7 33:4,23
34:17 36:2,19
38:6,14,16 39:1
40:4,9 41:4,10,15
41:24 42:2,20
**question** 9:4 15:25
16:3,4,6,16 17:11
18:12 23:19,20
24:3,7 25:14 27:1
30:15 34:5 36:24
37:24 40:22 42:14
43:10,11,20,25
45:23 46:18
**questions** 16:22
19:14 20:6 27:17
28:15 31:17,20
43:12
**quote** 12:6

**r**

**r** 1:21 2:1 3:1 50:1
**raffensperger**
1:10

**rain** 25:24
**raise** 15:1
**random** 29:24
**range** 14:2
**reading** 38:8
**ready** 3:2,5
**really** 15:15 21:7
35:12,20,23 38:15
43:20 44:3
**reason** 21:24 22:2
23:2,15 29:8
32:15 33:19 42:5
**reasonable** 16:1
17:6
**reasonably** 12:9
26:13 37:19
**recall** 21:15 48:5
48:15
**recess** 48:25
**record** 7:24 9:22
20:9 21:10 36:23
46:13 48:6 50:5
**recording** 4:3
**redressability**
31:10 44:7
**redressable** 47:6
**referred** 28:9
**reform** 6:18 7:15
8:11
**regard** 33:3 47:16
**regarding** 17:22
42:7
**regardless** 36:4
**registration** 17:14
**regular** 33:14
**regulation** 33:18
**rejected** 20:14
**related** 8:12 9:6
10:16 13:21 14:23
20:7 30:17 46:13

**relied** 5:19
**relief** 9:15 10:5
13:2,3,3 37:13
38:9,13,21 47:25
48:4
**remainder** 19:12
**remaining** 15:7
**remedy** 13:21 39:3
39:6 40:12
**removed** 3:25
**removes** 39:18
**repeatedly** 30:11
**reports** 18:24 19:1
**represent** 3:16
19:20 41:24
**representation**
13:4,6
**request** 10:12 32:3
**require** 25:17
30:10 35:13 38:5
**required** 22:20,20
34:2
**requirement**
24:22
**requirements** 9:19
10:25
**requires** 13:23
14:13
**requiring** 11:18
25:19
**res** 43:2
**reserve** 19:12
**resolved** 42:18
**resources** 5:4,10
5:12,18,23 6:12
7:5
**respectfully** 32:3
38:7
**response** 14:21
42:8 43:12

**responsibility**
43:2 46:8
**responsible** 30:22
31:7,9 45:10
46:23
**result** 8:10
**results** 27:13
**reverse** 4:15
**reversed** 19:10
**right** 6:5 7:6 12:20
14:7 16:25 19:23
20:25 21:25 22:25
23:17 25:22 26:1
26:6,11,15,19,22
29:17 35:18 42:1
46:22 47:2 48:17
48:20
**rise** 49:2
**risk** 25:23
**road** 50:12
**robert** 1:22 2:10
2:15 3:8,12 4:12
4:21 5:7,9,14,24
6:8 7:4,10 8:4
11:7,25 12:22
13:7,13,23 16:5,11
19:19,22 20:1,23
21:24 22:16 23:5
23:9,11 24:4,6,13
24:20 25:6,11,16
25:22 26:5 29:3
29:11,19,25 30:4
31:3 32:10 33:8
34:11 35:10 37:12
38:12,15 39:21
40:7 43:7,9 44:11
45:1 46:16 47:2
47:12,20
**roof** 34:20
**room** 36:12

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 61 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067    May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

**[root - sufficiency]**                                                        Page 10

root  44:4
rounds  48:9
routinely  23:25,25
    24:10,10 30:7,8
rule  9:8,9 10:24
    11:13,17 13:16
    14:17,19 16:1
    20:21
rules  17:7 32:25
run  14:11 38:2
    44:10
running  30:9
runoff  12:13

**s**

s  2:1 3:1
sat  37:13
satellite  23:16
saw  19:5
saying  4:8 9:14
    10:18 12:4 32:1
says  12:22 13:1
    23:12 37:12,16
    39:24 45:9
scan  15:14
scanner  9:6 10:1
    10:24 12:7,19
    14:24 19:5 20:7
    20:14 32:5 37:2
    42:11,16
scanners  10:16
    14:2 20:22 40:25
schedule  17:23
schoenberg  32:9
scope  41:16 47:4
    47:13
se  12:8
second  3:8 34:23
    34:23
secretary  1:11 3:3
    3:17 17:24 44:22
    44:23 45:10,14,15

46:5,14,21
secretary's  18:1
    45:25
see  9:22,23 31:15
    43:1
sees  43:4
sense  26:7
sentence  12:23
    20:25 21:3 37:8
    38:9
separateness
    31:19
serious  16:24
set  3:11 7:20 37:14
settings  13:19,19
    13:22
settled  3:14
severe  16:8,24
    22:24,24 23:17
    25:1,8,9,14,25
    26:6 29:6,15
    32:16 34:9,16,22
    35:3,15 36:4
    43:19 48:17
severity  16:12
    33:3
shortage  29:13,13
shorter  36:16
should've  28:8
show  5:25 13:20
    28:11 43:23
showed  17:3,4
shows  45:19
side  18:1 34:25
    36:9 39:2 40:25
signature  50:8
significant  19:2
similar  5:2
simple  18:15
simply  6:4

single  34:20 43:14
    43:17 47:1
sit  13:1 37:25
sits  19:14
situation  39:16
situations  10:3
small  35:23
software's  12:8
sole  8:1
solutions  50:11
sonya  50:3
sorry  3:10 18:11
    34:12 41:24
sort  10:6 40:17
sought  40:15
    47:25
south  6:19
southeast  23:15
    32:18
speaking  20:2
special  3:25 7:12
specific  7:17 9:25
    11:9,11 13:8,10,16
    14:14 15:4 21:13
    31:9
specifically  7:19
    14:24
specificity  9:8
    10:24 14:18
specify  9:18
spend  8:9
spending  6:16
spent  6:17 7:15
standard  37:14
standing  4:18,19
    4:22 5:1,4 6:4,24
    7:3,22 8:25 9:2
    20:3 25:4,7,12
    27:1,4,4 31:10
    47:15,16 48:5

standstill  38:1
starting  12:6
state  1:11,13 3:3,4
    3:17,17 4:5,6,11
    5:17 6:20 9:21
    10:2,7,11 13:11,25
    14:16 16:2 17:5
    18:5,21 22:12
    23:13 25:16,19
    26:16 28:24 30:16
    30:22,24,24,25
    31:2,13 35:2,7,13
    35:19 36:8 37:1
    37:16,22,24 38:17
    39:19 40:14 41:17
    42:7 43:2,17
    44:19,21,21,22,23
    45:8,10,14,15
    46:21
state's  10:6,10,13
    35:2 43:6
statement  18:9
statements  9:16
states  1:4
statewide  14:12
statue  23:12
status  17:22
statute  22:22 44:9
    44:16 45:9,9 46:7
stay  32:4 40:16
steps  11:5
stolen  19:8
storm  27:19
street  2:12,19
study  14:16
stumble  28:20
style  46:12
submitted  39:3
sued  46:20
sufficiency  6:24

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 62 of 63

Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna Vs. Raffensperger, Brad

[sufficient - vagary]                                                      Page 11

**sufficient** 5:5 6:13
8:24
**suite** 2:5,12,19
50:13
**summarize** 3:21
**superintendent**
47:8
**superintendents**
45:11,16 46:6,7
**supervisors** 45:25
**support** 22:7,10
**supposed** 10:11
17:17 28:11 36:11
**supreme** 36:17
**sure** 3:13 12:1,1
19:25 33:24 47:21
**system** 23:14
24:18,23,24 30:9
32:19 33:2,9,11,15
44:13

**t**

**t** 50:1,1
**tabulates** 12:19
**tabulator** 12:7
**take** 3:13 24:20,21
29:1 33:2,4
**taken** 14:23 40:9
**talk** 4:25 6:13 12:3
26:7
**talked** 32:12 37:7
**talking** 21:17 25:6
25:7 27:3,5 35:25
38:10 41:13 44:16
47:15
**tangible** 24:21
**taylor** 2:3
**technology** 29:25
30:2,10,11
**tell** 4:13,14 11:11
13:11 20:1 44:15

**telling** 38:2
**tend** 33:11
**terms** 5:22 48:6
**test** 35:2 36:3,20
36:22
**testimony** 15:22
48:7
**thank** 3:6,14,15
19:14,16 42:19,20
42:23 48:20,22,23
**thar's** 33:15
**theirs** 7:10
**theoretical** 16:22
**theory** 5:4 43:3
**thing** 21:8 22:8,10
28:20 31:9
**things** 11:19 16:19
26:23,23,24 29:14
34:15 38:6 44:2
**think** 5:15 6:19,22
7:7,23 8:2,20 9:1
9:8,22 10:2,22
13:5,9,16 14:8
15:8 18:18 19:5,9
20:2,3,24 21:16
23:18,18 24:5,5,17
25:3,11,18 26:9,10
28:16,16,19 29:22
33:9 34:6,10,21,24
36:2,14 37:1 38:8
39:17 42:17,24
43:4,9,20,22 44:3
44:6 45:4,13
**thought** 3:20
26:17 40:17,18
**thread** 32:11
**three** 9:14 27:25
33:14 35:17 42:22
**threshold** 9:25
**time** 3:13 4:13
15:7 19:12,24

27:25 28:1,1 29:7
31:15,16,23 39:22
43:14,17,23
**times** 9:14
**today** 30:5 42:5
48:5
**today's** 29:14
**told** 18:8,13 37:16
**tomorrow** 48:25
**ton** 19:23
**top** 20:17
**traceability** 31:10
44:7
**traceable** 26:13
47:6
**train** 18:25,25
45:19 46:5,9,11
**training** 28:4,5,7
30:17,20,23 45:6
45:11,14,18,25
46:14 47:23,23,24
48:2,4,6,14
**transcript** 50:4
**transformed** 4:1,9
8:23
**true** 8:16 11:20
34:13,13,14,15,17
50:4
**try** 14:14,15
**tuesday** 18:2
**turn** 11:16 20:14
31:16,21
**two** 18:23 19:21
34:18 38:6
**tyson** 2:8 3:4,6,7
3:10,15,16 4:16
5:6,8,11,15 6:6,21
7:9,23 8:18 9:7,24
10:22 11:21 12:21
13:5,9,15 14:8,22
15:2,12,21 16:10

16:14 17:12 18:11
18:17 19:16 42:21
42:23 43:8,22
44:25 45:3 46:2
46:25 47:7,18
48:1,15,22

**u**

**ultimate** 45:13
**ultimately** 36:3
**unappealable** 32:5
**unaware** 20:11
**underlies** 23:21
**underscore** 41:7
41:16
**understand** 5:1
6:2 11:15 12:5
15:15,19 21:11
22:3 29:3 32:23
33:13 47:22
**undertakes** 17:25
**unforeseeable**
16:25
**unit** 17:16
**united** 1:4
**unnecessary** 42:25
**unreliable** 33:2
**update** 15:17,17
**updated** 17:21
29:1 32:24 33:20
35:16
**use** 4:8,13 18:7
19:1 22:21 25:15
28:5,7 30:23
38:12 45:20

**v**

**v** 1:9 30:25
**vagaries** 29:6,22
29:23 34:5
**vagary** 30:4

Case 1:17-cv-02989-AT   Document 1388-2   Filed 06/01/22   Page 63 of 63
Transcription of Oral Argument for Appeal Nos. 20-13730 and 20-14067 May 19, 2022
Curling, Donna  Vs. Raffensperger, Brad

**variety**  13:18
**various**  48:8
**veritext**  50:11
**versus**  3:3 7:21
  14:10 47:10
**view**  9:1 42:13
**violated**  10:24
  14:5 43:24
**violates**  11:13
**vote**  16:25 20:13
  21:22 22:25 23:17
  25:19 26:7,12,18
  27:11,14 28:11,12
  28:24 29:17 30:10
  33:6 34:2,8,9
  35:18,24 36:7,7
  48:17
**voter**  7:5,11 12:11
  12:20 17:13,18,22
  20:11 21:6,11,22
  22:3 27:10 28:11
  34:8,10 37:20
  48:12
**voters**  26:3 33:6
  34:2,3,22 36:6
**votes**  33:14,15
  35:24 44:18,19
**voting**  4:2,3 15:19
  17:19 18:2 27:12
  28:21,22,23,23
  29:4,8 32:25 33:1
  36:16 44:24
**vulnerability**
  16:22

**w**

**want**  3:13 4:13,21
  10:18 11:11 15:20
  21:9 22:6,17
  39:21 41:20 44:5
  47:21

**washington**  2:20
**way**  4:22 6:17
  7:19 27:9 34:6
  35:11 36:15 39:22
  48:3,16
**we've**  13:25 14:1,3
  42:24
**weekend**  17:21
  18:1
**went**  17:15 22:23
  23:2 32:17
**wi**  24:6,9 32:14
  34:14
**wifi**  23:14,16
**willful**  13:24
**willfully**  14:5
**wisely**  32:18
**words**  12:24 35:11
**work**  6:20 8:11
  25:21,23
**worker**  17:17
**workers**  16:19
  18:25 30:17 45:6
  46:9
**working**  17:17
  30:1,2
**works**  24:14,16
  25:20
**world**  14:4
**would've**  6:17
  40:16
**written**  18:9
**wrong**  33:21 44:2

**y**

**yeah**  13:13 17:12
  27:7
**year**  26:21 34:15
  34:20,20 35:4
**years**  4:6